SQUIRE, SANDERS & DEMPSEY L.L.P.
Diane L. Gibson (State Bar # 114825)
Suzanne Henderson (State Bar # 168046)
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492
Telephone: +1.415.954.0200
Facsimile: +1.415.393.9887
Email: digibson@ssd.com

Attorneys for Non-Party, Rule 45 Subpoena
Recipient SQUIRE, SANDERS & DEMPSEY LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELES CHEMICAL COMPANY, INC., a California corporation, et al.,<br><br>Plaintiff,<br><br>vs.<br><br>MCKESSON CORPORATION, a California corporation, et al.,<br><br>Defendant. | Northern District Miscellaneous Matter<br>Case No. C 06-80343 Misc MMC (EDL)<br>Case No. C 07-80123 Misc MMC (EDL)<br><br>Case No. 01-10532 TJH (Ex)<br>Central District of California<br><br>**SQUIRE, SANDERS & DEMPSEY L.L.P.'S OPPOSITION TO ANGELES CHEMICAL COMPANY'S EX PARTE MOTION FOR ORDER SHORTENING TIME TO BRIEF AND HEAR PLAINTIFFS' MOTION TO COMPEL**<br><br>Date: TBA<br>Time: TBA<br>Courtroom: Courtroom E, 15th Floor |

SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

SSD's Opposition to Angeles' Ex Parte Motion
for Order Shortening Time

Northern Dist. Misc. Matter
Case No. C 06-80343 Misc MMC (EDL)

## I. INTRODUCTION AND SUMMARY

Plaintiffs Angeles Chemical Company, *et al.* ("Plaintiffs") have been aware of this discovery dispute for more than a month, since April 5, 2007 when non-party witness Squire, Sanders & Dempsey L.L.P. ("SSD") supplied its initial privilege log. Indeed, Plaintiffs threatened to make an *ex parte* application as to an unspecified motion to compel as early as April 12, 2007. Gibson Declaration in Support of SSD's Opposition to Angeles' Motion for Shortening Time on Motion to Compel, ¶ 8, Exh. G ("Gibson Decl."). Nonetheless, Plaintiffs let the "clock run out" on this motion. They did not meet and confer with SSD about a proposed briefing schedule until May 7, 2007. They filed the motion on May 8, 2007, after demanding that SSD agree to a briefing schedule that would require SSD to oppose the motion in just four court days. Gibson Decl. ¶¶ 18-19, Exhs. O, P.

Plaintiffs have not shown good cause to further burden SSD, a non-party witness, by having this motion heard on shortened time, given their own delay in filing the motion. SSD should be allowed the full time period allowed by the applicable Rules to brief these complex and important issues of attorney-client privilege and attorney work product – which arise in the context of multiple possible privilege holders in different matters over a span of more than 20 years. As discussed below, SSD is willing to agree to a hearing date on less than the 35 days notice to which it is entitled by the applicable rules, but not to truncate its briefing time.

## II. STATEMENT OF RELEVANT FACTS

SSD believes the Court is familiar with the facts regarding this subpoena.[1] Briefly stated, after Plaintiffs delivered their Seventh Subpoena to SSD, SSD raised certain objections and, after meeting and conferring, filed a motion to quash or in the alternative for a protective order. The Court issued an Order dated March 22, 2007 (the "March 22nd Order") on that motion.

In advance of and pursuant to the March 22nd Order, SSD reviewed more than 100 boxes of documents, more than 34,000 microfiche images, and additional files, binders and electronic data. As required by the Court's Order, on April, 5, 2007 SSD provided its nonprivileged

---

[1] If the Court requires additional background facts, SSD respectfully refers the Court to SSD's papers filed with its previously Motion to Quash or, in the Alternative, for a Protective Order, Docket Nos. 20-21, 32 and 34-35.

SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

SSD's Opposition to Angeles' Ex Parte Motion for Order Shortening Time - 1 -

Northern Dist. Misc. Matter
Case No. C 06-80343 Misc MMC (EDL)

responsive documents to McKesson for McKesson to review for privilege. To expedite the process, SSD also provided an initial privilege log to Plaintiffs on April 5, 2007, even though it was not then due. Gibson Decl., ¶ 4, Exh. C. SSD provided a final privilege log on April 19, 2007, the date that the log was due pursuant to the Court's standing order. Gibson Decl., ¶ 13, Exh. K.

