# EXHIBIT I

Henderson, Suzanne

| | |
|---|---|
| **From:** | Jeff Caufield [Jeff@caufieldjames.com] |
| **Sent:** | Thursday, April 19, 2007 12:36 PM |
| **To:** | Gibson, Diane L. |
| **Cc:** | Henderson, Suzanne; Joe Rossettie; Ken James; Amber Hinojosa |
| **Subject:** | RE: Request for Extension of Time |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Yellow |

Dear Ms. Gibson:

As I explained over the telephone, based upon past history with SSD and the lack of cooperation previously experienced with SSD, which in light of the privilege logs we have already received appears to be ongoing, I was unwilling to simply stipulate to an extension over the phone.

It is my understanding that SSD "discovered" additional boxes of documents today and requested an extension of time to review the documents, produce documents to McKesson and prepare/produce a privilege log. Based upon the past history of delays and non-cooperate with SSD and McKesson, we find it hard to believe that over 6 months AFTER SSD allegedly searched and produced documents these "new" boxes of documents were located at this late date and AFTER the Court Ordered the documents be produced.

We expect that a "Final" privilege log related to ALL documents previously produced be transmitted to our office today. In light of the other privilege logs received to date, as discussed previously, we anticipate moving ex parte on those privilege logs by the end of this week.

With respect to your extension of time, we would grant you the time requested to provide a "supplemental" privilege log that addresses the "new" documents just discovered. However, we do not waive our right to contend that the failure to produce these documents previously pursuant to the Court Ordered deadline did not already waive privileges. We also do not waive any right to challenge the content of any supplemental privilege logs nor our right to conduct depositions and/or other discovery related to the documents in SSD's possession, custody and/or control, inquire as to searches conducted for documents and/or transmittal of those documents.

Very truly yours,

Jeffery L. Caufield
Caufield James LLP

---

**From:** Gibson, Diane L. [mailto:DiGibson@ssd.com]
**Sent:** Thursday, April 19, 2007 12:03 PM
**To:** Jeff Caufield
**Cc:** Henderson, Suzanne
**Subject:** Request for Extension of Time

Dear Mr. Caufield:

This letter confirms our telephone conversation this morning, and requests an extension of time, through and including April 25, 2007 within which to complete Squire, Sanders & Dempsey LLP's ("SSD's") production of documents, provide a final privilege log, and provide the certification mentioned in the Court's March 22, 2007 order.

The reason for our request is as follows. As you know, some months ago we had pulled from storage more than 100 boxes of documents deemed potentially responsive to the subpoenas that your office had delivered to us. SSD has reviewed those boxes, and some 34,000 images of microfiche, and additional files and binders. Those documents that have been deemed responsive and not privileged have been produced; a final privilege log as to those documents will go out to you today.

5/2/2007

We called you this morning because, in the course of cross-checking to ensure completeness, our records department discovered today that five boxes of documents and one additional file containing potentially responsive documents were inadvertently not pulled from off-site storage. We immediately asked that those boxes be retreived from off-site storage. We do not have them yet; we are informed the driver is presently stuck in traffic. In addition, there are 2 additional boxes that we need to confirm have been reviewed.

When we determined that it would be physically impossible to review, copy, bates-stamp and log for privilege additional documents, as well as to allow for review by McKesson and Univar as provided by the Court's Order, by the end of the day today, we immediately contacted you to ask for a short extension of time (4 business days, through and including April 25, 2007) within which to complete our production, complete our privilege log, and provide the certification. You did not at that time agree, asking us to put our request in writing. This e-mail constitutes that written request. You told us that you would respond by the end of the day; we told you that we needed a response sooner than that, due to the exigencies of the timing. We told you that we would contact the Court by telephone to explain the status and to request a telephonic hearing today, that we would provide a written request to you, and that we would file an *ex parte* application if we did not receive prompt agreement.

Please send us your response at your earliest convenience. In the meantime, we are working on our *ex parte* application and will e-file it as soon as it is prepared.

Diane L. Gibson
Partner
Squire, Sanders & Dempsey L.L.P.
One Maritime Plaza, Third Floor
San Francisco, CA 94111
(415) 954-0200
digibson@ssd.com

Beijing - Bratislava - Brussels - Budapest - Caracas - Cincinnati - Cleveland - Columbus - Frankfurt - Hong Kong - Houston - London - Los Angeles - Madrid - Miami - Moscow - New York - Palo Alto - Phoenix - Prague - Rio de Janeiro - Santo Domingo - San Francisco - Shanghai - Tallahassee - Tampa - Tokyo - Tysons Corner - Warsaw - Washington D.C. - West Palm Beach. Associated Offices: Bucharest - Buenos Aires - Dublin - Kyiv - Milan - Riyadh - Santiago

This e-mail is confidential and is intended only for the named recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not the named recipient(s), please immediately notify the sender and delete this e-mail message from your computer. Thank you

5/2/2007