# EXHIBIT M

## Gibson, Diane L.

| | |
|---|---|
| **From:** | Dimapasoc, Mary Ann D. |
| **Sent:** | Tuesday, April 24, 2007 4:39 PM |
| **To:** | 'jeff@caufieldjames.com' |
| **Cc:** | Gibson, Diane L.; Henderson, Suzanne; Sinclair, Jean M. |
| **Subject:** | Angeles Chemical Co., Inc. v. McKesson Corp, et al. |
| **Attachments:** | letter.pdf |



letter.pdf (194 KB)

Mr. Caufield:

Per Ms. Gibson's request, please find the attached in the above-referenced case.

Mary Ann Dimapasoc
Executive Legal Secretary
Squire, Sanders & Dempsey L.L.P.
One Maritime Plaza, Suite 300
San Francisco, California 94111-3492
Direct Dial: +1.415.393.9841
Fax: +1.415.393.9887
mdimapasoc@ssd.com
www.ssd.com

Beijing    Bratislava    Brussels    Budapest    Cincinnati    Cleveland    Columbus    Hong Kong
Houston    London    Los Angeles    Madrid    Miami    Milan    Moscow    New York    Palo Alto
Phoenix    Prague    Rio de Janeiro    San Francisco    Shanghai    Tampa    Tokyo    Tysons
Corner    Warsaw    Washington DC

Associated Offices:    Bucharest    Dublin    Kyiv

NOTICE:  This email message and all attachments transmitted with it are intended solely
for the use of the addressees and may contain legally privileged, protected or
confidential information.  If you have received this message in error, please notify the
sender immediately by email reply and please delete this message from your computer and
destroy any copies.



SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, California 94111-3492

Office: +1.415.954.0200
Fax: +1.415.393.9887

Direct: +1.415.954.0368
DiGibson@ssd.com

April 24, 2007

**VIA ELECTRONIC MAIL AND U.S. MAIL**

Jeffery Caufield, Esq.
**Caufield & James**
2851 Camino Del Rio South, Suite 250
San Diego, CA 92108

Re: **SSD's Document Production**

Dear Mr. Caufield:

We write to respond to your letter dated April 12, 2007. As set forth below, we disagree with your arguments. But in order to resolve these disputes promptly, we offer a proposed solution.

**Response to Angeles' Arguments in April 12, 2007 Letter**

Although your letter is not clear on this point, we understand that you challenge the designation as privileged of the items from our privilege log listed on page 2 of your letter, as well as those items designated as "Due Diligence Document Review Summary." (If you are challenging the privilege log as to any other documents, please let us know.)

Squire, Sanders & Dempsey L.L.P. ("SSD") has withheld certain documents that are in the nature of G&J-prepared indexes of documents that were received by G&J from McKesson during the 1986 transaction. Each of these documents withheld also contains or reflects attorney work product and/or contains or reflects attorney-client communications as more specifically defined as "A/C" and/or "W/P" on our Privilege Log ("Privileged Information"). The privileged information is intertwined with how the attorneys chose to prepare the indices of the documents, so that redaction is not practical. For example, the documents that are labeled on SSD's log as "Due Diligence Document Review Summary (Non-Environmental)" or "Due Diligence Document Review Summary (Environmental)" contain listings of documents received from McKesson in 1986. They also contain, however, lists of documents that counsel had (at the time of the document being prepared in 1986) chosen to request but had not yet received, as well as notes regarding the documents received, including substantive comments and follow up notations. Under the circumstances it would not be practical to "redact" these indices in a way that would not disclose Privileged Information.

Similarly, certain of the letters about documents that are included in SSD's privilege log reflect what documents were selected to be provided to a party in the privileged relationship, and to whom. Under the circumstances, the disclosure of those document names that are available, in conjunction with the date and recipient information, could also disclose Privileged Information.

CINCINNATI • CLEVELAND • COLUMBUS • HOUSTON • LOS ANGELES • MIAMI • NEW YORK • PALO ALTO • PHOENIX • SAN FRANCISCO • TALLAHASSEE • TAMPA • TYSONS CORNER
WASHINGTON DC • WEST PALM BEACH | CARACAS • RIO DE JANEIRO • SANTO DOMINGO | BRATISLAVA • BRUSSELS • BUDAPEST • FRANKFURT • LONDON • MOSCOW
PRAGUE • WARSAW | BEIJING • HONG KONG • SHANGHAI • TOKYO | ASSOCIATED OFFICES: BUCHAREST • BUENOS AIRES • DUBLIN • KYIV • MILAN • SANTIAGO

www.ssd.com

Jeffery Caufield, Esq.　　　　　　　　　　　　　　　　　　　　　　　　SQUIRE, SANDERS & DEMPSEY L.L.P.
April 24, 2007
Page 2

You include in the table in your letter certain documents that SSD withheld that are neither indexes nor letters about documents, but rather are compilations of documents. *See, e.g.,* items 12, 21, 22, 25, 29, 30, and 51 in your table. Your letter does not directly address these entries. In any event, they and their components are Privileged Information.

