1
2
3
4
5
6
7

SQUIRE, SANDERS & DEMPSEY L.L.P.
Diane L. Gibson (State Bar # 114825)
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492
Telephone: +1.415.954.0200
Facsimile: +1.415.393.9887
Email: digibson@ssd.com

Attorneys for Non-Party, Rule 45 Subpoena
Recipient SQUIRE, SANDERS & DEMPSEY LLP

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

11
12
13
14

ANGELES CHEMICAL COMPANY,
INC., a California corporation, et al.,

          Plaintiff,

     vs.

15
16
17

MCKESSON CORPORATION, a
California corporation, et al.,

          Defendant.

18
19
20
21
22

| Northern District Miscellaneous Matter |
| --- |
| Case No. C 06-80343 Misc MMC (EDL) |
| Case No. C 07-80123 Misc MMC (EDL) |

Case No. 01-10532 TJH (Ex)
Central District of California

**SQUIRE, SANDERS & DEMPSEY L.L.P.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO ANGELES CHEMICAL COMPANY'S MOTION TO COMPEL SQUIRE, SANDERS & DEMPSEY L.L.P.'S COMPLIANCE WITH THE MARCH 22, 2007 COURT ORDER**

Date:        June 6, 2007
Time:        9:00 A.M.
Courtroom:   Courtroom E, 15th Floor

23
24
25
26
27
28

SSD's Opposition to Angeles' Motion to Compel

Northern Dist. Misc. Matter
Case No. C 06-80343 Misc MMC (EDL)
Case No. C 07-80123 Misc MMC (EDL)

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ...................................................................................................... 1

II. THE CONTESTED DOCUMENTS, AND SSD'S PROPOSED

     RESOLUTION .................................................................................................... 1

III. STATEMENT OF BACKGROUND FACTS.................................................... 4

IV. ALL OF THE DOCUMENTS THAT SSD WITHHELD ARE PROPERLY

     SUBJECT TO OBJECTIONS BASED ON PRIVILEGE ............................... 6

V.  THERE HAS BEEN NO WAIVER OF PRIVILEGE.................................... 11

     A.  SSD Did Not Waive Objections at the March 6, 2007 Hearing.......................... 11

     B.  The March 22nd Order Does Not Require Production of Privileged

          Documents; No Objection Was Necessary; and No "Effective" Waiver

          Occurred by Not Objecting ...................................................................... 13

     C.  The Privilege Log Meets the Requirements of Rule 26(b)(5)............................. 13

     D.  SSD Has Provided an "Adequate Explanation of Privilege" and Has Not

          "Impliedly Waived Privilege"................................................................... 16

     E.  SSD Did Not Waive It's Privilege or The Privilege Of Others ........................... 18

     F.  SSD is Not in Contempt of the Court Order, and Plaintiffs Are Not Entitled

          to Sanctions ......................................................................................... 19

VI. CONCLUSION.............................................................................................. 19

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA  94111-3492

SSD's Opposition to Angeles' Motion to
Compel
- i -
Northern Dist. Misc. Matter
Case No. C 06-80343 Misc MMC (EDL)
Case No. C 07-80123 Misc MMC (EDL)

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Clarke v. American Commerce National Bank*,
  974 F.2d 127 (9th Cir. 1992) ................................................................................ 17

*Eureka Financial Corporation v. Hartford Accident and Indemnity Co.*,
  136 F.R.D. 179 (E.D. Cal. 1991) ................................................................. 15, 16, 17

*In re Grand Jury Proceedings*,
  43 F.3d 966 (5th Cir. 1994) ................................................................................... 11

*Hickman v. Taylor*,
  329 U.S. 495 (1947) .............................................................................................. 10

*International Paper Co. v. Fibreboard Corp.*,
  63 F.R.D. 88 (D. Del. 1974) ................................................................................. 17

*Lerro v. Quaker Oats Co.*,
  84 F.3d 239 (7th Cir. 1996) .................................................................................. 13

*Perrignon v. Bergen Brunswig Corporation*,
  77 F.R.D. 455 (N.D. Cal. 1978) ........................................................................... 11

*Simpson v. Lear Astronics Corp.*,
  77 F.3d 1170 (9th Cir. 1966) ................................................................................ 13

*Sporck v. Peil*,
  759 F.2d 312 (3d Cir. 1985), cert. denied by Peil v. Sporck, 474 U.S. 903 (1985) The
  Sporck court concluded that, "the selection and compilation of documents by counsel ......... 9

*U.S. Dept. of Energy v. Crocker*,
  629 F.2d 1341 (Em. App. 1980) ............................................................................. 3

*United States v. Gray*,
  876 F.2d 1411 (9th Cir. 1989) .............................................................................. 15

*United States v. Landof*,
  591 F.2d 36 (9th Cir. 1978) ................................................................................... 8

*Upjohn Co.v. United States*,
  449 U.S. 383 (1981) ........................................................................................... 6, 8

*Washington Bancorporation v. Said*,
  145 F.R.D. 274 (D.D.C. 1992) ............................................................................ 6, 8

*Weil. U.S. v. Plache*,
  913 F.2d 1375 (9th Cir. 1990) .............................................................................. 15

*Weil v. Investment/Indicators, Research & Management, Inc.*,
  647 F.2d 18 (9th Cir. 1989) .................................................................................. 15

*Yorkshire v. United States Internal Revenue Service*,
  26 F.3d 942 (9th Cir. 1994) .................................................................................. 13

## STATE CASES

*Rumac v. Bottomley*,
  143 Cal. App. 3d 810 (1983) .................................................................................. 8

## STATUTES AND RULES

Fed. R. Civ. Proc. Rule 26(b)(2) .............................................................................. 5, 7
Fed. R. Civ. Proc. Rule 26(b)(3) ............................................................................ 7, 10
Fed. R. Civ. Proc. Rule 26(b)(5) ...................................................................... 13, 15, 16
Northern District Rule 37-1 ........................................................................................ 6
Northern District Rule 37-1(a) .................................................................................... 7
Northern District Rule 37-2 ........................................................................................ 6
Northern District Rule 37-1(a) .................................................................................... 5

SSD's Opposition to Angeles' Motion to Compel

Northern Dist. Misc. Matter
Case No. C 06-80343 Misc MMC (EDL)
Case No. C 07-80123 Misc MMC (EDL)

ii

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

## I.      INTRODUCTION

Despite the large stack of paper provided with Plaintiff's motion, the efforts of Squire Sanders & Dempsey LLP ("SSD") to resolve this discovery dispute somehow were "omitted" from Plaintiff's presentation, and only found their way into the Court file by virtue of a subsequent late-filed "Notice of Errata."  Had Plaintiff spent as much time in attempting to resolve this discovery dispute as it spent engaging in *ad hominem* attacks on counsel and SSD itself, this matter might well not be back before this Court.  Yet despite the large volume of documents that SSD had to review, and the approximately 10,000 pages of documentation that SSD produced, the dispute between Plaintiff and SSD, a non-party to the underlying action, is now down to 52 items on SSD's privilege log.  Upon review of this brief, or upon *in camera* review of the documents, if necessary, this Court should conclude that the documents are privileged, and that Plaintiffs are entitled to no further relief on their motion.

