1   SQUIRE, SANDERS & DEMPSEY L.L.P.
    Diane L. Gibson (State Bar # 114825)
2   One Maritime Plaza, Suite 300
    San Francisco, CA  94111-3492
3   Telephone:   +1.415.954.0200
    Facsimile:    +1.415.393.9887
4   Email:        digibson@ssd.com

5   Attorneys for Non-Party, Rule 45 Subpoena
    Recipient SQUIRE, SANDERS & DEMPSEY LLP
6

7

8                   **UNITED STATES DISTRICT COURT**

9                   **NORTHERN DISTRICT OF CALIFORNIA**

10

11  ANGELES CHEMICAL COMPANY,              Northern District Miscellaneous Matter
    INC.,  a California corporation, et al.,   Case No.  C 06-80343 Misc MMC (EDL)
12                                         Case No.  C 07-80123 Misc MMC (EDL)
                Plaintiff,
13                                         Case No.  01-10532 TJH (Ex)
                                           Central District of California
14          vs.

15  MCKESSON CORPORATION,  a              **DECLARATION OF DIANE L. GIBSON IN**
    California corporation, et al.,        **SUPPORT OF SSD'S OPPOSITION TO**
16                                         **PLAINTIFFS' MOTION TO COMPEL**
                Defendant.                 **SQUIRE, SANDERS & DEMPSEY'S**
17                                         **COMPLIANCE WITH MARCH 22, 2007**
                                           **COURT ORDER**
18
                                           Date:          June 6, 2007
19                                         Time:          9:00 a.m.
                                           Courtroom:     Courtroom E, 15th Floor
20

21

22

23

24

25

26

27

28

Declaration of Diane L. Gibson in Support of          Northern Dist. Misc. Matter
SSD's Opposition to Order Shortening Time on          Case No. C 06-80343 Misc MMC (EDL)
Motion to Compel                                      Case No. C 07-80123 Misc MMC (EDL)

I, Diane L. Gibson, declare as follows:

1.     I am an attorney at law, admitted to practice before all courts in the State of California.  I am a partner in the law firm of Squire, Sanders & Dempsey L.L.P. ("SSD"), and serve as counsel for non-party Rule 45 subpoena recipient SSD in this matter.  The following facts are true of my own knowledge, except as otherwise indicated.

2.     On April 5, 2007, SSD provided its nonprivileged responsive documents to McKesson for McKesson to review for privilege.  A true and correct copy of a letter from me as SSD's counsel to Plaintiffs' counsel dated April 5, 2007 is attached hereto as **Exhibit A**.  Email correspondence following the delivery of the draft log is attached as composite **Exhibit B**.

3.     SSD provided to Plaintiffs' counsel revised privilege logs on April 11 and 16, 2007.  True and correct copies of these cover letters and privilege logs are attached hereto as composite **Exhibit C**.  SSD provided a final privilege log on April 19, 2007, the date that the log was due pursuant to the Court's standing order.  A true and true and correct copy of the April 19, 2007 letter to Mr. Caufield transmitting the final privilege log and the log itself are attached hereto as composite **Exhibit D**.

4.     Plaintiff challenged SSD's privilege objections on April 12, 2007.  A true and correct copy of Mr. Caufield's April 12, 2007 letter is attached hereto as **Exhibit E**.  On April 24, 2007, SSD sent a detailed meet and confer letter to Plaintiffs, describing the grounds for its privilege objections.  A true and correct copy of that letter is attached hereto as **Exhibit F**.  That letter was part of the omitted Exhibit R to Plaintiff's motion to compel.  *See* Notice of Errata, 07-80123 Docket No. 11.

5.     In the April 24, 2007 letter, SSD explained its objections, and then offered, as a compromise to avoid the necessity of further court intervention, to create a new index listing the documents on the key indexes, so that the underlying additional information sought by Plaintiff could be provided without risking disclosure of information protected by the privileges that SSD had asserted.  *See* **Exhibit F**.

