# EXHIBIT B

| | |
|---|---|
| **From:** | Jeff Caufield [Jeff@caufieldjames.com] |
| **Sent:** | Monday, April 09, 2007 6:34 PM |
| **To:** | John Edgcomb; Gibson, Diane L.; Henderson, Suzanne |
| **Cc:** | Amber Hinojosa; Ken James; Wilms, Nancy M.; dlyon@crolaw.com; Chris C. Chapman, Esq. |
| **Subject:** | RE: SSD documents |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Yellow |

Dear Counsel:

Your meet and confer response simply quoted your language <u>verbatim</u>. Accordingly, it is our understanding that despite the language in your initial e-mail, McKesson's production was not "voluntary" as you stated in your initial e-mail but pursuant to a Court Order by Magistrate Judge Laporte. Please confirm that this production is not "voluntary" and is in compliance with Magistrate Judge Laporte's ORDER directed to BOTH SSD and McKesson. Please confirm that EVERY SINGLE page received from SSD is either being produced and/or listed on a privilege log.

Furthermore, as mentioned previously, we intend to challenge any and all privileges that may be asserted by McKesson as untimely under the Burlington rationale and other similar cases.

Very truly yours,

Jeffery L. Caufield
Caufield James LLP

---

**From:** John Edgcomb [mailto:jedgcomb@edgcomb-law.com]
**Sent:** Monday, April 09, 2007 5:35 PM
**To:** Jeff Caufield; Gibson, Diane L.; Henderson, Suzanne
**Cc:** Amber Hinojosa; Ken James; Wilms, Nancy M.; dlyon@crolaw.com; Chris C. Chapman, Esq.
**Subject:** RE: SSD documents

Counsel:

As usual, you appear to be trying to create issues where none exist.

In compliance with Judge Laporte's order, we today produced to plaintiffs the non-privileged documents provided by SSD to us. We understand them to include those documents that I have identified. Perhaps they include a broader set satisfying those that SSD was required by Judge Laporte's order to SSD. SSD can set you straight on that. The only SSD-sourced documents we are not producing to plaintiffs today are those that will be identified on a privilege log or on our updated list of privileged documents previously identified on other privilege logs. Perhaps that clarification will satisfy your apparent concern. As usual, McKesson's efforts to work with third parties such as SSD and Univar to make documents in dispute available for inspection and copying to resolve that dispute is being mischaracterized by you.

If by your angry email you are indicating you want copies or scanned images made of all of the documents produced today, please have your copy service contact Mary Wilke of this office to make arrangements to copy/scan them. Alternatively, we can have them all copied and sent to you by overnight mail at your expense tomorrow. We await your specific directions in this regard.

If you file an *ex parte* order as threatened without any good faith effort to sort out whatever issues you are referencing, as appears to be your intent, we will seek sanctions.

Also, I am copying Devon Lyon and Chris Chapman of the Cronin office on this email as well, as I inadvertently left her office off my original email. I would ask that the Cronin office also advise us whether their office wants copies as well.

John Edgcomb
Law Office of John D. Edgcomb
115 Sansome Street, Suite 805
San Francisco, CA 94104
Tel (415) 399-1555
Fax (415) 399-1885

5/2/2007

*Please be advised that this e-mail and any files transmitted with it are confidential attorney-client communication or may otherwise be iviledged or confidential and are intended solely for the individual or entity to whom they are addressed. If you are not the intended recipient, do )t copy or retransmit this communication. Please destroy it and notify the sender immediately.

-----Original Message-----
**From:** Jeff Caufield [mailto:Jeff@caufieldjames.com]
**Sent:** Monday, April 09, 2007 5:03 PM
**To:** Gibson, Diane L.; Henderson, Suzanne
**Cc:** Amber Hinojosa; Ken James; John Edgcomb; Wilms, Nancy M.
**Subject:** FW: SSD documents

Dear Ms. Gibson:

Please advise whether the index referenced in Judge Laporte's Order was included in the documents transmitted to McKesson. Moreover, as this appears to be, in Mr. Edgcomb's own words that "McKesson voluntarily has agreed to make these documents available for inspection and copying" we would demand that the documents ORDERED by Judge Laporte be produced to our office immediately. Obviously, as McKesson admittedly is not producing documents in compliance with Judge Laporte's Order, we will immediately seek an ex parte order enforcing Judge Laporte's Order.

