# EXHIBIT E

Henderson, Suzanne

---

**Subject:** Angeles v McKesson re Withheld Documents
**Attachments:** Di470_0410151958.PDF

**From:** Amber Hinojosa [mailto:Amber@caufieldjames.com]
**Sent:** Thursday, April 12, 2007 4:41 PM
**To:** Gibson, Diane L.
**Cc:** jedgcomb@edgcomb-law.com; mwilke@edgcomb-law.com; cleboeuf@edgcomb-law.com; Nicole Uribe; Wilms, Nancy M.; lyon@crolaw.com; tcronin@crolaw.com; Teraoka, Jill Cooper; jesus.chavez@bingham.com; cchapman@crolaw.com; Jeff Caufield; John Golembesky; Ken James; Joe Rossettie
**Subject:** Angeles v McKesson re Withheld Documents

Ms. Gibson,

Please see attached.

Thank you,

Amber Hinojosa
Caufield & James LLP

/2/2007

# CAUFIELD & JAMES LLP
ATTORNEYS AT LAW

Writer's Direct:
(619) 325-0441 (phone)
(619) 325-0231 (fax)

April 12, 2007

**VIA FAX AND ELECTRONIC MAIL**
Ms. Diane L. Gibson
Squire, Sanders, and Dempsey LLP
One Maritime Plaza, Suite 300
San Francisco, California 94111-3492
DiGibson@ssd.com
Fax 415-393-9887

Re:  Withheld documents listed on revised SSD Priv Log
    Submitted on April 11, 2007
    Angeles Chemical Co., v. McKesson Corp. et al.

Dear Ms. Gibson:

We are in receipt of your revised privilege log submitted to our office on April 11, 2005. While we recognize your right to amend or augment the log until its due date of April 19, 2007, we note the most recent Squire, Sanders, and Dempsey ("SSD") privilege log highlights SSD's deficiencies in complying with Honorable Magistrate Laporte's Order issued on March 22, 2007.

Specifically, the order calls for SSD to produce:
a) "Documents received by Graham & James LLP from McKesson as part of the negotiations, due diligence and/or closing of the 1986 sales transaction, *including any index or list of such documents received or prepared by Graham & James, LLP;*" and
b) "*Documents discussing or addressing the transmittal by Graham & James to anyone of documents that were received by Graham & James LLP* from McKesson as part of the negotiations, due diligence and/or closing of the 1986 sales transaction."

The Order goes on to state, in reference to (a), the subpoena does not call for the production of any SSD attorney work product and/or SSD attorney-client communications. In reference to (b), the Order stated that documents withheld or redacted need to be listed on a privilege log in compliance with Magistrate Judge Laporte's standing Order re discovery procedures.

It appears from your revised privilege log, that many of the documents withheld are either lists of documents received or prepared by Graham & James and/or discussion regarding the transmittal of documents that were received by Graham & James. For example:

| Number | Description |
|---|---|
| 2 | Transmittal of documents |
| 3 | List of documents |
| 4 | List of documents |
| 12 | Compilation of documents |
| 14 | Invoice reflection transmittal of documents |
| 15 | Documents received |
| 16 | Index of documents |
| 17 | Index of documents |
| 21 | Compilation of documents |
| 22 | Compilation of documents |
| 24 | McKesson storage files (list of) |
| 25 | Compilation of documents |
| 26 | McKesson storage files (list of) |
| 27 | McKesson storage files (list of) |
| 28 | McKesson storage files (list of) |
| 29 | Compilation of documents |
| 30 | Compilation of documents |
| 32 | McKesson storage files (list of) |
| 33 | Transmittal of files |
| 34 | Notes on storage files |
| 36 | Document Inventory |
| 37 | Document Inventory |
| 38 | McKesson storage files (list of) |
| 39 | McKesson storage files (list of) |
| 40 | McKesson storage files (list of) |
| 41 | Transmittal of documents |
| 42 | Transmittal of documents |
| 43 | Transmittal of documents |
| 44 | Transmittal of documents |
| 45 | Transmittal of documents |
| 46 | Transmittal of documents |
| 47 | Transmittal of documents |
| 48 | Transmittal of documents |
| 51 | Compilation of documents |
| 52 | Transmittal of documents |
| 53 | Transmittal of documents |
| 54 | Transmittal of documents |
| 55 | List of files |
| *** | To the extent Due diligence document review memos have documents lists as the Court allows SSD to redact all legal analysis and keep the name of the document. |

Clearly, these documents fall squarely into Honorable Magistrates Order. On many of these line items, SSD vaguely refers to "G&J notations." The Order itself allows SSD to redact any privileged notations to be redacted. Clearly, SSD may redact the notations, but to withhold the entire document renders the enitre Order impotent.

Moreover, many of the documents list the Author as "G&J" and Recipient as "G&J and possibly G&J and/or SSD client representatives." (For example, see 3-13; 18-22; 23, 25, 29-31, 34, 36-37, 51, 55) These vague references fail to identify any legal reason why these documents should be withheld under attorney-client or work product.

The attorney-client privilege is (1) a communication; (2) made in confidence; (3) between a person who is or about to become a client; (4) an attorney; and (5) for the purpose of obtaining legal advice or assistance. *Upjohn Company v. United States,* 449 U.S. 383, 389 (1981). On the other hand, the work product doctrine complements the confidentiality protections afforded by allowing the attorney or his or her client to withhold production of statements and any other type of information possessed by the attorney, whether written or unwritten, gathered in anticipation of litigation. *Hickman v. Taylor,* 329 U.S. 495, 508 (1947).

Under FRCP 26 and other case law, the party withholding the documents bears the burden to show the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection. In many instances, SSD cannot even identify an attorney connected to a specific document. The vague references to "G&J" or "SSD and possible SSD client representatives" do not allow Angeles to assess the applicability of the privilege or protection.

It well settled that **communication not facts** are considered privileged. (See *Upjohn Company v. United States,* 449 U.S. 383, 396 (1981). In other words, the fact that documents exist, where the documents reside, what documents were transferred, etc are all facts. Again, we are not seeking the attorney analysis regarding the specific documents (i.e. any handwritten notations on indexes, etc). We merely seek what documents were transmitted, where the documents came from, where the documents went, who handled the documents, and how many documents were transmitted etc. (i.e indexes, lists, etc.)

The Court clearly allows SSD to redact any legal analysis from the documents. As stated in the Order, "*If privileged or protected materials appear on otherwise responsive documents, the privileged or protected materials may be redacted from the produced documents so long as they are clearly marked "Redacted".*" Realistically, Magistrate Judge Laporte gives SSD all the tools necessary to protect any documents or notations that are truly privileged. However, it appears that SSD's interpretation of Magistrate Judge Laporte's Order is not grounded in reality. In this parallel universe, it is seemingly okay to withhold evidence showing whether or not the existence of evidence even exists. The tenants of fair play, due process, and transparency in fact finding are all non-existent.

3

      Please consider this letter a meet and confer under Local Rules 37-1. Angeles demands that documents be produced in accordance with the Court Order immediately. If SSD continues to act in concert to suppress responsive documents, Angeles will seek *ex parte* relief from Magistrate Judge Laporte and seek sanctions for such conduct.

      Very truly yours,

Jeffery L. Caufield
Of Caufield & James LLP

CC: All Counsel

4