SQUIRE, SANDERS & DEMPSEY L.L.P.
Diane L. Gibson (State Bar # 114825)
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492
Telephone: +1.415.954.0200
Facsimile: +1.415.393.9887
Email: digibson@ssd.com

Attorneys for Non-Party, Rule 45 Subpoena
Recipient SQUIRE, SANDERS & DEMPSEY LLP

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELES CHEMICAL COMPANY, INC., a California corporation, et al.,<br><br>Plaintiff,<br><br>vs.<br><br>MCKESSON CORPORATION, a California corporation, et al.,<br><br>Defendant. | Northern District Miscellaneous Matter<br>Case No. C 06-80343 Misc MMC (EDL)<br>Case No. C 07-80123 Misc MMC (EDL)<br><br>Case No. 01-10532 TJH (Ex)<br>Central District of California<br><br>**DECLARATION OF NICHOLAS UNKOVIC IN SUPPORT OF SSD'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL SQUIRE, SANDERS & DEMPSEY'S COMPLIANCE WITH MARCH 22, 2007 COURT ORDER**<br><br>Date: June 6, 2007<br>Time: 9:00 a.m.<br>Courtroom: Courtroom E, 15th Floor |

SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

Declaration of Nicholas Unkovic in Support of
SSD's Opposition to Order Shortening Time on
Motion to Compel

Northern Dist. Misc. Matter
Case No. C 06-80343 Misc MMC (EDL)
Case No. C 07-80123 Misc MMC (EDL)

I, Nicholas Unkovic, declare as follows:

1.  I am a partner with the law firm of Squire, Sanders & Dempsey L.L.P. ("SSD"). I make this declaration of my own personal knowledge except where indicated below. In 1986, I was the Graham & James ("G&J") partner principally responsible for due diligence performed by G&J relating to the potential acquisition of certain assets from McKesson ("the due diligence").

2.  Those document summaries ("the Summaries") that are described on SSD's privilege log as "Due Diligence Document Review Summary (Non-Environmental) and/or "Due Diligence Document Review Summary (Environmental) (SSD Privilege Log item nos. 5, 6, 7, 8, 9, 10, 11, 18, 19, 20 and 56) were prepared under my general direction. Although other G&J personnel participated, G&J attorney Francis Toldi had substantial responsibility for preparation of the Non-Environmental Summaries, and G&J attorney Jennifer Hernandez had substantial responsibility for preparation of the Environmental Summaries. Francis Toldi and Jennifer Hernandez are not with SSD.

3.  The Summaries were prepared as part of the due diligence process. The due diligence process included legal advice and services provided in connection with the negotiation and documentation of the transaction, for a variety of purposes, including potential claims or litigation. Those purposes include transaction evaluation, preparation of transaction documentation, and advice regarding preparation for operational contingencies going forward, including potential litigation with the other parties to the transaction and/or with third parties, among many others. As part of this due diligence process, we used the summaries to note comments about the content of such documents and to note follow-up items regarding documents or other matters, including such potential dispute or litigation issues.

4.  The Non-Environmental Summaries in the privilege log are multiple iterations of the same document, which was revised over time as documents were received from McKesson. Many include handwritten attorney notations. To the best of my knowledge, access to Summaries was provided only to client representatives, including officers, directors, employees, agents, accountants or consultants, and/or other persons within the attorney client privilege, including the

SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

Declaration of Nicholas Unkovic in Support of Opposition to Angeles' Motion to Compel

- 1 -

Northern Dist. Misc. Matter
Case No. C 06-80343 Misc MMC (EDL)
Case No. C 07-80123 Misc MMC (EDL)

1  joint defense and/or common interest doctrine of the attorney-client privilege, and/or attorney
2  work product protection.

3      5.    To the best of my knowledge, SSD privilege log Exhibits 36, and 37 memorialize
4  the storage and/or shipment of documents received by G&J from McKesson during the 1986
5  transaction, reflecting client instructions as to the storage and/or shipment of the documents.

6      6.    SSD log items 42 and 43 reflect email correspondence I had with Joel Summer, in-
7  house attorney for Univar as well as an internal SSD email in 2002 regarding transmittal of
8  documents from SSD to Univar. To the best of my knowledge the docments were requested by
9  Univar in association with anticipated or ongoing litigation with McKesson. The emails include
10 discussion of legal issues. The emails do not identify specific documents to be transferred.

11     7.    SSD privilege log items 2, 41, and 48 are letters from G&J attorneys to clients or
12 their consultants, transmitting documents. To the best of my knowledge these communications
13 were made in the course of the attorney-client relationship.

14 I declare under the penalty of perjury under the laws of the State of California that the
15 foregoing is true and correct. Executed this 22nd day of May 2007 at Palo Alto, California.

_____
Nicholas Unkovic

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

Declaration of Nicholas Unkovic in Support of
Opposition to Order Shortening Time on
Motion to Compel - 2 -

Northern Dist. Misc. Matter
Case No. C 06-80343 Misc MMC (EDL)
Case No. C 07-80123 Misc MMC (EDL)