# EXHIBIT BB

SQUIRE, SANDERS & DEMPSEY L.L.P.

# SQUIRE SANDERS

LEGAL
COUNSEL
WORLDWIDE

One Maritime Plaza, Suite 300
San Francisco, California 94111-3492

Office: +1.415.954.0200
Fax: +1.415.393.9887



RECEIVED

APR 2 6 2007

BY:_____

Direct: +1.415.954.0368
DiGibson@ssd.com

April 24, 2007

## VIA ELECTRONIC MAIL AND U.S. MAIL

Jeffery Caufield, Esq.
**Caufield & James**
2851 Camino Del Rio South, Suite 250
San Diego, CA  92108

> **Re:    SSD's Document Production**

Dear Mr. Caufield:

We write to respond to your letter dated April 12, 2007.   As set forth below, we disagree with your arguments.  But in order to resolve these disputes promptly, we offer a proposed solution.

### Response to Angeles' Arguments in April 12, 2007 Letter

Although your letter is not clear on this point, we understand that you challenge the designation as privileged of the items from our privilege log listed on page 2 of your letter, as well as those items designated as "Due Diligence Document Review Summary."  (If you are challenging the privilege log as to any other documents, please let us know.)

Squire, Sanders & Dempsey L.L.P. ("SSD") has withheld certain documents that are in the nature of G&J-prepared indexes of documents that were received by G&J from McKesson during the 1986 transaction.  Each of these documents withheld also contains or reflects attorney work product and/or contains or reflects attorney-client communications as more specifically defined as "A/C" and/or "W/P" on our Privilege Log ("Privileged Information").  The privileged information is intertwined with how the attorneys chose to prepare the indices of the documents, so that redaction is not practical.  For example, the documents that are labeled on SSD's log as "Due Diligence Document Review Summary (Non-Environmental)" or "Due Diligence Document Review Summary (Environmental)" contain listings of documents received from McKesson in 1986.  They also contain, however, lists of documents that counsel had (at the time of the document being prepared in 1986) chosen to request but had not yet received, as well as notes regarding the documents received, including substantive comments and follow up notations.  Under the circumstances it would not be practical to "redact" these indices in a way that would not disclose Privileged Information.

Similarly, certain of the letters about documents that are included in SSD's privilege log reflect what documents were selected to be provided to a party in the privileged relationship. and to whom.  Under the circumstances, the disclosure of those document names that are available, in conjunction with the date and recipient information, could also disclose Privileged Information.

CINCINNATI • CLEVELAND • COLUMBUS • HOUSTON • LOS ANGELES • MIAMI • NEW YORK • PALO ALTO • PHOENIX • SAN FRANCISCO • TALLAHASSEE • TAMPA • TYSONS CORNER
WASHINGTON DC • WEST PALM BEACH | CARACAS • RIO DE JANEIRO • SANTO DOMINGO | BRATISLAVA • BRUSSELS • BUDAPEST • FRANKFURT • LONDON • MOSCOW
PRAGUE • WARSAW | BEIJING • HONG KONG • SHANGHAI • TOKYO | ASSOCIATED OFFICES: BUCHAREST • BUENOS AIRES • DUBLIN • KYIV • MILAN • SANTIAGO
www.ssd.com

Jeffery Caulfield, Esq.
April 24, 2007
Page 2

SQUIRE, SANDERS & DEMPSEY L.L.P.

You include in the table in your letter certain documents that SSD withheld that are neither indexes nor letters about documents, but rather are compilations of documents. *See, e.g.,* items 12, 21, 22, 25, 29, 30, and 51 in your table. Your letter does not directly address these entries. In any event, they and their components are Privileged Information.

You argue generally (perhaps as to all the documents on your list on page 2, we are not sure) that the "author" and "recipient" information on the log is insufficient to demonstrate that the documents constitute or reflect Privileged Information. This argument is without merit. The log demonstrates that the materials were prepared or complied by G&J and SS&D, both law firms, during the course of representing clients. That as much as 21 years later SSD is not able to identify with certainty which of the many attorneys working on , for instance, the 1986 transaction actually "authored" a document does not undermine the unquestionably privileged nature of the documents that were prepared by G&J or SS&D, whose only business was the practice of law. Similarly, in an abundance of caution, we have indicated that access to internal documents *may have been* provided within G&J and/or SSD or to client representatives as defined on the log. None of this information undercuts the assertion of privilege, and there is no indication that there were disclosures outside the privilege.

In your letter you state that you want to know "what documents were transmitted, where the documents came from, where the documents went, who handled the documents, and how many documents were transmitted etc. (*i.e.*, indexes, lists, etc.)" This is far more than the Court's Order required SSD to provide and indeed is in the nature of an interrogatory, to which SSD, a non-party, cannot be subjected. But we note the following so as to resolve what you have raised but which is a non-issue: the question of "where the documents came from" is answered by the Court's Order – SSD is only to produce "documents **received by Graham & James LLP from McKesson** as part of the negotiations, due diligence and/or closing of the 1986 sales transaction." (Emphasis added.) You already know all the recipients of documents to the extent that of this information is known, because that information is listed on the log. As to "who handled the documents," we do not know what you mean by this and it does not appear that this information is either required, or relevant, or likely to lead to the discovery of non-privileged and/or relevant evidence.

**Proposal for Resolution**

In addressing a resolution of these issues, it is important to consider the purpose for which your office has informed the Court that it has sought document indices and letters about documents. You have represented to the Court that the only reason that these documents have been sought is so that you can determine if there are documents "out there" that have not yet been received from McKesson, Univar, SSD or any other holder of documents. Thus, what you seek is the names of the documents listed on the indexes, and not any of the other privileged information in the indexes.

To try to avoid the necessity of yet another motion relating to this subpoena, SSD thus suggests the following compromise:

SSD will prepare and provide a list, in alphabetical order by document title or document type and (when available) by date, of documents received by G&J from McKesson as part of the negotiations, due diligence and or closing of the 1986 sales transaction that are listed or included in the documents that are items 5-11, 18-20 and 56 on the April 19, 2007 privilege log. (These constitute the most detailed listings of documents received by G&J from McKesson regarding the 1986 transaction.) Such a list will allow you to compare these documents to those documents that have already been produced by others, so that you may determine whether there are documents that you may wish to seek from others, but without disclosure of the privileged *context* of the information.

Jeffery Caufield, Esq.
April 24, 2007
Page 3

SQUIRE, SANDERS & DEMPSEY L.L.P.

We make this proposal at this time only in concept, subject to resolution of final details if you are in agreement with this type of resolution, and this offer is not binding unless and until such details are agreed upon by us.  In keeping with prior practice, due to the interests of multiple privilege-holders, we would also require approval by McKesson and/or former G&J and/or SSD clients to the terms and the list. This proposal is made subject to and without waiver of SSD's objections to the Seventh Subpoena generally, as set out in its motion to quash/for protective order, and each and every objection raised on SSD's privilege log.  SSD reserves the right to request the Court to order the subpoenaing parties to pay for the fees and costs incurred in providing the list of documents (including resasonable attorneys' fees for time spent preparing the lists), as well as other fees and costs associated with your seven subpoenas in this matter.

As reflected by this letter, despite your customary inappropriate and inflammatory rhetoric which we quote in part here, SSD has not and will not "act in concert [sic] to suppress responsive documents" or to violate the "tenants [sic] of fair play, due process, and transparency in fact finding."  Rather, SSD has sought and will continue to seek to appropriately protect Privileged Information.

Sincerely,

SQUIRE, SANDERS & DEMPSEY L.L.P.

Diane L. Gibson

DLG/mdd

SANFRANCISCO/217623.1

# EXHIBIT CC

**Amber Hinojosa**

| | |
|---|---|
| **From:** | Jeff Caufield |
| **Sent:** | Tuesday, April 24, 2007 4:46 PM |
| **To:** | Gibson, Diane L.; Henderson, Suzanne |
| **Cc:** | Bryce Besser; Amber Hinojosa; Ken James |
| **Subject:** | Angeles Chemical Co., Inc. v. McKesson Corp, et al. |

**Attachments:** letter.pdf



letter.pdf (194 KB)

                Dear Ms. Gibson:

We are in receipt of the attached letter.  As noted previously, despite the direct Order
from Magistrate Judge Laporte to produce BOTH the indexes and any correspondence
reflecting transmittal of McKesson Chemical documents to/from SSD (which by definition
would include the former Graham & James firm), SSD withheld these exact documents directly
in defiance and non-compliance with the Magistrate's Order.  In light of the circumstances
and continuing suppression of evidence and documents, and the lengthy period of non-
cooperation by SSD in producing these documents, we cannot simply allow SSD to
"paraphrase" documents.  Frankly, any party who simply refuses to comply with the
Magistrate's Order cannot be trusted to be truthful nor accurate in the descriptions of
the documents.  Thus, we will re-address this issued directly with Magistrate Judge
Laporte.

Very truly yours,

Jeffery L. Caufield
Caufield James LLP

-----Original Message-----
From: Dimapasoc, Mary Ann D. [mailto:MDimapasoc@ssd.com]
Sent: Tuesday, April 24, 2007 4:39 PM
To: Jeff Caufield
Cc: Gibson, Diane L.; Henderson, Suzanne; Sinclair, Jean M.
Subject: Angeles Chemical Co., Inc. v. McKesson Corp, et al.


Mr. Caufield:

Per Ms. Gibson's request, please find the attached in the
above-referenced case.

Mary Ann Dimapasoc
Executive Legal Secretary
Squire, Sanders & Dempsey L.L.P.
One Maritime Plaza, Suite 300
San Francisco, California 94111-3492
Direct Dial: +1.415.393.9841
Fax: +1.415.393.9887
mdimapasoc@ssd.com
www.ssd.com

Beijing   Bratislava   Brussels   Budapest   Cincinnati   Cleveland
Columbus   Hong Kong   Houston   London   Los Angeles   Madrid   Miami
Milan   Moscow   New York   Palo Alto   Phoenix   Prague   Rio de
Janeiro   San Francisco   Shanghai   Tampa   Tokyo   Tysons Corner
Warsaw   Washington DC

Associated Offices:  Bucharest   Dublin   Kyiv

                          1

NOTICE:  This email message and all attachments transmitted with it are
intended solely for the use of the addressees and may contain legally
privileged, protected or confidential information.  If you have received
this message in error, please notify the sender immediately by email
reply and please delete this message from your computer and destroy any
copies.

# EXHIBIT DD

### Amber Hinojosa

| | |
|---|---|
| **From:** | Jeff Caufield |
| **Sent:** | Friday, March 09, 2007 2:35 PM |
| **To:** | Gibson, Diane L. |
| **Cc:** | Henderson, Suzanne; Amber Hinojosa; Ken James; David Griffin; Bryce Besser |
| **Subject:** | RE: Proposed Order -- Response Requested |

Response to letter dated March 7, 2007. We respond as follows:

Comment to bullet point 1:          First sentence of paragraph 1. Your proposal sounds fine. However, if SSD does not produce all documents or later finds additional responsive documents, SSD is not relieved of their obligations under the Order to comply with and produce documents. Your proposed sentence appears to suggest otherwise.

Comment to bullet point 2:          The term "closing" is too narrow. There were documents transmitted to Graham & James shortly after the closing, but in connection with the sales transaction, that would be potentially excluded. The documents were transmitted in order to "complete" the sale. Accordingly, the term "completion" in this context is accurate and consistent with the Magistrate's decision. If the term "closing" were utilized, SSD could potentially argue any McKesson Chemical documents received post-closing from McKesson would not be responsive to the subpoena.

Comment to bullet point 3:          Paragraph 1(b) proposed modifications sound fine.

Comment to bullet point 4:          Paragraph 1(c). This does not ask for Graham & James "work product" as it relates to communications between Graham & James & McKesson. A compromise would be to use the following phrase "Any documents transmitted to McKesson by Graham & James LLP regarding the sales transaction and any documents transmitted from McKesson to Graham & James LLP."

Comment to bullet point 5:          Paragraph 1(d). I specifically told the Magistrate on the record that the "index" was one of the documents that we were seeking and mentioned that the index was encompassed within our Subpoena. I understood the Magistrate's Order to contemplate the production of the index, which should simply be an itemized list of the documents received from McKesson, which was agreed to be prepared and maintained by Graham & James per agreement with McKesson. This would allow us to cross-check the documents that should be produced with what was received.

Comment to bullet point 6:          "Paragraph 2." Your rejection of my changes is unacceptable. If responsive documents are withheld by SSD, of course a privilege log would be required. Therefore, after the extensive hearing on this issue, I cannot believe that once again SSD is now refusing to produce a privilege log reflecting responsive documents withheld on privilege. Again, it appears to be further admission that SSD intends to cloak responsive documents under "privilege" and not produce a log, which was not acceptable to the Magistrate.

Comment to bullet point 7:          "Paragraph 3." Of course a privilege log would need to be prepared on any redactions. We have a right to understand what was redacted and why it was redacted, including what privilege is claimed.

Comment to bullet point 8:          "Paragrah 4." See comments above.

