1   Jeffery L. Caufield (SBN 166524)
    jeff@caufieldjames.com
2   Kenneth E. James (SBN 173775)
    ken@caufieldjames.com
3   CAUFIELD & JAMES, LLP
    2851 Camino Del Rio South, Suite 250
4   San Diego, California 92108
    Telephone: 619-325-0441
5   Facsimile : 619-325-0231

6   Attorneys for Plaintiffs, Greve Financial
    Services, Inc., Angeles Chemical Company,
7   Inc., and John Locke

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10  ANGELES CHEMICAL COMPANY, INC.,        )    Northern District Miscellaneous Matter
    et al.                                 )    Case No. C 06-80343 Misc MMC (EDL)
11                                         )    Case No. C 07-80123 Misc MMC (EDL)
                   Plaintiffs,             )
12                                         )
                                           )
13                 vs.                     )    Case No: 01-10532 TJH (Ex)
                                           )    Central District of California
14  MCKESSON CORPORATION, a California     )
    Corporation, MCKESSON CHEMICAL         )    PLAINTIFF ANGELES CHEMICAL
15  COMPANY, FOREMOST-MCKESSON             )    COMPANY'S EVIDENTIARY
    EXPORT CORPORTION, MORELAND-           )    OBJECTIONS TO SQUIRE SANDERS &
16  MCKESSON CHEMICAL COMPANY INC.,        )    DEMPSEY L.L.P'S OPPOSITION TO
    and DOES 1 through 500, Inclusive,     )    MOTION TO COMPEL COMPLIANCE
17                                         )    WITH THE MARCH 22, 2007 COURT
                   Defendants.             )    ORDER
18                                         )

19                                              Date:  June 6, 2007
                                                Time:  9:00 a.m.
20                                              Room:  Courtroom E, 15th Floor
                                                       450 Golden Gate Ave
21                                                     San Francisco, CA
                                                Judge: Hon. Elizabeth D. Laporte
22

23      Plaintiffs  Angeles  Chemical  Company,  Greve  Financial  Services  and  John  Locke

24  ("Plaintiffs") hereby object to the Declarations of Maureen Bennett,  Nicholas Unkovic and Diane

25  Gibson, and the Attached Exhibits filed in Support of Squire Sanders, & Dempsey's ("SSD")

26  Opposition to Angeles' Motion to Compel Compliance with the March 22, 2007 Court Order

27  ("Order"), Case No. 07-80123 Docket No. 3, as follows:

28

1       1.     Declaration of Diane Gibson

2     a. Lacks Personal Knowledge

3

4          Inadmissible hearsay cannot substitute for personal knowledge, neither can statements

made on information and belief.  See Washington Cent. R. Co., Inc. v. National Mediation Bd.,

830 F. Supp. 1343, 1352-53 (E.D. Wash. 1993); Sellers v. M.C. Floor Crafters, Inc., 842 F.2d

639, 643 (2nd Cir. 1988).  Ms. Gibson does not and cannot demonstrate that she has personal

knowledge of nor the competency to testify to the facts contained therein.  Instead, Ms. Gibson's

declaration is based entirely on hearsay, speculation and opinion, and attaches exhibits that are

not properly authenticated.  Ms. Gibson cannot claim that she has personal knowledge of the facts

and statements that related to the documents listed on the Privilege Logs.  Blount v. Conn. Gen.

Life Inc. Co., No. CV 01-1341-BR, 2002 WL 31974405, *3 (D. Or. 2002).   An attorney has no

personal knowledge of and is not competent to testify to the authenticity of documents generated

before the litigation began or merely produced by his or her client.  Ms. Gibson has no personal

knowledge of many statements contained within her declaration, and thus the entirety of the

declaration should be stricken and given no weight.  Bank Melli Iran v. Pahlavi, 58 F.3d 1406,

1412-1413 (C.A. 1995); U.S. v. Dibble, 429 F.2d 598, 602 (C.A. 1970).

       b.  Contains Inadmissible Hearsay.

          Ms. Gibson's declaration contains statements and attached Exhibit "F" is based on and or

contains one or more layers of inadmissible hearsay. Federal Rules of Evidence ("FED. R. EVID.

") 801, 802, See McEuin v. Crown Equipment Corporation, 328 F.3d 1028, 1034-35 (9th Cir.

