1  Jeffery L. Caufield (SBN 166524)
   jeff@caufieldjames.com
2  Kenneth E. James (SBN 173775)
   ken@caufieldjames.com
3  CAUFIELD & JAMES, LLP
   2851 Camino Del Rio South, Suite 250
4  San Diego, California 92108
   Telephone: 619-325-0441
5  Facsimile : 619-325-0231

6  Attorneys for Plaintiffs, Greve Financial
   Services, Inc., Angeles Chemical Company,
7  Inc., and John Locke

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10 | ANGELES CHEMICAL COMPANY, INC., ) | Northern District Miscellaneous Matter
11 | et al.                           ) | Case No. C 06-80343 Misc MMC (EDL)
   |                                  ) | Case No. C 07-80123 Misc MMC (EDL)
12 |        Plaintiffs,               ) |
   |                                  ) | Case No: 01-10532 TJH (Ex)
13 |        vs.                       ) | Central District of California
   |                                  ) |
14 | MCKESSON CORPORATION, a California ) | PLAINTIFF ANGELES CHEMICAL
   | Corporation, MCKESSON CHEMICAL   ) | COMPANY'S RESPONSE TO SQUIRE
15 | COMPANY, FOREMOST-MCKESSON       ) | SANDERS & DEMPSEY L.L.P'S
   | EXPORT CORPORTION, MORELAND-     ) | EVIDENTIARY OBJECTIONS
16 | MCKESSON CHEMICAL COMPANY INC.,  ) | OPPOSITION TO ANGELES' MOTION
   | and DOES 1 through 500, Inclusive, ) | TO COMPEL COMPLIANCE WITH THE
17 |                                  ) | MARCH 22, 2007 COURT ORDER
   |        Defendants.               ) |
18 |                                  ) |
   |                                  ) | Date:  June 6, 2007
19 |                                  ) | Time:  9:00 a.m.
   |                                  ) | Room:  Courtroom E, 15th Floor
20 |                                  ) |        450 Golden Gate Ave
   |                                  ) |        San Francisco, CA
21 |                                  ) | Judge: Hon. Elizabeth D. Laporte

22      Plaintiff and Counter-defendants Angeles Chemical Company, Inc., Greve Financial
23 Services, Inc., and John Locke (collectively "Angeles") respectfully submit its response to Squire
24 Sanders & Dempsey's ("SSD") objections to the Declaration of Jeffery L. Caufield in Support of
25 Angeles' Motion to Compel SSD's Compliance with the March 22, 2007 Court Order, including
26 the exhibits thereto as indicated, Case No. C07-80123.

27

28

I.  REPLY TO SSD'S OBJECTIONS.

A. <u>SSD's Boilerplate Objection are Insufficient as a Matter of Law and Should Be Overrule in their Entirety.</u>

Objections must be sufficiently specific to inform the court as to the reasons evidence is inadmissible. See Continental Oil Co. v. United States, 184 F.2d 802, 814 (9th Cir. 1950)("It is elementary that objections offered to evidence must by sufficiently specific to bring their point home to the trial judge.") Contrary to this requirement, SSD has submitted generic objections and have made no arguments supporting their objections.

For example, SSD makes general objections to *entire documents* on such grounds as hearsay, improper argument and opinion, lacks foundation of personal knowledge, yet SSD fails to cite the specific statements or facts to which its objection applies. SSD does not attempt to provide this Court with one single fact or argument in support of any of those objections. Neither this Court nor Angeles should be forced to speculate or guess at the evidence SSD claims is inadmissible. The burden to specify their evidentiary objections is on SSD—and SSD has quite clearly failed this burden. Id. As such, Angeles requests this Court to overrule all of SSD's generic and boilerplate evidentiary objections. See Brewer v. Fortis Ins. Co., 2005 WL 645414 *6, n.5 (N.D.Cal. March 21, 2005).

