1   SQUIRE, SANDERS & DEMPSEY L.L.P.
    Diane L. Gibson (State Bar # 114825)
2   One Maritime Plaza, Suite 300
    San Francisco, CA  94111-3492
3   Telephone:  +1.415.954.0200
    Facsimile:   +1.415.393.9887
4   Email:       digibson@ssd.com

5   Attorneys for Non-Party, Rule 45 Subpoena
    Recipient SQUIRE, SANDERS & DEMPSEY LLP
6

7

8                   **UNITED STATES DISTRICT COURT**

9                   **NORTHERN DISTRICT OF CALIFORNIA**

10  ANGELES CHEMICAL COMPANY,              Northern District Miscellaneous Matter
    INC.,  a California corporation, et al.,   Case No.  C 06-80343 Misc MMC (EDL)
11                                         Case No. C 07-80123 Misc MMC (EDL)
                        Plaintiff,
12                                         Case No.  01-10532 TJH (Ex)
                                           Central District of California
13          vs.

14  MCKESSON CORPORATION,  a               **SQUIRE, SANDERS & DEMPSEY L.L.P.'S**
    California corporation, et al.,        **OBJECTIONS TO AND/OR REQUEST**
15                                         **FOR CLARIFICATION REGARDING**
                        Defendant.         **ORDER DATED MAY 31, 2007 ON**
16                                         **MOTION TO COMPEL SQUIRE,**
                                           **SANDERS & DEMPSEY L.L.P.'S**
17                                         **COMPLIANCE WITH THE MARCH 22,**
                                           **2007 COURT ORDER**
18

19

20

21

22

23

24

25

26

27

28

**SQUIRE, SANDERS &**
**DEMPSEY L.L.P.**
One Maritime Plaza, Suite 300
San Francisco, CA  94111-3492

SSD OBJECTIONS TO/REQUESTS FOR CLARIFICATIONS          Northern Dist. Misc. Matter
RE: MAY 31, 2007 ORDER                        Case Nos. C 06-80343 Misc MMC (EDL)
                                                    and C 07-80123 Misc MMC (EDL)

1   Pursuant to Civil Local Rule 72-2 and Federal Rule of Civil Procedure 72(a) and 28

2   U.S.C. § 636(b)(1)(a), Non-party, Rule 45 Subpoena Recipient Squire, Sanders & Dempsey,

3   L.L.P. ("SSD") hereby objects to and/or requests clarification regarding the Court's Order Dated

4   May 31, 2007 ("the May 31 Order") as follows:

5       SSD does not object to submitting documents for *in camera* review as per the May 31

6   Order.  SSD understands that the May 31 Order is an interim order, which may be superseded

7   following the Court's review of documents.  Nonetheless, because Plaintiffs have asserted that the

8   May 31 Order is "against" SSD (see Exhibit A), in order to preserve its objections, and in order to

9   assist the Court in framing any subsequent order, SSD submits the following objections and/or

10  requests for clarification:

11      1.   SSD objects to the requirement of production of documents and/or an

12           additional index within just 5 days of a subsequent order.  Although SSD

13           can not be certain until a final order is issued, 5 days may be insufficient

14           for compliance with a subsequent order.

15      2.   SSD objects to the requirement that it produce the documents "to the

16           parties."  Due to the privilege issues involved, the Court originally ordered

17           that SSD produce its documents to McKesson, which then had a certain

18           period of time to review them.  *See* Court's March 22, 2007 Order, ¶ 7.

19           The same process should be followed for any subsequent production.

20      3.   SSD objects to any requirement to prepare additional indexes of

21           documents index documents on the ground that it is unduly burdensome.

22           SSD has already incurred more than $200,000 in attorney and legal

23           assistant time associated with discovery from Plaintiffs.  Plaintiffs should

24           be ordered to share the costs of any further efforts the Court requires SSD

25           to undertake.

26      4.   SSD objects to paragraph 2 of the Order to the extent that it requires

27           creation of a new index noting the "source" and the "disposition" of

28           documents.  As SSD has previously explained, SSD is not currently

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA  94111-3492

-1-

SSD OBJECTIONS TO/REQUESTS FOR CLARIFICATIONS
RE: MAY 31, 2007 ORDER

Northern Dist. Misc. Matter
Case Nos. C 06-80343 Misc MMC (EDL)
and C 07-80123 Misc MMC (EDL)

1  certain in all instances of the original source of certain documents.

2  Furthermore, describing the "source" and "disposition" of potentially

3  hundreds of documents goes far beyond the requirements or scope of Rule

4  45. Such a description is more in the nature of an interrogatory response,

5  and would be unduly burdensome to prepare.

6  5.  SSD objects to the direction in the Order to submit the documents "at

7  issue" *in camera*, on the ground that, as noted in SSD's Opposition papers,

8  Plaintiffs' motion to compel was unclear as to which documents are at

9  issue. Despite this objection, SSD provides those documents it

10  understands to be in dispute for an *in camera* inspection.

11  6.  SSD objects to providing for *in camera* review items listed in Privilege

12  Log Item 59, (all documents on McKesson's privilege logs). As SSD

13  explained in its Opposition to Plaintiffs' Motion to Compel, filed May 22,

14  2007 at p. 10, and based on discussions at the March 6th oral argument on

15  McKesson's Motion for Protective Order and the Court's Order as to

16  McKesson's Motion for Protective Order (06-80343 Docket No. 49) SSD

17  understands that it is the Court's intention that McKesson and Plaintiffs,

18  parties to the underlying action, should resolve, together or with the

19  assistance of the Central District Court, any disputes regarding the

20  privileged nature of such documents, after McKesson has raised the

21  privilege. Per paragraph 3 of the Court order, any challenge by plaintiffs

22  to the privileges asserted by McKesson over documents on McKesson's

23  SSD privilege log were required to have been made in the Central District.

24  7.  SSD objects to the Order to the extent it does not allow time for or a

25  specific procedure for appropriate redaction of documents if *portions* are

26  deemed to be privileged or not to be responsive.

27  ///

28  ///

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA  94111-3492

-2-

SSD OBJECTIONS TO/REQUESTS FOR CLARIFICATIONS
RE: MAY 31, 2007 ORDER

Northern Dist. Misc. Matter
Case Nos. C 06-80343 Misc MMC (EDL)
and C 07-80123 Misc MMC (EDL)

-3-

1    8.    SSD objects to producing law firm indexes (Privilege Log Item 57) that are

2    indexes of boxes or of files (not of documents) for privilege review without any

3    finding that they are responsive to requests for indexes of documents, especially

4    because some of SSD's indexes of files are associated with client matters that are

5    totally unrelated to the 1986 transaction at issue.

6

7    Respectfully submitted,

8    Dated: June 6, 2007    SQUIRE, SANDERS & DEMPSEY L.L.P

9    By:    /s/ Diane L. Gibson

10    Diane L. Gibson

11    Attorneys for Non-Party, Rule 45 Subpoena
Recipient SQUIRE, SANDERS & DEMPSEY
12    LLP

13    SANFRANCISCO/222287.1
990027.00058

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA  94111-3492

SSD OBJECTIONS TO/REQUESTS FOR CLARIFICATIONS
RE: MAY 31, 2007 ORDER

Northern Dist. Misc. Matter
Case Nos. C 06-80343 Misc MMC (EDL)
and C 07-80123 Misc MMC (EDL)