1  Jeffery L. Caufield (SBN 166524)
   jeff@caufieldjames.com
2  Kenneth E. James (SBN 173775)
   ken@caufieldjames.com
3  CAUFIELD & JAMES, LLP
   2851 Camino Del Rio South, Suite 250
4  San Diego, California 92108
   Telephone: 619-325-0441
5  Facsimile : 619-325-0231

6  Attorneys for Plaintiffs, Greve Financial
   Services, Inc., Angeles Chemical Company,
7  Inc., and John Locke

8  **UNITED STATES DISTRICT COURT**

9  **NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANGELES CHEMICAL COMPANY, INC., et al.<br><br>Plaintiffs,<br><br>vs.<br><br>MCKESSON CORPORATION, a California Corporation, MCKESSON CHEMICAL COMPANY, FOREMOST-MCKESSON EXPORT CORPORTION, MORELAND-MCKESSON CHEMICAL COMPANY INC., and DOES 1 through 500, Inclusive,<br><br>Defendants. | Northern District Miscellaneous Matter No.<br>Case No. C 06-80343 Misc MMC (EDL)<br>Case No. C 07-80123 Misc MMC (EDL)<br><br>Case No: 01-10532 TJH (Ex)<br>Central District of California<br><br>PLAINTIFF ANGELES CHEMICAL COMPANY'S REPLY TO SQUIRE SANDERS & DEMPSEY L.L.P'S OBJECTIONS TO AND/OR REQUEST FOR CLARIFICATION REGARDING ORDER DATED MAY 31, 2007 ON MOTION TO COMPEL SQUIRE, SANDERS & DEMPSEY L.L.P.'S COMPLIANCE WITH THE MARCH 22, 2007 COURT ORDER<br><br>Date:  June 6, 2007<br>Time:  9:00 a.m.<br>Room:  Courtroom E, 15th Floor<br>         450 Golden Gate Ave<br>         San Francisco, CA<br>Judge:  Hon. Elizabeth D. Laporte |

Plaintiff Angeles' Reply to SSD's Opposition                Northern District Misc. Matter
                                                            Case No. C 06-90343 Misc MMC (EDL)

1    SSD's "objections" are untimely. SSD is merely trying to circumvent the obligations
2 under Civil Local Rule 72-2 and FRCP 72(a). SSD did not comply with the March 22 Order and
3 **never** objected and **never** sought clarification. Now, due to SSD's own non-compliance and
4 dilatory tactics, seeks to resurrect any clarification that should have been raised 10 days or sooner
5 after the March 22 Order and further delay production of these critical documents.

6    **Angeles Answers to SSD's Objections**

7  1. SSD delay and gamesmanship could potentially further prejudicing Angeles. Had
8     SSD complied with the original Order, SSD would not need any additional time to
9     review the documents.
10 2. This is a spurious objection. First, many of the documents do not even show
11    McKesson as a recipient or author. Nothing on the privilege log (except for line item
12    #59) suggests that these are McKesson sourced documents. In fact, SSD seems to
13    contradict the early representations made to the Court and Angeles that these
14    documents are not McKesson sourced. Moreover, if the Court rules that certain
15    portions are not privileged, then the issue is moot.
16 3. This was thoroughly discussed at the March 6, 2007 hearing. Further, had SSD
17    followed Honorable Laportes instructions in the first place, SSD likely would have
18    completed the task without spending 200,000.00. These costs were assumed because
19    of the agreement that SSD's client, Univar, reached with McKesson as a repository for
20    these documents. Further, SSD's own delay, gamesmanship, and obstruction are
21    likely the source of the most of the cost. SSD has made no showing of this "pulled out
22    of the air" number, nor was it raised in any of the moving papers.
23 4. The most critical information (i.e. where the documents came from and where the
24    documents went) should not be withheld. Such a large law firm would likely store the
25    information either in a database or index. Angeles is sure that SSD acknowledges the
26    importance of tracking client documents.

1

Plaintiff Angeles' Reply to SSD's Opposition            Northern District Misc. Matter
                                                        Case No. C 06-90343 Misc MMC (EDL)

1    5.    SSD ignores the critical part of the May 31 Order by only producing to the Court those documents that SSD believes are "at issue." If there is any ambiguity, Angeles respectfully requests that SSD comply fully with the May 31 2007 Order and produce to the Court all documents identified numbered 1-59 on SSD's privilege log. As stated in Angeles moving papers on page 9:17-22, there are no less than 38 items that Angeles was challenging as being "privileged." The other items could very well be privileged, but redacted. Angeles was challenging the documents listed on SSD's privilege log. All 59 items should be produced. SSD has already told the Court that SSD has no problem giving the documents to the Court for *in camera* review.

6.    Angeles respectfully requests that the Court fully review all the documents *in camera*. SSD has already told the Court that SSD has no problem giving the document to the Court for *in camera* review.

7.    Angeles assumes that the Court's instruction will be clear on any "procedure" directing any redaction.

8.    These indexes are critical and may show SSD's knowledge of documents source and disposition. SSD has already told the Court that SSD has no problem giving the document to the Court for *in camera* review.

Amazingly, SSD continues to refuse to follow the Courts instruction and Order. This action calls into question whether or not SSD even complied with the Order in the first place. Again, this would make any SSD index critical. If SSD refuses to produce any of the documents for *in camera review* listed on the privilege log or refuses to produce the documents to Angeles, Angeles respectfully requests that a teleconference with the Court be scheduled to settle any ambiguity or disputes between the parties.

DATED: June 6, 2007

Caufield & James, LLP

Jeffery L. Caufield, Esq.
Attorneys for Plaintiff/Counter-Defendant

2