Jeffery L. Caufield (SBN 166524)
jeff@caufieldjames.com
Kenneth E. James (SBN 173775)
ken@caufieldjames.com
CAUFIELD & JAMES, LLP
2851 Camino Del Rio South, Suite 250
San Diego, California 92108
Telephone: 619-325-0441
Facsimile : 619-325-0231

Attorneys for Plaintiffs, Greve Financial Services, Inc., Angeles Chemical Company, Inc., and John Locke

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANGELES CHEMICAL COMPANY, INC., et al.<br><br>Plaintiffs,<br><br>vs.<br><br>MCKESSON CORPORATION, a California Corporation, MCKESSON CHEMICAL COMPANY, FOREMOST-MCKESSON EXPORT CORPORTION, MORELAND-MCKESSON CHEMICAL COMPANY INC., and DOES 1 through 500, Inclusive,<br><br>Defendants. | Northern District Miscellaneous Matter No.<br>Case No. C 06-80343 Misc MMC (EDL)<br>Case No. C 07-80123 Misc MMC (EDL)<br><br>Central District of California<br>Case No: 01-10532 TJH (Ex)<br><br>PLAINTIFF ANGELES CHEMICAL COMPANY, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL THELEN & REID TO PRODUCE DOCUMENTS<br><br>Date: August 14, 2007<br>Time: 9:00 a.m.<br>Room: E<br>Judge: Judge Elizabeth D. Laporte |

Table Of Contents

I. Introduction....................1

II. Relevant Factual Background....................2

A. This Litigation Involves Allegations that Chemicals Utilized by McKesson Corporation or Angeles Chemical Company, Inc. caused the Contamination of Real Property in Santa Fe Springs, California....................2

B. Thousands of Critical McKesson Chemical Operational Records Known to Exist in 1997 are Missing....................3

C. In April 2007 Univar Admited that Approximately 175 of the 348 Boxes Produced in 2006 were Received from Thelen & Reid and Could Not Assert whether that Represented all of the McKesson Chemical Documents within the Possession, Custody, and Control of Thelen & Reid....................3

D. In May 2007 Angeles Subpoenaed Thelen & Reid Offices in San Francisco, San Jose, and Palo Alto....................4

E. Thelen & Reid Objected to the Subpoenas....................5

F. The Parties Met and Conferred in Accordance with Local Rule 37-1....................5

III. Legal Analysis....................6

A. The Northern District of California is the Correct Forum for Angeles to Compel Production of Documents from Thelen & Reid....................6

B. The Scope of Production under the FRCP 45 is Broad....................6

C. The Requests are Not Overbroad and Unduly Burdensome as Angeles Seeks a Narrow Range of Documents....................6

D. Any McKesson Chemical Operational Records are Highly Relevant and Critical to Angeles' Claims and Defenses....................8

E. Angeles Is Unable to Obtain these Documents from Other Sources and Thelen & Reid Likely Possesses Critical Documents....................9

F. Thelen & Reid's Vague and Ambiguous Objections are Misplaced....................9

G. Thelen & Reid's Objections Regarding Trade Secretes, Proprietary Information, and Privacy Lack Specificity and Fail....................10

H. Thelen & Reid Has Made No Showing that any Documents Sought are Privileged....................11

VI. Conclusion....................12

# TABLE OF AUTHORITIES

## CASES

Borse v. Superior Court County of Sacramento,
7 Cal App. 3d 286, 290 (3rd District 1970)....................11

Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.
408 F.3d 1142 , 1149 (9th Cir. 2005)....................11

Cedolia v. CS Hill Saw Mills, Inc.
41 FRD 524, 526-527 (DC NC 1967)....................11

Clarke v. American Commerce National Bank
974 F2d 127, 129-130 (9th. Cir. 1992)....................11

Deford v. Schmid Prods. Co.
120 FRD 648, 654 (D. Md. 1987)....................10

Diamond State Ins. Co. v. Rebel Oil Co.
157 F.R.D. 691, 698 (D. Nev. 1994)....................11

Fincher v. Keller Industries, Inc.
129 FRD 123, 125 (MD NC 1990)....................6

