```
 1  Jeffery L. Caufield (SBN 166524)
    jeff@caufieldjames.com
 2  Kenneth E. James (SBN 173775)
    ken@caufieldjames.com
 3  CAUFIELD & JAMES, LLP
    2851 Camino Del Rio South, Suite 250
 4  San Diego, California 92108
    Telephone: 619-325-0441
 5  Facsimile : 619-325-0231

 6  Attorneys for Plaintiffs, Greve Financial
    Services, Inc., Angeles Chemical Company,
 7  Inc., and John Locke
```

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELES CHEMICAL COMPANY, INC., et al.<br><br>Plaintiffs,<br><br>vs.<br><br>MCKESSON CORPORATION, a California Corporation, MCKESSON CHEMICAL COMPANY, FOREMOST-MCKESSON EXPORT CORPORTION, MORELAND-MCKESSON CHEMICAL COMPANY INC., and DOES 1 through 500, Inclusive,<br><br>Defendants. | Northern District Miscellaneous Matter No.<br>Case No. C 06-80343 Misc MMC (EDL)<br>Case No. C 07-80123 Misc MMC (EDL)<br><br>Case No: 01-10532 TJH (Ex)<br>Central District of California<br><br>DECLARATON OF JEFFERY L. CAUFIELD IN SUPPORT OF PLAINTIFF ANGELES CHEMICAL COMPANY, INC.'S MOTION TO COMPEL THELEN & REID TO PRODUCE DOCUMENTS<br><br>Date:  August 14, 2007<br>Time:  9:00 a.m.<br>Room: E<br>Judge:  Judge Elizabeth D. Laporte |

I, Jeffery L. Caufield, declare as follows:

1. I am an attorney of record for Plaintiffs and Counter-Defendants, Greve Financial Services, Inc., a California corporation, Angeles Chemical Company, Inc., a California corporation, Janyce Locke, an individual, and John Locke, an individual (collectively, "Angeles") in the above entitled action.

2. The motion to compel arises from three subpoenas sent to Thelen Reid Brown Raysman & Steiner LLP ("Thelen & Reid") offices in San Francisco, Palo Alto, and San Jose by Angeles

Chemical Company, Inc. ("Angeles"). Attached hereto as **Exhibit 1** are true and correct copies of three (3) subpoenas sent to Thelen & Reid's San Francisco, San Jose, and Palo Alto offices.

3. Angeles Chemical Company, Inc. ("Angeles") is one of several parties involved in litigation concerning contaminated real property in Santa Fe Springs, California.

4. Angeles operated a former chemical distribution facility from approximately 1976 to 2000 ("Angeles Site").

5. One of the other parties involved is McKesson Corporation ("McKesson") who operated various chemical production and distribution facilities throughout the United States, including McKesson's Santa Fe Springs facility ("McKesson Site") which was adjacent to the Angeles Site, until approximately 1986.

6. Defined also as Univar USA, Inc, Univar North America Corporations, Univar Corporation, Pakhoed and Van Waters & Rogers, Inc. Van Waters & Rogers, Pakhoed, and Univar are all sister companies. Van Waters & Rogers merged with another corporation and changed its name to Univar. In 1986 Pakhoed acquired a 28% interest in Univar. Van Waters & Rogers is a wholly owned subsidiary of Pakhoed. Attached hereto as **Exhibit 2**, the following are documents in support of this assertion: a true and correct copy of a 2002 Univar Annual Report obtained from Univar's "Investor Center" webpage, http://www.univarcorp.com/investorcenter.htm, last viewed February 14, 2007 (See p. 3); a true and correct copy of a printout depicting the history of Royal Vopak obtained from Royal Vopak's corporate website, http://www.vopak.com/about_vopak/142_145.php, last viewed February 14, 2007; a true and correct copy of a printout showing Van Waters & Rogers is a wholly owned subsidiary or Royal Pakhoed, http://www.vopak.com/press/page_pageContent.php?page=/ press_releases/archive/pakhoed/pakhoed_1999/pakhoed_363.html, last viewed February 14, 2007; a true and correct copy of an October 1, 1996 Quarterly results of Univar Corporation printout obtained from Royal Vopak's website, http://www.vopak.com/press/page_pageContent.php?page=/press_releases/archive/pakhoed/pakhoed_1996/pakhoed_418.html, last viewed February 14, 2007 (See p. 1.)Since the inception of the underlying litigation, Angeles has been trying to locate thousands of "missing" operational documents to use as evidence of the activities and employment practices at the McKesson Site.