Plaintiffs first challenged the privilege log on April 12, 2007. Gibson Decl., ¶ 8, Exh. G. Correspondence ensued. Gibson Decl. ¶¶ 10-16, Exhs. H-N. In their motion now, Plaintiffs incorrectly state that SSD did not respond to Plaintiffs' letter or explain its claims of privilege. This is simply untrue. On April 19, 2007, SSD responded to Plaintiffs and informed Plaintiffs that it intended to propose a compromise to try to resolve the dispute without court intervention. Gibson Decl., ¶ 9. On April 24, 2007, SSD sent a detailed meet and confer letter to Plaintiffs, describing the grounds for the privilege objections that it had made. Gibson Decl. ¶ 15, Exh. M. In that letter, SSD explained its objections, and then offered, as a very reasonable compromise to avoid the necessity of court intervention, to *create a new index listing documents on the indexes*, so that the underlying additional information sought by Plaintiffs could be provided without risking disclosure of the privileges that SSD had asserted. But Plaintiffs sent their rejection of this proposal seven minutes after receiving it. Gibson Decl., ¶ 16, Exh. N.

Plaintiffs misrepresented that SSD had refused to respond or provide analysis as to its privilege claims in response to Plaintiffs' objections both this Motion for Order Shortening Time and in their Motion to Compel. As discussed below, their "Notice of Errata," filed the day after their motions, fails to correct these misstatements or to describe fairly SSD's position.

A full two weeks after summarily rejecting SSD's offer of compromise, and more than a month after receiving the first privilege log, Plaintiffs filed their Motion to Compel and this Motion for Order Shortening Time. As Plaintiffs took far more than two weeks to prepare their motion, it would be unfair and would prejudice SSD to have anything less than 14 days in which to oppose Plaintiffs' motion.

SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

SSD's Opposition to Angeles' Ex Parte Motion
for Order Shortening Time                - 2 -

Northern Dist. Misc. Matter
Case No. C 06-80343 Misc MMC (EDL)

## III. THE COURT SHOULD DENY THE MOTION BECAUSE PLAINTIFFS DID NOT FAIRLY DESCRIBE SSD'S POSITION

The fact that Plaintiffs incorrectly asserted that SSD did not explain its privilege objections, and the fact that Plaintiffs initially failed to provide to the Court SSD's letter doing exactly that, show that Plaintiffs' motion is an unreliable and one-sided recitation of invective and not facts. Further, Plaintiffs' motion continues to mischaracterize the relationships between Univar and McKesson, and the differing relationships SSD or Graham & James LLP had at differing times over the last 20 years with both Univar and McKesson, just as Plaintiffs did in their prior briefing. *See, e.g.,* Docket Nos. 28 and 30.

While SSD reserves its substantive arguments for its Opposition to the Motion to Compel, it previews here the following key points. As SSD explained to Plaintiffs, the various documents that might be deemed to include "indexes" could not effectively be redacted, because they

> contain listings of documents received from McKesson in 1986. They also contain, however, lists of documents that counsel had (at the time of the document being prepared in 1986) chosen to request but had not yet received, as well as notes regarding the documents received, including substantive comments and follow up notations. Under the circumstances, it would not be practical to "redact" these indices in a way that would not disclose Privileged Information.

Gibson Decl., ¶ 15, Exh. M. Non-party witness SSD very reasonably proposed, however, to

> prepare and provide a list, in alphabetical order by document title or document type and (when available) by date, of documents received by G&J from McKesson s part of the negotiations, due diligence or closing of the 1986 sales transaction that are listed or included in the documents that are items 5-11, 18-20 and 56 on the April 19, 2007 privilege log. (These constitute the most detailed listings of documents received by G&J from McKesson regarding the 1986 transaction.) Such a list will allow you to compare these documents to those documents that have already been produced by others, so that you may determine whether there are documents that you may wish to seek from others, but without disclosure of the privileged *context* of the information.

Gibson Decl., ¶ 15, Exh. M.