You argue generally (perhaps as to all the documents on your list on page 2, we are not sure) that the "author" and "recipient" information on the log is insufficient to demonstrate that the documents constitute or reflect Privileged Information. This argument is without merit. The log demonstrates that the materials were prepared or complied by G&J and SS&D, both law firms, during the course of representing clients. That as much as 21 years later SSD is not able to identify with certainty which of the many attorneys working on, for instance, the 1986 transaction actually "authored" a document does not undermine the unquestionably privileged nature of the documents that were prepared by G&J or SS&D, whose only business was the practice of law. Similarly, in an abundance of caution, we have indicated that access to internal documents *may have been* provided within G&J and/or SSD or to client representatives as defined on the log. None of this information undercuts the assertion of privilege, and there is no indication that there were disclosures outside the privilege.

In your letter you state that you want to know "what documents were transmitted, where the documents came from, where the documents went, who handled the documents, and how many documents were transmitted etc. (*i.e.*, indexes, lists, etc.)" This is far more than the Court's Order required SSD to provide and indeed is in the nature of an interrogatory, to which SSD, a non-party, cannot be subjected. But we note the following so as to resolve what you have raised but which is a non-issue: the question of "where the documents came from" is answered by the Court's Order – SSD is only to produce "documents **received by Graham & James LLP from McKesson** as part of the negotiations, due diligence and/or closing of the 1986 sales transaction." (Emphasis added.) You already know all the recipients of documents to the extent that of this information is known, because that information is listed on the log. As to "who handled the documents," we do not know what you mean by this and it does not appear that this information is either required, or relevant, or likely to lead to the discovery of non-privileged and/or relevant evidence.

**Proposal for Resolution**

In addressing a resolution of these issues, it is important to consider the purpose for which your office has informed the Court that it has sought document indices and letters about documents. You have represented to the Court that the only reason that these documents have been sought is so that you can determine if there are documents "out there" that have not yet been received from McKesson, Univar, SSD or any other holder of documents. Thus, what you seek is the names of the documents listed on the indexes, and not any of the other privileged information in the indexes.

To try to avoid the necessity of yet another motion relating to this subpoena, SSD thus suggests the following compromise:

SSD will prepare and provide a list, in alphabetical order by document title or document type and (when available) by date, of documents received by G&J from McKesson as part of the negotiations, due diligence and or closing of the 1986 sales transaction that are listed or included in the documents that are items 5-11, 18-20 and 56 on the April 19, 2007 privilege log. (These constitute the most detailed listings of documents received by G&J from McKesson regarding the 1986 transaction.) Such a list will allow you to compare these documents to those documents that have already been produced by others, so that you may determine whether there are documents that you may wish to seek from others, but without disclosure of the privileged *context* of the information.

Jeffery Caufield, Esq.                                            SQUIRE, SANDERS & DEMPSEY L.L.P.
April 24, 2007
Page 3

      We make this proposal at this time only in concept, subject to resolution of final details if you are in agreement with this type of resolution, and this offer is not binding unless and until such details are agreed upon by us. In keeping with prior practice, due to the interests of multiple privilege-holders, we would also require approval by McKesson and/or former G&J and/or SSD clients to the terms and the list. This proposal is made subject to and without waiver of SSD's objections to the Seventh Subpoena generally, as set out in its motion to quash/for protective order, and each and every objection raised on SSD's privilege log. SSD reserves the right to request the Court to order the subpoenaing parties to pay for the fees and costs incurred in providing the list of documents (including resasonable attorneys' fees for time spent preparing the lists), as well as other fees and costs associated with your seven subpoenas in this matter.

      As reflected by this letter, despite your customary inappropriate and inflammatory rhetoric which we quote in part here, SSD has not and will not "act in concert [sic] to suppress responsive documents" or to violate the "tenants [sic] of fair play, due process, and transparency in fact finding." Rather, SSD has sought and will continue to seek to appropriately protect Privileged Information.

                                  Sincerely,

                                    SQUIRE, SANDERS & DEMPSEY L.L.P.

                                    Diane L. Gibson

DLG/mdd

SANFRANCISCO/217623.1