## II.     THE CONTESTED DOCUMENTS, AND SSD'S PROPOSED RESOLUTION

The substance of this dispute is now two-fold, (a) 52 items on SSD's privilege log, which SSD demonstrates in this brief are privileged, and not subject to discovery, and which SSD is willing to provide to this Court for *in camera* inspection if necessary, and (b) Plaintiff's request that SSD be declared to have waived privilege by not appealing this Court's prior Order, which specifically protected the privileged information.

Judging from Plaintiff's motion, the principal dispute concerns documents in the nature of, or containing, or including lists of documents that G&J received from McKesson during the 1986 transaction.  These documents in SSD's possession are not *merely* "indexes," although Plaintiff uses that shorthand to describe them.  As SSD explained to Plaintiff in its meet and confer correspondence:

> Each of these documents withheld also contains or reflects attorney work product and/or contains or reflects attorney-client communications as more specifically defined as "A/C" and/or "W/P" on our Privilege Log ("Privileged Information").  **The privileged information is intertwined with how the attorneys chose to prepare the indices of the documents, so that redaction**

SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA  94111-3492

SSD's Opposition to Angeles' Motion to Compel

- 1 -

Northern Dist. Misc. Matter
Case No. C 06-80343 Misc MMC (EDL)
Case No. C 07-80123 Misc MMC (EDL)

**is not practical.** For example, the documents that are labeled on SSD's log as "Due Diligence Document Review Summary (Non-Environmental)" or "Due Diligence Document Review Summary (Environmental)" contain listings of documents received from McKesson in 1986. **They also contain, however, lists of documents that counsel had (at the time of the document being prepared in 1986) chosen to request but had not yet received, as well as notes regarding the documents received, including substantive comments and follow up notations.** Under the circumstances it would not be practical to "redact" these indices in a way that would not disclose Privileged Information.

Declaration of Diane L. Gibson in Support of SSD's Opposition to Plaintiffs' Motion to Compel SSD's Compliance with the March 22, 2007 Court Order ("Gibson Decl."), ¶4, Exh. F, (Emphasis added).[1]

Because it was apparent that Plaintiff's principal concern was documents that might be described as "indexes," SSD very reasonably offered to undertake additional effort to meet Plaintiff's increasing demands, and proposed the following compromise:

To try to avoid the necessity of yet another motion relating to this subpoena, SSD thus suggests the following compromise:

**SSD will prepare and provide a list, in alphabetical order by document title or document type and (when available) by date, of documents received by G&J from McKesson as part of the negotiations, due diligence and or closing of the 1986 sales transaction that are listed or included in the documents that are items 5-11, 18-20 and 56 on the April 19, 2007 privilege log. (These constitute the most detailed listings of documents received by G&J from McKesson regarding the 1986 transaction.)** Such a list will allow you to compare these documents to the documents that have already been produced by others, so that you may determine whether there are documents that

[1] In addition, although Plaintiff does not specifically address these in the motion, some of the contested documents are either letters regarding or reflecting transmittal of certain documents or are privileged "compilations" of documents. SSD met and conferred about these documents, too. As SSD explained to Plaintiff, "… Certain of the letters about documents that are included in SSD's privilege log reflect what documents were selected to be provided to a party in the privileged relationship and to whom. Under the circumstances, the disclosure of those document names that are available, in conjunction with the date and recipient information, could also disclose Privileged Information. ¶ You include in the table in your letter certain documents that SSD withheld that are neither indexes nor letters about documents, but rather are compilations of documents. *See, e.g.*, items 12, 21, 22, 25, 29, 30, and 51 in your table. Your letter does not directly address these entries. In any event, they and their components are Privileged Information." Gibson Decl., ¶4, Exh. F.

SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

SSD's Opposition to Angeles' Motion to Compel

- 2 -

Northern Dist. Misc. Matter
Case No. C 06-80343 Misc MMC (EDL)
Case No. C 07-80123 Misc MMC (EDL)

1    you may wish to seek from others, but without disclosure of the
2    privileged *context* of the information.

3    (Diane Gibson letter of April 24, 2007, part of the omitted Exhibit R to Plaintiff's motion, bold

4    emphasis added, italics in original.)  Thus, SSD volunteered to undertake yet more effort in order

5    to provide to Plaintiff a full list of every document included on the most detailed "indexes."  Less

6    than seven minutes later, in less time that it would take to consider the proposal or to discuss it

7    with a client, Plaintiff by e-mail rejected the proposal with no analysis of the privilege issues and

8    no response to the points made by SSD or to SSD's proposal for resolution:

9    In light of the circumstances and continuing suppression of
10   evidence and documents, and the lengthy period of non-
     cooperation[2]  by SSD in producing these documents, we cannot
11   simply allow SSD to "paraphrase" documents.

12   (E-mail response of Jeffrey Caufield, also part of the omitted Exhibit R to Plaintiff's motion.  See

13   Gibson Decl., ¶7, Exh. G).

14           Then Plaintiff filed this motion to compel, without attaching or discussing SSD's

15   proposed compromise, and certainly without demonstrating why SSD's proposal did not fairly

16   balance Plaintiff's claimed need for information with SSD's and other privilege holders' interests.

17   As described below, with an *in camera* inspection[3], if necessary, along with review by the Court

18   of SSD's sensible proposal made in its April 24, 2007 letter, and repeated herein, SSD is

19   confident that the Court will find that its proposal makes sense as a means of resolution.

20

21

22

23   [2] Plaintiff thus rewrites history.  The time taken in this matter has been largely due to Plaintiffs
     inability or refusal to serve a procedurally appropriate and properly circumscribed subpoena,
     requiring seven attempts.
24   [3] Because SSD has properly asserted its privilege claims, if the Court does not simply deny
     Plaintiff's motion to compel on the basis of SSD's opposition memorandum and the record
25   evidence, SSD respectfully requests that the Court conduct an *in camera* inspection of the
     disputed documents.  *U.S. Dept. of Energy v. Crocker*, 629 F.2d 1341 (Em. App. 1980) (vacating
26   order requiring production of documents because the trial court (Eastern District of California)
     rejected privilege claims solely on the basis of plaintiff's claimed need, without an *in camera*
27   review of any of the assertedly privileged documents, and because the trial court made no
     evaluation, by document, of the privilege claimed and the balancing of the privilege with the need
28   asserted).

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA  94111-3492

SSD's Opposition to Angeles' Motion to Compel

- 3 -

Northern Dist. Misc. Matter
Case No. C 06-80343 Misc MMC (EDL)
Case No. C 07-80123 Misc MMC (EDL)

### III.    STATEMENT OF BACKGROUND FACTS

SSD believes the Court is familiar with the facts regarding this subpoena.[4]  Briefly stated, after Plaintiff in this action delivered their Seventh Subpoena, SSD raised certain objections and, after meeting and conferring, filed a motion to quash or in the alternative for a protective order. The Court issued an Order dated March 22, 2007 (the "March 22nd Order") on that motion, limiting the scope of the subpoena.