6.     SSD offered to prepare a provide a list of documents received by Graham & James ("G&J") from McKesson as part of the negotiations, due diligence and or closing of the 1986

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

Declaration of Maureen Bennett in Support of
Opposition to Angeles' Motion to Compel
- 1 -

Northern Dist. Misc. Matter
Case No. C 06-80343 Misc MMC (EDL)
Case No. C 07-80123 Misc MMC (EDL)

1    sales transaction that are listed or included in the documents that are items 5-11, 18-20 and 56 on

2    SSD's April 19, 2007 privilege log.  *See* **Exhibit F**.

3           7.     Less than seven minutes later, Mr. Caufield sent an e-mail rejecting SSD's

4    proposal.  A true and correct copy of the e-mail response of Mr. Caufield is attached hereto as

5    **Exhibit G**.  This e-mail response of Mr. Caufield was also part of the omitted Exhibit R to

6    Plaintiff's motion to compel.  *See* 07-80123 Docket No. **11**.

7           8.     A true and correct copy of the transcript prepared by SSD of the March 6, 2007

8    hearing is attached hereto as **Exhibit H**.

9           9.     SSD privilege log items 24, 26, 27, 28, 32, 38, 39, and 40 are multiple copies of a

10   memorandum that appears originally to have had multiple attachments, consisting of listings of

11   what appear to be McKesson documents or files.  Each copy of the memorandum has attached a

12   single page, appearing to consist of a portion of the original attachments.  The original memo

13   recites that it is attorney-client privileged, and is from Allan Bakalian.  I am informed and believe

14   that Mr. Bakalian was in-house counsel for Univar.

15          10.    SSD privilege log items 44 and 47 are letters from Suzanne Henderson, then an

16   associate with SSD, transmitting to Leslie Schenck, attorney for SSD's former client Univar,

17   documents to be produced by SSD pursuant to the subpoena in this matter.

18          11.    On information and belief, SSD privilege log items 21, 22, 23, 25 and 30 are the

19   potentially responsive portions (*i.e*, McKesson-sourced from before 1986) only of certain

20   compilations of documents that appear to have been prepared either by or for Pakhoed entities, or

21   their attorneys or agents, or some combination within the attorney-client privilege, including the

22   joint defense and/or common interest doctrine of the attorney-client privilege, and/or attorney

23   work product protection.  Based on that context, SSD withheld the documents on the grounds of

24   attorney-client privilege, and work product.  (SSD stated in its privilege log that these

25   compilations were prepared by or for Univar.  Further review indicates that, although some of the

26   documents may have been received from Univar, to the best of our knowledge at this time, the

27   Pakhoed entities were the relevant client of G&J at the this time period.)

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, Ca  94111-3492

Declaration of Diane L. Gibson in Support of
Opposition to Order Shortening Time on
Motion to Compel                    - 2 -

Northern Dist. Misc. Matter
Case No. C 06-80343 Misc MMC (EDL)
Case No. C 07-80123 Misc MMC (EDL)

12.     SSD privilege log item 29 consists of the responsive (i.e. McKesson-sourced from before 1986) portions only of a compilation of documents that appears to have been compiled internally by G&J, as part of legal advice to its client, with later notations and possibly additions by SSD.  Based on that context, SSD withheld the documents.

13.     SSD privilege log items 34 and 55 appear to be internal indexes prepared by G&J or SSD of materials, including but not limited to files of documents that may have been received by G&J from McKesson with respect to the 1986 transaction.  Items 34 and 55 do not (with a few exceptions) name particular documents; rather, they list titles of internal G&J files.  These file titles, which include descriptions of legal research, document compilation, or inquiry, may disclose privileged matters.

14.     SSD privilege log item 57 lists as privileged "all indexes of law firm files and boxes."  SSD added this entry to the privilege log after counsel for subpoenaing Plaintiffs asserted for the first time in meet and confer discussions with Suzanne Henderson and me on April 19, 2007 that all indexes of G&J or SSD files or boxes were responsive to the subpoena.  During that conversation, we informed Plaintiffs' counsel that the law firm file indexes would not themselves be responsive to the subpoena, because such indexes do not list *documents*.  Rather, they list the law firms' files and/or boxes.  In addition, we stated that such file listings are privileged, in that they often reflect attorney-client privileged information and or work product information; *inter alia,* such indexes would disclose the subject matter of research and/or inquiry or document compilations.  My April 19, 2007 letter, discussed above as **Exhibit D**, confirmed this position with Mr. Caufield.