Very truly yours,

Jeffery L. Caufield
Caufield James LLP

---

**From:** John Edgcomb [mailto:jedgcomb@edgcomb-law.com]
**Sent:** Monday, April 09, 2007 4:57 PM
**To:** Jeff Caufield; Ken James; Amber Hinojosa
**Cc:** nancy.wilms@bingham.com; Mary Wilke
**Subject:** SSD documents

Counsel:

McKesson has completed its privilege review of the remaining documents (in addition to the approximately 1 and 1/2 boxes of SSD documents previously reviewed and voluntarily made available for inspection and copying by McKesson) provided to McKesson by Squire, Sanders & Dempsey (approximately two more boxes of documents). The approximately 2 boxes of documents are now available for inspection or copying at our office. These documents are almost entirely irrelevant to this matter, and many have been previously produced by McKesson or Univar. Almost none reference the Santa Fe Springs facility. However, to resolve, or at least greatly reduce an ongoing discovery dispute, McKesson voluntarily has agreed to make these documents available for inspection and copying. McKesson will produce a privilege log or revised table of previously identified privileged documents for the documents McKesson is withholding from these two boxes as privileged on or before April 16, 2007, consistent with the time frame set forth in Judge Laporte's March 15, 2007 Order. By producing transmittal letters that may reference privileged documents that have been previously identified as such on previously produced logs or are now identified on a new log, McKesson is not waiving privilege over those documents and McKesson reserves all rights to continue to claim privilege over all such documents.

Also, the previous 1 and 1/2 boxes of documents and the CD of the documents on the microfiche that SSD re-produced (solely for the purpose of adding "by SSD" to the existing "redacted " stamps) are also available for inspection or copying at this time.

Please let us know when you would like to review or copy these documents.

John D. Edgcomb
Law Office of John D. Edgcomb
115 Sansome Street, Suite 805
San Francisco, CA 94104
tel (415) 399-1555
fax (415) 399-1885

***Please be advised that this e-mail and any files transmitted with it are confidential attorney-client communication or may otherwise be privileged or confidential and are intended solely for the individual or entity to whom they are addressed. If you are not the intended recipient, do not copy or retransmit this communication. Please destroy it and notify the sender immediately.

Henderson, Suzanne

| | |
|---|---|
| From: | Gibson, Diane L. |
| Sent: | Tuesday, April 10, 2007 11:31 AM |
| To: | 'jeff@caufieldjames.com' |
| Cc: | Henderson, Suzanne |
| Subject: | Your April 9 Email |
| Follow Up Flag: | Follow up |
| Flag Status: | Yellow |

Dear Mr. Caufield: We write to respond to your email of April 9. We have also since received Mr. Edgcomb's response to your email. We encourage you to first review the documents that, at great expense and effort, SSD has produced, before sending us emails asking us what is included in them. While your reference to "the index referenced in Judge LaPorte's Order" is unclear to us, in an effort to meet and confer we will point out that our initial privilege log, which we sent to you last Thursday, includes indexes that have been withheld as privileged, as described on the log. (As previously noted, the log is not yet due, and we reserve our right to revise or augment the initial log that we provided to you in advance as a courtesy.)

As to the rest of your email, we do not intend to involve ourselves in any disputes between your office and McKesson's counsel. If you wish to meet and confer with us as to any other aspect of SSD's production, please let us know.

Sincerely,

Diane L. Gibson
Partner
Squire, Sanders & Dempsey L.L.P.
One Maritime Plaza, Third Floor
San Francisco, CA 94111
(415) 954-0200
digibson@ssd.com

Beijing - Bratislava - Brussels - Budapest - Caracas - Cincinnati - Cleveland - Columbus - Frankfurt - Hong Kong - Houston - London - Los Angeles - Madrid - Miami - Moscow - New York - Palo Alto - Phoenix - Prague - Rio de Janeiro - Santo Domingo - San Francisco - Shanghai - Tallahassee - Tampa - Tokyo - Tysons Corner - Warsaw - Washington D.C. - West Palm Beach. Associated Offices: Bucharest - Buenos Aires - Dublin - Kyiv - Milan - Riyadh - Santiago

This e-mail is confidential and is intended only for the named recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not the named recipient(s), please immediately notify the sender and delete this e-mail message from your computer. Thank you

1