Comment to bullet point 9:          "Paragrah 5." The term "suspected" is way to broad. Many of the documents McKesson did produce are handwritten. Accordingly, your proposed language would allow redaction of just about anything without knowing whether or not is was in fact attorney notes. You proposal would also allow SSD to redact potentially damaging comments by claiming that they "suspected" the comments might be an attorney's comments. Obviously, that position is not acceptable. See comments above re: privilege log.

Comment to bullet point 10:          "Paragrah 6." The subpoena in this instance called for a production the documents and privilege logs months ago. Obviously, a privilege log need be produced at the same time as the documents so that we have the opportunity to challenge the privileges asserted.

Comment to bullet point 11:          "Paragraph 7." See my other comments.

All of my proposed changes were not only reasonable but also consistent with the Magistrate's Order. If you do not intend to hide documents, then you should not have problems with our changes.

Very truly yours,

# EXHIBIT EE

**From:** Jeff Caufield
**Sent:** Thursday, March 15, 2007 10:30 AM
**To:** 'Gibson, Diane L.'
**Cc:** Henderson, Suzanne; jedgcomb@edgcomb-law.com
**Subject:** RE: Subpoena to SSD -- Proposed Order

Dear Ms. Gibson:

Response to Comment to bullet point 1:  We disagree and demand the appropriate language be included.

Response to Comment to bullet point 2:  As you are aware, Graham & Jams LLP also received additional documents from McKesson Chemical as part of and subsequent to the closing.  Thus, our language is appropriate to include McKesson Chemical documents received prior to and after the closing.  Your suggested arbitrary limitation appears to be aimed at hiding some body of documents based upon date received.

Response to Comment bullet point 3:  We still need the language of any proposed order revisions.

Response to Comment bullet point 4:  We disagree.  Of course communications on BOTH sides must be produced.  Many of the letters we do have confirm the receipt of documents and/or request certain documents be produced, which of course allows us to cross-check what we receive verses what we know was in fact sent.  Only producing one side of the conversation does not make sense and this was expressly discussed with the Court.  In other words, why demand this language unless you are trying to hide something?

Response to Comment bullet point 5:  We discussed the index and since the index was supposed to be created per McKesson's demands, the index should certainly be produced.  It was specifically raised at the hearing and you have the opportunity to object and argue regarding the index production.  The Court's Order and the discussions with the Court certainly reflect it was the Court's understanding that the index was something we were specifically seeking and should be encompassed within the Order.  The index would be particularly helpful to tracking what is produced with what Graham & James received.  I see no reason why this index would not be produced unless SSD intends to hide documents.  Accordingly, the index must be produced.  Period.

Response to Comment bullet point 6:  A log should be required and your vague language regarding redactions is not acceptable.  As you are aware, many of the documents were handwritten.  Accordingly, allowing SSD to redact at will with no way to cross-check what was redacted is unacceptable.  Moreover, your proposed language is at material odds with the discussion with the Court and no acceptable.  I presume that the original copies of documents received from McKesson would not have been written on by Graham & James but counsel would only have written on copies.  However, since you cannot identify where the handwriting comes from, allowing SSD to redact at will is not acceptable.

Response to Comment bullet point 7:  See No. 6.

Response to Comment bullet point 8:  See No. 6.

Response to Comment bullet point 9:  See No. 6.

Response to Comment bullet point 10:  I believe the Court wanted the privilege log produced at the same time as the documents.  SSD has known about these requests since October 2006, nearly 6 months, so there is no

reason why we should not receive a privilege log on the date of production. Moreover, you proposal would contemplate a privilege log being produced AFTER the close of discovery.

Response to Comment bullet point 11: See No. 6.

In this instance, in light of the complete lack of cooperation by SSD and the extreme attempts by SSD to block production of documents, particularly in light of the long history of McKesson's discovery abuses in this litigation, our language is both appropriate and consistent with the Court's Order.

Very truly yours,

Jeffery L. Caufield
Caufield James LLP

---

**From:** Gibson, Diane L. [mailto:DiGibson@ssd.com]
**Sent:** Wednesday, March 14, 2007 9:04 AM
**To:** Jeff Caufield
**Cc:** Henderson, Suzanne; jedgcomb@edgcomb-law.com
**Subject:** Subpoena to SSD -- Proposed Order

Dear Mr. Caufield:

We would like to submit the issue of the proposed order to the Court today, so we would appreciate it if you would respond to our communication of yesterday morning at your earliest convenience.

Sincerely,

Diane L. Gibson

Diane L. Gibson
Partner
Squire, Sanders & Dempsey L.L.P.
One Maritime Plaza, Third Floor
San Francisco, CA 94111
(415) 954-0200
digibson@ssd.com

Beijing - Bratislava - Brussels - Budapest - Caracas - Cincinnati - Cleveland - Columbus - Frankfurt - Hong Kong - Houston - London - Los Angeles - Madrid - Miami - Moscow - New York - Palo Alto - Phoenix - Prague - Rio de Janeiro - Santo Domingo - San Francisco - Shanghai - Tallahassee - Tampa -Tokyo -Tysons Corner - Warsaw - Washington D.C. - West Palm Beach.   Associated Offices: Bucharest - Buenos Aires - Dublin - Kyiv - Milan - Riyadh - Santiago

This e-mail is confidential and is intended only for the named recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not the named recipient(s), please immediately notify the sender and delete this e-mail message from your computer. Thank you

5/25/2007

# EXHIBIT
# FF

**Amber Hinojosa**

| | |
|---|---|
| **From:** | Jeff Caufield |
| **Sent:** | Thursday, March 15, 2007 5:46 PM |
| **To:** | Gibson, Diane L. |
| **Cc:** | Henderson, Suzanne; Amber Hinojosa; Ken James |
| **Subject:** | RE: Angeles Chemical Subpoena to SSD -- Proposed Order |

Ms. Gibson:

You did not send any revised version of the Stipulated Order to my office for review. At this juncture I'm not even sure what the language is anymore.

Thanks,

Jeffery L. Caufield
Caufield James LLP

---

**From:** Gibson, Diane L. [mailto:DiGibson@ssd.com]
**Sent:** Thursday, March 15, 2007 4:01 PM
**To:** Jeff Caufield
**Cc:** Henderson, Suzanne
**Subject:** Angeles Chemical Subpoena to SSD -- Proposed Order


Dear Mr. Caufield:

Thank you for your email earlier today. First, with respect to your request for proposed language relating to paragraph 1(b), you have already agreed to our proposed language. Bullet Point 3 to our March 7 letter to you stated:

" In paragraph 1(b), you changed "Documents addressing the transmittal of documents received by Graham & James LLP from McKesson . . ." to "Documents discussing, addressing or reflecting the transmittal of documents by Graham & James LLP to anyone that were received by Graham & James LLP from McKesson . . . ." We are concerned that the term "reflecting" is ambiguous in this context, and its use is unacceptable to SSD. Additionally, the phrasing is awkward. SSD suggests the section be modified to read: 'Documents discussing or addressing the transmittal by Graham & James LLP to anyone of documents that were received by Graham & James LLP from McKesson . . . ."

This language is incorporated into the proposed order attached to that letter.
You responded by e-mail of March 9:  "Comment to bullet point 3: Paragraph 1(b) proposed modifications sound fine."  given that you said the "proposed modifications" are "fine," it is unclear what further there is for us to propose on this issue.

As to the remainder of the issues, we seem to have reached impasse. We will thus submit our proposed order and the transcript to Judge Laporte today.

Sincerely,

Diane L. Gibson
Partner
Squire, Sanders & Dempsey L.L.P.
One Maritime Plaza, Third Floor
San Francisco, CA  94111
(415) 954-0200
ligibson@ssd.com

Beijing - Bratislava - Brussels - Budapest - Caracas - Cincinnati - Cleveland - Columbus - Frankfurt - Hong Kong - Houston -

London - Los Angeles - Madrid - Miami - Moscow - New York - Palo Alto - Phoenix - Prague - Rio de Janeiro - Santo Domingo - San Francisco - Shanghai - Tallahassee - Tampa -Tokyo -Tysons Corner - Warsaw - Washington D.C. - West Palm Beach.  Associated Offices: Bucharest - Buenos Aires - Dublin - Kyiv - Milan - Riyadh - Santiago

This e-mail is confidential and is intended only for the named recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law.  If you have received this message in error, or are not the named recipient(s), please immediately notify the sender and delete this e-mail message from your computer.  Thank you

# EXHIBIT GG



SQUIRE, SANDERS & DEMPSEY L.L.P.

One Maritime Plaza, Suite 300
San Francisco, California 94111-3492

Office: +1.415.954.0200
Fax: +1.415.393.9887

Direct: +1.415.954.0368
DiGibson@ssd.com

March 28, 2007

**VIA FACSIMILE AND ELECTRONIC MAIL**

Jeffery Caufield, Esq.
Caufield & James
2851 Camino Del Rio South, Suite 250
San Diego, CA 92108

Re:    **Proposed Order Regarding SSD's Motion**

Dear Mr. Caufield:

We write regarding the Court's order dated March 22, 2007 ("Order").   There are three logistical and clarification issues that we would like to address.

1. As you know, SSD has already provided certain documents to McKesson, which we understand that McKesson has provided to your office.  These were paper documents that we provided to McKesson in January, and microfiche that we provided in March.  We request your agreement that we need not provide these again pursuant to the Court's Order, as you already have copies of them.  Providing additional copies would simply create additional cost and burden for SSD.

2. The documents that you have already received, as described above, and those that are in the process of being reviewed prior to production to McKesson's counsel, contained some redacted documents which we stamped "Redacted." The Court's Order states that documents that we redact must be marked "Redacted – SSD." We request your agreement that the documents that have already been stamped "Redacted" need not be re-stamped "Redacted – SSD."  Re-stamping the documents would simply create additional cost and burden for SSD.

3. In paragraphs 2,.4, and 5 of the Order, the Court refers to "SSD attorney work product and/or SSD attorney-client communications."  As you know, the parties have frequently used the shorthand "SSD" to refer to both Squire, Sanders & Dempsey L.L.P. and Graham & James LLP and we understand that the Court's reference to SSD in these paragraphs is intended to include Graham & James LLP.  For clarification, please confirm that you agree that SSD, as used in these paragraphs, includes Graham & James LLP.

---

CINCINNATI · CLEVELAND · COLUMBUS · HOUSTON · LOS ANGELES · MIAMI · NEW YORK · PALO ALTO · PHOENIX · SAN FRANCISCO · TALLAHASSEE · TAMPA · TYSONS CORNER
WASHINGTON DC · WEST PALM BEACH | CARACAS · RIO DE JANEIRO · SANTO DOMINGO | BRATISLAVA · BRUSSELS · BUDAPEST · FRANKFURT · LONDON · MOSCOW
PRAGUE · WARSAW | BEIJING · HONG KONG · SHANGHAI | TOKYO | ASSOCIATED OFFICES: BUCHAREST · BUENOS AIRES · DUBLIN · KYIV · MILAN · SANTIAGO
www.ssd.com

Jefferey Caufield, Esq.
March 28, 2007
Page 2

SQUIRE, SANDERS & DEMPSEY L.L.P.

Please let us know at your earliest convenience your agreement to each of these three clarifications; if you do not respond or do not agree, we will ask the Court for clarification.

Sincerely,

SQUIRE, SANDERS & DEMPSEY L.L.P.

Diane L. Gibson

DLG/mdd

SANFRANCISCO/214910.2

# SQUIRE SANDERS

LEGAL
COUNSEL
WORLDWIDE

SQUIRE, SANDERS & DEMPSEY L.L.P.

One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492
Office:    +1.415.954.0200
Fax:       +1.415.393.9887

Preferred Fax:    ____
If Problems:      ____

### March 28, 2007

### PLEASE DELIVER THESE PAGES IMMEDIATELY

Number of Pages (including cover):    3

| | | | |
|---|---|---|---|
| **TO:** | Jeffrey L. Caufield | **FAX NO.:** | +1.619.325.0231 |
| **COMPANY:** | CAUFIELD & JAMES | **PHONE NO.:** | +1.619.325.0441 |

| | | | |
|---|---|---|---|
| **FROM:** | Diane L. Gibson | **DIRECT DIAL NO.:** | +1.415.954.0368 |
| **E-MAIL:** | DiGibson@ssd.com | | |
| **RE:** | *Angeles Chemical Co., Inc. v. McKesson Corp., et al.* | | |

**Message:**

Please see the attached letter.

**CONFIDENTIALITY NOTICE:**

The attached information is LEGALLY PRIVILEGED AND CONFIDENTIAL and is intended only for the use of the addressee named above. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, please be aware that any dissemination, distribution or duplication of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the address above via the postal service. Thank you.

| Sender No.: | 10309 | 91052.00888 | Mary Ann Dimapasoc |
|---|---|---|---|
| Job No: | | Account No. | Return to Office |

# EXHIBIT HH

**Matt McMillan**

| | |
|---|---|
| **From:** | Jeff Caufield |
| **Sent:** | Friday, May 25, 2007 3:57 PM |
| **To:** | Matt McMillan |
| **Subject:** | FW: 3/28 Letter |

-----Original Message-----
From: Jeff Caufield
Sent: Thursday, March 29, 2007 4:26 PM
To: 'Gibson, Diane L.'
Cc: Henderson, Suzanne; Amber Hinojosa; Ken James; Bryce Besser
Subject: RE: 3/28 Letter

Dear Ms. Gibson:

I have been out the last three days attending the funeral of my grandmother in Sacramento. Upon my return, I had over 233 different e-mails and letters that required my attention and had been received from Monday-Wednesday of this week.