2003).  For example, paragraph 16 Ms. Gibson attempts to state what the "Court's intention that

McKesson and Plaintiffs…should resolve…any disputes regarding the privileged nature of such

documents…"  Gibson Declaration ¶ 16.  This statement is hearsay and is wholly inadmissible.

1

FED. R. EVID. 803. Additionally, Exhibit "F" contains one more more layers of inadmissible hearsay, is improper argument and opinion, not evidence, lacks foundation of personal knowledge, and should be excluded from evidence. FED. R. EVID. 803, 701, and 901.

Ms. Gibson has not offered any arguments showing if this statement or Exhibit "F" fall within an exception or exclusion of the hearsay rule and therefore they are inadmissible under Fed. R. Evid. 801 and 802. See L.A. News Serv. V. CBS Broad., Inc., 305 F.3d 924 (9th Cir. 2002); Breneman v. Kennecott Corp., 799 F.2d 470, 473 (9th Cir. 1986). Accordingly, ¶ 16 and Exhibit "F" are inadmissible and should be excluded.

c. Impermissibly Vague and Misleading

The following statements and exhibits are vague and ambiguous, speculative, misleading, argumentative, mischaracterize the evidence and/or assume facts not in evidence. Their probative value, if any, is far outweighed by their prejudicial effect. FRCP 403, 602, See Trevino v. Gates, 99 F.3d 911, 922 (9th Cir. 1996). Therefore, paragraphs 6, 9, 11, 12, 14, 21, are objectionable and inadmissible under Fed. R. Evid. 403, 602. Moreover, paragraph 21 is irrelevant and does not tend to make the existence of any fact that is of consequence to the determination of this motion more or less probable. Fed. R. Evid. 401, 402; See Hobson v. J.R. Watkins Co., 519 F.2d 869, 870 (9th Cir. 1962). Ms. Gibson describes Privilege Log Items 1, 13, 23, 31, 35, 49 and 50 even though she admits these items are not part of this motion and are "not sought [by Plaintiffs] in this motion." Gibson Declaration ¶ 21. Paragraph 21 is therefore inadmissible and should be striken.

d. Exhibit "I" is Irrelevant and Immaterial.

The document attached as Exhibit "I" (Honorable Charles F. Eick, United States District Court, Central District's Order, dated May 15, 2007) is irrelevant under Fed. R. Evid. Rule 401 and therefore not admissible. Only relevant evidence is admissible. U.S. v. Wright, 901 F.2d 68,

1   70 (1990)("irrelevant evidence of any kind is inadmissible by Rule 402")(emphasis added). This

2   evidence does not relate to this motion in any way, and does not tend to make the existence of any

3   fact that is of consequence to the determination of this action more or less probable. Fed. R.

4   Evid. 401, 402; See Hobson v. J.R. Watkins Co., 519 F.2d 869, 870 (9th Cir. 1962). This is a

5   blatant attempt by SSD to mislead and distract the Court. This evidence is totally irrelevant to

6   SSD's obligation to comply with the Court's March 22, 2007 Order. SSD admittedly cannot even

7   argue with certainty the value of this evidence, as SSD admits that "*some* of these issues *may*

8   already have been resolved by the Central District Court." Therefore, it is also inadmissible

9   under Fed. R. Evid. 402 because the probative value, if any, is far outweighed by its prejudicial

10  effect. Fed. R. Evid.. 403; See Trevino v. Gates, 99 F.3d 911, 922 (9th Cir. 1996).

11      Accordingly, Exhibit "I" is irrelevant, immaterial, and should not be considered by the

12  Court. Fed. R. Evid. 401, 402; See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.

13  Ct. 2505, 91 L. Ed. 2d 202 (1986)(document is material only if it creates a fact dispute that could

14  affect the outcome under applicable governing law). Furthermore, Angeles objects to SSD's

15  attempt to "incorporate the arguments made by McKesson in support of its Motion for Protective

16  Order[1], as it is hearsay, irrelevant, improper argument and opinion, lacks foundation of personal

17  knowledge, speculative, misleading, argumentative, mischaracterizes the evidence and/or assume

18  facts not in evidence. Fed. R. Evid. 402, 403, 602, 701, 803, 901.

19      2.      Declaration of Maureen Bennett

20          a. Lacks Foundation of Personal Knowledge and Lacks Proper Authentication.