B. <u>Exhibit C Is Evidence and Should Be Admitted.</u>

Exhibits C (Angeles' Opposition to SSD's Motion to Quash and/or Protective Order Against Angeles' Rule 45 Subpoena, dated February 15, 2007) is necessary background evidence and should be admitted. A court can hear evidence that aids its understanding of other facts presented in a party's motion. See Cascadia Wildlands Project v. U.S. Forest Service, 386 F. Supp. 2d 1149, 1158-1159 (D. Or. 2005)(denying motion to strike declaration that helped the court understand material in an administrative record that was under review by the court). Exhibit C provides necessary context of the basis of this motion. The March 22, 2007 Order—the order at issue in this motion—was based in part on Exhibit C.[1] This evidence is therefore relevant evidence and should be admitted.

---

[1] The March 22, 2007 Order was also based on oral argument of counsel, heard March 6, 2007, concerning the issues outlined in SSD's Motion to Quash/Protective Order and subsequent opposition papers.

1

Plaintiff Angeles' Response to SSD's Objections      Northern District Misc Matter
                                                      Case No. C 06-80343 Misc MMC (EDL)
                                                      Case No. C 07-80123 Misc MMC (EDL)

C. <u>Exhibits G, I, J, K and U are Not Hearsay and Are Admissible.</u>

Angeles refers this Court to its general comments above. SSD does not specify which statements are hearsay and only objects to the documents in their entirety. Such generic objections are insufficient and the Court must overrule it. See <u>Continental Oil Co.</u>, 184 F.2d at 814; <u>Brewer</u>, 2005 WL 645414, at 6 n.5. SSD finds that Exhibit "G", 2002 Univar Annual Report obtained from Univar's "Invenstor Center" webpage, falls within the business records exception under Rule 803(6). This document is a business record pursuant to Rule 803(6) as it was made in the course of regularly conducted business and kept in the course of such business created by Univar and posted on Univar's own website. It is therefore admissible.

SSD next claims that Exhibits I, J, K and U contain inadmissible hearsay. Despite SSD's baseless objection, this evidence is not hearsay as it is not being offered to prove the truth of its contents, as required under Federal Rules of Evidence Rule 801, 802, 803. On the contrary, Exhibit I is being offered to prove that Ivan Meyerson, former in-house counsel for McKesson, was personally aware of the fact that SSD had potentially responsive documents.

Similarly, Exhibit J is also not being offered to prove the truth of its contents. Exhibit J is being offered to prove that despite repeated assertions by McKesson and Univar that all responsive documents had been produced to Angeles, that on or about October 5, 2006, five years after the underlying litigation commenced, McKesson finally disclosed and produced over 300 pages of correspondence between counsel for McKesson and Graham & James reflecting that McKesson had provided copies of thousands of pages of documents, including environmental due diligence documents, during the negotiations. It is therefore admissible.

Exhibit "K" is also not hearsay. The letters offered in Exhibit "K" is not being offered to prove the truth of their contents, but rather, to show that Univar and McKesson have been in communication regarding the transfer of documents (from the sale of McKesson Chemical Company) throughout the 1990's and into the beginning of this litigation.

Furthermore, SSD claims that this evidence is also "argument, not evidence" under Federal Rules of Evidence Rule 701. The evidence speaks for itself—the letters to and from McKesson and Univar regarding the transfer of documents are fact, not lay witness opinion as required by Rule 701. It is admissible.

Lastly, SSD's objection to Exhibit "U" (a table created by Angeles illustrating the parties' meet and confer correspondence) is baseless and made without merit. This table is not hearsay as

it is not an out of court statement made by someone other than the declarant offered to prove the truth of its contents. Federal Rules of Evidence Rule 801. Rather, it is a table created by Angeles, offered by Angeles, to simply outline to this Court the stream of meet and confer correspondence between Angeles and SSD. Additionally, SSD's objection to this table on the grounds of "lack foundation of personal knowledge" under Rule 901 and is "improper argument and opinion, not evidence" under Rule 701 is also baseless and lacks merit. As shown below, Mr. Caufield does have personal knowledge of the meet and confer correspondence as each and every meet and confer letter listed on Exhibit "U" is addressed to Mr. Caufield. Therefore, under Rule 901(b)(1) Exhibit "U" is admissible under testimony as it is being offered by the testimony o fa witness with knowledge, Mr. Caufield. To argue that he does not have personal knowledge of the correspondence sent to him by SSD is unfounded and illogical. Moreover, the table is neither argument nor lay witness opinion as required under Rule 701—it is fact to which SSD cannot dispute. It is therefore admissible.