Gonzales v. Google, Inc.
234 FRD 674, 679 (ND Cal. 2006)....................7,8

Hickman v. Taylor
329 US 495, 501 (1947). ....................12

In re Aetna Inc. Sec. Litigation
1999 WL 354527 (E.D.Pa.1999)....................11

In re Theragenics Corp. Securities Litigation
205 F.R.D. 631, 635-636 (N.D.Ga.2002)....................11

In re Welding Rod Products Liability Litigation
406 F.Supp.2d 1064, 1065 (ND Cal. 2005)....................6,7

Kerr v. U.S. District Ct.
511 F.2d 192, 196 (9th Cir. 1975)....................8

Long Beach v. Superior Court of Los Angeles County
64 Cal App 3d 65, 75-78 (2nd District 1976)....................11

Long Beach Federal Sav. and Loan Ass'n v. Federal Home Loan Bank Bd.
189 F.Supp. 589, 604-605 (S.D.Cal.1960)....................7

McCall v. Overseas Tankship Corp.
16 FRD 467, 469 (DC NY 1954)....................11

Tornay v. United States
840 F.2d 1424, 1426 (9th Cir.1988)....................11

**STATUTES & CODES**

8 Wright & Miller, Federal Practice and Procedure, 2008 at 41 (1970)....................8

F.R.C.P. 26(b)(1)....................7,8

F.R.C.P. 45(c)(2)(B)....................7

Rule 45 Adv. Comm. note (1970)....................7

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE THAT Plaintiff and Counter-defendant Angeles Chemical Company, Inc. ("Angeles") will and hereby does move the United States District Court for the Northern District of California for an order to compel Thelen Reid Brown Raysman & Steiner LLP ("Thelen & Reid") to produce documents pursuant to 3 subpoenas. This motion is brought pursuant to Federal Rule of Civil Procedure 45 and 37 compelling Thelen & Reid to comply with a set of subpoenas regarding relevant documents to this litigation within Thelen & Reid's possession, custody, or control.

This motion is based upon the Notice of Motion and Motion to Compel Thelen & Reid To Produce Documents, Memorandum of Points and Authorities in Support Thereof, the Declaration of Jeffery L. Caufield in Support Thereof, the pleadings and records on file in this matter, all matters upon which the Court may take judicial notice, and any argument or counsel which may be permitted by this Court.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ANGELES CHEMICAL COMPANY INC.'S MOTION TO COMPEL**

## I. INTRODUCTION

The motion to compel arises from three subpoenas sent to Thelen Reid Brown Raysman & Steiner LLP ("Thelen & Reid") offices in San Francisco, Palo Alto, and San Jose by Angeles Chemical Company, Inc. ("Angeles"). (Declaration of Jeffery L. Caufield in Support of Motion to Compel ("Caufield Dec.") at ¶ 2).

Thelen & Reid possess relevant documents in regard to this litigation involving the contamination of real property in Santa Fe Springs, California. The documents support claims and defenses by showing what chemicals were bought, produced, and sold by McKesson Corporation ("McKesson"). Thelen & Reid currently represents McKesson, as well as Univar Corporation ("Univar"), who purchased most of McKesson's chemical division in the 1980's.

Thelen & Reid objected to Angeles' subpoenas and refused to confirm or deny that relevant McKesson documents preside in Thelen & Reid's possession, custody, and control. Thelen and Reid's blanket refusal to produce these relevant documents and boilerplate objections are insufficient to excuse compliance with the subpoenas. The parties have met and conferred according to Local Rule 37-1. Angeles respectfully requests that this Court compel production of the requested documents and records pursuant to the three subpoenas.

## II. RELEVANT FACTUAL BACKGROUND

### A. This Litigation Involves Allegations that Chemicals Utilized by McKesson Corporation or Angeles Chemical Company, Inc. caused the Contamination of Real Property in Santa Fe Springs, California

Angeles is one of several parties involved in this litigation concerning contaminated real property in Santa Fe Springs, California. (Caufield Dec. at ¶ 3). Angeles operated a former chemical distribution facility from approximately 1976 to 2000 ("Angeles Site"). (Caufield Dec. at ¶ 4). McKesson operated various chemical production and distribution facilities throughout the United States, including McKesson's Santa Fe Springs facility ("McKesson Site") which is adjacent to the Angeles Site. (Caufield Dec. at ¶ 5). In 1986, McKesson sold their chemical division ("McKesson Chemical") to Van Waters & Rogers, Inc., now known as Univar

Corporation ("Univar") [1].