7. After years of denying that Univar had any relevant McKesson documents, in December 2005 McKesson and Univar admitted that 348 boxes of documents indeed existed in Univar's possession, custody, and control.

8. Documents produced to Angeles later in 2006, proved that Univar had over 4000 boxes of McKesson Chemical documents as late as 1997. Moreover, various correspondence showed that Univar had transmittal a number of boxes back to McKesson around that time; however, Univar retained possession of at least 1,358 boxes of McKesson Chemical documents for litigation purposes. Attached hereto as **Exhibit 3** is a string of correspondence between McKesson and Univar regarding McKesson Chemical Company records, including: a true and correct copy of a letter dated July 22, 1993 from Susan Paulus to Regina LaRocca (Bates No. MCK0057062); a true and correct copy of a letter dated February 23, 1994 from John Blais to Andrea Dixon (Bates No. MCK0046329); a true and correct copy of a letter dated November 22, 1995 from Dinah Szander to Joel Summer (Bates No. MCK0057061); a true and correct copy of a letter dated November 28, 1995 from Joes Summer to Dinah Szander (Bates No. MCK0059820); a true and correct copy of a letter dated July 23, 1996 from Paula Harris to Dinah Szander (Bates No. MCK0057059); a true and correct copy of a letter dated September 9, 1996 from Paula Harris to Ivan Meyerson (Bates No. MCK0057058); a true and correct copy of a letter dated September 27, 1996 from Dinah Szander to Paula Harris and Carole Ungvarsky (Bates Nos. MCK0057055-56); a true and correct copy of a letter dated October 9, 1996 from Paula Harris to Dinah Szander, including the McKesson Record Survey attached thereto (Bates Nos. MCK0057052-54); a true and correct copy of a letter dated October 14, 1996 from Dinah Szander to Paula Harris and Carole Ungvarsky (Bates Nos. MCK0057050-51); a true and correct copy of a letter dated October 18, 1996 from Paula Harris to Carole Ungvarsky, including a list of Univar locations holding McKesson records attached thereto (Bates No. MCK0057044-46); a true and correct copy of a letter dated October 29, 1996 from Paula Harris to Dinah Szander (Bates No. MCK0057043); a true and correct copy of a letter dated November 5, 1996 from Dinah Szander to Paula Harris and Carole Ungvarsky (Bates Nos. MCK0057040-42); a true and correct copy of a letter December 17, 1996 from Paula Harris to Carole Ungvarsky, including the Office Locations table attached thereto (Bates Nos. MCK0057036-37); a true and correct copy of a letter dated March 3, 1997 from Paula Harris to Carole Ungvarsky (Bates No. MCK0057035); and a true and correct copy of a letter dated August 22, 1997 from Paula Harris to Dinah Szander (Bates No. MCK0057034).

9. To date Univar has produced 348 boxes of documents.

10. Neither McKesson nor Univar can account for the other 3600 boxes.

2

Declaration of Jeffery L. Caufield                                    Northern District Misc. Matter

1    11. During the April 20, 2007 teleconference, Ms. Schenck, counsel for Univar, admitted for the first time that 175 of the 348 boxes produced in 2006 were not located at Kent, Washington, but sent from Thelen & Reid.

12. Ms. Schenck, counsel for Univar, would not confirm that the 175 boxes of McKesson Chemical documents represented the entire universe of McKesson Chemical documents within Thelen & Reid's possession, custody, or control.