Plaintiffs neither disclose this very reasonable proposal to the Court in their Motion *nor do they address why in their view it is insufficient.*

SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

SSD's Opposition to Angeles' Ex Parte Motion for Order Shortening Time — - 3 -

Northern Dist. Misc. Matter
Case No. C 06-80343 Misc MMC (EDL)

1    The day after filing their Motion, Plaintiffs submitted SSD's letter – and their precipitous response – attached to a "Notice of Errata."  It strains credulity that both a letter and an email dated April 24, 2007 were "inadvertently left out" of "Exhibit R," which purports to be "a copy of a letter dated April 12, 2007."  Although Plaintiffs have now belatedly disclosed this key correspondence, they have failed to correct their mis-statements that SSD did not provide substantive arguments as to why the withheld documents were privileged.

Thus, Plaintiffs have failed to comport with Civil Local Rule 6-3(a) (4)(ii), requiring that a motion to shorten time must be accompanied by a declaration that "briefly summarizes the positions that each party had taken" as to the dispute.  They have also failed to comply with this Court's Standing Order, requiring a declaration setting forth meet and confer efforts; "the final positions of each party shall be included in the moving papers."

## IV.     PLAINTIFFS HAVE NOT SHOWN GOOD CAUSE FOR AN ORDER SHORTENING TIME

An order shortening time may only be granted upon showing that "substantial harm or prejudice… would occur if the Court did not change the time."  Civil Local Rule 6-3(a)(3).  Plaintiffs have made no such showing.  The sole reason for Plaintiffs' request for order shortening time is the June 11, 2007 discovery cutoff in the underlying matter.  The normal 35-day briefing schedule would have been workable if Plaintiffs had promptly filed the motion to compel. Given the fact that Plaintiffs raised objections to SSD's privilege log as early as April 12, this motion could have been heard on regular notice.  Instead, Plaintiffs allowed most of this time to expire while they prepared their own motion, and then told SSD that they would seek an Order Shortening Time unless SSD agreed to file its opposition in just four court days.

## V.    THE COURT SHOULD NOT CONSIDER PLAINTIFFS' SUBSTANTIVE ARGUMENTS IN DECIDING ON THE MOTION FOR ORDER SHORTENING TIME

Plaintiffs' Motion for Order Shortening Time presents Plaintiffs' substantive arguments regarding their underlying Motion to Compel.  The Court should disregard these arguments until SSD has had an opportunity to file its Opposition to the Motion to Compel.  As the Court is

SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

SSD's Opposition to Angeles' Ex Parte Motion
for Order Shortening Time                - 4 -

Northern Dist. Misc. Matter
Case No. C 06-80343 Misc MMC (EDL)

1  aware, the production of the documents in the possession of a non-party law firm is in any case
2  complex, and this matter is complicated due to multiple possible privilege holders in different
3  matters over a span of more than 20 years.  The Court should allow SSD the full briefing time
4  allowed by law, in order to protect these important interests, and to prevent prejudice to SSD and
5  the other multiple possible privilege holders.

## VI.     CONCLUSION AND RELIEF SOUGHT

SSD requests the Court to deny Plaintiffs' Motion for Order Shortening Time on the ground that they have not shown good cause to shorten time, and on the ground that to shorten time would prejudice SSD. If the Court is inclined to schedule a hearing in less than 35 days, however, then SSD requests that it have through and including May 22, 2007 within which to oppose the motion, and that any further shortening of the schedule be accomplished by shortening Plaintiffs' time for reply, and/or advancing the hearing date.

SSD's counsel would be available for hearing at a reasonable date before the expiration of the 35 day statutory notice period.  Given the proposed May 22, 2007 opposition date, SSD suggests the following available hearing dates:  May 31, June 1, or any day the week of June 4, 2007.  Respectfully, SSD's counsel is unavailable on May 29 and May 30, 2007.

Dated: May 10, 2007                    Respectfully submitted,

                                       SQUIRE, SANDERS & DEMPSEY L.L.P

                                       By:     /s/ Diane L. Gibson
                                                Diane L. Gibson

                                       Attorneys for Non-Party, Rule 45 Subpoena
                                       Recipient Squire, Sanders & Dempsey L.L.P.

SANFRANCISCO/219570.1

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA  94111-3492

SSD's Opposition to Angeles' Ex Parte Motion
for Order Shortening Time
- 5 -
Northern Dist. Misc. Matter
Case No. C 06-80343 Misc MMC (EDL)