In advance of and pursuant to the March 22nd Order, SSD reviewed more than 100 boxes of documents, more than 34,000 microfiche images, and additional files, binders and electronic data.  As required by the Court's Order, on April, 5, 2007 SSD provided its nonprivileged responsive documents to McKesson for McKesson to review for privilege.  Gibson Decl., ¶2, Exh. A.  SSD provided Plaintiff a draft privilege log as early as April 5, 2007, and provided a final privilege log on April 19, 2007, the date that the log was due pursuant to the Court's standing order.  Gibson Decl., ¶3 , Exh. D.[5]

Plaintiff challenged SSD's privilege objections on April 12, 2007.  Gibson Decl., ¶4, Exh. E.  Correspondence ensued.  Gibson Decl. ¶2, 4-7, Exhs. B, D, F, G.  In its motion, Plaintiff incorrectly states that SSD did not respond to Plaintiff's April 12 letter, or explain its claims of privilege.  This is false.  On April 24, 2007, SSD sent a detailed meet and confer letter to Plaintiff, describing the grounds for its privilege objections.  Gibson Decl. ¶4, Exh. F.  In that letter, SSD explained its objections and then offered, as a reasonable compromise to avoid the necessity of court intervention, to *create a new index, listing all the documents on the most detailed indexes*, so that the underlying information sought by Plaintiff could be provided without risking disclosure of information protected by the privileges that SSD had asserted.  But Plaintiff sent its rejection of this proposal just seven minutes after receiving it.  Gibson Decl., ¶7, Exh. G.

---

[4] If the Court requires additional background facts, SSD respectfully refers the Court to SSD's papers filed with its previously Motion to Quash or, in the Alternative, for a Protective Order, 06-80343 Docket Nos. 20-21, 32 and 34-35.  Plaintiff's motion did not include the case number assigned to previous discovery disputes between these parties, Case No. 06-80343.  A new case of 07-80123 was thus opened.  Throughout this brief, SSD refers to the Court's two dockets by case number, to avoid confusion.
[5] SSD incorporates the Declaration of Diane L. Gibson in Support of SSD's Opposition to Plaintiffs' Motion for Order Shortening Time on Motion to Compel, 07-80123 Docket No. 14.

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA  94111-3492

SSD's Opposition to Angeles' Motion to Compel

- 4 -

Northern Dist. Misc. Matter
Case No. C 06-80343 Misc MMC (EDL)
Case No. C 07-80123 Misc MMC (EDL)

1    In the motion to compel, Plaintiff disregarded SSD's proposal, and instead misrepresented

2    to the Court that SSD refused to respond to or provide an explanation as to its privilege claims in

3    response to Plaintiffs' objections. Caufield Decl., 07-80123 Docket No. 3, ¶41. Plaintiff, in a

4    "Notice of Errata" filed after the motion, finally attached SSD's letter, but it failed to correct the

5    misstatements or to describe fairly SSD's position. Plaintiff has not explained in the motion why

6    SSD's proposed resolution is not an appropriate compromise that fairly balances the interests of

7    all concerned. Accordingly, the motion should be denied, for Plaintiff's failure to meet its

8    burden, and for failure to follow applicable rules requiring such a showing. Civil Local Rules 37-

9    1(a); 32; Fed. R. Civ. Proc. 26(b)(2).

10    SSD will not take the Court's time to correct all of the many mis-statements of purported

11    fact in Plaintiff's motion. Much of this is invective and/or accusations of misconduct against

12    others, and has no bearing on SSD. *See, generally,* SSD's Objections to Evidence Submitted by

13    Plaintiffs in Support of Plaintiff's Motion to Compel SSD's Compliance with March 22, 2007

14    Court Order, filed herewith. But SSD must correct here Plaintiff's repeated mis-statements about

15    who the former clients are, and their relationships, because these misstatements relate to the

16    subject matter of this motion.

17    Plaintiff's insistence that all the companies involved in the dispute are "sister companies"

18    is simply inaccurate. Briefly stated, as SSD has previously explained, in the 1986 transaction,

19    G&J represented certain Pakhoed – related entities, including but not limited to Pakhoed Holding,

20    Pakhoed Investeringen, Pakhoed Development, and DSW.[6] Later, G&J, and subsequently SSD,

21    represented additional Pakhoed-related entities and Univar entities. SSD has represented

22    McKesson in other matters, but did not represent McKesson on any matter related to the

23    underlying 1986 transaction, or this subpoena.[7] Thus, Plaintiff's arguments about SSD's

24    "conflict" are based on misstatements of fact and should be disregarded.

25

26    [6] See Supplemental Declaration of Suzanne Henderson in Support of Motion to Quash or, in the Alternative, Motion for Protective Order Regarding Seventh Rule 45 Subpoena of Plaintiffs

27    Greve Financial Services Inc., Angeles Chemical Company, Inc. and John Locke ("Supp. Henderson Decl.") ¶2, filed February 21, 2007, 06-80343 Docket No. 34.

28    [7] Supp. Henderson Decl., ¶3, 06-80343 Docket No. 34.

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

SSD's Opposition to Angeles' Motion to Compel

- 5 -

Northern Dist. Misc. Matter
Case No. C 06-80343 Misc MMC (EDL)
Case No. C 07-80123 Misc MMC (EDL)

## IV. ALL OF THE DOCUMENTS THAT SSD WITHHELD ARE PROPERLY SUBJECT TO OBJECTIONS BASED ON PRIVILEGE

As a threshold matter, Plaintiff failed to meet and confer according to the spirit of the Local Rules, and has not met its burden on this motion under the Local or the Federal Rules. As discussed above, Plaintiff has not fairly described SSD's position, in violation of the meet and confer requirement in Civil Local Rule 37-1. And Plaintiff has failed utterly to comply with Civil Local Rule 37-2, requiring the moving party to "show how the proportionality and other requirements of FRCivP 26(b)(2) are satisfied." The motion should be denied on these grounds alone.

The principal focus of Plaintiff's motion is on "indexes" of documents.[8] Plaintiff blithely argues that "Indexes and Lists of Documents and Files are Not Considered Privileged." Pl.'s Mot. to Compel, at 16. Plaintiff relies on *Upjohn Co.v. United States*, 449 U.S. 383, 396 (1981). But *Upjohn* supports SSD's position. In *Upjohn*, the work product at issue consisted of attorneys' notes and memoranda incorporating oral statements of witnesses which went beyond the mere recordation of the witness's responses. Proving SSD's point, the Supreme Court *upheld* the important protection for work product, concluding that work product that reveals the attorney's mental processes cannot be disclosed "simply on a showing of substantial need and inability to obtain the equivalent without undue hardship," and that a "far stronger showing" is required than had been made. *Id.* at 401-402.