15.     SSD privilege log items 3 and 4 appear to be listings prepared by G&J of documents that were received by G&J from McKesson during the 1986 transaction.  Given their placement in due diligence files along with other indexes that reflected attorney thought processes and/or were shared with clients, SSD withheld them on grounds of privilege.

16.     SSD Privilege Log 59 consists of all items listed on McKesson's logs of documents that it withheld on grounds of privilege after SSD provided the documents to McKesson to pre-screen for privilege as contemplated by the Court's March 22, 2007 Order.

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

Declaration of Diane L. Gibson in Support of
Opposition to Order Shortening Time on
Motion to Compel                                    - 3 -

Northern Dist. Misc. Matter
Case No. C 06-80343 Misc MMC (EDL)
Case No. C 07-80123 Misc MMC (EDL)

1   Based on the discussion at oral argument and the Court's Order as to McKesson's Motion for

2   Protective Order  (06-80343 Docket No. 49), it is SSD's understanding that it is the Court's

3   intention that McKesson and Plaintiffs, parties to the underlying action, should resolve, together

4   or with the assistance of the Central District Court, any disputes regarding the privileged nature of

5   such documents, after McKesson has raised the privilege.

6           17.     Attached hereto as **Exh. I** is a copy of the Central District Court's Order Denying

7   "Plaintiffs' Motion to Compel Production of Documents Transmitted By McKesson to Third

8   Parties Pakhoed & Univar Corp."

9           18.     Privilege Log Item 51 originally included a few pages [SSD 015714, 015782-83,

10  015933-34] that we have since determined were not received from McKesson as part of the 1986

11  transaction.

12          19.     Privilege Log Item 12 included two documents that, upon review, were determined

13  to have been inadvertently withheld.  These are pages 013804-06 and 013820-22.

14          20.     Privilege Log Item 58 appears to be a draft of a transaction-related document that

15  may have been received in whole or in part from McKesson, but may have been prepared by

16  G&J.  As noted on the privilege log, investigation of the privileged status of the document is

17  continuing.

18          21.     Plaintiffs did not list Privilege Log Items 1, 13, 23, 31, 35, 49, and 50 in their meet

19  and confer letter, did not mention them in their motion, and did not mention them in their Exhibit

20  U.  Thus, SSD understands that those documents are not sought by the motion.  In any event, as

21  disclosed on the log, on information and belief:  Item 1 what appears to be a McKesson prepared

22  document with intertwined G&J notations; Item 13 is a draft of an SSD invoice to Univar

23  reflecting transmittal of documents; Item 23 is discussed in ¶11, above; Item 31 is a collection of

24  questionnaires that may have been prepared for purposes of legal advice regarding potential

25  disputes or litigation analysis; investigation is continuing as to the source and author of these

26  documents; Item 35 is an internal G&J memorandum to Robert Thompson, then a partner at G&J,

27  from Jennifer Hernandez, then a G&J attorney, regarding boxes that may include McKesson-

28  sourced documents;  Item 49 is handwritten notes of Suzanne Henderson, then with SSD, of a

**SQUIRE, SANDERS &**
**DEMPSEY L.L.P.**
One Maritime Plaza, Suite 300
San Francisco, Ca  94111-3492

Declaration of Diane L. Gibson in Support of
Opposition to Order Shortening Time on
Motion to Compel                                    - 4 -

Northern Dist. Misc. Matter
Case No. C 06-80343 Misc MMC (EDL)
Case No. C 07-80123 Misc MMC (EDL)

1    telephone call with Leslie Schenck, attorney for SSD former client Univar; Item 50 is a

2    memorandum to file regarding a telephone message from Ms. Schenck.

3        I declare under the penalty of perjury under the laws of the State of California that the

4    foregoing is true and correct. Executed this 22nd day of May 2007 at San Francisco, California.

5

6                                              _____/s/Diane L. Gibson
                                                Diane L. Gibson
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA  94111-3492

Declaration of Diane L. Gibson in Support of
Opposition to Order Shortening Time on
Motion to Compel                                        - 5 -

Northern Dist. Misc. Matter
Case No. C 06-80343 Misc MMC (EDL)
Case No. C 07-80123 Misc MMC (EDL)