Initially, from my skim of your letter, I believe that it would be appropriate for SSD to produce ALL documents to our office regardless of whether they had been previously transmitted to McKesson. Unfortunately, as the original documents transmitted to McKesson do not appear to have been bates stamped, we cannot verify what we previously received is in fact what was sent to McKesson. If you want to ask McKesson for a copy of the documents previously produced and the McKesson privilege log and verify that ALL documents previously sent by SSD to McKesson have been produced and/or listed on a privilege log, then we obviously would not want duplicates.

With respect to previously redacted documents, you can either review the documents previously produced and identify those previously redacted by SSD by bates number and/or re-stamp those documents to reflect all redactions made by SSD verses McKesson.

It is our understanding that the term "SSD" is inclusive of Graham & James LLP.

Very truly yours,

Jeffery L. Caufield
Caufield James LLP

-----Original Message-----
From: Gibson, Diane L. [mailto:DiGibson@ssd.com]
Sent: Thursday, March 29, 2007 4:11 PM
To: Jeff Caufield
Cc: Henderson, Suzanne
Subject: 3/28 Letter

Dear Mr. Caufield:

Are you going to have a response to the letter that I sent you yesterday? Please let me know at your earliest convenience.

Sincerely,

Diane L. Gibson

Diane L. Gibson
Partner
Squire, Sanders & Dempsey L.L.P.
One Maritime Plaza, Third Floor
San Francisco, CA 94111

(415) 954-0200
digibson@ssd.com

Beijing - Bratislava - Brussels - Budapest - Caracas - Cincinnati - Cleveland - Columbus -
Frankfurt - Hong Kong - Houston - London - Los Angeles - Madrid - Miami - Moscow - New
York - Palo Alto - Phoenix - Prague - Rio de Janeiro - Santo Domingo - San Francisco -
Shanghai - Tallahassee - Tampa -Tokyo -Tysons Corner - Warsaw - Washington D.C. -
West Palm Beach.  Associated Offices: Bucharest - Buenos Aires - Dublin
- Kyiv - Milan - Riyadh - Santiago

This e-mail is confidential and is intended only for the named
recipient(s) and may contain information that is privileged, attorney work product or
exempt from disclosure under applicable law.  If you have received this message in error,
or are not the named recipient(s), please immediately notify the sender and delete this e-
mail message from your computer.  Thank you


-----Original Message-----
From: Dimapasoc, Mary Ann D.
Sent: Wednesday, March 28, 2007 2:34 PM
To: 'jeff@caufieldjames.com'
Cc: Gibson, Diane L.; Henderson, Suzanne; Sinclair, Jean M.
Subject: Angeles Chemical Co., Inc. v. McKesson Corp, et al.

Mr. Caufield:

Per Ms. Gibson's request, please find the attached letter in the
above-referenced case.

Mary Ann Dimapasoc
Executive Legal Secretary
Squire, Sanders & Dempsey L.L.P.
One Maritime Plaza, Suite 300
San Francisco, California 94111-3492
Direct Dial: +1.415.393.9841
Fax: +1.415.393.9887
mdimapasoc@ssd.com
www.ssd.com

Beijing   Bratislava   Brussels   Budapest   Cincinnati   Cleveland
Columbus   Hong Kong   Houston   London   Los Angeles   Madrid   Miami
Milan   Moscow   New York   Palo Alto   Phoenix   Prague   Rio de
Janeiro   San Francisco   Shanghai   Tampa   Tokyo   Tysons Corner
Warsaw   Washington DC

Associated Offices:  Bucharest   Dublin   Kyiv

NOTICE:  This email message and all attachments transmitted with it are intended solely
for the use of the addressees and may contain legally privileged, protected or
confidential information.  If you have received this message in error, please notify the
sender immediately by email reply and please delete this message from your computer and
destroy any copies.

# EXHIBIT
# II

**From:** Gibson, Diane L. [mailto:DiGibson@ssd.com]
**Sent:** Tuesday, April 10, 2007 11:31 AM
**To:** Jeff Caufield
**Cc:** Henderson, Suzanne
**Subject:** Your April 9 Email

Dear Mr. Caufield: We write to respond to your email of April 9.  We have also since received Mr. Edgcomb's response to your email.  We encourage you to first review the documents that, at great expense and effort, SSD has produced, before sending us emails asking us what is included in them.  While your reference to "the index referenced in Judge LaPorte's Order" is unclear to us, in an effort to meet and confer we will point out that our initial privilege log, which we sent to you last Thursday, includes indexes that have been withheld as privileged, as described on the log.  (As previously noted, the log is not yet due, and we reserve our right to revise or augment the initial log that we provided to you in advance as a courtesy.)

As to the rest of your email, we do not intend to involve ourselves in any disputes between your office and McKesson's counsel. If you wish to meet and confer with us as to any other aspect of SSD's production, please let us know.

Sincerely,

Diane L. Gibson
Partner
Squire, Sanders & Dempsey L.L.P.
One Maritime Plaza, Third Floor
San Francisco, CA  94111
(415) 954-0200
digibson@ssd.com

Beijing - Bratislava - Brussels - Budapest - Caracas - Cincinnati - Cleveland - Columbus - Frankfurt - Hong Kong - Houston - London - Los Angeles - Madrid - Miami - Moscow - New York - Palo Alto - Phoenix - Prague - Rio de Janeiro - Santo Domingo - San Francisco - Shanghai - Tallahassee - Tampa -Tokyo -Tysons Corner - Warsaw - Washington D.C. - West Palm Beach.   Associated Offices: Bucharest - Buenos Aires - Dublin - Kyiv - Milan - Riyadh - Santiago

This e-mail is confidential and is intended only for the named recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law.  If you have received this message in error, or are not the named recipient(s), please immediately notify the sender and delete this e-mail message from your computer.  Thank you

# EXHIBIT
# JJ



SQUIRE, SANDERS & DEMPSEY L.L.P.

One Maritime Plaza, Suite 300
San Francisco, California 94111-3492

Office: +1.415.954.0200
Fax: +1.415.393.9887



Direct: +1.415.954.0368
DiGibson@ssd.com

April 16, 2007

**VIA ELECTRONIC MAIL AND U.S. MAIL**

Jeffery Caufield, Esq.
**Caufield & James**
2851 Camino Del Rio South, Suite 250
San Diego, CA  92108

Re:    **SSD's Document Production – Revised Privilege Log**

Dear Mr. Caufield:

Pursuant to the Court's Standing Order, Squire, Sanders & Dempsey L.L.P. ("SSD") is not yet required to provide a log of documents withheld from SSD's April 5, 2007 production of documents pursuant to claims of privilege.  We previously provided an initial and a revised log.  We enclose a second revised log.

We reserve the right to amend or augment the log further between now and its due date, April 19, 2007.

SSD has taken diligent steps to review its documents for attorney work product, attorney-client privilege and confidentiality.  Given the large number of files under review, the length of time that has passed since most of the work was performed, and the number of entities that might claim a privilege as to documents in SSD's possession, we reserve the right to request the return of any documents that are later discovered to be subject to a claim of privilege and to have been inadvertently produced.

In addition, this is to acknowledge that we have received your letter of April 12, 2007 regarding the privilege log, and will respond shortly.

Sincerely,

SQUIRE, SANDERS & DEMPSEY L.L.P.

Diane L. Gibson

DLG/mdd

SANFRANCISCO/217026.1

CINCINNATI • CLEVELAND • COLUMBUS • HOUSTON • LOS ANGELES • MIAMI • NEW YORK • PALO ALTO • PHOENIX • SAN FRANCISCO • TALLAHASSEE • TAMPA • TYSONS CORNER
WASHINGTON DC • WEST PALM BEACH | CARACAS • RIO DE JANEIRO • SANTO DOMINGO | BRATISLAVA • BRUSSELS • BUDAPEST • FRANKFURT • LONDON • MOSCOW
PRAGUE • WARSAW | BEIJING • HONG KONG • SHANGHAI • TOKYO | ASSOCIATED OFFICES: BUCHAREST • BUENOS AIRES • DUBLIN • KYIV • MILAN • SANTIAGO
www.ssd.com

# Privilege Log for Documents Withheld from Production by Squire, Sanders & Dempsey L.L.P.

The following abbreviations or short form references as used in the log below mean and include the following definitions:

KEY:

G&J = Graham & James L.L.P.
SSD = Squire, Sanders & Dempsey L.L.P.
Nicholas Unkovic = Attorney, G&J, SSD
Francis G. Toldi = Attorney, G&J
Jennifer Hernandez = Attorney, G&J
Nicole Leonard = Attorney, SSD
Maureen Bennett = Attorney, G&J, SSD

Robert Thompson = Attorney, G&J
Faye Lee = Attorney, G&J
David S. Elkins = Attorney, SSD
Diane L. Gibson = Attorney, SSD
James P. Murphy = Attorney, SSD
Suzanne Henderson = Attorney, SSD

A/C = Document constituting or reflecting analysis or communications protected by the attorney-client privilege, including common interest or joint defense privilege
W/P = Document protected by attorney work product doctrine under state and/or federal law
Compilation = All or part of privileged compilation of documents; non-responsive portions not included
Due Diligence and Transaction Documentation = Legal advice and services provided in connection with the negotiation and documentation of a transaction, for a variety of purposes. Those purposes include transaction evaluation, preparation of transaction documentation, and advice re preparation for operational contingencies going forward, including litigation, among many others
Univar Audit Committee Documentation:  Privileged post-acquisition evaluation regarding a variety of subject matters, including legal advice and/or evaluation of potential litigation

| No. | Bates No(s) | Name, Job Title/Capacity of Author | Name, Job Title/Capacity of Known Recipients | Date Prepared, Sent/ Shared | Title | Description | Subject | Purpose for which Prepared | Privilege Asserted |
|---|---|---|---|---|---|---|---|---|---|
| 1. | SSD010890-010900 | Original document prepared by McKesson and/or its attorneys; notations added by G&J personnel including Michael Myers, Francis G. Toldi and G&J legal assistant or law clerk | G&J, and possibly G&J and/or SSD's client representatives | Bears date of 10/31/86, but may have been prepared earlier | Asset Purchase and Sale Agreement Closing, with Memorandum of Closing | Draft Memorandum of Closing, with attorney and legal assistant notes | Sale of assets of McKesson Chemical Co. to DSW, Inc. | Due Diligence and Transaction Documentation | A/C W/P |

| No. | Bates No(s) | Name, Job Title/Capacity of Author | Name, Job Title/Capacity of Known Recipients | Date Prepared, Sent/ Shared | Title | Description | Subject | Purpose for which Prepared | Privilege Asserted |
|---|---|---|---|---|---|---|---|---|---|
| 2 | SSD010901 | Francis G. Toldi | Galen Buisson, Pakhoed Development, Inc. | 9/1/86 | Letter | Communication reflecting transmittal of copies of communication; documents received from McKesson | Transmittal of documents | Cover letter reflecting attorney-client communication; Due Diligence and Transaction Documentation | A/C W/P |
| 3. | SSD010903-010905 | G&J | G&J and possibly G&J and/or SSD client representatives | 7/3/86 (approx.) | McKesson Confidential Files Listing | Listing of certain documents received by G&J from McKesson, with G&J notations | List of McKesson files | Due Diligence and Transaction Documentation | A/C W/P |
| 4. | SSD011640-011642 | G&J | G&J and/or SSD client representatives | 7/3/86 (approx.) | McKesson Confidential Files Listing | Listing of certain documents received by G&J from McKesson, with G&J notations (same as 10903-10905 but with different notations) | List of McKesson files | Due Diligence and Transaction Documentation | A/C W/P |
| 5. | SSD011818-011852 | G&J | G&J and possibly G&J and/or SSD client representatives | 7/23/86 (approx.) | Due Diligence Document Review Summary (Non-Environmental) | Due Diligence Document Review Summary (Non-Environmental) with G&J notations | Transaction due diligence | Due Diligence and Transaction Documentation | A/C W/P |
| 6. | SSD011853-011893 | G&J | G&J and possibly G&J and/or SSD client representatives | 8/1/86 (approx.) | Due Diligence Document Review Summary (Non-Environmental) | Due Diligence Document Review Summary (Non-Environmental) with G&J notations (Faye Lee, Esq. and others) | Transaction due diligence | Due Diligence and Transaction Documentation | A/C W/P |