21      Ms. Bennett's Declaration lacks foundation of personal knowledge and lacks proper

22  authentication. The requirement that evidence be authenticated is satisfied "by evidence

23  sufficient to support a finding that the matter in question is what its proponent claims." Federal

3

Rule of Evidence 901(a). Ms. Bennett does not establish that she has the necessary personal knowledge or competency to testify to the facts contained therein, her declaration is speculative at best. Fed. R. Evid. 602.

b. Impermissibly Vague and Misleading

Ms. Bennett's Declaration also contains statements that are impermissibly vague and misleading. For example, paragraph 3 states that "Item 12 is another compilation of documents." This is vague and ambiguous as to "compilation," and does not assist the Court in any way. It should be stricken. Also, paragraph 4 is vague and ambiguous. Ms. Bennett states that SSD Privilege Log items 16 and 17 "*appear* to be a draft and another version of a list that Ms. Leonard prepared of some or all of the files selected for review as part of the work performed for Univar in 2002." Bennett Declaration, ¶ 4. This statement is vague and ambiguous as to "another version of a list," and "the work performed for Univar." Ms. Bennett does not describe in any way what "work performed for Univar" means. Ms. Bennett cannot claim with certainty the identity of items 16 and 17 and cannot claim with certainty the identity of any documents listed on the Privilege Logs. This declaration is speculative, and does not assist the Court in any way. Fed. R. Evid. 401, 402. Accordingly, paragraphs 3-6 should be stricken and not given any weight. Alpha Energy Savers inc. v. Hansen, 381 F.3d 917, 921 n.1 (9th Cir. 2004)(portions of affidavit as to which defendants moved to strike were not considered by the Ninth Circuit).

3.    Declaration of Nicholas Unkovic

a. Lacks Foundation of Personal Knowledge and Lacks Proper Authentication.

Mr. Unkovic's Declaration lacks foundation of personal knowledge. Mr. Unkovic did not establish the competency to testify to the facts contained therein. The requirement that evidence be authenticated is satisfied "by evidence sufficient to support a finding that the matter

---

[1] 06-80343 Docket No. 10-17, 38
Plaintiff Angeles' Evidentiary Objections to SSD's

4

in question is what its proponent claims." Federal Rule of Evidence 901(a) has not been met. As with Ms. Bennet's declaration, Mr. Unkovic does not provide any foundation and does not establish the necessary personal knowledge—other than that the privilege logs were prepared under his "general direction"—and the statements contained in his declaration are speculative at best.   Mr. Unkovic expressly admits that he did not have substantial responsibility in preparing these summaries. Unkovic Declaration, ¶ 2.  Mr. Unkovic states that other individuals (Francis Toldi and Jennifer Hernandez) had "substantial responsibility for preparation of the Environmental and Non-Environmental Summaries. Id.  His declaration should therefore be stricken or disregarded as he lacks personal knowledge and the competency to testify regarding the summaries. Alpha Energy Savers inc. v. Hansen, 381 F.3d 917, 921 n.1 (9th Cir. 2004)(portions of affidavit as to which defendants moved to strike were not considered by the Ninth Circuit).

      b. Improper Argument, Contains Legal Conclusion

      Mr. Unkovic's Declaration also contains statements that are improper argument and are legal conclusion, not evidence.  For example, paragraph 7 states that SSD privilege log items 2, 41, 48 were "made in the course of the attorney-client relationship." Unkovic Declaration, ¶ 7. Yet Mr. Unkovic provides no factual support for this statement. This statement is also vague and ambiguous as to what the circumstances of "made in the attorney-client relationship" fall under. Accordingly, paragraphs 7 should be stricken and not given any weight.

Plaintiff Angeles' Evidentiary Objections to SSD's

Northern District Misc Matter
Case No. C 06-80343 Misc MMC (EDL)
Case No. C 07-80123 Misc MMC (EDL)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Conclusion

     Angeles respectfully requests that the Court exclude from evidence or strike the exhibits and declarations objected to above.


DATED:  May 28, 2007

                                     Caufield & James, LLP


                                     Jeffery L. Caufield, Esq.
                                     Attorneys for Plaintiff/Counter-Defendant

Plaintiff Angeles' Evidentiary Objections to SSD's

                         Northern District Misc Matter
                  Case No. C 06-80343 Misc MMC (EDL)
                  Case No. C 07-80123 Misc MMC (EDL)