    D. <u>Mr. Caufield Has Sufficient Personal Knowledge of Documents Submitted to This Court</u>

Mr. Caufield has sufficient person knowledge of the documents submitted to the court. Mr. Caufield is involved in all matters of the litigation and he has sufficient personal knowledge of the documents and their manner of production and the court may infer personal knowledge. <u>Kirby v. SBC Services, Inc.</u>, 2006 WL 154914, *5 (N.D.Tex. January 20, 2006)(district court may rely upon affidavits in the summary judgment context where the affiants' "personal knowledge and competence to testify are reasonably inferred from their positions and the nature of their participation in the matters to which they swore."). Mr. Caufield has personal knowledge of the documents produced during the course of this litigation, in particular the correspondence between Caufield James, LLP, on behalf of Angeles, and SSD. Additionally, Mr. Caufield's declaration was not intended to offer testimony, but rather serves to provide the court with true and correct copies of documents supporting Angeles' legal arguments. Therefore, Mr. Caufield's declaration is proper under Federal Rules of Evidence 602 and is dissimilar to the defective declarations discussed in <u>Bank Melli Iran v. Pahlavi</u>, 58 F. 3d 1406, 1412 (9th Cir. 1995)(party's response in the form of information and belief declarations insufficient in summary judgment proceeding), <u>Abel v. Morey Machinery Co., Inc.</u>, 10 F.R.D. 187, 190 (S.D.N.Y. 1950)(attorney testimony through affidavit not based on personal knowledge where information contained was

3

Plaintiff Angeles' Response to SSD's Objections     Northern District Misc Matter
Case No. C 06-80343 Misc MMC (EDL)
Case No. C 07-80123 Misc MMC (EDL)

learned by attorney through investigation and interviews with witnesses), and <u>Florists' Tarnsworld Delivery, Inc. v. Khan</u>, 2001 WL 34045759 (D. Or. May 4, 2001). Therefore, the statements made in Caufield Decl. at ¶¶ 12, 20, 38, and 40 are proper and the Court should overrule McKesson's objections.

E. <u>Exhibits V and W Are Relevant and Should Be Admitted</u>

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Federal Rule of Evidence 401. Exhibits V are W are relevant because they show that Angeles has continually been met with dilatory discovery tactics by McKesson, Univar, and now SSD. Exhibits V and W make the existence of the fact that McKesson and SSD are purposefully using stalling tactics designed to frustrate discovery to which Angeles is entitled. Exhibits V and W show that at least one court, Honorable James W. McMahon United States Magistrate Judge, has found that McKesson has a "history of poor cooperation and candor in the discovery process [the underlying] action."

A court can hear evidence that aids its understanding of other facts presented in a party's motion. See <u>Cascadia Wildlands Project v. U.S. Forest Service</u>, 386 F. Supp. 2d 1149, 1158-1159 (D. Or. 2005)(denying motion to strike declaration that helped the court understand material in an administrative record that was under review by the court). This evidence provides necessary context is relevant because the Magistrate's prior orders provide this Court with the necessary background regarding discovery abuses by McKesson. Thus Exhibits V and W are relevant and should be admitted.

<u>Conclusion</u>

For the following reasons, plaintiffs respectfully request that the Court overrule SSD's objections to the declaration of Jeffery L. Caufield and the attached exhibits in support of plaintiffs' motion for compliance of the March 22, 2007 Order.

DATED: May 28, 2007                              Caufield & James, LLP

                                                 */s/ signature*

                                                 _____
                                                 Jeffery L. Caufield, Esq.
                                                 Attorneys for Plaintiff/Counter-Defendant

4

Plaintiff Angeles' Response to SSD's Objections            Northern District Misc Matter
                                                           Case No. C 06-80343 Misc MMC (EDL)
                                                           Case No. C 07-80123 Misc MMC (EDL)