**B. Thousands of Critical McKesson Chemical Operational Records Known to Exist in 1997 are Missing**

Since the inception of this litigation, Angeles has been trying to locate thousands of "missing" operational documents to use as evidence of the activities, policies, and procedures at the McKesson Site. (Caufield Dec. at ¶ 7). Invoices, purchase orders, "Customs & Practices" handbooks, spill records, and other highly relevant operational documents from the ten (10) years that the McKesson Site operated have not been produced.

After years of denying that Univar had any relevant McKesson documents, in December 2005 McKesson and Univar finally admitted that 348 boxes of documents indeed existed in Univar's possession, custody, and control. (Caufield Dec. ¶ 8). These documents were produced in April of 2006.

Later in 2006, additional documents were produced by McKesson which proved that Univar had <u>over 4000 boxes of McKesson Chemical documents as late as 1997</u>. (Caufield Dec. at ¶ 9). Various correspondence proved that Univar had transmitted a number of boxes back to McKesson around that time. However, Univar retained possession of at least 1,358 boxes of McKesson Chemical documents for litigation purposes. (Caufield Dec. at ¶ 9). To date Univar has only produced 348 boxes of documents to Angeles in this litigation (Caufield Dec. at ¶ 10). Neither McKesson nor Univar can account for the other 3,600 boxes. (Caufield Dec. ¶ 11).

**C. In April 2007 Univar Admitted that Approximately 175 of the 348 Boxes Produced in 2006 were Received from Thelen & Reid and Could Not Assert whether that Represented all of the McKesson Chemical Documents within the Possession, Custody, and Control of Thelen & Reid**

Angeles participated in a teleconference with Univar representatives on Friday, April 20, 2007 regarding the on-going dispute over the thousands of boxes of relevant McKesson documents missing since 1997. During that teleconference, Ms. Schenck, counsel for Univar, admitted for the first time that 175 of the 348 boxes produced in 2006 were not located at Kent,

---

1 Defined also as Univar USA, Inc, Univar North America Corporations, Univar Corporation, Pakhoed and Van Waters & Rogers, Inc. Van Waters & Rogers, Pakhoed, and Univar are all sister companies. Van Waters & Rogers merged with another corporation and changed its name to Univar. In 1986 Pakhoed acquired a 28% interest in Univar. Van Waters & Rogers is a wholly owned subsidiary of Pakhoed. (Caufield Dec. at ¶ 6).

Washington, but were sent from Thelen & Reid. (Caufield Dec. at ¶ 12). However, Ms. Schenck would not confirm that the 175 boxes of documents represented the entire universe of relevant McKesson documents within Thelen & Reid's possession, custody, or control.[2] (Caufield Dec. at ¶ 13). Accordingly, Angeles subpoenaed Thelen & Reid.

**D. In May 2007 Angeles Subpoenaed Thelen & Reid Offices in San Francisco, San Jose, and Palo Alto**

On or around May 15, 2007 Angeles subpoenaed Thelen & Reid offices in San Francisco[3], San Jose, and Palo Alto out of the Northern District of California. (Caufield Dec. at ¶ 15,16). Specifically, the requests for documents were as follows:

- All DOCUMENTS that REFER OR RELATE to MCKESSON CHEMICAL.
- ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of any HAZARDOUS SUBSTANCE.
- ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of any HAZARDOUS WASTE.
- ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of any SOLID WASTE.
- ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of any CHLORINATED SOLVENTS.
- ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON SITE of any HAZARDOUS SUBSTANCE.
- ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON SITE of any HAZARDOUS WASTE.
- ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON SITE of any SOLID WASTE.
- ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON SITE of any CHLORINATED SOLVENTS.
- ALL DOCUMENTS that REFER OR RELATE to the storage, retention, destruction, or transfer of DOCUMENTS of MCKESSON CHEMICAL between 1986 and 2005.
- All DOCUMENTS that REFER OR RELATE to any discussion, conversation, or CORRESPONDENCE with any PERSON regarding the MCKESSON SITE or the above-entitled action.
- All DOCUMENTS that REFER OR RELATE to any discussion, conversation, or CORRESPONDENCE with UNIVAR regarding the MCKESSON SITE or the above-entitled action.
- All DOCUMENTS that REFER OR RELATE to any discussion, conversation, or CORRESPONDENCE with UNIVAR regarding the transmittal of ALL DOCUMENTS that relate to MCKESSON CHEMICAL.

---

[2] Ms. Schenck also refused to divulge which Thelen & Reid office supplied the documents. (Caufield Dec. at ¶ 14).

[3] Angeles sent an amended subpoena to the San Francisco office on June 4, 2007.

- All DOCUMENTS that REFER OR RELATE to any discussion, conversation, or CORRESPONDENCE with UNIVAR regarding the transmittal of ALL DOCUMENTS relate to the MCKESSON SITE. (Caufield Dec. at ¶ 16).

**E. Thelen & Reid Objected to the Subpoenas**

On or around May 29 and June 15, Thelen & Reid objected to Angeles' subpoenas. (Caufield Dec. at ¶ 17). The specific objections raised were as follows:

- The requests were overbroad and unduly burdensome.
- The requests seek documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.
- "HAZARDOUS SUBSTANCE," "HAZARDOUS WASTE," "SOLID WASTE," and "CHLORINATED SOLVENTS" were vague and ambiguous.
- The requests seek documents containing McKesson's trade secretes and proprietary information.
- The requests seek to invade the privacy of third-parties.
- The requests seek documents protected by attorney-client, attorney work product, and any other applicable privilege. (Caufield Dec. at ¶ 17).

**F. The Parties Met and Conferred in Accordance with Local Rule 37-1**

After receiving the objections on June 15, 2007, Angeles sent a meet and confer letter on June 20, 2007 requesting that Thelen & Reid comply with the subpoenas. (Caufield Dec. at ¶ 18). On June 22, Thelen & Reid responded that it would not produce any documents, but agreed to participate in a teleconference to discuss and resolve any issues in connection with the subpoenas. (Caufield Dec. at ¶ 18).

On Monday, June 25, 2007, Mr. Caufield and Mr. Rossettie, attorneys for Angeles, and Mr. Petty and Mr. Brownfield, attorneys for Thelen & Reid, participated in a teleconference to discuss the subpoenas. (Caufield Dec. at ¶ 19). At the conclusion of the teleconference, the parties came to the mutual understanding as to the following:

- Thelen & Reid currently represents McKesson and Univar on an unrelated matter involving the allegation that McKesson and Univar at one time sold asbestos.

- Thelen & Reid was unable to confirm that the boxes transmitted back to Univar in early 2006 represented the entire universe of McKesson Chemical records received by Thelen & Reid.
- Angeles seeks original McKesson Chemical operational records and any correspondence, logs, indexes showing what McKesson Chemical operational records were received by Thelen & Reid and/or any correspondence, logs, indexes showing where Thelen & Reid sent the documents.
- Angeles does not seek the boxes that Thelen and Reid sent to back to Univar as part of the Kent, Washington review in early 2006.
- Angeles would like Thelen & Reid to confirm, either by declaration or by producing correspondence, indexes, or logs that Thelen & Reid no longer possesses any McKesson Chemical operational records.
- To the extent McKesson Chemical operational records at one time existed at Thelen & Reid but were sent to additional parties (not including the boxes sent to Univar in or around the early 2006), Angeles requested that the documents and/or number of boxes, along with the recipient be identified.
- Angeles does not seek any privileged information. Angeles does seek correspondence, logs, and/or indexes evidencing the facts of what McKesson Chemical records were received and where those records were sent. (Caufield Dec. at ¶ 20).