13. Ms. Schenck, counsel for Univar, also refused to divulge which Thelen & Reid office supplied the documents.

14. On or around May 15, 2007 Angeles subpoenaed Thelen & Reid offices in San Francisco, San Jose, and Palo Alto out of the Northern District of California.

15. See **Exhibit 1** subpoenas.

16. Attached hereto as **Exhibit 4** are true and correct copies of Thelen & Reid's objections to Angeles' subpoenas requesting production of documents.

17. Attached hereto as **Exhibit 5** are true and correct copies of meet and confer correspondence between Angeles and Thelen & Reid, including: a letter dated June 20, 2007 from Amy Dolkas of Caufield & James to Nevin Brownfield of Thelen & Reid, including two (2) Proof of Service notices attached thereto; a letter dated June 22, 2007 from Nevin Brownfield to Amy Dolkas; an email dated June 22, 2007 from Joe Rossettie of Caufield & James to Nevin Brownfield; and an email dated June 25, 2007 from Joe Rossettie to Nevin Brownfield and Ross Petty.

18. On Monday, June 25, 2007, Mr. Caufield and Mr. Rossettie, attorneys for Angeles, and Mr. Petty and Mr. Brownfield, attorneys for Thelen & Reid, participated in a teleconference to discuss the subpoenas. See also June 25, 2007 email in **Exhibit 5**.

19. During that conference call on Monday June 25, 2007, the parties came to the mutual understanding of the following:

- Thelen & Reid currently represents McKesson and Univar on an unrelated matter involving the allegation that McKesson and Univar at one time sold asbestos.
- Thelen & Reid was unable to confirm that the boxes transmitted back to Univar in early 2006 represented the entire universe of McKesson Chemical records received by Thelen & Reid.

- Angeles seeks original McKesson Chemical operational records and any correspondence, logs, indexes showing what McKesson Chemical operational records were received by Thelen & Reid and/or any correspondence, logs, indexes showing where Thelen & Reid sent the documents.
- Angeles does not seek the boxes that Thelen and Reid sent to back to Univar as part of the Kent, Washington review in early 2006.
- Angeles would like Thelen & Reid to confirm, either by declaration or by producing correspondence, indexes, or logs that Thelen & Reid no longer possesses any McKesson Chemical operational records.
- To the extent McKesson Chemical operational records at one time existed at Thelen & Reid but were sent to additional parties (not including the boxes sent to Univar in or around the early 2006), Angeles requested that the documents and/or number of boxes, along with the recipient be identified.
- Angeles does not seek any privileged information. Angeles does seek correspondence, logs, and/or indexes evidencing the facts of what McKesson Chemical records were received and where those records were sent.

See June 25, 2007 email in **Exhibit 5**, memorializing the teleconference.

20. Mr. Petty, attorney for Thelen & Reid, stated during the conference call that the objection was made in part because of all the internal memorandum and work product created from McKesson materials.

21. I assured Thelen & Reid during the conference call on June 25 that that Angeles only seeks any original McKesson Chemical operational records and any facts of what McKesson Chemical operational records were received and where those documents were sent.

22. Attached hereto as **Exhibit 6** is a true and correct copy of a letter dated September 9, 1986, from Ivan Meyerson to Mr. Unkovic of Graham & James. See p. 3, subsection (f).

23. Mr. Petty explained during the June 25 teleconference that part of the asbestos litigation involved trying to compile original lists of products bought and sold by McKesson and Univar.

4

Declaration of Jeffery L. Caufield                                   Northern District Misc. Matter

1  I declare under penalty of perjury that the foregoing is true and correct.
2  Executed in San Diego, California on June 29, 2007.

DATED: June 29, 2007            Caufield & James, LLP

                                _____
                                Jeffery L. Caufield, Esq.
                                Kenneth E. James, Esq.
                                Attorneys for Plaintiff, GREVE
                                FINANCIAL SERVICES, INC.,
                                ANGELES CHEMICAL COMPANY,
                                INC., and JOHN LOCKE

Declaration of Jeffery L. Caufield        5        Northern District Misc. Matter