Contrary to Plaintiff's overstatement that "courts have already ruled that document indexes are 'fact' work product and must be produced" ( Pl.'s Mot. to Compel at 16) the Court in Plaintiff's cited case, *Washington Bancorporation v. Said*, 145 F.R.D. 274 (D.D.C. 1992), concluded after *in camera* review that the document index at issue there was "largely" "fact" work product that the FDIC must produce to defendants. The FDIC contended, as SSD does here, that its index was "opinion" work product because the organization of the index and the descriptions of the documents within it revealed the FDIC's mental impressions and thought

---

[8] SSD objects to Plaintiff's improper use of "Exhibit U" to the Caufield Decl. to raise objections that are not discussed in its brief. Further, as noted in footnote 8, below, Exhibit U contains arguments that were not raised by Plaintiff's meet and confer letter, and are thus waived.

SSD's Opposition to Angeles' Motion to Compel

- 6 -

Northern Dist. Misc. Matter
Case No. C 06-80343 Misc MMC (EDL)
Case No. C 07-80123 Misc MMC (EDL)

SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

1    processes regarding the importance of the documents included.  Id. at 277.  In reaching that

2    conclusion as to some indexes, that court also found that the index contained some entries that

3    reflected attorney opinions, and that **those entries** could be redacted before production.  The

4    court noted that its opinion as to the FDIC documents only decided the index's status under Rule

5    26(b)(3)'s attorney work product doctrine, and specifically did not reach other theories of

6    privilege, particularly the attorney-client privilege.  Id. at 275-276.

7        Significantly, the District Court stated that "[d]espite the scope of this index, this court

8    still might have granted the FDIC's request for an 'opinion' categorization if the index was

9    replete with attorney opinion and commentary.  However, such commentary does not exist.

10   Instead, this index lists the titles of every file in each of the 2400 boxes.  It is virtually barren of

11   remarks."  Id. at 278.  That court noted that there were some instances where hand-or type-written

12   marks or commentary demonstrated the FDIC's opinion regarding a particular document, and

13   found that those marks or statements were "opinion" work product, entitled to protection.  In that

14   case, those instances were rare and did not prevent production of the index, because redactions

15   could protect those markings.  Id. n. 7.  But in the present case, as SSD explained to Plaintiff in

16   meet and confer correspondence, the privileged information is intertwined with how the attorneys

17   chose to prepare the indices of the documents, so that redaction is not practical.  See Gibson

18   Decl., ¶4, Exh. F.   Plaintiff simply has not cited, and cannot cite, any case that recognizes

19   "indexes" as a per se exception to application of the attorney-client privilege or work-product

20   protection.

21        Here, SSD stated in its meet and confer letter, and its privilege log states, that the indexes

22   described as "Due Diligence Document Review Summary (Non-Environmental)" or "Due

23   Diligence Document Review Summary ("Environmental")" are much more than mere indexes.

24   These "Summaries" include attorney notes and observations and descriptions and "to do" items,

25   and were prepared for, among other purposes, because of anticipation of potential litigation and

26   are thus work prodcuct.  Fed. R. Civ. Proc. 26(b)(3). [9]  And the summaries were shared within the

_____

[9] Plaintiff's meet and confer letter did not argue (as its Exhibit U improperly does) that SSD's
privilege log did not show that the documents withheld were prepared in anticipation of litigation.
Thus, this argument is waived.  Civil Local Rule 37-1(a) (Court will not entertain discovery

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

SSD's Opposition to Angeles' Motion to Compel

- 7 -

Northern Dist. Misc. Matter
Case No. C 06-80343 Misc MMC (EDL)
Case No. C 07-80123 Misc MMC (EDL)

1    attorney-client privilege, making them subject to both work product protection, and the attorney-

2    client privilege.  *See* Declaration of Nicholas Unkovic in Support of Squire, Sanders & Dempsey

3    L.L.P.'s Opposition to Plaintiffs' Motion to Compel, filed herewith, ¶ 4. [10]  Plaintiff does not

4    present any argument to overcome the objection that the indexes are protected by the attorney-

5    client privilege, and these Summaries should be protected on that ground alone.  The remaining

6    indexes, also internally prepared by the law firms and reflecting attorney-client communications,

7    attorney work product, subject matters of legal inquiry and or subject matters of representation or

8    research, are also privileged.  In addition, some indexes list boxes or files, not documents, and

9    this information is non-responsive.  *See* Gibson Decl., ¶13, 14, 15.

10          Similarly, the withheld "transmittal" letters, by which documents received by G&J from

11   McKesson in 1986 were sent to others with the attorney-client privilege, are themselves

12   privileged.  *See Washington Bancorporation*, 145 F.R.D. at 278; *Sporck*, 759 F.2d at 316.  *See*

13   *also United States v. Landof*, 591 F.2d 36, 38 (9th Cir. 1978) (A communication, made in

14   confidence, between an attorney and client in which legal advice is sought or obtained is

15   privileged from disclosure unless the privilege is waived).  *See also Upjohn*, 449 U.S. at 401

16   (Communications from an attorney to a client fall within the privilege if to disclose them would

17   directly or *indirectly* reveal the substance of a confidential communication by the client.)

18          By describing the transmittal letters on the privilege log, SSD has provided Plaintiff all the

19   information that it is entitled to know.  That is, SSD has disclosed that it transmitted copies of

20   McKesson documents to others, and when.  *See also,* Unkovic Declaration, ¶7; Declaration of

21   Maureen Bennettt in Support of Squire, Sanders & Dempsey L.L.P.'s Opposition to Plaintiffs'

22   Motion to Compel, filed herewith, ("Bennettt Decl")  ¶6.[11]  Because SSD logged the

23   dispute if moving party did not meet and confer.)  And Plaintiff cites no authority that California
     law, which recognizes work product protection even if <u>not</u> in anticipation of litigation, *Rumac v.*
24   *Bottomley,* 143 Cal. App. 3d 810, 815 (1983), should not apply to a California law firm's work
     when that law firm is not a party to a federal case.
25   [10] A description of each challenged document withheld, and the ground for withholding, appears
     in the Declarations of Diane L. Gibson, Nicholas Unkovic and Maureen Bennettt, filed herewith.
26   Plaintiffs do not challenge Privilege Log Items 1, 13, 23, 31, 35, 49, and 50, as those are not
     included in their meet and confer letter, or in the procedurally improper Exhibit U, and are not
27   mentioned in the motion.  But each was appropriately withheld.  *See* Gibson Decl., ¶21.
     [11] Indeed, SSD was overly-inclusive, not under-inclusive, in its collection of documents. Two
28   privileged transmittal letters were, upon further review, determined not to have transmitted

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

SSD's Opposition to Angeles' Motion to Compel

- 8 -

Northern Dist. Misc. Matter
Case No. C 06-80343 Misc MMC (EDL)
Case No. C 07-80123 Misc MMC (EDL)

1    "to/from/description/date" categories, SSD has provided Plaintiff the non-privileged data it

2    sought.  Plaintiff now knows, for example, that SSD sent McKesson documents on July 25, 2002

3    to the Thelen law firm.  Privilege log, Item 51.  Plaintiff can follow up with document recipients

4    as appropriate.  But it has no need for and should not be allowed to seek the actual privileged

5    letters themselves.  Most of the transmittal letters do not contain specific lists of documents being

6    transmitted, but the concern is that the disclosure of the information in the letters might reflect the

7    *subject matter* and/or *substance* of G&J's and/or SSD's representation of their clients.  Plaintiff

8    has demonstrated no grounds to seek any more information from SSD about the transmittal letters

9    themselves.