2

SFRANCISCO/2170391.1 Revised April 16, 2007

| No. | Bates No(s) | Name, Job Title/Capacity of Author | Name, Job Title/Capacity of Known Recipients | Date Prepared, Sent/ Shared | Title | Description | Subject | Purpose for which Prepared | Privilege Asserted |
|---|---|---|---|---|---|---|---|---|---|
| 7. | SSD011894-011946 | G&J | G&J, and possibly G&J and/or SSD client representatives | 8/1/86 (approx.) | Due Diligence Document Review Summary (Non-Environmental) | Due Diligence Document Review Summary (Non-Environmental) notations | Transaction due diligence | Due Diligence and Transaction Documentation | A/C W/P |
| 8. | SSD011947-011997 | G&J | G&J, and possibly G&J and/or SSD client representatives | 8/13/86 (approx.) | Due Diligence Document Review Summary (Non-Environmental) | Due Diligence Document Review Summary (Non-Environmental) With G&J notations | Transaction due diligence | Due Diligence and Transaction Documentation | A/C W/P |
| 9. | SSD011998-012059 | G&J | G&J, and possibly G&J and/or SSD client representatives | 8/19/86 (approx.) | Due Diligence Document Review Summary (Non-Environmental) | Due Diligence Document Review Summary (Non-Environmental) With G&J notations | Transaction due diligence | Due Diligence and Transaction Documentation | A/C W/P |
| 10. | SSD012060-012121 | G&J | G&J, and possibly G&J and/or SSD client representatives | 8/22/86 (approx.) | Due Diligence Document Review Summary (Non-Environmental) | Due Diligence Document Review Summary (Non-Environmental) With G&J notations | Transaction due diligence | Due Diligence and Transaction Documentation | A/C W/P |
| 11. | SSD012122-012197 | G&J | G&J, and possibly G&J and/or SSD client representatives | 9/11/86 (approx.) | Due Diligence Document Review Summary (Non-Environmental) | Due Diligence Document Review Summary (Non-Environmental) notations | Transaction due diligence | Due Diligence and Transaction Documentation | A/C W/P |
| 12. | SSD013804-013805 and SSD013820-013822 and SSD013826-013879 | SSD | SSD and possibly SSD client representatives | 2002 | None | Compilation of documents re: environmental issues | Environmental issues | Compilation re legal analysis, advice, and analysis of litigation and potential disputes or litigation | A/C W/P |

3

SANFRANCISCO/217039.1 Revised April 16, 2007

| No. | Bates No(s) | Name, Job Title/Capacity of Author | Name, Job Title/Capacity of Known Recipients | Date Prepared, Sent/ Shared | Title | Description | Subject | Purpose for which Prepared | Privilege Asserted |
|---|---|---|---|---|---|---|---|---|---|
| 13. | SSD013806-013813 | SSD | N/A | 8/31/02 | Draft Invoice | Draft invoice reflecting description of certain documents to F. Ross Boundy, attorney for Univar | Draft invoice for legal work performed | Billing; includes description of work performed re legal analysis, litigation and/or advice, and analysis of potential dispute or litigation | A/C W/P |
| 14. | SSD013814-013819 | SSD | Joel Summer Univar USA, Inc. | 9/12/02 | Invoice | Invoice reflecting *inter alia*, transmittal of certain documents to F. Ross Boundy, attorney for Univar | Invoice for legal work performed | Billing; includes description of work performed re legal analysis, litigation and/or advice, and analysis of potential dispute or litigation | A/C W/P |
| 15. | SSD013823-013824 | Francis G. Toldi | G&J, possibly G&J and/or SSD client representatives | 9/11/86 | Memorandum | Memorandum re: documents received from McKesson | Status of due diligence | Due Diligence and Transaction Documentation | A/C W/P |
| 16. | SSD013880 | Nicole Leonard | Erik Lannon, Records, SSD, and possibly SSD client representatives | 6/02 | Index of certain documents re: 1986 transaction, with directions re: storage | Index of certain documents received from McKesson, with SSD notations | Document index | Storage directions, reflecting advice to or communications with client and analysis of litigation and potential disputes or litigation | A/C W/P |
| 17. | SSD013881-013882 | Nicole Leonard | None known | 2002 | Untitled (Draft of SSD013880, above) | Index of certain documents received from McKesson | Document index | Storage directions, reflecting advice to or communications with client and analysis of litigation and potential disputes or litigation | A/C W/P |

4

| No. | Bates No(s) | Name, Job Title/Capacity of Author | Name, Job Title/Capacity of Known Recipients | Date Prepared, Sent/ Shared | Title | Description | Subject | Purpose for which Prepared | Privilege Asserted |
|---|---|---|---|---|---|---|---|---|---|
| 18. | SSD013884-013965 | G&J | G&J, and possibly G&J and/or SSD client representatives | 10/23/86 (approx.) | Due Diligence Document Review Summary (Non-Environmental) with notations | Due Diligence Document Review Summary (Non-Environmental) with G&J notations | Due diligence | Due Diligence and Transaction Documentation | A/C W/P |
| 19. | SSD013966-014181 | G&J | G&J, and possibly G&J and/or SSD client representatives | 8/13/86–9/02/86 (approx.) | Due Diligence Document Review Summary (Environmental) | Due Diligence Document Review Summary (Environmental) with G&J notations | Due diligence | Due Diligence and Transaction Documentation | A/C W/P |
| 20. | SSD014182-014239 | G&J | G&J, and possibly G&J and/or SSD client representatives | 8/13/86 (approx.) | Due Diligence Document Review Summary (Non-Environmental) notations | Due Diligence Document Review Summary (Non-Environmental) notations | Due diligence | Due Diligence and Transaction Documentation | A/C W/P |
| 21. | SSD014240-014268 | Harding Lawson or other agents of Univar/Van Waters & Rogers | SSD | Unknown | None | Compilation of documents prepared at direction of Univar's attorneys | Environmental issues | Compilation re Legal communications, advice, and/or litigation and/or potential dispute and litigation analysis | A/C W/P |
| 22. | SSD014269-014285 | Univar or its agents | SSD | 1987 | None | Compilation of documents prepared for Univar Audit Committee | Environmental issues | Compilation re Univar Audit Committee Documentation | A/C W/P |

\NFRANCISCO\2\27039.1 Revised April 16, 2007

| No. | Bates No(s) | Name, Job Title/Capacity of Author | Name, Job Title/Capacity of Known Recipients | Date Prepared, Sent/ Shared | Title | Description | Subject | Purpose for which Prepared | Privilege Asserted |
|---|---|---|---|---|---|---|---|---|---|
| 23. | SSD014286-014338 | Shidler firm or Univar or its agents at direction of Shidler firm | SSD | 1987 | None | Compilation prepared in 1987 for Univar Environmental Task Force by or on behalf of Shidler firm | Environmental issues | Compilation re Univar Audit Committee Documentation | A/C W/P |
| 24. | SSD014339-014340 | Allan Bakalian, Esq. | Wayne Grotheer; Jim Holley, G&J and/or SSD (at unknown date) | 8/25/93 | Memorandum re: McKesson Storage Files | Memorandum re boxes of McKesson files with attached list (excerpt) | Transmittal of information about files | Transmittal of document information or legal advice and/or litigation and/or potential dispute or litigation analysis | A/C W/P |
| 25. | SSD014341-014346 | SSD | SSD | Unknown | None | Compilation of documents re: environmental issues | Environmental issues | Compilation re legal advice, communications, and/or litigation and/or potential litigation and/or dispute analysis | A/C W/P |
| 26. | SSD014347-014348 | Allan Bakalian, Esq. | Wayne Grotheer; Jim Holley, G&J and/or SSD (at unknown date) | 8/25/93 | Memorandum re: McKesson Storage Files | Memorandum re boxes of McKesson files with attached list (excerpt) | Transmittal of information about files | Transmittal of document information or legal advice and/or litigation and/or potential dispute or litigation analysis | A/C W/P |
| 27. | SSD014349-914350 | Allan Bakalian, Esq. | Wayne Grotheer; Jim Holley, G&J and/or SSD (at unknown date) | 8/25/93 | Memorandum re: McKesson Storage Files | Memorandum re boxes of McKesson files with attached list (excerpt) | Transmittal of information about files | Transmittal of document information or legal advice and/or litigation and/or potential dispute or litigation analysis | A/C W/P |

| No. | Bates No(s) | Name, Job Title/Capacity of Author | Name, Job Title/Capacity of Known Recipients | Date Prepared, Sent/ Shared | Title | Description | Subject | Purpose for which Prepared | Privilege Asserted |
|---|---|---|---|---|---|---|---|---|---|
| 28. | SSD014351-014352 | Allan Bakalian, Esq. | Wayne Grotheer; Jim Holley; G&J and/or SSD (at unknown date) | 8/25/93 | Memorandum re: McKesson Storage Files | Memorandum re boxes of McKesson files with attached list (excerpt) | Transmittal of information about files | Transmittal of document information or legal advice and/or litigation and/or potential dispute or litigation analysis | A/C W/P |
| 29. | SSD014353-014366 | G&J or SSD | Unknown | Unknown | None | Compilation of permit documents | Permit documents | Legal communications, litigation and/or advice, and/or potential dispute or litigation analysis | A/C |
| 30. | SSD014710-014794 | Univar or its agents | Univar | 1987 | None | Compilation of documents prepared in 1987 for Univar Environmental Task Force | Environmental issues | Compilation re Univar Audit Committee Documentation | A/C W/P |
| 31. | SSD014804-014827 | Unknown – investigation continuing as to source and author of document | Unknown | Undated | Environmental Risk Assessment Questionnaires | Compilation of environmental questionnaires | Environmental issues | Possibly compilation re Due Diligence and Transaction Documentation. May have been prepared for purposes of legal advice or potential dispute or litigation analysis | A/C W/P (Potential) |
| 32. | SSD014902-014903 | Allan Bakalian, Esq. | Wayne Grotheer; Jim Holley; G&J and/or SSD (at unknown date) | 8/25/93 | Memorandum re: McKesson Storage Files | Memorandum re boxes of McKesson files with attached list (excerpt) | Transmittal of information about files | Transmittal of document information or legal advice and/or litigation and/or potential dispute or litigation analysis | A/C W/P |

| No. | Bates No(s) | Name, Job Title/Capacity of Author | Name, Job Title/Capacity of Known Recipients | Date Prepared, Sent/ Shared | Title | Description | Subject | Purpose for which Prepared | Privilege Asserted |
|---|---|---|---|---|---|---|---|---|---|
| 33. | SSD014904 | Maureen Bennett | F. Ross Boundy, attorney for Univar | 8/20/02 | Letter | Letter re: transmittal of files | Transmittal of files | Transmittal of files associated with legal advice and/or litigation and/or potential dispute or litigation analysis | A/C W/P |
| 34. | SSD014969 | G&J personnel | G&J personnel | Undated | None | Document Inventory | Document Inventory | Document Inventory Transaction Documentation | A/C W/P |
| 35. | SSD014970-014971 | Robert Thompson | Jennifer Hernandez | 1/9/86 (may be incorrectly dated – possibly 1/9/87) | Memorandum | Memorandum re: McKesson site documents with attached box list, with G&J notations | McKesson site documents | Due Diligence and Transaction Documentation and transmittal of files associated with legal advice and/or litigation and/or potential dispute or litigation analysis | A/C W/P |
| 36. | SSD014972-014973 | G&J | G&J | (Approx.) 2/87 | Univar Document Inventory | Document Inventory | Document Inventory | Description of document locations associated with Due Diligence and Transaction Documentation | A/C W/P |
| 37. | SSD014974-014976 | G&J | G&J | 2/26/87 | Master Document Inventory; February 26, 1987 mailing | Document Inventory | Document Inventory | Description of document locations associated with Due Diligence and Transaction Documentation | A/C W/P |

SNFRANCISCO/217039 I Revised April 16, 2007

| No. | Bates No(s) | Name, Job Title/Capacity of Author | Name, Job Title/Capacity of Known Recipients | Date Prepared, Sent/Shared | Title | Description | Subject | Purpose for which Prepared | Privilege Asserted |
|---|---|---|---|---|---|---|---|---|---|
| 38. | SSD014979-014980 | Allan Bakalian, Esq. | Wayne Grotheer; Jim Holley; G&J and/or SSD (at unknown date) | 8/25/93 | Memorandum re: McKesson Storage Files | Memorandum re boxes of McKesson files with attached list (excerpt) | Transmittal of information about files | Transmittal of document information or legal advice and/or litigation and/or potential dispute or litigation analysis | A/C W/P |
| 39. | SSD014981-014982 | Allan Bakalian, Esq. | Wayne Grotheer; Jim Holley; G&J and/or SSD (at unknown date) | 8/25/93 | Memorandum re: McKesson Storage Files | Memorandum re boxes of McKesson files with attached list (excerpt) | Transmittal of information about files | Transmittal of document information or legal advice and/or litigation and/or potential dispute or litigation analysis | A/C W/P |
| 40. | SSD015005-015006 | Allan Bakalian. Esq. | Wayne Grotheer; Jim Holley; G&J and/or SSD (at unknown date) | 8/25/93 | Memorandum re: McKesson Storage Files | Memorandum re boxes of McKesson files with attached list (excerpt) | Transmittal of information about files | Transmittal of document information or legal advice and/or litigation and/or potential dispute or litigation analysis | A/C W/P |
| 41. | SSD015069 | Faye Lee | Susan Schmidt; Univar; Nicholas Unkovic | 12/17/87 | Letter | Letter re: transmittal of document | Transmittal of document | Cover letter associated with Due Diligence and Transaction Documentation | A/C W/P |
| 42. | SSD015079 | Joel Summer, Univar | Nicholas Unkovic | 7/29/02 | E-mail | Transmittal of documents | Document transmittal | Client communication relating to transmittal of documents associated with legal advice and/or litigation and/or potential litigation or dispute analysis | A/C W/P |