To date, Thelen & Reid has refused to produce any McKesson Chemical operational records within their possession, custody, or control and/or refused to produce any correspondence, records, index, or logs indicating what McKesson Chemical operational records were received and where those documents were sent. Thus, Angeles seeks relief from this Court.

## III. LEGAL ANALYSIS

### A. The Northern District of California is the Correct Forum for Angeles to Compel Production of Documents from Thelen & Reid

Controversies with nonparties regarding the enforcement of subpoenas under FRCP 45 are decided in the court which issues the subpoena. Fincher v. Keller Industries, Inc. 129 FRD 123,

125 (MD NC 1990); In re Welding Rod Products Liability Litigation 406 F.Supp.2d 1064, 1065 (ND Cal. 2005). If a timely objection is made to the subpoenas then "the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued." FRCP 45(c)(2)(B); In re Welding Rod Products Liability Litigation 406 F.Supp.2d 1064, 1065 (ND Cal. 2005).

The subpoenas were issued out of the Northern District of California. Thelen & Reid objected to subpoenas and has since refused to produce any documents. Thus, Angeles respectfully requests this Court to compel the production of documents pursuant to the subpoenas.

**B. The Scope of Production under the FRCP 45 is Broad**

The "scope of discovery through a subpoena is the same as that applicable to rule 34 and other discovery rules." Gonzales v. Google, Inc., 234 FRD 674, 679 (ND Cal. 2006) (quoting Rule 45 Adv. Comm. note (1970)). Rule 34 adopts the scope of discovery set forth in the Federal Rules of Civil Procedure 26(b). Id. Under FRCP 26(b), "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party…[and that] appears reasonably calculated to lead to the discovery of admissible evidence." FRCP 26(b)(1).

**C. The Requests are Not Overbroad and Unduly Burdensome as Angeles Seeks a Narrow Range of Documents**

The law requires more than the mere assertion that compliance with a subpoena is overbroad and unduly burdensome. Long Beach Federal Sav. and Loan Ass'n v. Federal Home Loan Bank Bd., 189 F.Supp. 589, 604-605 (S.D.Cal.1960), reversed on other grounds 295 F.2d 403. A party must show the manner and extent of the burden and the injurious consequences of compliance. Id.

Thelen & Reid has made no specific showing on how the requests are unduly burdensome or overbroad. Mr. Petty stated that the objections were filed because of all the internal memorandum and work product created from McKesson materials. (Caufield Dec. at ¶ 21). Mr. Caufield assured Mr. Petty Angeles only seeks any original McKesson Chemical operational records and any facts of what McKesson Chemical operational records were received and where

those documents were sent. (Caufield Dec. at ¶ 22). Despite Angeles' assertions, Thelen & Reid has refused to produce documents.

**D. Any McKesson Chemical Operational Records are Highly Relevant and Critical to Angeles' Claims and Defenses**

FRCP 34 adopts the scope of discovery set forth in the Federal Rules of Civil Procedure 26(b). Gonzales v. Google, Inc., 234 FRD 674, 679 (ND Cal. 2006) (quoting Rule 45 Adv. Comm. note (1970)). Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P. 26(b)(1)(emphasis added). The question of relevancy "is to be more loosely construed at the discovery stage than at the trial." Kerr v. U.S. District Ct., 511 F.2d 192, 196 (9th Cir. 1975), citing 8 Wright & Miller, Federal Practice and Procedure, s 2008 at 41 (1970). Therefore, under the Federal Rule of Civil Procedure 26(b)(1), "it is no ground for objection that information sought in pretrial discovery would not be admissible at trial, 'if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence.'" Id.

In this case, Angeles seeks relevant McKesson documents and any documents that may aid in determining what happened to hundreds of thousands of relevant documents. With hundreds of thousands of missing Santa Fe Springs operational documents, any McKesson documents that reference any company wide initiatives, policies, and procedures would be highly relevant in reconstructing the Santa Fe Springs operations. For example, no policies and procedures manuals previous to 1985 have been produced. It is very likely that some McKesson Chemical sites retained a copy of the older policies. Thus, highly relevant materials could be found with other related McKesson sites.[4]

Moreover there are very specific documents known to have existed that are critical to Angeles' claims and defenses that were sent to Univar, but have since "disappeared." For