10       Moreover, Plaintiff has shown no good cause to obtain copies of "compilations" of

11   documents withheld by SSD.  Bennett Decl., ¶, Gibson Decl., ¶18-19.[12]  Indeed, although SSD

12   listed these compilations on its privilege log, and discussed them in its meet and confer letter,

13   Plaintiff has made no arguments in its motion and has cited no authority requiring production of

14   such documents.  Plaintiff simply has not met its burden, as to the compilations.

15       In any event, compilations of documents prepared in anticipation of litigation are, of

16   course, covered by the attorney work product protection and, when they would disclose attorney

17   client communications, they are covered by the attorney-client privilege.  *See Sporck v. Peil*, 759

18   F.2d 312 (3d Cir. 1985), cert. *denied* by *Peil v. Sporck*, 474 U.S. 903 (1985)  The *Sporck*

19   concluded that, "the selection and compilation of documents by counsel . . . falls within the

20   highly-protected category of opinion work product.  Id.  The court emphasized that "[i]n selecting

21   and ordering a few documents out of thousands, counsel could not help but reveal important

22   aspects of his understanding of the case."  Id. at 316 (quoting *James Julian, Inc. v. Raytheon Co.*,

23   93 F.R.D. 138, 144 (D. Del. 1982) ("process of selection and distillation is often more critical

24   than pure legal research").  Further, the court found that in selecting the documents that he

25   _____

26   McKesson documents received by G&J in 1986, and are thus non-responsive.  These are SSD log
     items 45 and 46.  And one compilation, privilege log item 51, inadvertently included pages that
27   were *not* received from McKesson by G&J in 1986, and are thus non-responsive.  See Bennett
     Decl., ¶6 and Gibson Decl., ¶18.  Also, SSD determined that two documents were withheld
28   inadvertently, and will provide them to McKesson for review.  Gibson Decl. ¶19.

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA  94111-3492

SSD's Opposition to Angeles' Motion to Compel

- 9 -

Northern Dist. Misc. Matter
Case No. C 06-80343 Misc MMC (EDL)
Case No. C 07-80123 Misc MMC (EDL)

1    thought relevant to the deposition, counsel engaged in proper and necessary preparation of his

2    client's case, quoting the seminal work product doctrine opinion in *Hickman v. Taylor*, 329 U.S.

3    495 (1947) ("Proper preparation of a client's case demands that he assemble information, sift

4    what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan

5    his strategy without undue and needless interference.")  The court noted Rule 26(b)(3) placed an

6    obligation on the trial court to protect against unjustified disclosure of defense counsel's selection

7    process.  Id. at 317.   Plaintiff has suggested no reason why disclosure of such compilations

8    would not be prohibited in this instance.

9              Finally, Plaintiff does not even discuss, and certainly has not shown good cause for

10   production of, documents withheld as to SSD Privilege Log Category No. 59, which designates as

11   privileged all documents that McKesson withheld on grounds of privilege, after SSD provided the

12   documents to McKesson for review.  Based on the discussion at the March 6th oral argument of

13   SSD's Motion to Quash and McKesson's Motion for Protective Order (Gibson Decl., ¶H) and the

14   Court's Order as to McKesson's Motion for Protective Order (06-80343 Docket No. 49) it is

15   SSD's understanding that it is the Court's intention that McKesson and Plaintiffs, parties to the

16   underlying action, should resolve, together or with the assistance of the Central District Court,

17   any disputes regarding the privileged nature of such documents, after McKesson has raised the

18   privilege.  Gibson Decl., ¶16.  In support of its claims of privilege, SSD incorporates the

19   arguments made by McKesson in support of its Motion for Protective Order, 06-80343 Docket

20   Nos. 10-17, 38.  SSD notes that some of these issues may *already* have been resolved by the

21   Central District Court, most recently in its Order denying Plaintiffs' "Motion to Compel

22   Production of Documents Transmitted by McKesson to Third Parties Pakhoed & Univar Corp."

23   See, Gibson Decl. Exh. I.  Both the Central District and the Northern District Courts have upheld

24   McKesson's claims of privilege as to such documents.  And Plaintiff's motion does not even

25   bother to discuss them, much less meet their burden.[13]

26

27   _____

     [13] Plaintiffs' motion also does not address Exh. 58.  SSD has not ruled out the possibility that
28   Exh. 58 is privileged and thus listed it on the privilege log and clearly stated that its investigation
     was continuing.  Gibson Decl., Exh. D; Gibson Decl., ¶20.

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA  94111-3492

SSD's Opposition to Angeles' Motion to Compel

- 10 -

Northern Dist. Misc. Matter
Case No. C 06-80343 Misc MMC (EDL)
Case No. C 07-80123 Misc MMC (EDL)

## V.    THERE HAS BEEN NO WAIVER OF PRIVILEGE

As a threshold matter, it is undisputed and indisputable that the right to assert the attorney-client privilege belongs to clients, and former clients, not lawyers or law firms. SSD has the authority to raise and preserve the claim on behalf of its former client. *See, e.g.*, *Perrignon v. Bergen Brunswig Corporation*, 77 F.R.D. 455, 459-60 (N.D. Cal. 1978) ("The attorney-client privilege is that of the client, and only the client may waive the privilege") (internal citations omitted). SSD is the owner of its own work product. *See, e.g., In re Grand Jury Proceedings*, 43 F.3d 966, 972 (5th Cir. 1994) ("In contrast to the attorney-client privilege, the work product privilege belongs to both the client and the attorney, either one of whom may assert it. Thus, a waiver by the client of the work product privilege will not deprive the attorney of his own product privilege, and vice versa.")

Plaintiff's assertion that SSD waived any privileges turns the Court's Order on its head. As the record reflects, Plaintiff has repeatedly represented to the Court that it *does not seek* any privileged material, (See, e.g., Pl. Motion to Compel at 5, 7, 8), and this Court has never ordered the production of privileged material.

As demonstrated below, there is no merit to Plaintiff's arguments that SSD has "effectively" or "impliedly" waived any attorney-client privilege or work-product protection or is in contempt of the Court's Order.

### A.    SSD Did Not Waive Objections at the March 6, 2007 Hearing

Plaintiff contends that SSD should not only be compelled to produce the challenged documents, but to produce them in their entirety, because, *inter alia*, "SSD failed to object at the hearing," Pl.'s. Mot. to Compel at 17. This argument is directly refuted by the transcript of the hearing. (Gibson Decl., ¶H).