9

| No. | Bates No(s) | Name, Job Title/Capacity of Author | Name, Job Title/Capacity of Known Recipients | Date Prepared, Sent/ Shared | Title | Description | Subject | Purpose for which Prepared | Privilege Asserted |
|---|---|---|---|---|---|---|---|---|---|
| 43. | SSD015079 | Nicholas Unkovic | Maureen Bennett, David S. Elkins, and James P. Murphy, attorneys | 7/30/02 | E-mail | Transmittal of documents | Document transmittal | Internal SSD communication relating to transmittal of documents associated with legal advice and/or litigation and/or potential litigation or dispute analysis | A/C W/P |
| 44. | SSD015303 | Suzanne Henderson | Leslie R. Schenck, Garvey Schubert Barer | 3/28/07 | Letter | Letter re: transmittal of copies of documents | Document transmittal | Letter relating to transmittal of copies of documents associated with legal advice and/or litigation and/or potential litigation or dispute analysis | A/C W/P |
| 45. | SSD015310 | Maureen Bennett | Vic Johnson, Harding Lawson Associates | 6/28/96 | Letter | Letter re: transmittal of copies of documents. (Also includes privileged communications regarding unrelated matter for another client) | Document transmittal | Client communication; internal SSD communication relating to transmittal of documents associated with legal advice and/or litigation and/or potential litigation or dispute analysis | A/C W/P |

VNFRANCISCO/2170391.1 Revised April 16, 2007

| No. | Bates No(s) | Name, Job Title/Capacity of Author | Name, Job Title/Capacity of Known Recipients | Date Prepared, Sent/ Shared | Title | Description | Subject | Purpose for which Prepared | Privilege Asserted |
|---|---|---|---|---|---|---|---|---|---|
| 46. | SSD15311 | Maureen Bennett | Jean Warren, Pakhoed Corporation | 6/6/96 | Letter | Letter re: transmittal of copies of documents | Document transmittal | Letter relating to transmittal of copies of documents associated with legal advice and/or potential litigation or dispute analysis | A/C W/P |
| 47. | SSD015306-015307 | Suzanne Henderson | Leslie R. Schenck, Garvey Schubert Barer | 3/5/07 | Letter | Letter re: transmittal of copies of documents | Document transmittal | Letter relating to transmittal of copies of documents associated with legal advice and/or potential litigation or dispute analysis | A/C W/P |
| 48. | SSD015342 | Jennifer L. Hernandez | James F. Neyens, P.E., Harding Lawson Associates | 9/15/86 | Letter | Letter re: transmittal of copies of documents | Document transmittal | Letter relating to transmittal of files associated with legal advice and/or litigation and/or potential dispute or litigation analysis | A/C W/P |
| 49. | SSD 012283 | Suzanne Henderson | N/A | 11/14/06-11/16/06 | Notes | Handwritten notes of telephone conference with Leslie Schenck | Documents | Communication re files associated with legal advice and/or litigation and/or potential dispute or litigation analysis | A/C W/P |
| 50. | SSD 012284 | Suzanne Henderson | File | 10/24/06 | Memorandum | Memo to file re: telephone message from Leslie Schenck on 10/23/06 | Documents | Due Diligence and Transaction Documentation; transmittal of files associated with legal advice and/or litigation and/or potential dispute or litigation analysis | A/C W/P |

11

| No. | Bates No(s) | Name, Job Title/Capacity of Author | Name, Job Title/Capacity of Known Recipients | Date Prepared, Sent/ Shared | Title | Description | Subject | Purpose for which Prepared | Privilege Asserted |
|---|---|---|---|---|---|---|---|---|---|
| 51. | SSD 015659, 05714-758, 015782-16067 | SSD | SSD client representatives, including Jennifer Kuenster, Thelen Reid & Priest LLP, Trish Kirschten (w/o encls); Joe Adams (w/o encls) | 7/25/02 | None | Letter and compilation of documents re Environmental Issues | Environmental Issues | Compilation re legal analysis, advice, and analysis of litigation and potential disputes or litigation | A/C W/P |
| 52. | SSD 016200 | Maureen Bennett | Joel S. Summer, Vopak USA, Inc.; cc Nick Unkovic | 5/3/02 | None | Letter | Documents | Transmittal of documents re legal analysis, advice, and analysis of litigation and potential disputes or litigation | A/C W/P |
| 53. | SSD 016201 | Maureen Bennett | Mark Hooper Consultant to Univar; cc Nick Unkovic | 5/7/02 | McKesson | Letter | Documents | Transmittal of documents re legal analysis, advice, and analysis of litigation and potential disputes or litigation | A/C W/P |
| 54. | SSD 16202 | Nicole Leonord | SSD and SSD client representatives, including Jennifer Kuenster, Trisch Kirschten (w/o encls), Maureen Bennett (w/o encls) | 7/23/02 (Unclear whether draft or sent) | Privileged | Letter | Documents | Letter transmitting documents reflecting legal analysis, advice, and analysis of litigation and potential disputes or litigation, or draft thereof | A/C W/P |

\NFRANCISCO/217039-1 Revised April 16, 2007

| No. | Bates No(s) | Name, Job Title/Capacity of Author | Name, Job Title/Capacity of Known Recipients | Date Prepared, Sent/ Shared | Title | Description | Subject | Purpose for which Prepared | Privilege Asserted |
|---|---|---|---|---|---|---|---|---|---|
| 55. | SSD 016203-016209 | Sharon Webster, G&J Records | Unknown | 3/28/94 | Closed Files List | List of files | List of files | Storage of Due Diligence and Transaction Documentation and Documents regarding legal advice and/or advice re litigation, and/or advice re potential disputes or litigation | A/C W/P |
| 56. | Various | See attached | See attached | See attached | See attached | All documents on McKesson's privilege logs attached hereto | See attached | See attached | A/C W/P |

Produced 4/13/07

## McKesson Privilege Log re: MCC-Related Documents Provided By Squire, Sanders & Dempsey

| | Date | Author(s) | Recipient(s) | CC | Subject | Format/Description | Purpose | Bates No. | Privilege |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 8/18/1986 | Dinah Darman, Esq. McK | Dick Davis, McK VP, Materials Mgmt | | MES Air sampling audit | Handwritten Note re: MES Air Sampling Audit with recommendations as to implementation. | In-house counsel providing legal advice to McKesson. | SSD00067 | A/C, AWP |
| 2 | 10/08/1986 | Dinah Darman, Esq. McK | Ron Powell, McK Regional Manager | Barry Blocker McK President, Jon d'Alessio, Morry Minor | Proposed terminal agreement w/ Lake River Corporation | Intra-Company Correspondence re: Dinah Darman's suggested revisions re: Proposed Terminal Agreement with Lake River Corp. | In-house counsel providing legal advice to McKesson. | SSD00540-SSD00541 | A/C, AWP |
| 3 | 10/14/1986 | Ronald Powell, McK Regional Manager | Dinah Darman, Esq, McK | | Proposed terminal agreement w/ Lake River Corporation | Intra-Company Correspondence re: Proposed Terminal Agreement with Lake River Corp., seeking legal advice. | McKesson employee seeking legal advice from in-house counsel. | SSD00645-SSD00648 | A/C, AWP |
| 4 | 9/3/1985 | Ivan Meyerson, Esq., McK | Lydia Embry, McK Corporate Real Estate Division | | McKesson Chemical Wichita facility AT&SF railroad agreements | Intra-Company Correspondence re: Ivan Meyerson's suggested revisions to McKesson Chemical Wichita Facility AT&SF railroad agreements. | In-house counsel providing legal advice to McKesson. | SSD00663-SSD00664 | A/C, AWP |
| 5 | Sep-84 | Michael Hencke, F. Paul Pizzi of Pilko & Associates, Inc. | Dinah Darman, Esq, McK | | Environmental risk assessment of McKesson Chemical Company | Draft Environmental Risk Assessment of McKesson Chemical Company prepared at request of counsel. | In-house counsel providing legal advice to McKesson. | SSD001998-SSD002049 | A/C, AWP |
| 6 | 6/12/1986 | McKesson | McKesson | | Woodbury service center personnel list | Woodbury Service Center Personnel list, (REDACTED Social Security Numbers). | McKesson operational document. | SSD002140 | Privacy |
| 7 | 9/26/1986 | Robert Hickman, McK Regional Regulatory Manager | Dinah Darman, Esq, McK | B. Blocker McK President, D.A. Davis VP Materials Mgmt., R.R. Powell McK Regional Manager, M.S. Kirkland, T.E. Nisler, Art Weiner, File | Michigan EPA Complaint | Intra-Company Correspondence re: responding to Darman's memo of 9/25/86 re: responding to Taylor, Michigan EPA Complaint. Produced redacted version. | McKesson employee seeking legal advice from in-house counsel. | **SSD014857, SSD015047, SSD015426,** SSD002918 | A/C, AWP |
| 8 | 3/18/1986 | Ivan Meyerson, Esq., McK | G. Van Veisor Wolf, Esq., Lewis & Roca, McK outside counsel | Dick Davis VP Materials Mgmt, Nick Gardner McK Regional Compliance Specialist, Dwight Landry McK Mgr. Western Operations, | Environmental response activities at McKesson Chemical facility, Phoenix, AZ | Letter re: acting as outside counsel re: environmental response activities at McKesson Chemical Facility in Phoenix, AZ. | Obtaining outside counsel | SSD04722 | A/C, AWP |

Bold entries are from SSD's second set of documents (2 boxes) provided to McKesson on 4/5/07.

| # | Date | Author(s) | Recipient(s) | CC | Subject | Format/Description | Purpose | Bates No. | Privilege |
|---|---|---|---|---|---|---|---|---|---|
| 9 | 6/25/1986 | Dinah Darman, Esq., McK | Distribution: Dick Davis VP Materials Mgmt., Dwight Landry Mgr. Western Regional Operations, Nick Gardner Regional Compliance Specialist, Dale Sands, McK VP General Manger | | Contract to MCC & Chemical Waste Mgmt., Inc. re: Phoenix facility soil removal | Intra-Company Correspondence re: preparation of contract between MCC and Chemical Waste Management Inc. (CWMI) re: MCC Phoenix facility soil removal. | In-house counsel providing legal advice to McKesson. | SSD004749 | A/C, AWP |
| 10 | 6/30/1986 | Nick Gardner McK Regional Compliance Specialist | Dick Davis, McK VP Materials Mgmt. | J. Lacey, D. Landry McK Mgr. Western Regional site Operations, B. Cormin, R. Nugent/M. Bango, W. Loo, McK Director Geo-Technical Services bcc: Phoenix Environmental File | McKesson Phoenix site investigation/activities report | Intra-Company Correspondence re: Phoenix site investigation/activities report (REDACTED text describing discussions with Ivan Meyerson, Esq. and G. Van Velsor Wolf, Esq., McK outside counsel) Produced redacted version. | Determine site investigation strategy | SSD004758-SSD004760, SSD004914-SSD004916 (duplicate copy) | A/C, AWP |
| 11 | 7/2/1986 | Dinah Darman, Esq., McK | Nick Gardner, McK Regional Compliance Specialist | | McKesson Phoenix facility soil removal | Intra-Company Correspondence re: Phoenix facility soil removal re: review of form agreement in operations manual for use with remedial contractor. | In-house counsel providing legal advice to McKesson. | SSD004762 | A/C, AWP |
| 12 | 7/8/1986 | Dinah Darman, Esq., McK | Dick Davis McK VP Materials Mgmt., Dwight Landry, Dale Sands, McK | | McKesson Phoenix facility soil removal | Intra-Company Correspondence re: Phoenix MCC facility soil removal re: comments on proposed Waste Transportation and Disposal Agreement with CWMI. | In-house counsel providing legal advice to McKesson. | SSD004794 | A/C, AWP |
| 13 | 7/25/1986 | Ivan Meyerson, Esq., McK | G. Van Velsor Wolf, Esq. Lewis & Roca, McK outside counsel | | McKesson Chemical Co. Glendale, AZ facility proposed compliance order | Letter re: MCC Phoenix Service Center re: draft compliance order issued by ADHS. | In-house counsel communication with outside counsel. | SSD004797 | A/C, AWP |