[4] Indeed, while reviewing the 348 boxes of documents produced at Kent, Washington, Angeles found a highly relevant video tape of the Santa Fe Springs facility in a box containing McKesson sites from the Midwest.

example, one "missing" document references a

> "42-page package prepared by regional personnel… [that] address[ed] the following items…:disposal activities – pits, major spills – leaks, off-site disposal, RCRA status, repack activities, tank farms, other major permits, underground storage tanks, evidence of contamination, previous uses of the site, water wells, visible pollution impacts, planned environmental upgrades, and future improvements to be evaluated…" (Caufield Dec. at ¶ 23).

Clearly, this document would be critical in determining not only what chemicals were bought, processed, and sold at the McKesson Site, but also critical in determining whether those chemical were the actual cause of the contamination. The only way to track down any of these missing documents is to determine who received them and where the documents were sent.

**E. Angeles Is Unable to Obtain these Documents from Other Sources and Thelen & Reid Likely Possesses Critical Documents**

As explained above, Angeles has already sought through written discovery documents and information from both McKesson and Univar[5]. Despite evidence that thousands of boxes of documents existed less than 10 years ago, McKesson and Univar have refused to explain what happened to the documents.

Currently, Thelen & Reid represents both McKesson and Univar in an unrelated asbestos case where the main contention is whether or not McKesson and Univar sold asbestos products. (Caufield Dec. at ¶ 20,24). As Mr. Petty explained, Thelen & Reid are trying to compile original lists of products bought and sold by McKesson and Univar. (Caufield Dec. at ¶ 24). This is <u>exactly the type of information</u> that Angeles is seeking which is critical to Angeles' claims and defenses. Thus, it is likely that Thelen & Reid possesses highly relevant information critical to Angeles' claims.

**F. Thelen & Reid's Vague and Ambiguous Objections are Misplaced**

Thelen and Reid objected that the terms "HAZARDOUS SUBSTANCE," "HAZARDOUS WASTE," "SOLID WASTE," and "CHLORINATED SOLVENTS" were vague and ambiguous. However, Angeles clearly defined the terms as follows:

---

[5] Angeles subpoenaed another one of Univar's counsel, Squire Sanders & Dempsey ("SSD"), wherein Angeles learned that SSD had over 100 boxes of potentially relevant McKesson Chemical documents. To date, over 15,000 pages of responsive documents have been produced. However, the issues connected to that subpoena are on-going.

- "HAZARDOUS SUBSTANCE" shall have the same definition as that contained in Section 101 (14) of CERLCA, 42 U.S.C. Section 9601(13), and includes any mixture of such hazardous substances with any other substances, including petroleum products.
- "HAZARDOUS WASTE" and "SOLID WASTE" shall have the same definitions as those contained in Sections 1004(5) and 1004(27) of RCRA, 42 U.S.C. Section 6903(5) and 6903(27) respectively.
- "CHLORINATED SOLVENTS" refers to, but not simply limited to: 1,1 Dichloroethane (1,1-DCA); 1,1 Dichloroethene (1,1-DCE); Methylene Chloride; Tetrachloroethylene (AKA Perchloroethylene [PERC]); 1,1,1-Trichloroethane (1,1,1TCA); Trichloroethylene (TCE); Carbon Tetrachloride; Methyl Chloroform; Chloroform; Ethylene Dichloride; Propylene Dichloride.

Thelen & Reid only gives generalized objections to Angeles' requests. Indeed, three of the four terms are clearly defined by statute. Both parties are well aware that Angeles seeks those documents that evidence what chemicals McKesson handled which Angeles alleges contaminated the property. There is simply no ambiguity to Angeles requests. Thus, Thelen & Reid's objections should fail.

**G. Thelen & Reid's Objections Regarding Trade Secretes, Proprietary Information, and Privacy Lack Specificity and Fail**

Thelen & Reid's objections that Angeles seeks documents containing McKesson's trade secretes and proprietary information and/or seeks to invade the privacy of third parties lack specificity. Angeles seeks relevant McKesson documents or evidence that will likely lead to the discovery of "missing" documents.