At the hearing, SSD's counsel, Diane L. Gibson, focused on the issue of attorney-client privilege relating to former clients, and SSD's concerns about the privilege, specifically as to the continuing existence of the phrase "relate to" in the categories that ask for documents received from McKesson, and the issue of the privilege log. Specifically, Ms. Gibson stated:

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

SSD's Opposition to Angeles' Motion to Compel

- 11 -

Northern Dist. Misc. Matter
Case No. C 06-80343 Misc MMC (EDL)
Case No. C 07-80123 Misc MMC (EDL)

1
2
3
4
5
6
7

> [I]f we had an ordered [sic] that specially allowed us – said that the subpoena was not seeking the full description of privileged documents which we asked plaintiffs' counsel to agree to and they did not agree to, then I agree, Your Honor.  If we are confronting a subpoena that specifically excepts, not only from production but also from logging, our work products for any client that we represented in the course of this, and any attorney-client privilege for any client whose privileged materials we hold, then I agree.  I think probably the only thing we would have to log would be something relating to the transmittal of documents, that was the one thing that counsel did not want to except.

8

Gibson Decl., Exh. H at 13.  Following the discussion of those issues, Ms. Gibson, to be clear,

9

repeated back and confirmed the scope of the subpoena following the hearing:

10
11
12
13
14
15
16

> MS. GIBSON:          Your Honor, what I'm hearing is that the subpoena would be narrowed in scope to documents received from McKesson by Graham & James [now Squire Sanders] in connection with the sale, the 1986 sale, and documents regarding the transmittal of such documents with the proviso that to the extent that those – in that latter category were deem [sic] to be privileged – attorney-client privilege [sic] – that we would then put those on a log and that would be the subject for further discussion.

17

> JUDGE LAPORTE:       All right.  Is that clear?

18
19
20
21

> MR. CAUFIELD:        Yeah.  The proviso is, we're not asking for – we are requesting the fact of where the documents went to, so that we would expect that the fact of what happened to the documents would be included in the letter, if there was analysis contained, then they should probably be redacted and reflect that they were redacting analysis but not the fact.

22
23

> JUDGE LAPORTE:       All right.  Okay.  You know, another possible way to do this if you wanted to is – I'm not saying you have to agree to this – you could just accept a declaration.

24

Gibson Decl., Exh. H at 18-19.

25

> Clearly, SSD did not "fail[] to object at the hearing."

26
27
28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA  94111-3492

SSD's Opposition to Angeles' Motion to Compel

- 12 -

Northern Dist. Misc. Matter
Case No. C 06-80343 Misc MMC (EDL)
Case No. C 07-80123 Misc MMC (EDL)

1

2

**B.    The March 22nd Order Does Not Require Production of Privileged Documents; No Objection Was Necessary; and No "Effective" Waiver Occurred by Not Objecting**

3      The Court's Order does not require the production of any privileged or protected

4   documents. *See* Order ¶¶ 1(a), (b) 2, 3, 4.  No objection was necessary.  No waiver occurred by

5   not objecting.  The cases cited by Plaintiff are irrelevant.  *See* Pl.'s Mot. to Compel at 15.[14]  Here,

6   no objection was filed *because the Order did not require the production of privileged documents*

7   *in the first place.*  Although Plaintiff's argument is unclear, it appears to contend that by stating

8   that category 1(a) in the Order does not "call for" privileged documents, the Court was ruling in

9   advance that (1) no document received by G&J from McKesson and (2) no index of such

10  documents, could be privileged.  This is nonsense.  At the same hearing, the Court had just upheld

11  McKesson's privilege claims as to certain documents it had provided to G&J (Gibson Decl.,

12  Exh. H at 1-6) and the Court specifically required that SSD first produce documents McKesson

13  has provided to G&J in 1986 to *McKesson*, so McKesson could log them for privilege.  March 22

14  Order, at ¶7.  The Court had determined, and had informed the parties, that McKesson documents

15  provided to G&J in 1986 could indeed be privileged. And as the Court had no specific "indexes"

16  to consider, it could not and did not rule in advance that they were not or could not be privileged.

17  The Order's statement that the category did not "call for" privileged documents was simply the

18  adoption of Plaintiffs' *multiple* reassurances to the Court and to SSD that they did not *seek*

19  privileged information.

20      **C.    The Privilege Log Meets the Requirements of Rule 26(b)(5)**

21      Plaintiffs argue that the descriptions of author, recipient, and of each document on the

22  privilege log do not allow an assessment of the applicability of privilege or protection (Pl.'s Mot.

23  to Compel at 16).  According to Plaintiffs, there are only "vague references to the author as

24  "G&J" and Recipient as "G&J" and possibly G&J and/or SSD client representatives."

25

26  ───────────────

[14] *Simpson* involved review of a magistrate judge's order.  *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174-76 & n. 1 (9th Cir. 1966).  *Yorkshire*, deals with a similar issue.  *Yorkshire v.*

27  *United States Internal Revenue Service*, 26 F.3d 942, 944, n. 3 (9th Cir. 1994).  In *Lerro*, the court found on objection to a magistrate judge's report to be timely.  *Lerro v. Quaker Oats Co.*, 84 F.3d

28  239, 241-242 (7th Cir. 1996).

SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

SSD's Opposition to Angeles' Motion to Compel

- 13 -

1    These arguments are refuted by the record.  SSD's privilege log identifies each document

2    by author, recipient, date, title, description, subject, purpose for which prepared, and privilege

3    asserted, as such information is available.  Not surprisingly, given the 21 years that have passed

4    since the 1986 transaction, in some cases this information was necessarily general.  That is, in

5    some cases it was clear that G&J had prepared a document, but unclear which specific attorney(s)

6    had done so.  Similarly, in some cases it was known that a document was shared with a client

7    corporation, but the names of the specific individuals who received or reviewed it were unknown.

8    As explained in Ms. Gibson's letter to Plaintiff's counsel, and incorporated herein:

9
> The log demonstrates that **the materials were prepared or
10
> compiled by G&J and SS&D, both law firms**, during the course
> of representing clients.  That as much as 21 years later SSD is not
11
> able to identify with certainty which of the many attorneys working
> on, for instance, the 1986 transaction actually 'authored' a
12
> document does not undermine the unquestionably privileged nature
> of the documents that were prepared by G&J or SS&D, whose only
13
> business was the practice of law.  Similarly, in an abundance of
> caution, we have indicated that access to internal documents *may
14
> have been* provided within G&J and/or SSD or to client
> representatives as defined on the log.  None of this information
15
> undercuts the assertion of privilege, and there is no indication that
> there were disclosures outside the privilege.
16

17
> In your letter you state that you want to know "what documents
> were transmitted, where the documents came from, where the
18
> documents went, who handled the documents, and how many
> documents were transmitted etc. (i.e., indexes, lists, etc.)"  This is
19
> far more than the Court's Order required SSD to provide and indeed
> is in the nature of an interrogatory, to which SSD, a non-party,
20
> cannot be subjected.  But we note the following so as to resolve
> what you have raised but which is a non-issue:  the question of
21
> 'where the documents came from' is answered by the Court's Order
> – SSD is only to produce "documents **received by Graham &
22
> James LLP from McKesson** as part of the negotiations, due
> diligence and/or closing of the 1986 sales transaction."  You
23
> already know all the recipients of documents to the extent that this
> information is known, because that information is listed on the log.
24
> As to 'who handled the documents,' we do not know what you
> mean by this and it does not appear that this information is either
25
> required, or relevant, or likely to lead to the discovery of non-
> privileged and/or relevant evidence.
26

27

28

**SQUIRE, SANDERS &
DEMPSEY L.L.P.**
One Maritime Plaza, Suite 300
San Francisco, CA  94111-3492

SSD's Opposition to Angeles' Motion to Compel

- 14 -

Northern Dist. Misc. Matter
Case No. C 06-80343 Misc MMC (EDL)
Case No. C 07-80123 Misc MMC (EDL)

1   Gibson Decl., ¶4, Exh. F.  (Bold emphasis added, italics in original).

2         Because they omitted SSD's letter from their motion, Plaintiffs felt free to ignore those

3   facts.  Instead they cite cases, *Weil*, *Plache*, *Gray* and *Eureka*, that are factually inapplicable and

4   irrelevant.  First, these cases involve parties only, not non-parties such as SSD.  The *Weil* court

5   considered whether the voluntary disclosure of a privileged communication waived the privilege

6   as to other communications on that subject.  The court found that the defendant's bare assertion

7   that it did not subjectively intend to waive the privilege was insufficient to establish nonwaiver.