Bold entries are from SSD's second set of documents (2 boxes) provided to McKesson on 4/5/07

| Date | Author(s) | Recipient(s) | CC | Subject | Formal/Description | Purpose | Bates No. | Privilege |
|---|---|---|---|---|---|---|---|---|
| 14 | 8/4/1996 | Nick Gardner, McK Regional Compliance Specialist | I. Meyerson, Esq, McK, D. J. Landry Davis McK VP Materials Mgmt., W. Loo McK Director Geo-Technical Services, D. Landry McK Mgr. Western Regional Operations | | McKesson Chemical Co. Phoenix service center ADHS draft order | Intra-Company Correspondence re: I. Meyerson's preparation of response to center ADHS draft order re: Phoenix Service Center. | McKesson employee seeking legal advice from In-house counsel | SSD004798 | A/C, AWP |
| 15 | 8/19/1996 | Nick Gardner, McK Regional Compliance Specialist | I. Meyerson, Esq, McK, D. Davis McK VP Materials Mgmt., D. Landry McK Mgr. Western Regional Operations, W. Loo McK Director Geo-Technical Services, bcc: Phoenix Environmental | | McKesson Chemical Co. draft ADHS compliance order re: Phoenix facility | Intra-Company Correspondence re: N. Gardner's comments on draft ADHS compliance order re: Phoenix facility. | McKesson employee seeking legal advice from In-house counsel | SSD004805-SSD004807 | A/C, AWP |
| 16 | 2/1/1996 | Nick Gardner, McK Regional Compliance Specialist | Dick Davis, McK VP, Materials Mgmt. | J. Lacey, D. Landry, B. Crumm, W. Loo, R. Nugent | McKesson Chemical Co. re: Phoenix environmental response status report | Intra-Company Correspondence re: Phoenix environmental response status report. (REDACTED text of one entry describing discussions with Ivan Meyerson, Esq.) Produced redacted version. | Determine site investigation strategy | SSD004908-SSD004911, SSD004717-SSD004719 (duplicate copy) | A/C, AWP |
| 17 | 4/11/1996 | Dick Davis, McK Materials Mgmt. | | J. Lacey, D. Landry, B. Crumm, R. Nugent M. Bango, W. Loo. | McKesson Chemical Co. re: Phoenix environmental response activities report | Intra-Company Correspondence re: Phoenix environmental response activities report. (REDACTED text of one entry describing discussions with Ivan Meyerson, Esq. and G. Van Vetsor Wolf, Esq., McK outside counsel.) Produced redacted version. | Determine site investigation strategy | SSD004912-SSD004913, SSD004723-SSD004724 (duplicate copy) | A/C, AWP |
| 18 | 2/24/1986 | Susan Paulus, Esq., McK | **B. Blocker, Jon d'Alessio, Doug Eisner, Morrison Minor, Ivan Meyerson, Esq, Alan Pearce, Ronald Pimenta** | | **McKesson Chemical Co. re McElwee v. Ingalls Shipyards** | **Intra-Company Correspondence re: asbestos wrongful death action** | Update McKesson employees on status of litigation. | **SSD002067** | A/C, AWP |
| 19 | 5/19/1986 | Doug Eisner | **Susan Paulus, Esq.** | | **McKesson Chemical Co. re asbestos litigation.** | **Intra-Company Correspondence re: fact-gathering re: asbestos litigation.** | Communicate with in-house counsel. | **SSD002078** | A/C, AWP |
| 20 | 5/28/1982 | Ivan Meyerson, Esq. | Doug Eisner | | **Foremost-McKesson re New Jersey application.** | **Intra-Company Correspondence re responding to inquiry re New Jersey application.** | Provide legal advice on how to respond to inquiry. | **SSD008029, SSD015410 (Duplicate copy)** | A/C, AWP |

3 of 4

Bold entries are from SSD's second set of documents (2 boxes) provided to McKesson on 4/5/07.

| | Date | Author(s) | Recipient(s) | CC | Subject | Format/Description | Purpose | Bates No. | Privilege |
|---|---|---|---|---|---|---|---|---|---|
| 21 | 6/11/1981 | Unknown | Arthur W. Knapp | McK Regional VP; District Manager, V. T. Staraci, Home Office | McKesson Chemical Co. report of government inspection for Detroit Chemical | Intra-Company Report of Government Inspection form re Detroit facility. | Provide report of inspection to law department. | SSD014836 | A/C, AWP |

**Documents Withheld as Privileged From Documents Provided By Squire Sanders & Dempsey Because Already Listed on Previously Produced Privilege Logs**

| Document | Date | Author(s) | Recipient(s) | Document Format/Description | SSD Bates Numbers | Name/Date of Privilege Log(s) on Which Document Previously Logged* | Bates Numbers of Document on Previously Produced Privilege Logs |
|---|---|---|---|---|---|---|---|
| 1 | Undated | A. G. Weiner, J.T. Hutton, MCK Members | Environmental Audit Committee | Environmental Audit Report with Environmental Audit Committee findings. | SSD000002-SSD000006 | McKesson Environmental Audit Committee Privilege Log produced 6/17/05 | MCK0054430-MCK0054434 |
| 2 | 1/28/1986 | I. Meyerson, MCK | File | Minutes from meetings of Environmental Audit Committee. | SSD000038-SSD000040, SSD001971-SSD001973 (duplicate copy) | McKesson Environmental Audit Committee Privilege Log produced 6/17/05 | MCK0054388-MCK0054390 |
| 3 | 3/27/1985 | I. Meyerson, MCK | File | Minutes from meetings of Environmental Audit Committee. | SSD000041-SSD000045, SSD001974-SSD001978 (duplicate copy) | McKesson Environmental Audit Committee Privilege Log produced 6/17/05 | MCK0054391-MCK0054395 |
| 4 | 6/20/1985 | I. Meyerson, MCK | File | Minutes from meetings of Environmental Audit Committee. | SSD000046-SSD000047, SSD001979-SSD001980 (duplicate copy) | McKesson Environmental Audit Committee Privilege Log produced 6/17/05 | MCK0054396-MCK0054397 |
| 5 | 9/27/1985 | D. Yellon, MCK | File | Minutes from meetings of Environmental Audit Committee. | SSD000048-SSD000050, SSD001981-SSD001983 (duplicate copy) | McKesson Environmental Audit Committee Privilege Log produced 6/17/05 | MCK0054398-MCK0054400 |
| 6 | 12/17/1985 | I. Meyerson, MCK | File | Minutes from meetings of Environmental Audit Committee. | SSD000051-SSD000053, SSD001984-SSD001986 (duplicate copy) | McKesson Environmental Audit Committee Privilege Log produced 6/17/05 | MCK0054401-MCK0054403 |
| 7 | 1/27/1986 | I. Meyerson, MCK | File | Minutes from meetings of Environmental Audit Committee. | SSD000054-SSD000056, SSD001987-SSD001989 (duplicate copy) | McKesson Environmental Audit Committee Privilege Log produced 6/17/05 | MCK0054404-MCK0054406 |
| 8 | 3/3/1986 | I. Meyerson, MCK | File | Minutes from meetings of Environmental Audit Committee. | SSD000057-SSD000058, SSD001990-SSD001991 (duplicate copy) | McKesson Environmental Audit Committee Privilege Log produced 6/17/05 | MCK0054407-MCK0054408 |

Bold entries are from SSD's second set of documents (2 boxes) provided to McKesson on 4/5/07.

| Document Date | Author(s) | Recipient(s) | Document Format/Description | SSD Bates Numbers | Name/Date of Privilege Log(s) on Which Document Previously Logged* | Bates Numbers of Document on Previously Produced Privilege Logs |
|---|---|---|---|---|---|---|
| 9 | 3/31/1986 | I. Meyerson, MCK | File | Minutes from meetings of Environmental Audit Committee. | SSD000059-SSD000060, SSD001992-SSD001993 (duplicate copy) | McKesson Environmental Audit Committee Privilege Log produced 6/17/05 | MCK0054409-MCK0054410 |
| 10 | 3/3/1986 | I. Meyerson, MCK | File | Minutes from meetings of Environmental Audit Committee. | SSD000061-SSD000062, SSD001994-SSD001995 (duplicate copy) | McKesson Environmental Audit Committee Privilege Log produced 6/17/05 | MCK0054407-MCK0054408 |
| 11 | 6/2/1986 | I. Meyerson, MCK | File | Minutes from meetings of Environmental Audit Committee. | SSD000063-SSD000064, SSD001996-SSD001997 (duplicate copy) | McKesson Environmental Audit Committee Privilege Log produced 6/17/05 | MCK0054411-MCK0054412 |
| 12 | 2/7/1985 | I. Meyerson, McK | File M. Minor, D. Schoonmaker, cc: B. Blocker | Intra-Company Correspondence re: memo re: observations of Environmental Audit Committee auditors at listed McK sites. | SSD000154-SSD000157 | McKesson Environmental Audit Committee Privilege Log produced 6/17/05 | MCK0054271-MCK0054273 |
| 13 | 9/10/1986 | R. Fehler, McK | I. Meyerson, McK | Intra-Company Correspondence re: Chemical Company tanks score cards. | SSD000166-SSD000191 | McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |
| 14 | 8/30/1985 | G. Slattery, M.D., Sands, McK | I. Meyerson, McK | Intra-Company Correspondence re: underground storage tank risk evaluation action plan for MCC and customers, with attached tables. | SSD000436-SSD000446 | McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |

2 of 25

Bold entries are from SSD's second set of documents (2 boxes) provided to McKesson on 4/5/07.

| Document Date | Author(s) | Recipient(s) | Document Format/Description | SSD Bates Numbers | Name/Date of Privilege Log(s) on Which Document Previously Logged* | Bates Numbers of Document on Previously Produced Privilege Logs |
|---|---|---|---|---|---|---|
| 15 | 2/26/1985 | Sheffield | | Completed Environmental Assessment Questionnaire, **Beaumont**, TX facility. | **SSD015022-SSD015034, SSD015042-SSD015045;** SSD011265-SSD001281, SSD001382-SSD001391 (duplicate copy), SSD001604 (duplicate copy), SSD001609-SSD001620 (duplicate copy), SSD001625-SSD001626 (duplicate copy) | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |
| 16 | 2/26/1985 | Wheeler | | Completed Environmental Assessment Questionnaire, Bloomington, IL facility. | **SSD014357, SSD014397-SSD014406, SSD010880-SSD010888; SSD001282-SSD001292, SSD003396-SSD003405** (duplicate copy) | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |
| 17 | 2/26/1985 | J. Foster | | Completed Environmental Assessment Questionnaire, Augusta, GA facility. | SSD001293-SSD001304, SSD003096-SSD003107 (duplicate copy) | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |

Bold entries are from SSD's second set of documents (2 boxes) provided to McKesson on 4/5/07.

| Document Date | Author(s) | Recipient(s) | Document Format/Description | SSD Bates Numbers | Name/Date of Privilege Log(s) on Which Document on Previously Logged* | Bates Numbers of Document on Previously Produced Privilege Logs |
|---|---|---|---|---|---|---|
| 18  2/27/1985 | J. Foster | I. Meyerson, McK | Completed Environmental Assessment Questionnaire, Altoona facility. (duplicate copy) | SSD001305-SSD001315, SSD003317-SSD003327 | McKesson Environmental Audit Committee Supplemental Privilege Log, McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/16/06 | No Bates |
| 19  2/25/1985 | Sheffield | | Completed Environmental Assessment Questionnaire, Houston, TX facility. | SSD001316-SSD001317, SSD001439-SSD001452, SSD001670 (duplicate copy), SSD001674-SSD001684 (duplicate copy), SSD001688-SSD001689 (duplicate copy) | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |
| 20  2/26/1985 | Sheffield | | Completed Environmental Assessment Questionnaire, Amarillo, TX facility. | SSD001318, SSD001322-SSD001328, SSD001331-SSD001332, SSD001589 (duplicate copy), SSD001593-SSD001599 (duplicate copy), SSD001602-SSD001603 (duplicate copy) | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |
| 21  2/27/1985 | Robert Hickman | | Completed Environmental Assessment Questionnaire, Appleton facility. | **SSD014388-SSD014396, SSD015035-SSD015041,** SSD001339-SSD001349, SSD003388-SSD003395 (duplicate copy) | | No Bates |

Bold entries are from SSD's second set of documents (2 boxes) provided to McKesson on 4/5/07.

| Document Date | Author(s) | Recipient(s) | Document Format/Description | SSD Bates Numbers | Name/Date of Privilege Log(s) on Which Document Previously Logged* | Bates Numbers of Document on Previously Produced Privilege Logs |
|---|---|---|---|---|---|---|
| 22 | Joseph Gisotti | | Completed Environmental Assessment Questionnaire, Albany, NY facility. | SSD001350-SSD001359, SSD003307-SSD003316 (duplicate copy) | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |
| 23  2/25/1985 | B. Crumm | | Completed Environmental Assessment Questionnaire, Albuquerque, NM facility. | SSD001360-SSD001369, SSD001415-SSD001422 (duplicate copy), SSD001473-SSD001483 (duplicate copy), SSD001726-SSD001734 (duplicate copy) | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |
| 24  2/26/1985 | G. Bernosk | | Completed Environmental Assessment Questionnaire, Los Angeles, CA facility. | SSD001372-SSD001381, SSD001487-SSD001495 (duplicate copy), SSD001737-SSD001746 (duplicate copy), SSD003033-SSD003041 (duplicate copy) | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |

Bold entries are from SSD's second set of documents (2 boxes) provided to McKesson on 4/5/07.