Courts have ruled that "Speculative allegations of injury from the disclosure of years-old information are not sufficient to warrant issuance of a protective order." <u>Deford v. Schmid Prods. Co.,</u> 120 FRD 648, 654 (D. Md. 1987) Thelen & Reid has not provided any particular example of documents sought that would divulge any trade secretes, proprietary information, or invade the privacy of third parties. This is merely a blanket objection with no practical or actual application. Thelen & Reid has failed to identify even one (1) documents of concern. They have failed to establish any factual evidence to support the objection. Moreover, McKesson Chemical

operations were only in existence until 1986. These documents are not of the vintage to risk disclosure of trade secretes or otherwise. Thus, these objections should be disregarded.

**H. Thelen & Reid Has Made No Showing that any Documents Sought are Privileged**

Angeles made clear in the teleconference on Monday June 25, 2007 that Angeles did not seek any legal analysis of any McKesson documents created by Thelen & Reid. Angeles seeks the narrow relevant documents indicated on the subpoenas. Moreover, Thelen & Reid, who bears the burden on asserting privilege protections, has made no showing that the documents sought are privileged.

The burden of establishing privilege rests with the party asserting the privilege. Tornay v. United States, 840 F.2d 1424, 1426 (9th Cir.1988). The assertions of privilege must be made with particular specificity for each document. Clarke v. American Commerce National Bank 974 F2d 127, 129-130 (9th. Cir. 1992). A generalized, self-serving, conclusory assertion of protection or privilege simply is insufficient. Diamond State Ins. Co. v. Rebel Oil Co., 157 F.R.D. 691, 698 (D. Nev. 1994). Boilerplate objections or blanket refusals to produce documents are insufficient. Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont., 408 F.3d 1142 , 1149 (9th Cir. 2005).

Thelen & Reid has made no showing that relevant McKesson documents are in any way privileged. Indeed, Thelen & Reid has not offered ANY privilege log at all. Moreover, to the extent that Angeles is seeking documents to determine what documents were received and where those documents were sent, these constitute facts that should be discoverable.

Courts have been very clear that information regarding the existence or location of witnesses is not privileged. (*See* McCall v. Overseas Tankship Corp. 16 FRD 467, 469 (DC NY 1954); Cedolia v. CS Hill Saw Mills, Inc. 41 FRD 524, 526-527 (DC NC 1967); In re Aetna Inc. Sec. Litigation, 1999 WL 354527 (E.D.Pa.1999); In re Theragenics Corp. Securities Litigation, 205 F.R.D. 631, 635-636 (N.D.Ga.2002); Long Beach v. Superior Court of Los Angeles County, 64 Cal App 3d 65, 75-78 (2nd District 1976); Borse v. Superior Court County of Sacramento, 7

Cal App. 3d 286, 290 (3rd District 1970))[6] Similarly, Angeles seeks information regarding the existence or location of documents. As stated in Hickman v. Taylor, Federal Rules of Civil Procedure serve to "ascertain the facts, or information as to the existence or whereabouts of facts, relative to the issues at hand." Hickman v. Taylor 329 US 495, 501 (1947). Since admittedly, thousands of boxes of operational records of McKesson have previously been completely unaccounted for and are conspicuously missing, this Court should require Thelen & Reid's compliance with the three (3) subpoenas. For the forgoing reasons, Thelen & Reid's objections to privilege should fail.

## VI. Conclusion

In conclusion, Angeles respectfully requests the Court grant the motion to compel Thelen & Reid to produce documents subject to Angeles' subpoenas as required by law.

DATED: June 29, 2007

Caufield & James, LLP

Jeffery L. Caufield, Esq.
Attorneys for Plaintiff/Counter-Defendant

[6] In re Ashworth, Inc. Securities Litigation, 213 F.R.D. 385, 387-390 (S.D.Cal 2002) also speaks to the issue. In that instance, the Court recognized the right to discover a total list of witnesses, but limited its holding when a party was seeking above and beyond the total list which witnesses were interviewed by counsel. In essence, the Court argued that the additional information above and beyond the identification of witnesses may reveal counsel's opinions regarding the relative importance of these witnesses. *Id.*