8   *Weil v. Investment/Indicators, Research & Management, Inc.*, 647 F.2d 18, 25 (9th Cir. 1989).  No

9   such voluntary disclosure has occurred here.

10        In *Plache*, a criminal defendant sought to suppress the testimony of his attorney.  The

11  government argued that Plache waived the privilege by testifying about that attorney's advice

12  before the grand jury; Plache contended that he was tricked into doing so.  The court concluded

13  that Plache had voluntarily disclosed his privileged attorney communication, thereby waiving the

14  privilege on all other communications on the same subject, citing *Weil*.  *U.S. v. Plache*, 913 F.2d

15  1375, 1379-80 (9th Cir. 1990).  In *Gray*, a criminal defendant alleged that the district court

16  impermissibly allowed his attorney to testify that he informed Gray of his sentencing date,

17  contending that the information was privileged.  The court noted that information about a

18  defendant's obligation to appear for sentencing is not confidential, and therefore, is not protected

19  by the attorney-client privilege.  The court rejected Gray's reliance on the "last link" doctrine,

20  which applies when disclosure of the allegedly privileged information would supply the last link

21  in an existing chain of incriminating evidence likely to lead to the client's indictment.  *United*

22  *States v. Gray*, 876 F.2d 1411 (9th Cir. 1989).

23        Thus, *Weil*, *Plache* and *Gray* have nothing to do with and offer no support for Plaintiff's

24  contention that SSD has failed to meet the minimum requirements of Rule 26(b)(5) of the Federal

25  Rules of Civil Procedure.   Nor does *Eureka Financial Corporation v. Hartford Accident and*

26  *Indemnity Co.*, 136 F.R.D. 179 (E.D. Cal. 1991) support Plaintiff's position.  In *Eureka*,

27  documents were withheld under a "blanket" privilege objection, without description of individual

28  documents, on the basis that it would be burdensome to specifically identify documents to which

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA  94111-3492

SSD's Opposition to Angeles' Motion to Compel

- 15 -

Northern Dist. Misc. Matter
Case No. C 06-80343 Misc MMC (EDL)
Case No. C 07-80123 Misc MMC (EDL)

1    a privilege applied.  The court declined to hold that a non-specific objection is improper and by

2    itself serves as a waiver of the privilege asserted.  Instead, the court followed what it noted to be

3    the modern trend of a case-by-case determination of waiver based on a consideration of all the

4    circumstances.  Because the defendant had taken no precautions to properly assert the privilege,

5    made no attempt to rectify its error prior to the hearing on the issue, appeared at the hearing

6    without any specific identification of the privileged documents, cited no authority for its position,

7    and the improper objection had halted plaintiff's efforts to obtain discovery of anything generated

8    in the five years after litigation began in the underlying lawsuits, fairness dictated that the court

9    find a waiver in that situation.

10        None of those circumstances present in *Eureka Financial* exists in this case.  To the

11   contrary, the record shows that SSD has complied with the March 22nd Order, that SSD's

12   privilege log meets the requirements of Rule 26(b)(5), and that SSD has made every reasonable

13   effort to resolve these issues without further Court action.  *Eureka* refutes, rather than supports,

14   Plaintiff's contention that SSD "must be prepared to expend some time to justify the assertion of

15   the privilege."  Pl.'s Mot. to Compel at 16.  Clearly, SSD has spent *extensive* time and effort in

16   appropriately justifying its protection of former clients' privileged information.

17        And again, Plaintiff has admitted and repeatedly represented to the Court that privileged

18   information has never been sought, and the Court never ordered the production of privileged

19   material.

20   **D.    SSD Has Provided an "Adequate Explanation of Privilege" and Has Not**
**        "Impliedly Waived Privilege"**
21

22        In this "catch-all" section of their motion, Plaintiff reargues the contention that SSD

23   "failed to object at the hearing, failed to object to the Order, failed to adequately update the

24   privilege log under FRCP 26 standards . . . ."  Pl.'s Mot. to Compel at 17-18.  Plaintiff argues

25   SSD has "implied[ly]" waived any privileges associated with the documents for "failure to

26   provide an adequate explanation for privilege."  *Id*. at 17.

27

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA  94111-3492

SSD's Opposition to Angeles' Motion to Compel

- 16 -

Northern Dist. Misc. Matter
Case No. C 06-80343 Misc MMC (EDL)
Case No. C 07-80123 Misc MMC (EDL)

1    Again, Plaintiff cites irrelevant cases – *Clarke*, *International Paper* and *Eureka* (again).

2    Pl.'s Mot. to Compel at 17.  In *Clarke*, the Office of the Comptroller of the Currency was

3    investigating banking practices.  After an *in camera* inspection of attorney bills, the district court

4    concluded that certain unredacted bills fell within the crime/fraud exception to the attorney-client

5    privilege.  The Ninth Circuit examined the attorney bills ordered disclosed by the district court,

6    and concluded that they did not contain privileged communications.  Accordingly, the Ninth

7    Circuit held that the district court erred in concluding that the attorney-client privilege applied to

8    the bills, but affirmed the judgment of the district court on the grounds that the attorney bills were

9    not protected by the attorney-client privilege, and were therefore properly ordered disclosed.

10    *Clarke v. American Commerce National Bank*, 974 F.2d 127, 129 (9th Cir. 1992).  This has

11    nothing to do with the issues on this motion.

12    In *International Paper*, a case involving the reissue of a patent, the defendant refused the

13    plaintiff's requests for documents on grounds of attorney-client privilege case.  The district court

14    found that any attorney-client privilege had been waived because the defendant, by way of

15    affidavit, had put in issue certain factual assertions, and it would be unfair to deny plaintiff an

16    opportunity to uncover the foundation for those assertions in order to contradict them.  That is not

17    the issue here.  *International Paper Co. v. Fibreboard Corp.*, 63 F.R.D. 88 (D. Del. 1974).

18    Here, as the record reflects, SSD has provided explanations justifying the assertion of

19    privilege.  SSD is certain that if the Court reviews *in camera* the documents in questions with the

20    accompanying privilege log, the Court will conclude that the firm has properly withheld

21    documents.