| Document Date | Author(s) | Recipient(s) | Document Format/Description | SSD Bates Numbers | Name/Date of Privilege Log(s) on Which Document Previously Logged* | Bates Numbers of Document on Previously Produced Privilege Logs |
|---|---|---|---|---|---|---|
| 25  2/26/1985  C. Piercy | | | Completed Environmental Assessment Questionnaire, Carin, NV facility. | SSD01392-SSD001401, SSD001882 (duplicate copy), SSD001886- SSD001892 (duplicate copy), SSD001895- SSD001896 (duplicate copy) | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |
| 26  2/22/1985  Sheffield | | | Completed Environmental Assessment Questionnaire, Corpus Christi, TX facility. | SSD001402-SSD001411, SSD001627 (duplicate copy), SSD001632- SSD001638 (duplicate copy), SSD001642- SSD001643 (duplicate copy) | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |
| 27  2/26/1985  Sheffield | | | Completed Environmental Assessment Questionnaire, Dallas/Fort Worth, TX facility. | SSD001412-SSD001414, SSD001423-SSD001438, SSD001644 (duplicate copy), SSD001649- SSD001664 (duplicate copy), SSD001668- SSD001669 (duplicate copy) | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |

Bold entries are from SSD's second set of documents (2 boxes) provided to McKesson on 4/5/07.

| Document Date | Author(s) | Recipient(s) | Document Format/Description | SSD Bates Numbers | Name/Date of Privilege Log(s) on Which Document Previously Logged* | Bates Numbers of Document on Previously Produced Privilege Logs |
|---|---|---|---|---|---|---|
| 28 | 2/27/1985 | Sheffield | | Completed Environmental Assessment Questionnaire, Oklahoma City, OK facility. | SSD001453-SSD001462, SSD001690 (duplicate copy), SSD001696-SSD001701 (duplicate copy), SSD001705-SSD001706 (duplicate copy) | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |
| 29 | 2/20/1985 | Sheffield | | Completed Environmental Assessment Questionnaire, San Antonio, TX facility. | SSD001463-SSD001472, SSD001484-SSD001486, SSD001707 (duplicate copy), SSD001711-SSD001717 (duplicate copy), SSD001720-SSD001721 (duplicate copy) | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |
| 30 | 2/26/1985 | Unknown | | Completed Environmental Assessment Questionnaire, Tustin/ Orange County, CA facility. | SSD001496-SSD001503, SSD001775 (duplicate copy), SSD001777-SSD001783 (duplicate copy) | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |

Bold entries are from SSD's second set of documents (2 boxes) provided to McKesson on 4/5/07.

| Document Date | Author(s) | Recipient(s) | Document Format/Description | SSD Bates Numbers | Name/Date of Privilege Log(s) on Which Document Previously Logged* | Bates Numbers of Document on Previously Produced Privilege Logs |
|---|---|---|---|---|---|---|
| 31 | 2/25/1985 | B. Crumm | | Completed Environmental Assessment Questionnaire, Phoenix, AZ facility. | SSD001504-SSD001516, SSD001786 (duplicate copy), SSD001790- copy), SSD001790- copy), SSD001798 (duplicate copy), SSD001802- SSD001803 (duplicate copy), SSD004839- copy), SSD004852 (duplicate copy) | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |
| 32 | 2/26/1985 | Unknown | | Completed Environmental Assessment Questionnaire, Riverside, CA facility. | SSD001517-SSD001524, SSD001804-SSD001811 (duplicate copy) | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |
| 33 | 2/21/1985 | Unknown | | Completed Environmental Assessment Questionnaire, Tucson, AZ facility. | SSD001525-SSD001532, SSD001814-SSD001821 (duplicate copy) | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |

Produced 4/13/07

Bold entries are from SSD's second set of documents (2 boxes) provided to McKesson on 4/5/07.

| Document Date | Author(s) | Recipient(s) | Document Format/Description | SSD Bates Numbers | Name/Date of Privilege Log(s) on Which Document Previously Logged* | Bates Numbers of Document on Previously Produced Privilege Logs |
|---|---|---|---|---|---|---|
| 34   2/26/1985 | C. Piercy | | Completed Environmental Assessment Questionnaire, Fresno, CA facility. | SSD001533-SSD001542, SSD001844-SSD001851 (duplicate copy), SSD001854-SSD001855 (duplicate copy) | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |
| 35   2/26/1985 | C. Piercy | | Completed Environmental Assessment Questionnaire, Grand Junction facility. | SSD001543-SSD001570, SSD001856 (duplicate copy), SSD001860-SSD001873 (duplicate copy), SSD001878-SSD001881 (duplicate copy) | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |
| 36   2/26/1985 | C. Piercy | | Completed Environmental Assessment Questionnaire, Portland, OR facility. | SSD001571-SSD001586, SSD001897, SSD001898-SSD001911 (duplicate copy), SSD001914-SSD001915 (duplicate copy) | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |

Bold entries are from SSD's second set of documents (2 boxes) provided to McKesson on 4/5/07.

| Document Date | Author(s) | Recipient(s) | Document Format/Description | SSD Bates Numbers | Name/Date of Privilege Log(s) on Which Document Previously Logged* | Bates Numbers of Document on Previously Produced Privilege Logs |
|---|---|---|---|---|---|---|
| 37 Undated | C. Piercy | | Completed Environmental Assessment Questionaire, Seattle, WA facility. | SSD001587-SSD001588, SSD001921 (duplicate copy), SSD003770, SSD003771-SSD003772 (duplicate copy) | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |
| 38 Undated | D. Landry | | Completed Environmental Assessment Questionaire, Odessa, TX facility. | **SSD014386-SSD014387;** SSD001724-SSD001725 | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |
| 39 2/25/1985 | Stan Barnhill | | Completed Environmental Assessment Questionnaire, Santa Fe Springs, CA facility. | SSD001753, SSD001757-SSD001766, SSD001771-SSD001774, SSD003752-SSD003761 (duplicate copy), SSD003766-SSD003767 (duplicate copy) | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |

Bold entries are from SSD's second set of documents (2 boxes) provided to McKesson on 4/5/07.

| Document Date | Author(s) | Recipient(s) | Document Format/Description | SSD Bates Numbers | Name/Date of Privilege Log(s) on Which Document Previously Logged* | Bates Numbers of Document on Previously Produced Privilege Logs |
|---|---|---|---|---|---|---|
| 40 | 2/26/1985 | C. Piercy | | Completed Environmental Assessment Questionnaire, Denver, CO facility. | SSD001825-SSD001837, SSD001842-SSD001843 | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |
| 41 | 2/27/1985 | C. Piercy | | Completed Environmental Assessment Questionnaire, Union City, CA facility. | SSD001927-SSD001933, SSD001936-SSD001939 | McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |
| 42 | 4/16/1986 | I. Meyerson, McK Pakhoed | Fred Gentry, Chemical sites. | List of pending Civil Litigation matters re: McKesson | SSD002050-SSD002053 | McKesson Pakhoed Documents Privilege Log, produced on 6/20/05 | MCK00054690-54693 |
| 43 | 2/25/1985 | Robert Hickman | | Completed Environmental Assessment Questionnaire, Kansas City, MO facility. | **SSD014604-SSD014619;** SSD003000-SSD003008, SSD003574, SSD003575-SSD003583 (duplicate copy) | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |
| 44 | Undated | Monty Jordan | | Completed Environmental Assessment Questionnaire, North Haven facility. | SSD003072-SSD3082 | McKesson Environmental Audit Committee Supplemental Privilege Log, produced 1/6/06 | No Bates |

Bold entries are from SSD's second set of documents (2 boxes) provided to McKesson on 4/5/07.

| Document Date | Author(s) | Recipient(s) | Document Format/Description | SSD Bates Numbers | Name/Date of Privilege Log(s) on Which Document Previously Logged* | Bates Numbers of Document on Previously Produced Privilege Logs |
|---|---|---|---|---|---|---|
| 45 | Undated   J. Foster | | Completed Environmental Assessment Questionnaire, Atlanta, GA facility. | SSD003083-SSD003095 | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |
| 46 | 2/21/1985   J. Foster | | Completed Environmental Assessment Questionnaire, Charlotte, NC facility. | SSD003108-SSD003119 | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |
| 47 | 2/25/1985   J. Foster | | Completed Environmental Assessment Questionnaire, Greensboro, NC, facility. | SSD003120-SSD003144 | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |

Produced 4/13/007

Bold entries are from SSD's second set of documents (2 boxes) provided to McKesson on 4/5/07.

| Document Number | Date | Author(s) | Recipient(s) | Document Format/Description | SSD Bates Numbers | Name/Date of Privilege Log(s) on Which Document Previously Logged* | Bates Numbers of Document on Previously Produced Privilege Logs |
|---|---|---|---|---|---|---|---|
| 48 | 2/26/1985 | J. Foster | | Completed Environmental Assessment Questionnaire, Jacksonville, MI facility. | SSD003145-SSD003168 | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |
| 49 | 2/22/1985 | J. Foster | | Completed Environmental Assessment Questionnaire, Richmond, VA facility. | SSD003169-SSD003178 | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |
| 50 | 2/25/1985 | J. Foster | | Completed Environmental Assessment Questionnaire, Spartanburg facility. | SSD003179-SSD003191 | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |

Bold entries are from SSD's second set of documents (2 boxes) provided to McKesson on 4/5/07.

| Document Date | Author(s) | Recipient(s) | Document Format/Description | SSD Bates Numbers | Name/Date of Privilege Log(s) on Which Document Previously Logged* | Bates Numbers of Document on Previously Produced Privilege Logs |
|---|---|---|---|---|---|---|
| 51 | Undated | J. Foster | | Completed Environmental Assessment Questionnaire, Tampa, FL facility. | SSD003192-SSD003213 | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |
| 52 | 2/25/1985 | J. Foster | | Completed Environmental Assessment Questionnaire, Chattanooga, TN facility. | SSD003214-SSD003223 | McKesson Environmental Audit Committee Supplemental Privilege Log, produced 1/6/06 | No Bates |
| 53 | 2/26/1985 | J. Foster | | Completed Environmental Assessment Questionnaire, Geismar, LA facility. | SSD003224-SSD003235 | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |
| 54 | 2/26/1985 | J. Foster | | Completed Environmental Assessment Questionnaire, Kingsport, TN facility. | SSD003236-SSD003247 | | No Bates |

Bold entries are from SSD's second set of documents (2 boxes) provided to McKesson on 4/5/07.

| Document Date | Author(s) | Recipient(s) | Document Format/Description | SSD Bates Numbers | Name/Date of Privilege Log(s) on Which Document Previously Logged* | Bates Numbers of Document on Previously Produced Privilege Logs |
|---|---|---|---|---|---|---|
| 55 | 2/26/1985 | J. Foster | | Completed Environmental Assessment Questionnaire, Lafayette, LA facility. | SSD003248-SSD003260 | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |
| 56 | Undated | J. Foster | | Completed Environmental Assessment Questionnaire, Little Rock, AR facility. | SSD003261-SSD003270 | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |
| 57 | 2/26/1985 | J. Foster | | Completed Environmental Assessment Questionnaire, Memphis, TN facility. | SSD003271-SSD003282 | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |

| Document Date | Author(s) | Recipient(s) | Document Format/Description | SSD Bates Numbers | Name/Date of Privilege Log(s) on Which Document Previously Logged* | Bates Numbers of Document on Previously Produced Privilege Logs |
|---|---|---|---|---|---|---|
| 58    2/26/1985  J. Foster | | | Completed Environmental Assessment Questionnaire, Mobile, AL facility. | SSD003283-SSD003292 | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |
| 59    2/26/1985  J. Foster | | | Completed Environmental Assessment Questionnaire, Nashville/Murfreesboro, TN facility. | SSD003293-SSD003306 | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |
| 60    Undated   J. Suchecki | | | Completed Environmental Assessment Questionnaire, Fayetteville, AR facility. | SSD003328-SSD003335 | | No Bates |

Bold entries are from SSD's second set of documents (2 boxes) provided to McKesson on 4/5/07.

| Document Date | Author(s) | Recipient(s) | Document Format/Description | SSD Bates Numbers | Name/Date of Privilege Log(s) on Which Document Previously Logged* | Bates Numbers of Document on Previously Produced Privilege Logs |
|---|---|---|---|---|---|---|
| 61 | 2/28/1985 | Monty Jordan | | Completed Environmental Assessment Questionnaire, Boston Medford, MA facility. | SSD003336-SSD003343 | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |
| 62 | 2/26/1985 | J. Foster | | Completed Environmental Assessment Questionnaire, Buffalo, NY facility. | SSD003344-SSD003353 | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |
| 63 | 2/25/1985 | J. Foster | | Completed Environmental Assessment Questionnaire, Harrisburg, PA facility. | SSD003354-SSD003363 | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |

Bold entries are from SSD's second set of documents (2 boxes) provided to McKesson on 4/5/07.

| Document Date | Author(s) | Recipient(s) | Document Format/Description | SSD Bates Numbers | Name/Date of Privilege Log(s) on Which Document Previously Logged* | Bates Numbers of Document on Previously Produced Privilege Logs |
|---|---|---|---|---|---|---|
| 64 | 2/26/1985 | J. Foster | | Completed Environmental Assessment Questionnaire, Philadelphia, PA facility. | SSD003364-SSD003373 | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |
| 65 | 2/26/1985 | J. Foster | | Completed Environmental Assessment Questionnaire, Woodbridge, NJ facility. | SSD003374-SSD003385 | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |
| 66 | 2/25/1985 | Unknown | | Completed Environmental Assessment Questionnaire, Chicago Heights, IL facility. | **SSD014407-SSD014426, SSD014682-SSD014684;** SSD003386-SSD003387, SSD003406-SSD003425 | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |

Bold entries are from SSD's second set of documents (2 boxes) provided to McKesson on 4/5/07.

| Document Date | Author(s) | Recipient(s) | Document Format/Description | SSD Bates Numbers | Name/Date of Privilege Log(s) on Which Document Previously Logged* | Bates Numbers of Document on Previously Produced Privilege Logs |
|---|---|---|---|---|---|---|
| 67 | 2/28/1985 | Unknown | | Completed Environmental Assessment Questionnaire, Grand Rapids, MI facility. | SSD014427-SSD014436; SSD003426-SSD003435 | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |
| 68 | 2/25/1985 | Robert Hickman | | Completed Environmental Assessment Questionnaire, Milwaukee, WI facility. | SSD014437-SSD014446; SSD003436-SSD003444 | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |
| 69 | 2/22/1985 | W. McCandless | | Completed Environmental Assessment Questionnaire, Schaumburg facility. | SSD014447-SSD 014454, SSD015065-SSD015068, SSD012221-SSD012223; SSD003445-SSD003452, SSD003791, SSD003792-SSD003799 (duplicate copy) | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |

Bold entries are from SSD's second set of documents (2 boxes) provided to McKesson on 4/5/07.

| Document Date | Author(s) | Recipient(s) | Document Format/Description | SSD Bates Numbers | Name/Date of Privilege Log(s) on Which Document Previously Logged* | Bates Numbers of Document on Previously Produced Privilege Logs |
|---|---|---|---|---|---|---|
| 70 | 2/25/1985 | Robert Hickman | | Completed Environmental Assessment Questionnaire, Cincinnati, OH facility. | **SSD014985-SSD014695**; SSD003453-SSD003463) | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |
| 71 | 2/25/1985 | Robert Hickman | | Complete Environmental Assessment Questionnaire, Cleveland, OH facility. | **SSD014469-SSD014510**; SSD003464-SSD003504 | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |
| 72 | 3/1/1985 | Robert Hickman | | Completed Environmental Assessment Questionnaire, Columbus, OH facility. | **SSD014511-SSD014520**; SSD003505-SSD003514) | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |

Produced 4/13/07

Bold entries are from SSD's second set of documents (2 boxes) provided to McKesson on 4/5/07.

| Document Date | Author(s) | Recipient(s) | Document Format/Description | SSD Bates Numbers | Name/Date of Privilege Log(s) on Which Document Previously Logged* | Bates Numbers of Document on Previously Produced Privilege Logs |
|---|---|---|---|---|---|---|
| 73  2/21/1985 | Unknown | | Completed Environmental Assessment Questionnaire, Dayton, OH facility. | SSD014368-SSD014377; SSD003515-SSD003524 | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |
| 74  2/28/1985 | Robert Hickman | | Completed Environmental Assessment Questionnaire, Detroit, MI facility. | SSD014522-SSD014554, SSD014861-SSD014867; SSD003525-SSD003556 | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |
| 75  2/28/1985 | Robert Hickman | | Completed Environmental Assessment Questionnaire, Louisville, KY facility. | **SSD014555-SSD014563**; SSD003557-SSD003564 | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |

Bold entries are from SSD's second set of documents (2 boxes) provided to McKesson on 4/5/07.

| Document Date | Author(s) | Recipient(s) | Document Format/Description | SSD Bates Numbers | Name/Date of Privilege Log(s) on Which Document Previously Logged* | Bates Numbers of Document on Previously Produced Privilege Logs |
|---|---|---|---|---|---|---|
| 76 | 2/26/1985 | Robert Hickman | | Completed Environmental Assessment Questionnaire, St. Louis, MO facility. | **SSD014640, SSD014696-SSD014709;** SSD003602-SSD003614 | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |
| 77 | Undated | Robert Hickman | | Completed Environmental Assessment Questionnaire, Burlington facility. | **SSD014595-SSD014603;** SSD003566-SSD003573 | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |
| 78 | 2/26/1985 | Robert Hickman | | Completed Environmental Assessment Questionnaire, Minneapolis, MN facility. | **SSD014620-SSD014628;** SSD003584-SSD003591 | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |

Produced 4/13/07

Bold entries are from SSD's second set of documents (2 boxes) provided to McKesson on 4/5/07.

| Document Date | Author(s) | Recipient(s) | Document Format/Description | SSD Bates Numbers | Name/Date of Privilege Log(s) on Which Document Previously Logged[1] | Bates Numbers of Document on Previously Produced Privilege Logs |
|---|---|---|---|---|---|---|
| 79 | 2/25/1985 | Robert Hickman | | Completed Environmental Assessment Questionnaire, Omaha, NE facility. | **SSD014629-SSD014639;** SSD003592-SSD003601 | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |
| 80 | 2/25/1985 | Robert Hickman | | Completed Environmental Assessment Questionnaire, Springfield, MO facility. | **SSD014641-SSD014658;** SSD003615-SSD003629 | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |
| 81 | 2/25/1985 | Richard Hickman | | Completed Environmental Assessment Questionnaire, Wichita, KS facility. | **SSD014659-SSD014668;** SSD003630-SSD003637 | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |

Bold entries are from SSD's second set of documents (2 boxes) provided to McKesson on 4/5/07.

| Document Date | Author(s) | Recipient(s) | Document Format/Description | SSD Bates Numbers | Name/Date of Privilege Log(s) on Which Document Previously Logged* | Bates Numbers of Document on Previously Produced Privilege Logs |
|---|---|---|---|---|---|---|
| 82 | 2/25/1985 | Robert Hickman | | Completed Environmental Assessment Questionnaire, Wichita, KS PRF facility. | SSD014669-SSD014681; SSD003649-SSD003656 | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |
| 83 | 2/25/1985 | Robert Hickman | | Completed Environmental Assessment Questionnaire, Dolton facility. | SSD003638-SSD003648 | McKesson Environmental Audit Committee Supplemental Privilege Log produced 1/6/06, and McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |
| 84 | Undated | Dwight Landry | | Completed Environmental Assessment Questionnaire, Santa Fe Springs facility- Pike Street Location, CA. | SSD003768-SSD003769 | McKesson Environmental Audit Committee Supplemental Privilege Log, produced 1/6/06 | No Bates |
| 85 | 2/25/1985 | Unknown | | **Completed Environmental Assessment Questionnaire, Harlingen, TX facility.** | SSD014378-SSD014384 | McKesson Environmental Audit Committee Supplemental Privilege Log, produced 1/6/06 | **No Bates** |
| 86 | 2/25/1985 | J. Foster | | **Completed Environmental Assessment Questionnaire, Pittsburgh, PA facility.** | SSD014564-SSD014594 | McKesson Environmental Audit Committee Supplemental Privilege Log, produced 1/6/06 | **No Bates** |

Bold entries are from SSD's second set of documents (2 boxes) provided to McKesson on 4/5/07.

| Document Date | Author(s) | Recipient(s) | Document Format/Description | SSD Bates Numbers | Name/Date of Privilege Log(s) on Which Document Previously Logged* | Bates Numbers of Document on Previously Produced Privilege Logs |
|---|---|---|---|---|---|---|
| 87 | 1/12/1984 | Susan L. Paulus, McK in-house counsel | Distribution: B. Blocker, V. Staraci, C. Thompson, F. Calautti, J. Sponsler, F. Mirabelli, N. Schwartzhoff, D. Simpson, cc: D. Yellon, D. Hardy, I. Meyerson, Esq., A. Pearce, J. Foudy, D. DeVore, Esq., J. Soden. | McKesson Intra-Company correspondence re: product liability cases that present high, or potentially high risk management concerns, and attached 12/7/1983 Chart re: Report of High, Potentially High Risk Management (Product Liability) Cases within MCC Group | SSD002079-SSD002100 | McKesson's Second Privilege Log re: MCC Documents Retained by Univar, produced on 2/15/06 | No Bates |
| 88 | | McKesson Law Department | List of pending Civil Litigation ("Toxic Tort") matters re: McKesson Chemical sites | SSD010585-SSD010588 | McKesson Pakhoed Documents Privilege Log, produced on 6/20/05 | MCK0054690-54693 |

*These documents may be located on additional previously produced privilege logs.

# EXHIBIT KK

**Amber Hinojosa**

| | |
|---|---|
| **From:** | Jeff Caufield |
| **Sent:** | Thursday, April 19, 2007 12:36 PM |
| **To:** | Gibson, Diane L. |
| **Cc:** | Henderson, Suzanne; Joe Rossettie; Ken James; Amber Hinojosa |
| **Subject:** | RE: Request for Extension of Time |

Dear Ms. Gibson:

As I explained over the telephone, based upon past history with SSD and the lack of cooperation previously experienced with SSD, which in light of the privilege logs we have already received appears to be ongoing, I was unwilling to simply stipulate to an extension over the phone.

It is my understanding that SSD "discovered" additional boxes of documents today and requested an extension of time to review the documents, produce documents to McKesson and prepare/produce a privilege log. Based upon the past history of delays and non-cooperate with SSD and McKesson, we find it hard to believe that over 6 months AFTER SSD allegedly searched and produced documents these "new" boxes of documents were located at this late date and AFTER the Court Ordered the documents be produced.

We expect that a "Final" privilege log related to ALL documents previously produced be transmitted to our office today. In light of the other privilege logs received to date, as discussed previously, we anticipate moving ex parte on those privilege logs by the end of this week.

With respect to your extension of time, we would grant you the time requested to provide a "supplemental" privilege log that addresses the "new" documents just discovered. However, we do not waive our right to contend that the failure to produce these documents previously pursuant to the Court Ordered deadline did not already waive privileges. We also do not waive any right to challenge the content of any supplemental privilege logs nor our right to conduct depositions and/or other discovery related to the documents in SSD's possession, custody and/or control, inquire as to searches conducted for documents and/or transmittal of those documents.

Very truly yours,

Jeffery L. Caufield
Caufield James LLP

---

**From:** Gibson, Diane L. [mailto:DiGibson@ssd.com]
**Sent:** Thursday, April 19, 2007 12:03 PM
**To:** Jeff Caufield
**Cc:** Henderson, Suzanne
**Subject:** Request for Extension of Time

Dear Mr. Caufield:

This letter confirms our telephone conversation this morning, and requests an extension of time, through and including April 25, 2007 within which to complete Squire, Sanders & Dempsey LLP's ("SSD's") production of documents, provide a final privilege log, and provide the certification mentioned in the Court's March 22, 2007 order.

The reason for our request is as follows. As you know, some months ago we had pulled from storage more than 100 boxes of documents deemed potentially responsive to the subpoenas that your office had delivered to us. SSD has reviewed those boxes, and some 34,000 images of microfiche, and additional files and binders. Those documents that have been deemed responsive and not privileged have been produced; a final privilege log as to those documents will go out to you today.

4/19/2007

We called you this morning because in the course of cross-checking to ensure completeness, our records department discovered today that five boxes of documents and one additional file containing potentially responsive documents were inadvertently not pulled from off-site storage. We immediately asked that those boxes be retrieved from off-site storage. We do not have them yet; we are informed the driver is presently stuck in traffic. In addition, there are 2 additional boxes that we need to confirm have been reviewed.

When we determined that it would be physically impossible to review, copy, bates-stamp and log for privilege additional documents, as well as to allow for review by McKesson and Univar as provided by the Court's Order, by the end of the day today, we immediately contacted you to ask for a short extension of time (4 business days, through and including April 25, 2007) within which to complete our production, complete our privilege log, and provide the certification. You did not at that time agree, asking us to put our request in writing. This e-mail constitutes that written request. You told us that you would respond by the end of the day; we told you that we needed a response sooner than that, due to the exigencies of the timing. We told you that we would contact the Court by telephone to explain the status and to request a telephonic hearing today, that we would provide a written request to you, and that we would file an *ex parte* application if we did not receive prompt agreement.

Please send us your response at your earliest convenience. In the meantime, we are working on our *ex parte* application and will e-file it as soon as it is prepared.

Diane L. Gibson
Partner
Squire, Sanders & Dempsey L.L.P.
One Maritime Plaza, Third Floor
San Francisco, CA 94111
(415) 954-0200
dlgibson@ssd.com

Beijing - Bratislava - Brussels - Budapest - Caracas - Cincinnati - Cleveland - Columbus - Frankfurt - Hong Kong - Houston - London - Los Angeles - Madrid - Miami - Moscow - New York - Palo Alto - Phoenix - Prague - Rio de Janeiro - Santo Domingo - San Francisco - Shanghai - Tallahassee - Tampa -Tokyo -Tysons Corner - Warsaw - Washington D.C. - West Palm Beach.  Associated Offices: Bucharest - Buenos Aires - Dublin - Kyiv - Milan - Riyadh - Santiago

This e-mail is confidential and is intended only for the named recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not the named recipient(s), please immediately notify the sender and delete this e-mail message from your computer. Thank you