22    Nonetheless, Plaintiff, going well beyond the Court's Order, has stated over and over

23    again, through its motion and its demands, that it wants to know "what documents were

24    transmitted, where the documents came from, where the documents went, who handled the

25    documents and how many documents were transmitted, indices list, etc."  Caufield Decl.,

26    Exh. __.

27    Where the documents came from is answered by the scope of this Court's Order - SSD is

28    to produce "[d]ocuments received by Graham & James LLP from McKesson as part of the

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA  94111-3492

SSD's Opposition to Angeles' Motion to Compel

- 17 -

Northern Dist. Misc. Matter
Case No. C 06-80343 Misc MMC (EDL)
Case No. C 07-80123 Misc MMC (EDL)

1    negotiations, due diligence and/or closing of the 1986 sales transaction, including any index or

2    list of such documents received or prepared by Graham & James, LLP." Order ¶ 1(a). Plaintiff's

3    counsel already knows the recipients of the documents to the extent that this information is

4    known to SSD 21 years after the fact because SSD listed that on the privilege log. Even if SSD

5    were to understand the breadth of the request as to "who handled the documents," it would not be

6    able to provide information because much of this information is being reviewed 21 years after its

7    compilation and SSD is not in a position to identify with certainty which of the many attorneys

8    who worked on the 1986 transaction actually "authored" a document. But this specific

9    information is not necessary to preserve the privilege, because it is clear from the log that the law

10   firm prepared the document in a privileged context.

11         Moreover, and significantly, as discussed above, SSD, in a good faith effort to avoid the

12   necessity of further Court action, proposed a resolution to Plaintiffs' counsel, which was

13   summarily denied and was not discussed in Plaintiffs' moving papers.

14         **E.      SSD Did Not Waive Its Privilege or The Privilege Of Others**

15         Because only a party holding the privilege may waive the privilege, SSD is at a loss to

16   understand how it is that Plaintiff suggests any actions or inactions of SSD could constitute a

17   waiver of the privilege of others. Plaintiff now tries to create a baseless rendition of the Court's

18   March 22nd Order. From that fiction, Plaintiff then argues SSD somehow waived the former

19   clients' privilege log not appealing the March 22nd Order. This strawman fails. Plaintiff admits

20   that privileged material has never been sought or ordered to be produced. As Plaintiff admits,

21   "during the hearing, it was made very clear that Angeles does not seek any privileged

22   material. . . ." (Plaintiffs' Mot. to Compel at 7). Because Angeles never *sought* privileged

23   material, and the Court never *ordered the production* of privileged material, SSD could not have

24   waived the privilege by not appealing this Court's March 22nd Order. There was no issue to

25   appeal from this Court's decision because all privileged matters were maintained.

26         In the alternative, however, if this Court were to conclude that some privilege has been

27   potentially waived by SSD by action or inaction, then SSD requests that this Court permit the

28   client(s) who actually hold the privilege a reasonable opportunity to argue concerning that

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA  94111-3492

SSD's Opposition to Angeles' Motion to Compel

- 18 -

Northern Dist. Misc. Matter
Case No. C 06-80343 Misc MMC (EDL)
Case No. C 07-80123 Misc MMC (EDL)

1    privilege, and the claimed waiver.  SSD has no ability, legally or otherwise, to waive someone

2    else's privilege by not appealing an order in a matter in which it does not represent a party.  It is

3    because SSD respects its obligations as to preserving privilege that it has gone to the lengths it

4    has to protect the interests of the profession, the privilege, and the former client(s) who holds the

5    privilege(s).

6    **F.    SSD is Not in Contempt of the Court Order, and Plaintiffs Are Not Entitled to
7    Sanctions**

8    Plaintiffs argue that SSD should be found in contempt of the Court's Order and further

9    ordered to produce the documents in their entirety, and Plaintiffs threaten to seek sanctions.  Pl.'s

10   Mot. to Compel at 18.  That final, and most unworthy argument is, as the record reflects, utterly

11   frivolous.

12   SSD, a non-party, has complied at considerable cost with the Court's Order, and has gone

13   well beyond what is required of the law firm in a good faith attempt to accommodate Plaintiff,

14   despite unreasonable and legally untenable demands.   Plaintiff has ignored SSD's efforts to meet

15   and confer to resolve these disputes.

16   In sum, Plaintiff has not provided, and cannot provide, any factual or legal support for its

17   claim that SSD, a non-party law firm, could, or has, "effectively" or "impliedly" waived any

18   attorney-client privilege or work-product protection for documents responsive to Plaintiff's

19   Seventh Rule 45 Subpoena, or that SSD has not complied with the Court's Order.

20

21   **VI.    CONCLUSION**

22   SSD has explained why, in good faith and in an abundance of caution, it withheld as

23   privileged documents that were not mere "indexes," but that also contained additional information

24   reflecting the thoughts and impressions of attorneys, such as a description or summary of

25   documents, in addition to the mere listing of documents.  Based on this brief or, if necessary,

26   upon review *in camera* of the documents with SSD's privilege log, the Court should conclude

27   that each of the indexes withheld reflects attorney work product and/or contains and reflects

28   attorney-client communications, and that redaction is not practical because the privileged

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA  94111-3492

SSD's Opposition to Angeles' Motion to Compel

- 19 -

Northern Dist. Misc. Matter
Case No. C 06-80343 Misc MMC (EDL)
Case No. C 07-80123 Misc MMC (EDL)

1   information is intertwined with how the attorneys chose to prepare the indices.  Alternatively, if

2   the Court concludes that some or all of the summaries or indexes are not privileged in their

3   entirety, then SSD asks that the Court to allow it to the portions handwritten attorney notes and

4   analysis and portions of the summaries and indexes that do not list documents received by G&J

5   from McKesson in connection with the 1986 transaction, on the grounds that such materials are

6   not responsive to the document categories in the Court's Order.

7          For the foregoing reasons, SSD respectfully requests that the Court deny Plaintiff's

8   motion, upon review of this brief.  In the alternative, SSD requests that the Court conduct an *in

9   camera* inspection of the documents the firm has rightfully withheld along with the

10  accompanying privilege log, and deny Plaintiff's Motion to Compel.  SSD further respectfully

11  requests that the Court grant it all such other relief as is available under the rules or statutes,

12  including, but not limited to, the costs of its production.

13

14  Dated: May 22, 2007                              Respectfully submitted,

15                                                   SQUIRE, SANDERS & DEMPSEY L.L.P

16                                                   By:_____/s/ Diane L. Gibson_____

17                                                             Diane L. Gibson

18                                                   Attorneys for Non-Party, Rule 45 Subpoena
                                                     Recipient Squire, Sanders & Dempsey L.L.P.
19

20

21

22

23

24

25

26

27

28

**SQUIRE, SANDERS &
DEMPSEY L.L.P.**
One Maritime Plaza, Suite 300
San Francisco, CA  94111-3492

SSD's Opposition to Angeles' Motion to Compel

- 20 -

Northern Dist. Misc. Matter
Case No. C 06-80343 Misc MMC (EDL)
Case No. C 07-80123 Misc MMC (EDL)