# EXHIBIT 1

1   Jeffery L. Caufield, Esq. (SBN 166524)
    *jeff@caufieldjames.com*
2   Kenneth E. James, Esq. (SBN 173775)
    *ken@caufieldjames.com*
3   David R. Griffin, Esq. (SBN 076619)
    *dave@caufieldjames.com*
4   CAUFIELD & JAMES, LLP
    2851 Camino Del Rio South, Suite 250
5   San Diego, California  92108
    (619) 325-0441 Telephone
6   (619) 325-0231 Facsimile

7   Attorneys for Plaintiffs, Greve Financial Services,
    Inc., Angeles Chemical Company, Inc., and John
8   Locke

9

10              UNITED STATES DISTRICT COURT

11           NORTHERN DISTRICT OF CALIFORNIA

12

13   ANGELES CHEMICAL COMPANY, INC., a    )   Case No:  01-10532 TJH (Ex)
     California corporation, etc., et al.,          )   Central District of California
14                                                  )
              Plaintiffs,                           )   NOTICE OF SUBPOENA
15                                                  )   REQUESTING PRODUCTION OF
     v.                                             )   DOCUMENTS PURSUANT TO FRCP
16                                                  )   45 OF THELEN REID BROWN
     MCKESSON CORPORATION, a California  )   RAYSMAN & STEINER, LLP
17   corporation, etc., et al,                      )
                                                    )
18            Defendants.                           )   Place:  101 Second Street, Suite 1800
                                                    )           San Francisco, CA 94105
19   ————————————————————————  )   Date:   June 11, 2007
     AND RELATED CROSS-ACTION           )   Time:   9:30 a.m.
20   ————————————————————————  )

21       TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

22       **NOTICE IS HEREBY GIVEN** that on May 14, 2007, Plaintiff and Counter-defendant

23   Angeles Chemical Company, Inc. will serve the Custodian of Records for THELEN REID

24   BROWN RAYSMAN & STEINER, LLP, (formerly Thelen Reid & Priest, LLP), a non-party,

25   with a subpoena for the production of documents pursuant to Federal Rule of Civil Procedure 45

26   as set forth in the attached Subpoena.  Said documents will be made available to copy on June 11,

27   2007, at 9:30 a.m. at the offices of THELEN REID BROWN RAYSMAN & STEINER, LLP, or

28   at the offices of Paulson Reporting & Litigation Services, 44 Montgomery, Suite 1100, San

                                       1
    ─────────────────────────────────────────────────────────────
    NOTICE OF SUBPOENA TO THELEN REID BROWN RAYSMAN & STEINER, LLP

1   Francisco, CA 94104, pursuant to the attached subpoena and attachments thereto.  Such copy

2   expense shall be the obligation of this noticing party.

3          **PLEASE TAKE FURTHER NOTICE** that pursuant to the Subpoena served

4   concomitantly with this notice, the noticed party is obligated to produce documents at the time or

5   sooner of the inspection date, pursuant to FRCP 45 and all subchapters.  The noticed party may,

6   upon its own volition, produce the requested documents earlier, and deliver said documents to the

7   offices of Caufield & James LLP, located at 2851 Camino Del Rio South, Suite 250, San Diego,

8   CA 92108.

9

10  DATED:  May 14, 2007                    Caufield & James, LLP

11                                          By:_____

12                                              Jeffery L. Caufield, Esq.
                                                Attorneys for Plaintiffs, Greve Financial
13                                              Services, Inc., Angeles Chemical
                                                Company, Inc., and John Locke

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          2
_____
NOTICE OF SUBPOENA TO THELEN REID BROWN RAYSMAN & STEINER, LLP

AO 88    Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

ANGELES CHEMICAL COMPANY, INC., a California corporation

v.

**SUBPOENA IN A CIVIL CASE**

MCKESSON CORPORATION, a California Corporation, et al.

Case Number:[1]  01-10532 TJH (Ex)
Central District of California

TO:  Custodian of Records
THELEN REID BROWN RAYSMAN & STEINER, LLP
101 Second Street, Suite 1800
San Francisco, CA 94105

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT "A" ATTACHED HERETO AND INCORPORATED HEREIN BY REFERENCE.

| PLACE | DATE AND TIME |
|---|---|
| 101 Second Street, Suite 1800<br>San Francisco, CA 94105 | June 11, 2007; 9:30a.m. |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE<br>May 14, 2007 |
|---|---|

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Jeffery L. Caufield, CAUFIELD & JAMES, 2851 Camino Del Rio South, Suite 250, San Diego, CA  92108; (619) 325-0441
Attorneys for Plaintiffs, Greve Financial Services, Inc., Angeles Chemical Company, Inc., and John Locke

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

© American LegalNet, Inc.

AO88 (Rev. 12/06) Subpoena in a Civil Case

---

PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(D) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

American LegalNet, Inc.
www.FormsWorkflow.com

## ATTACHMENT "A"

### *Angeles Chemical Company, Inc. v. et al. v. McKesson Corporation, et al.*
### U.S.D.C. Case No. 01-10532 TJH (Ex)

### DEFINITIONS

As used herein, the following definitions apply to this subpoena:

1.    "YOU" or "YOUR" means THELEN REID BROWN RAYSMAN & STEINER, and/or formerly Thelen Reid & Priest LLP, as well as anyone acting on YOUR behalf, including but not limited to employees, agents and attorneys.

2.    "PERSON" refers to any individual, corporation, partnership, firm, association, government agency or other organization recognizable at law, and its agents and employees.

3.    "MCKESSON CHEMICAL" means to the former McKesson Chemical Corporation.

4.    "MCKESSON SITE" means McKesson Chemical's Santa Fe Springs, CA facility, located at 9005 Sorensen Ave, Santa Fe Springs, CA.

5.    The term "REFER OR RELATE TO" shall have their commonly used meaning, mentioning, referring to, relating to, reflection, consisting of, concerning, discussing, analyzing, summarizing, supporting, evidencing or describing, pertaining to, dealing with, or showing.

6.    "DOCUMENT" refers to and means "all writings and recordings" as defined in Rule 1001 of the Federal Rules of Evidence and Rule 34 of the Federal Rules of Civil Procedure, and includes, but is not limited to, all original writings, drafts of writings and documents, and tape recordings of any nature whatsoever, as well as all non-identical copies in your possession, custody, or control, whether handwritten, typewritten or otherwise prepared.  In particular, the term document includes, but is not limited to "letters, faxes, telegrams, memoranda, notes, reports, agreements, contracts, statements, advertisements, brochures, manuals, bulletins, circulars, pamphlets, studies, magazine and newspaper articles and reports, invoices, bills, statements, receipts, checks, check stubs, check registers, ledgers, accounting records, journals, minutes, notes, worksheets, vouchers,

EXHIBIT "A"
Page 2 of 5

diagrams, illustrations, photographs, videotape, audiotapes, statements, legal pleadings, deposition transcripts, court orders, affidavits, declarations, motions, memoranda of points and authorities, discovery requests and responses, legal briefs, consent decrees, administrative orders, promissory notes, security agreements, deeds of trust, trustee's deeds, real estate disclosure statements, real estate transfer documents, notices of default, environmental reports and studies, articles of incorporation, bylaws, partnership agreements, preliminary title reports, abstracts of title, insurance policies, notebooks, desk calendars, appointment books, computer files (whether on hard disk, floppy diskette, or any removable-media drive), e-mail or voice mail printouts, and all other papers, books, writings, computer files, and documents upon which any communication, idea, thought or information of any kind within the categories enumerated below has been reproduced or recorded.

7.      "CORRESPONDENCE" means and includes any transmission or exchange of information between two more persons, including without limitation, any discussion or information carried on or transmitted by means of letter, note, memorandum, interoffice correspondence, telegraph, telex, telecopies, cable, electronic mail, or some other electronic medium.

a.      The word "and" includes "or" and visa versa.

b.      The word "all" shall mean any and all.

b.      It is not intended that this request for documents require the disclosure of any document which you claim is protected against disclosure as "work product" or "privileged," although plaintiff reserves the right to move for disclosure.  For any document withheld on such grounds, please provide a written response with the following information:

        (i) A description of the documents sufficiently particular to identify it and to enable you to identify, disclose or produce it in response to an order of the above-entitled court;

        (ii.) The nature of the protection claimed;

        (c) A list of all persons who participated in the preparation of the document;

2

EXHIBIT "A"

Page 3 of 5

      (d) A list of all persons to whom the document was circulated, or its contents communicated.

8.     "HAZARDOUS SUBSTANCE" shall have the same definition as that contained in Section 101 (14) of CERLCA, 42 U.S.C. Section 9601(13), and includes any mixture of such hazardous substances with any other substances, including petroleum products.

9.     "HAZARDOUS WASTE" and "SOLID WASTE" shall have the same definitions as those contained in Sections 1004(5) and 1004(27) of RCRA, 42 U.S.C. Section 6903(5) and 6903(27) respectively.

10.    "CHLORINATED SOLVENTS" refers to, but not simply limited to: 1,1 Dichloroethane (1,1-DCA); 1,1 Dichloroethene (1,1-DCE); Methylene Chloride; Tetrachloroethylene (AKA Perchloroethylene [PERC]); 1,1,1-Trichloroethane (1,1,1TCA); Trichloroethylene (TCE); Carbon Tetrachloride; Methyl Chloroform; Chloroform; Ethylene Dichloride; Propylene Dichloride.

11.    "UNIVAR" refers to Van Waters & Rogers, Inc. and/or Univar USA, Inc or Univar North America Corporation and/or DSW, Inc. Royal Packoed, NV. and/or Garvey Schubert Barer and/or their employees, agents and attorneys.

## INSTRUCTIONS

1.     This subpoena relates to all DOCUMENTS under YOUR custody, possession or control, including but not limited to, DOCUMENTS in the possession of YOUR employees, agents, attorneys, or other representatives.

2.     YOU are required to produce the original of each DOCUMENT described below, or, if the original is not in YOUR custody, then a copy of the same, an din any event all non-

EXHIBIT "A"
Page 4 of 5

identical copies that differ from the original or from the other copies produced for any reason, including but not limited to, the existence of notes or marginalia on such copies.

     3.     All DOCUMENTS shall be produced in the order they are kept in the usual course of business, and shall be produced in their original files folders, binders, covers, or containers, or facsimiles of the same, pursuant to <u>Federal Rule of Civil Procedure</u> 45(a)(1)(c), (d)(1). Copy and delivery of requested documents shall be at the expense of this Noticing party.

     4.     If the production of any DOCUMENT is withheld on the ground of privilege, please identify the nature of the DOCUMENT, the titles, author, and date of the DOCUMENT, the addressee of the DOCUMENT, if any, other persons designated as receiving copies, and please state the specific basis for YOUR claim of privilege.

## DOCUMENTS TO BE PRODUCED

**A)** All DOCUMENTS that REFER OR RELATE to MCKESSON CHEMICAL.

**B)** ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of any HAZARDOUS SUBSTANCE.

**C)** ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of any HAZARDOUS WASTE.

**D)** ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of any SOLID WASTE.

**E)** ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of any CHLORINATED SOLVENTS.

**F)** ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON SITE of any HAZARDOUS SUBSTANCE.

EXHIBIT "A"
Page 5 of 5

**G)**  ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON
SITE of any HAZARDOUS WASTE.

**H)**  ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON
SITE of any SOLID WASTE.

**I)**  ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON
SITE of any CHLORINATED SOLVENTS.

**J)**  ALL DOCUMENTS that REFER OR RELATE to the storage, retention, destruction,
or transfer of DOCUMENTS of MCKESSON CHEMICAL between 1986 and 2005.

**K)**  All DOCUMENTS that REFER OR RELATE to any discussion, conversation, or
CORRESPONDENCE with any PERSON regarding the MCKESSON SITE or the
above-entitled action.

**L)**  All DOCUMENTS that REFER OR RELATE to any discussion, conversation, or
CORRESPONDENCE with UNIVAR regarding the MCKESSON SITE or the
above-entitled action.

**M)**  All DOCUMENTS that REFER OR RELATE to any discussion, conversation, or
CORRESPONDENCE with UNIVAR regarding the transmittal of ALL
DOCUMENTS that relate to MCKESSON CHEMICAL.

**N)**  All DOCUMENTS that REFER OR RELATE to any discussion, conversation, or
CORRESPONDENCE with UNIVAR regarding the transmittal of ALL
DOCUMENTS relate to the MCKESSON SITE.

| UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA | | *FOR COURT USE ONLY* |
|---|---|---|
| *Angeles Chemical, et al. v. McKesson Corporation, et al.* | | |
| Jeffery L. Caufield (SBN 166524) Kenneth E. James (SBN 173775) CAUFIELD & JAMES, LLP 2851 Camino Del Rio South, Suite 250 San Diego, CA  92108 | Tel: (619) 325-0441 Fax: (619) 325-0231 | |
| **Attorney(s) for:** Plaintiffs, Greve Financial Services, Inc., Angeles Chemical Company, Inc., and John Locke | **Date: Time: Dept.:** | **Case Number:** 01-10532 TJH (Ex) |

## PROOF OF SERVICE

I, the undersigned, declare:  I am employed in the County of San Diego, State of California.  I am over the age of 18 years and not a party to this action.  My business address is 2851 Camino Del Rio South, Suite 250, San Diego, California 92108.  I served a copy of the following document(s):

## NOTICE OF SUBPOENA, SUBPOENA, ATTACHMENT "A," REQUESTING DOCUMENTS FROM CUSTODIAN OF RECORDS OF THELEN, REID BROWN RAYSMAN & STEINER, LLP

☐ (BY MAIL) I caused each such envelope to be sealed and placed for collection and mailing from my business address.  I am readily familiar with Caufield & James' practice for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business mail is deposited with the postage thereon fully prepaid in the United States Postal Service the same day as it is placed for collection.  I am aware that upon motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ (BY PERSONAL SERVICE) I caused each such envelope to be sealed and given to a courier for delivery on the same date. A proof of service signed by the authorized courier will be filed forthwith.

☐ (BY OVERNIGHT MAIL) I am readily familiar with the practice of Caufield & James for the collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained for overnight delivery.

☐  (BY FACSIMILE)  This document was transmitted by facsimile transmission from (619) 325-0231 and the transmission was reported as complete and without error.  I then caused the transmitting facsimile machine to properly issue a transmission report confirming the transmission.

☒  (BY ELECTRONIC TRANSMISSION)  This document was transmitted by electronic transmission from amy@caufieldjames.com and the transmission was reported as complete and without error.  I then caused the transmitting e-mail account to properly issue a report confirming the electronic transmission.

SEE ATTACHED SERVICE LIST

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on May 14, 2007 at San Diego, California.

Amy C. Dolkas

*Angeles Chemical, et al. v. McKesson Corporation, et al.*
01-10532 TJH (Ex)

## SERVICE LIST

*Counsel for Univar*

Leslie R. Schenck, Esq.                    lschenck@gsblaw.com
G A R V E Y  S C H U B E R T  B A R E R
Eighteenth Floor
1191 Second Avenue
Seattle, Washington 98101-2939
TEL 206 464 3939 X 1486  FAX 206 464 0125


*Counsel for McKesson Corporation, Harvey Sorkin,*
*Seymour Moslin and the Estate of Paul Maslin:*
                                            jedgcomb@edgcomb-law.com
                                            mwilke@edgcomb-law.com
John D. Edgcomb, Esq.                       cleboeuf@edgcomb-law.com
Mary E. Wilke, Esq.                         nuribe@edgcomb-law.com
115 Sansome Street, Suite 805
San Francisco, CA  94104
Tel: (415) 399-1555; Fax: (415) 399-1885    nancy.wilms@bingham.com

Nancy M. Wilms, Esq.
Bingham McCutchen LLP
355 South Grand Avenue, Suite 4400
Los Angeles, CA 90071-3106
Tel: 213-680-6400; Fax: 213-680-6499


*Counsel for Donna and Robert Berg, Pearl Rosenthal*
*and the Estate of Arnold Rosenthal:*

Devon M. Lyon, Esq.                         dlyon@crolaw.com
Law Offices of Timothy Cronin               tcronin@crolaw.com
202 Fashion Lane, Suite 208
Tustin, CA  92780
Tel:  (714) 505-9365; Fax: (714) 505-3792

1  Jeffery L. Caufield, Esq. (SBN 166524)
   *jeff@caufieldjames.com*
2  Kenneth E. James, Esq. (SBN 173775)
   *ken@caufieldjames.com*
3  David R. Griffin, Esq. (SBN 076619)
   *dave@caufieldjames.com*
4  CAUFIELD & JAMES, LLP
   2851 Camino Del Rio South, Suite 250
5  San Diego, California 92108
   (619) 325-0441 Telephone
6  (619) 325-0231 Facsimile

7  Attorneys for Plaintiffs, Greve Financial Services,
   Inc., Angeles Chemical Company, Inc., and John
8  Locke

9

10                   UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12

13  ANGELES CHEMICAL COMPANY, INC., a )    Case No: 01-10532 TJH (Ex)
    California corporation, etc., et al.,          )    Central District of California
14                                                 )
                         Plaintiffs,               )    **NOTICE OF SUBPOENA**
15                                                 )    **REQUESTING PRODUCTION OF**
    v.                                             )    **DOCUMENTS PURSUANT TO FRCP**
16                                                 )    **45 OF THELEN REID BROWN**
    MCKESSON CORPORATION, a California )    **RAYSMAN & STEINER, LLP**
17  corporation, etc., et al,                      )
                                                   )
18                       Defendants.               )    **Place:  225 West Santa Clara Street**
                                                   )            **Suite 1200**
19  ─────────────────────────────────             )            **San Jose, CA 95113**
    AND RELATED CROSS-ACTION                       )    **Date:   June 11, 2007**
20                                                 )    **Time:   9:30 a.m.**

21  TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

22       **NOTICE IS HEREBY GIVEN** that on May 15, 2007, Plaintiff and Counter-defendant

23  Angeles Chemical Company, Inc. will serve the Custodian of Records for THELEN REID

24  BROWN RAYSMAN & STEINER, LLP, (formerly Thelen Reid & Priest, LLP), a non-party,

25  with a subpoena for the production of documents pursuant to Federal Rule of Civil Procedure 45

26  as set forth in the attached Subpoena.  Said documents will be made available to copy on June 11,

27  2007, at 9:30 a.m. at the offices of THELEN REID BROWN RAYSMAN & STEINER, LLP, or

28  at the offices of Paulson Reporting & Litigation Services, 44 Montgomery, Suite 1100, San

                                              1
    ─────────────────────────────────────────────────────────────
    NOTICE OF SUBPOENA TO THELEN REID BROWN RAYSMAN & STEINER, LLP

1   Francisco, CA 94104, pursuant to the attached subpoena and attachments thereto.  Such copy

2   expense shall be the obligation of this noticing party.

3        **PLEASE TAKE FURTHER NOTICE** that pursuant to the Subpoena served

4   concomitantly with this notice, the noticed party is obligated to produce documents at the time or

5   sooner of the inspection date, pursuant to FRCP 45 and all subchapters.  The noticed party may,

6   upon its own volition, produce the requested documents earlier, and deliver said documents to the

7   offices of Caufield & James LLP, located at 2851 Camino Del Rio South, Suite 250, San Diego,

8   CA 92108.

9

10  DATED:  May 15, 2007                           Caufield & James, LLP

11                                                  By: _____

12                                                      Jeffery L. Caufield, Esq.
                                                        Attorneys for Plaintiffs, Greve Financial
                                                        Services, Inc., Angeles Chemical
13                                                      Company, Inc., and John Locke

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF SUBPOENA TO THELEN REID BROWN RAYSMAN & STEINER, LLP

AO 88        Subpoena in a Civil Case
_____

Issued by the

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
_____

ANGELES CHEMICAL COMPANY, INC., a California corporation

**SUBPOENA IN A CIVIL CASE**

V.

MCKESSON CORPORATION, a California corporation, etc., et al.

Case Number:[1]  01 10532 TJH (Ex)

Central District of California

TO:   Custodian of Records
      Thelen Reid Brown Raysman Steiner LLP
      225 West Santa Clara Street, Suite 1200
      San Jose, CA 95113

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to
    testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
    in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at
    the place, date, and time specified below (list documents or objects):
    SEE ATTACHMENT "A" ATTACHED HERETO AND INCORPORATED HEREIN BY REFERENCE.

| PLACE<br>225 West Santa Clara Street, Suite 1200<br>San Jose, CA 95113 | DATE AND TIME<br>June 11, 2007; 9:30a.m. |
|---|---|

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or
managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on
which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE<br>05/15/2007 |
|---|---|

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Jeffery L. Caufield, CAUFIELD & JAMES, 2851 Camino Del Rio South, Suite 250, San Diego, CA  92108; (619) 325-0441
Attorneys for Plaintiffs, Greve Financial Services, Inc., Angeles Chemical Company, Inc., and John Locke

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

© American LegalNet, Inc.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| | |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

| | |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

| DATE | SIGNATURE OF SERVER |
|---|---|
| | ADDRESS OF SERVER |

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(D) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

American LegalNet, Inc.
www.FormsWorkflow.com

**ATTACHMENT "A"**

_**Angeles Chemical Company, Inc. v. et al. v. McKesson Corporation, et al.**_
**U.S.D.C. Case No. 01-10532 TJH (Ex)**

**DEFINITIONS**

As used herein, the following definitions apply to this subpoena:

1.    "YOU" or "YOUR" means THELEN REID BROWN RAYSMAN & STEINER, and/or formerly Thelen Reid & Priest LLP, as well as anyone acting on YOUR behalf, including but not limited to employees, agents and attorneys.

2.    "PERSON" refers to any individual, corporation, partnership, firm, association, government agency or other organization recognizable at law, and its agents and employees.

3.    "MCKESSON CHEMICAL" means to the former McKesson Chemical Corporation.

4.    "MCKESSON SITE" means McKesson Chemical's Santa Fe Springs, CA facility, located at 9005 Sorensen Ave, Santa Fe Springs, CA.

5.    The term "REFER OR RELATE TO" shall have their commonly used meaning, mentioning, referring to, relating to, reflection, consisting of, concerning, discussing, analyzing, summarizing, supporting, evidencing or describing, pertaining to, dealing with, or showing.

6.    "DOCUMENT" refers to and means "all writings and recordings" as defined in Rule 1001 of the Federal Rules of Evidence and Rule 34 of the Federal Rules of Civil Procedure, and includes, but is not limited to, all original writings, drafts of writings and documents, and tape recordings of any nature whatsoever, as well as all non-identical copies in your possession, custody, or control, whether handwritten, typewritten or otherwise prepared.  In particular, the term document includes, but is not limited to "letters, faxes, telegrams, memoranda, notes, reports, agreements, contracts, statements, advertisements, brochures, manuals, bulletins, circulars, pamphlets, studies, magazine and newspaper articles and reports, invoices, bills, statements, receipts, checks, check stubs, check registers, ledgers, accounting records, journals, minutes, notes, worksheets, vouchers,

EXHIBIT "A"
Page 2 of 5

diagrams, illustrations, photographs, videotape, audiotapes, statements, legal pleadings, deposition transcripts, court orders, affidavits, declarations, motions, memoranda of points and authorities, discovery requests and responses, legal briefs, consent decrees, administrative orders, promissory notes, security agreements, deeds of trust, trustee's deeds, real estate disclosure statements, real estate transfer documents, notices of default, environmental reports and studies, articles of incorporation, bylaws, partnership agreements, preliminary title reports, abstracts of title, insurance policies, notebooks, desk calendars, appointment books, computer files (whether on hard disk, floppy diskette, or any removable-media drive), e-mail or voice mail printouts, and all other papers, books, writings, computer files, and documents upon which any communication, idea, thought or information of any kind within the categories enumerated below has been reproduced or recorded.

7.      "CORRESPONDENCE" means and includes any transmission or exchange of information between two more persons, including without limitation, any discussion or information carried on or transmitted by means of letter, note, memorandum, interoffice correspondence, telegraph, telex, telecopies, cable, electronic mail, or some other electronic medium.

a.      The word "and" includes "or" and visa versa.

b.      The word "all" shall mean any and all.

b.      It is not intended that this request for documents require the disclosure of any document which you claim is protected against disclosure as "work product" or "privileged," although plaintiff reserves the right to move for disclosure.  For any document withheld on such grounds, please provide a written response with the following information:

        (i) A description of the documents sufficiently particular to identify it and to enable you to identify, disclose or produce it in response to an order of the above-entitled court;

        (ii.) The nature of the protection claimed;

        (c) A list of all persons who participated in the preparation of the document;

2

EXHIBIT "A"
Page 3 of 5

(d) A list of all persons to whom the document was circulated, or its contents communicated.

8.    "HAZARDOUS SUBSTANCE" shall have the same definition as that contained in Section 101 (14) of CERLCA, 42 U.S.C. Section 9601(13), and includes any mixture of such hazardous substances with any other substances, including petroleum products.

9.    "HAZARDOUS WASTE" and "SOLID WASTE" shall have the same definitions as those contained in Sections 1004(5) and 1004(27) of RCRA, 42 U.S.C. Section 6903(5) and 6903(27) respectively.

10.    "CHLORINATED SOLVENTS" refers to, but not simply limited to: 1,1 Dichloroethane (1,1-DCA); 1,1 Dichloroethene (1,1-DCE); Methylene Chloride; Tetrachloroethylene (AKA Perchloroethylene [PERC]); 1,1,1-Trichloroethane (1,1,1TCA); Trichloroethylene (TCE); Carbon Tetrachloride; Methyl Chloroform; Chloroform; Ethylene Dichloride; Propylene Dichloride.

11.    "UNIVAR" refers to Van Waters & Rogers, Inc. and/or Univar USA, Inc or Univar North America Corporation and/or DSW, Inc. Royal Packoed, NV. and/or Garvey Schubert Barer and/or their employees, agents and attorneys.

## INSTRUCTIONS

1.    This subpoena relates to all DOCUMENTS under YOUR custody, possession or control, including but not limited to, DOCUMENTS in the possession of YOUR employees, agents, attorneys, or other representatives.

2.    YOU are required to produce the original of each DOCUMENT described below, or, if the original is not in YOUR custody, then a copy of the same, an din any event all non-

3

EXHIBIT "A"
Page 4 of 5

identical copies that differ from the original or from the other copies produced for any reason, including but not limited to, the existence of notes or marginalia on such copies.

     3.     All DOCUMENTS shall be produced in the order they are kept in the usual course of business, and shall be produced in their original files folders, binders, covers, or containers, or facsimiles of the same, pursuant to <u>Federal Rule of Civil Procedure</u> 45(a)(1)(c), (d)(1). Copy and delivery of requested documents shall be at the expense of this Noticing party.

     4.     If the production of any DOCUMENT is withheld on the ground of privilege, please identify the nature of the DOCUMENT, the titles, author, and date of the DOCUMENT, the addressee of the DOCUMENT, if any, other persons designated as receiving copies, and please state the specific basis for YOUR claim of privilege.

## DOCUMENTS TO BE PRODUCED

**A)** All DOCUMENTS that REFER OR RELATE to MCKESSON CHEMICAL.

**B)** ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of any HAZARDOUS SUBSTANCE.

**C)** ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of any HAZARDOUS WASTE.

**D)** ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of any SOLID WASTE.

**E)** ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of any CHLORINATED SOLVENTS.

**F)** ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON SITE of any HAZARDOUS SUBSTANCE.

EXHIBIT "A"
Page 5 of 5

**G)**   ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON SITE of any HAZARDOUS WASTE.

**H)**  ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON SITE of any SOLID WASTE.

**I)**   ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON SITE of any CHLORINATED SOLVENTS.

**J)**   ALL DOCUMENTS that REFER OR RELATE to the storage, retention, destruction, or transfer of DOCUMENTS of MCKESSON CHEMICAL between 1986 and 2005.

**K)**  All DOCUMENTS that REFER OR RELATE to any discussion, conversation, or CORRESPONDENCE with any PERSON regarding the MCKESSON SITE or the above-entitled action.

**L)**  All DOCUMENTS that REFER OR RELATE to any discussion, conversation, or CORRESPONDENCE with UNIVAR regarding the MCKESSON SITE or the above-entitled action.

**M)** All DOCUMENTS that REFER OR RELATE to any discussion, conversation, or CORRESPONDENCE with UNIVAR regarding the transmittal of ALL DOCUMENTS that relate to MCKESSON CHEMICAL.

**N)** All DOCUMENTS that REFER OR RELATE to any discussion, conversation, or CORRESPONDENCE with UNIVAR regarding the transmittal of ALL DOCUMENTS relate to the MCKESSON SITE.

| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | *FOR COURT USE ONLY* |
|---|---|

| *Angeles Chemical, et al. v. McKesson Corporation, et al.* | |
|---|---|

| Jeffery L. Caufield (SBN 166524)<br>Kenneth E. James (SBN 173775)<br>CAUFIELD & JAMES, LLP<br>2851 Camino Del Rio South, Suite 250<br>San Diego, CA 92108 | Tel: (619) 325-0441<br>Fax: (619) 325-0231 | |
|---|---|---|
| **Attorney(s) for:** Plaintiffs, Greve Financial Services, Inc., Angeles Chemical Company, Inc., and John Locke | **Date:**<br>**Time:**<br>**Dept.:** | **Case Number:**<br>01-10532 TJH (Ex) |

## PROOF OF SERVICE

I, the undersigned, declare: I am employed in the County of San Diego, State of California. I am over the age of 18 years and not a party to this action. My business address is 2851 Camino Del Rio South, Suite 250, San Diego, California 92108. I served a copy of the following document(s):

**NOTICE OF SUBPOENA, SUBPOENA, ATTACHMENT "A," REQUESTING DOCUMENTS FROM CUSTODIAN OF RECORDS OF THELEN, REID BROWN RAYSMAN & STEINER, LLP**

☐ (BY MAIL) I caused each such envelope to be sealed and placed for collection and mailing from my business address. I am readily familiar with Caufield & James' practice for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business mail is deposited with the postage thereon fully prepaid in the United States Postal Service the same day as it is placed for collection. I am aware that upon motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ (BY PERSONAL SERVICE) I caused each such envelope to be sealed and given to a courier for delivery on the same date. A proof of service signed by the authorized courier will be filed forthwith.

☐ (BY OVERNIGHT MAIL) I am readily familiar with the practice of Caufield & James for the collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained for overnight delivery.

☐ (BY FACSIMILE) This document was transmitted by facsimile transmission from (619) 325-0231 and the transmission was reported as complete and without error. I then caused the transmitting facsimile machine to properly issue a transmission report confirming the transmission.

☒ (BY ELECTRONIC TRANSMISSION) This document was transmitted by electronic transmission from amy@caufieldjames.com and the transmission was reported as complete and without error. I then caused the transmitting e-mail account to properly issue a report confirming the electronic transmission.

SEE ATTACHED SERVICE LIST

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on May 15, 2007 at San Diego, California.

Amy C. Dolkas

*Angeles Chemical, et al. v. McKesson Corporation, et al.*
01-10532 TJH (Ex)

## SERVICE LIST

*Counsel for Univar*

Leslie R. Schenck, Esq.                                   lschenck@gsblaw.com
G A R V E Y   S C H U B E R T   B A R E R
Eighteenth Floor
1191 Second Avenue
Seattle, Washington 98101-2939
TEL 206 464 3939 X 1486  FAX 206 464 0125


*Counsel for McKesson Corporation, Harvey Sorkin,*
*Seymour Moslin and the Estate of Paul Maslin:*

                                                          jedgcomb@edgcomb-law.com
John D. Edgcomb, Esq.                                     mwilke@edgcomb-law.com
Mary E. Wilke, Esq.                                       cleboeuf@edgcomb-law.com
115 Sansome Street, Suite 805                             nuribe@edgcomb-law.com
San Francisco, CA  94104
Tel: (415) 399-1555; Fax: (415) 399-1885
                                                          nancy.wilms@bingham.com
Nancy M. Wilms, Esq.
Bingham McCutchen LLP
355 South Grand Avenue, Suite 4400
Los Angeles, CA 90071-3106
Tel: 213-680-6400; Fax: 213-680-6499


*Counsel for Donna and Robert Berg, Pearl Rosenthal*
*and the Estate of Arnold Rosenthal:*

                                                          dlyon@crolaw.com
Devon M. Lyon, Esq.                                       tcronin@crolaw.com
Law Offices of Timothy Cronin
202 Fashion Lane, Suite 208
Tustin, CA  92780
Tel:  (714) 505-9365; Fax: (714) 505-3792

1  Jeffery L. Caufield, Esq. (SBN 166524)
   *jeff@caufieldjames.com*
2  Kenneth E. James, Esq. (SBN 173775)
   *ken@caufieldjames.com*
3  David R. Griffin, Esq. (SBN 076619)
   *dave@caufieldjames.com*
4  CAUFIELD & JAMES, LLP
   2851 Camino Del Rio South, Suite 250
5  San Diego, California  92108
   (619) 325-0441 Telephone
6  (619) 325-0231 Facsimile

7  Attorneys for Plaintiffs, Greve Financial Services,
   Inc., Angeles Chemical Company, Inc., and John
8  Locke

9

10              **UNITED STATES DISTRICT COURT**

11            **NORTHERN DISTRICT OF CALIFORNIA**

12

13  ANGELES CHEMICAL COMPANY, INC., a )   Case No:  01-10532 TJH (Ex)
    California corporation, etc., et al.,        )   Central District of California
14                                               )
              Plaintiffs,                        )   **NOTICE OF SUBPOENA**
15                                               )   **REQUESTING PRODUCTION OF**
    v.                                           )   **DOCUMENTS PURSUANT TO FRCP**
16                                               )   **45 OF THELEN REID BROWN**
    MCKESSON CORPORATION, a California )   **RAYSMAN & STEINER, LLP**
17  corporation, etc., et al,                    )
                                                 )
18            Defendants.                        )   **Place:  2225 E. Bayshore Road**
    _____)              **Suite 210**
19                                               )              **Palo Alto, CA 94303**
    AND RELATED CROSS-ACTION                     )   **Date:  June 11, 2007**
20  _____)   **Time:   9:30 a.m.**

21  TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

22      **NOTICE IS HEREBY GIVEN** that on May 15, 2007, Plaintiff and Counter-defendant

23  Angeles Chemical Company, Inc. will serve the Custodian of Records for THELEN REID

24  BROWN RAYSMAN & STEINER, LLP, (formerly Thelen Reid & Priest, LLP), a non-party,

25  with a subpoena for the production of documents pursuant to Federal Rule of Civil Procedure 45

26  as set forth in the attached Subpoena.  Said documents will be made available to copy on June 11,

27  2007, at 9:30 a.m. at the offices of THELEN REID BROWN RAYSMAN & STEINER, LLP, or

28  at the offices of Paulson Reporting & Litigation Services, 44 Montgomery, Suite 1100, San

                                        1

1   Francisco, CA 94104, pursuant to the attached subpoena and attachments thereto.  Such copy

2   expense shall be the obligation of this noticing party.

3          **PLEASE TAKE FURTHER NOTICE** that pursuant to the Subpoena served

4   concomitantly with this notice, the noticed party is obligated to produce documents at the time or

5   sooner of the inspection date, pursuant to FRCP 45 and all subchapters.  The noticed party may,

6   upon its own volition, produce the requested documents earlier, and deliver said documents to the

7   offices of Caufield & James LLP, located at 2851 Camino Del Rio South, Suite 250, San Diego,

8   CA 92108.

9

10  DATED:  May 15, 2007                                  Caufield & James, LLP

11                                                        By: _____

12                                                            Jeffery L. Caufield, Esq.
                                                            Attorneys for Plaintiffs, Greve Financial
13                                                          Services, Inc., Angeles Chemical
                                                            Company, Inc., and John Locke

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        2

AO 88       Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

ANGELES CHEMICAL COMPANY, INC., a California corporation

V.

MCKESSON CORPORATION, a California corporation, etc., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  01 10532 TJH (Ex)
                 Central District of California

TO:  Custodian of Records
     Thelen Reid Brown Raysman Steiner LLP
     2225 E. Bayshore Road, Suite 210
     Palo Alto, CA 94303

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT "A" ATTACHED HERETO AND INCORPORATED HEREIN BY REFERENCE.

| PLACE | DATE AND TIME |
|---|---|
| 2225 E. Bayshore Road, Suite 210 Palo Alto, CA 94303 | June 11, 2007; 9:30a.m. |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE 05/15/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND TELEPHONE NUMBER
Jeffery L. Caufield, CAUFIELD & JAMES, 2851 Camino Del Rio South, Suite 250, San Diego, CA  92108; (619) 325-0441
Attorneys for Plaintiffs, Greve Financial Services, Inc., Angeles Chemical Company, Inc., and John Locke

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

© American LegalNet, Inc.

AO88 (Rev. 12/06) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                        DATE                                    SIGNATURE OF SERVER

                                                                  _____
                                                                  ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(D) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

American LegalNet, Inc.
www.FormsWorkflow.com

## ATTACHMENT "A"

### *Angeles Chemical Company, Inc. v. et al. v. McKesson Corporation, et al.*
### U.S.D.C. Case No. 01-10532 TJH (Ex)

### DEFINITIONS

As used herein, the following definitions apply to this subpoena:

1.      "YOU" or "YOUR" means THELEN REID BROWN RAYSMAN & STEINER, and/or formerly Thelen Reid & Priest LLP, as well as anyone acting on YOUR behalf, including but not limited to employees, agents and attorneys.

2.      "PERSON" refers to any individual, corporation, partnership, firm, association, government agency or other organization recognizable at law, and its agents and employees.

3.      "MCKESSON CHEMICAL" means to the former McKesson Chemical Corporation.

4.      "MCKESSON SITE" means McKesson Chemical's Santa Fe Springs, CA facility, located at 9005 Sorensen Ave, Santa Fe Springs, CA.

5.      The term "REFER OR RELATE TO" shall have their commonly used meaning, mentioning, referring to, relating to, reflection, consisting of, concerning, discussing, analyzing, summarizing, supporting, evidencing or describing, pertaining to, dealing with, or showing.

6.      "DOCUMENT" refers to and means "all writings and recordings" as defined in Rule 1001 of the Federal Rules of Evidence and Rule 34 of the Federal Rules of Civil Procedure, and includes, but is not limited to, all original writings, drafts of writings and documents, and tape recordings of any nature whatsoever, as well as all non-identical copies in your possession, custody, or control, whether

handwritten, typewritten or otherwise prepared.  In particular, the term document

includes, but is not limited to "letters, faxes, telegrams, memoranda, notes,

reports, agreements, contracts, statements, advertisements, brochures, manuals,

bulletins, circulars, pamphlets, studies, magazine and newspaper articles and

reports, invoices, bills, statements, receipts, checks, check stubs, check registers,

ledgers, accounting records, journals, minutes, notes, worksheets, vouchers,

diagrams, illustrations, photographs, videotape, audiotapes, statements, legal pleadings, deposition transcripts, court orders, affidavits, declarations, motions, memoranda of points and authorities, discovery requests and responses, legal briefs, consent decrees, administrative orders, promissory notes, security agreements, deeds of trust, trustee's deeds, real estate disclosure statements, real estate transfer documents, notices of default, environmental reports and studies, articles of incorporation, bylaws, partnership agreements, preliminary title reports, abstracts of title, insurance policies, notebooks, desk calendars, appointment books, computer files (whether on hard disk, floppy diskette, or any removable-media drive), e-mail or voice mail printouts, and all other papers, books, writings, computer files, and documents upon which any communication, idea, thought or information of any kind within the categories enumerated below has been reproduced or recorded.

7.     "CORRESPONDENCE" means and includes any transmission or exchange of information between two more persons, including without limitation, any discussion or information carried on or transmitted by means of letter, note, memorandum, interoffice correspondence, telegraph, telex, telecopies, cable, electronic mail, or some other electronic medium.

a.     The word "and" includes "or" and visa versa.

b.     The word "all" shall mean any and all.

b.     It is not intended that this request for documents require the disclosure of any document which you claim is protected against disclosure as "work product" or "privileged," although plaintiff reserves the right to move for disclosure.  For any document withheld on such grounds, please provide a written response with the following information:

(i) A description of the documents sufficiently particular to identify it and to enable you to identify, disclose or produce it in response to an order of the above-entitled court;

(ii.) The nature of the protection claimed;

(c) A list of all persons who participated in the preparation of the document;

EXHIBIT "A"
Page 3 of 5

(d) A list of all persons to whom the document was circulated, or its contents communicated.

8.    "HAZARDOUS SUBSTANCE" shall have the same definition as that contained in Section 101 (14) of CERLCA, 42 U.S.C. Section 9601(13), and includes any mixture of such hazardous substances with any other substances, including petroleum products.

9.    "HAZARDOUS WASTE" and "SOLID WASTE" shall have the same definitions as those contained in Sections 1004(5) and 1004(27) of RCRA, 42 U.S.C. Section 6903(5) and 6903(27) respectively.

10.    "CHLORINATED SOLVENTS" refers to, but not simply limited to: 1,1 Dichloroethane (1,1-DCA); 1,1 Dichloroethene (1,1-DCE); Methylene Chloride; Tetrachloroethylene (AKA Perchloroethylene [PERC]); 1,1,1-Trichloroethane (1,1,1TCA); Trichloroethylene (TCE); Carbon Tetrachloride; Methyl Chloroform; Chloroform; Ethylene Dichloride; Propylene Dichloride.

11.    "UNIVAR" refers to Van Waters & Rogers, Inc. and/or Univar USA, Inc or Univar North America Corporation and/or DSW, Inc. Royal Packoed, NV. and/or Garvey Schubert Barer and/or their employees, agents and attorneys.

## INSTRUCTIONS

1.    This subpoena relates to all DOCUMENTS under YOUR custody, possession or control, including but not limited to, DOCUMENTS in the possession of YOUR employees, agents, attorneys, or other representatives.

2.    YOU are required to produce the original of each DOCUMENT described below, or, if the original is not in YOUR custody, then a copy of the same, an din any event all non-

EXHIBIT "A"
Page 4 of 5

identical copies that differ from the original or from the other copies produced for any reason, including but not limited to, the existence of notes or marginalia on such copies.

     3.    All DOCUMENTS shall be produced in the order they are kept in the usual course of business, and shall be produced in their original files folders, binders, covers, or containers, or facsimiles of the same, pursuant to <u>Federal Rule of Civil Procedure</u> 45(a)(1)(c), (d)(1). Copy and delivery of requested documents shall be at the expense of this Noticing party.

     4.    If the production of any DOCUMENT is withheld on the ground of privilege, please identify the nature of the DOCUMENT, the titles, author, and date of the DOCUMENT, the addressee of the DOCUMENT, if any, other persons designated as receiving copies, and please state the specific basis for YOUR claim of privilege.

## DOCUMENTS TO BE PRODUCED

**A)** All DOCUMENTS that REFER OR RELATE to MCKESSON CHEMICAL.

**B)** ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of any HAZARDOUS SUBSTANCE.

**C)** ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of any HAZARDOUS WASTE.

**D)** ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of any SOLID WASTE.

**E)** ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of any CHLORINATED SOLVENTS.

**F)** ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON SITE of any HAZARDOUS SUBSTANCE.

EXHIBIT "A"
Page 5 of 5

G)   ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON
SITE of any HAZARDOUS WASTE.

H)   ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON
SITE of any SOLID WASTE.

I)   ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON
SITE of any CHLORINATED SOLVENTS.

J)   ALL DOCUMENTS that REFER OR RELATE to the storage, retention, destruction,
or transfer of DOCUMENTS of MCKESSON CHEMICAL between 1986 and 2005.

K)   All DOCUMENTS that REFER OR RELATE to any discussion, conversation, or
CORRESPONDENCE with any PERSON regarding the MCKESSON SITE or the
above-entitled action.

L)   All DOCUMENTS that REFER OR RELATE to any discussion, conversation, or
CORRESPONDENCE with UNIVAR regarding the MCKESSON SITE or the
above-entitled action.

M)   All DOCUMENTS that REFER OR RELATE to any discussion, conversation, or
CORRESPONDENCE with UNIVAR regarding the transmittal of ALL
DOCUMENTS that relate to MCKESSON CHEMICAL.

N)   All DOCUMENTS that REFER OR RELATE to any discussion, conversation, or
CORRESPONDENCE with UNIVAR regarding the transmittal of ALL
DOCUMENTS relate to the MCKESSON SITE.

| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | | *FOR COURT USE ONLY* |
|---|---|---|
| *Angeles Chemical, et al. v. McKesson Corporation, et al.* | | |
| Jeffery L. Caufield (SBN 166524)<br>Kenneth E. James (SBN 173775)<br>CAUFIELD & JAMES, LLP<br>2851 Camino Del Rio South, Suite 250<br>San Diego, CA 92108 | Tel: (619) 325-0441<br>Fax: (619) 325-0231 | |
| **Attorney(s) for:** Plaintiffs, Greve Financial Services, Inc., Angeles Chemical Company, Inc., and John Locke | **Date:**<br>**Time:**<br>**Dept.:** | **Case Number:**<br>01-10532 TJH (Ex) |

## PROOF OF SERVICE

I, the undersigned, declare: I am employed in the County of San Diego, State of California. I am over the age of 18 years and not a party to this action. My business address is 2851 Camino Del Rio South, Suite 250, San Diego, California 92108. I served a copy of the following document(s):

**NOTICE OF SUBPOENA, SUBPOENA, ATTACHMENT "A," REQUESTING DOCUMENTS FROM CUSTODIAN OF RECORDS OF THELEN, REID BROWN RAYSMAN & STEINER, LLP**

☐ (BY MAIL) I caused each such envelope to be sealed and placed for collection and mailing from my business address. I am readily familiar with Caufield & James' practice for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business mail is deposited with the postage thereon fully prepaid in the United States Postal Service the same day as it is placed for collection. I am aware that upon motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ (BY PERSONAL SERVICE) I caused each such envelope to be sealed and given to a courier for delivery on the same date. A proof of service signed by the authorized courier will be filed forthwith.

☐ (BY OVERNIGHT MAIL) I am readily familiar with the practice of Caufield & James for the collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained for overnight delivery.

☐ (BY FACSIMILE) This document was transmitted by facsimile transmission from (619) 325-0231 and the transmission was reported as complete and without error. I then caused the transmitting facsimile machine to properly issue a transmission report confirming the transmission.

☒ (BY ELECTRONIC TRANSMISSION) This document was transmitted by electronic transmission from amy@caufieldjames.com and the transmission was reported as complete and without error. I then caused the transmitting e-mail account to properly issue a report confirming the electronic transmission.

## SEE ATTACHED SERVICE LIST

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on May 15, 2007 at San Diego, California.

Amy C. Dolkas

*Angeles Chemical, et al. v. McKesson Corporation, et al.*
01-10532 TJH (Ex)

## SERVICE LIST

*Counsel for Univar*

Leslie R. Schenck, Esq.                    lschenck@gsblaw.com
GARVEY SCHUBERT BARER
Eighteenth Floor
1191 Second Avenue
Seattle, Washington 98101-2939
TEL 206 464 3939 X 1486  FAX 206 464 0125


*Counsel for McKesson Corporation, Harvey Sorkin,*
*Seymour Moslin and the Estate of Paul Maslin:*

                                           jedgcomb@edgcomb-law.com
John D. Edgcomb, Esq.                      mwilke@edgcomb-law.com
Mary E. Wilke, Esq.                        cleboeuf@edgcomb-law.com
115 Sansome Street, Suite 805              nuribe@edgcomb-law.com
San Francisco, CA  94104
Tel: (415) 399-1555; Fax: (415) 399-1885

Nancy M. Wilms, Esq.                       nancy.wilms@bingham.com
Bingham McCutchen LLP
355 South Grand Avenue, Suite 4400
Los Angeles, CA 90071-3106
Tel: 213-680-6400; Fax: 213-680-6499


*Counsel for Donna and Robert Berg, Pearl Rosenthal*
*and the Estate of Arnold Rosenthal:*

Devon M. Lyon, Esq.                        dlyon@crolaw.com
Law Offices of Timothy Cronin              tcronin@crolaw.com
202 Fashion Lane, Suite 208
Tustin, CA  92780
Tel:  (714) 505-9365; Fax: (714) 505-3792

# EXHIBIT 2



# Univar

A World Leader in Chemical Distribution

Annual Report 2002



# Univar N.V. Annual Report 2002

This annual report is also available in Dutch. In cases where textual inconsistencies between the Dutch and English versions occur, the former will prevail.

### Univar N.V.

333 Blaak, 11th Floor
3011 GB Rotterdam
The Netherlands
P.O. Box 21407
3001 AK Rotterdam
The Netherlands
Telephone: +31 (0)10 275 78 00
Fax:        +31 (0)10 414 68 63
Web site:   www.univarcorp.com

Copies of the Dutch and English versions of this annual report can be obtained from Univar's Investor Relations Department in Bellevue, Washington, USA; and Citigate First Financial in Amsterdam, the Netherlands.

### Univar's Investor Relations Department

Attention:  Gregg Sloate,
            Director of Investor Relations
Telephone: +1 425 638 4911
Fax:        +1 425 638 4953
E-mail:     gregg.sloate@univarcorp.com

### Citigate First Financial

Attention:  Barbara Jansen
Telephone: +31 (0)20 575 40 80
Fax:        +31 (0)20 575 40 20
E-mail:     bjansen@citigateff.nl

The annual report also is available on the Internet: www.univarcorp.com

### Profile

Univar N.V. (Euronext Amsterdam: UNIVR) is one of the world's leading independent distributors of industrial chemicals and providers of related specialty services, operating throughout both North America and Europe. Univar endeavors to service its customer base, made up of some 250,000 industrial end-users, with a full portfolio of products. Many of these are specialties—purchased, prepackaged and sold on a technical basis, either under a manufacturer's or Univar's own brand. Others are commodities which the company buys in bulk, then processes, blends and repacks to meet the diverse requirements of the industries we serve. As well as differentiating ourselves through our vast product offering, Univar also provides a number of related services, both to its customers and suppliers, such as blending, managing customer inventories, packaging, labeling, warehouse management, waste management, technical support and managing vendor reduction programs. Univar operates a network of 195 distribution centers, spread across the United States, Canada and 14 European countries. In 2002, Univar generated net sales of $4.4 billion and group operating income before interest, taxes and amortization of goodwill (EBITA) of $110.4 million. Univar has approximately 7,000 employees based throughout North America and Europe. The company's registered office is in Rotterdam, the Netherlands, with administrative support offices in Bellevue, Washington, USA, and Bradford, England.

Registered at the Company Registry of the Rotterdam Chamber of Commerce under number 24354495.



# Overview of Univar N.V.

Univar N.V. is one of the world's leading independent industrial chemical distributors, with operations throughout North America and Europe. The company also provides specialty distribution services in selected market segments. Univar N.V. comprises three distinct business units that serve three broad geographic regions: Univar USA, Univar Canada, and Univar Europe, the latter operating in 14 European countries. In 2002, Univar USA accounted for 53% of total Univar N.V. revenues; Univar Canada, 13%; and Univar Europe, 34%.

Univar USA has the largest market share in the United States, with an estimated 15% of the market. In Canada, Univar is the market leader by a large margin, with an estimated market share of 33%. And Univar Europe, which ranks second

in Europe overall, is the sales leader in the United Kingdom, is second in France, and generally ranks among the leaders in the remaining 12 countries in which it operates. The company estimates its market share in Europe at 8%.

Univar purchases thousands of different chemical products in bulk quantities from the leading international producers, processes these, repackages them in quantities that are matched to the needs of customers, and then sells and delivers them to some 250,000 industrial end-users. Univar's product range includes commodity chemicals, which are sold as generic products to a wide range of customers, and specialty chemicals, which are mainly sold under the producer's brand name for specific applications and to specific industries. Major end-use markets include food and beverage, pharmaceuticals, personal care, compounding, polymers, electronics, chemical manufacturing, crop protection, forest, mining, oil and gas, coatings/inks/adhesives, water treatment, and pest control. In addition, Univar provides a number of related services to its customers, such as blending of chemicals, waste management, managing customer inventories, providing technical support, and packaging and labeling. Chemical distributors such as Univar are able to perform these types of services at lower costs than manufacturers. Univar also has a solid position in the distribution of polymers in Europe.

Univar operates an extensive network of 195 distribution centers, spread across the United States, Canada and Europe (140 in North America and 55 in Europe). In this way, Univar provides producers with an efficient distribution channel to the less-than-car/truck-load market for a broad assortment of chemical products in medium or small sizes, both packaged and unpackaged. In addition to its broad geographic coverage, Univar also offers producers in-depth information on the marketplace and a knowledgeable sales force with a focus on specific industries. The customers served by chemical distributors such as Univar represent a wide spectrum of the manufacturing industry. The availability of products from different producers, the range of quantities and packages (from very small to very large), and the possibility of having these products delivered on a reliable, just-in-time basis are all strengths of distributors. In addition, Univar's expertise benefits customers in complying with complex environmental and regulatory requirements.

## Univar N.V. Revenues



53%   13%   34%

- Canada
- Europe
- USA

## Univar Market Share (estimated)



USA 15%    Canada 33%    Europe 8%



Products are transported from Univar's facilities to end-users via third parties or Univar's own fleet of over 1,800 trucks, trailers and tank trucks. The majority of products are stored in a Univar distribution center before being transported to the customer. Some, however, are transported directly to the customer from the producer.

Chemical distributors such as Univar therefore offer a range of services to both chemical suppliers and customers. We believe this role as intermediary between supplier and customer is becoming a stronger one, in particular due to recent trends in the chemical distribution industry such as outsourcing by chemical producers and an increasing need for supply chain efficiency.

In 2002, Univar generated net sales of $4.4 billion and group operating income before interest, taxes and amortization of goodwill of $110.4 million. Univar has approximately 7,000 employees based throughout North America and Europe. The company's registered office is in Rotterdam, the Netherlands, with administrative support offices in Bellevue, Washington, in the United States, and Bradford, England.

Univar shares (UNIVR) are traded on the Euronext stock exchange in Amsterdam.

## History

Established in Seattle, Washington (USA), in 1924 by George Van Waters and Nat S. Rogers, Van Waters & Rogers (now Univar USA) began as a brokerage, buying and selling naval stores, paint, raw materials and cotton linters. In 1930, Van Waters & Rogers became the Pacific Northwest sales agents for chemicals handled by Braun-Knecht Heimann, a company they would acquire 20 years later.

Originally a strong northwestern US presence, Van Waters & Rogers grew throughout the West and eventually into the eastern United States. Van Waters & Rogers entered the Canadian market in 1950, incorporating that year as Van Waters & Rogers Ltd, in Vancouver, British Columbia (now Univar Canada).

In 1966, Van Waters & Rogers merged with United Pacific Corporation to form VWR United Corporation, which in 1973 changed its name to Univar Corporation. Van Waters & Rogers continued to do business under its own, well-established name as a division of Univar Corporation.

The 1973 acquisition of McArthur Chemicals provided nationwide coverage of the Canadian industrial market with the addition of tank farms and warehouses in Winnipeg, Toronto, Montreal and the Atlantic provinces.

A major event occurred in 1986 when Van Waters & Rogers acquired McKesson Chemical. This merger solidified Van Waters & Rogers' presence in the East and throughout the United States.

Univar Europe has emerged over the last two decades through the acquisition of a number of well-established regional distribution companies. The process began in 1991, when Univar acquired the chemical distribution interests of the Swedish Beijer Group (Beijer Industrial Distribution), serving the UK, the Nordic countries, Switzerland and Italy.

In the meantime, the Dutch company Royal Pakhoed entered the chemical distribution business by acquiring, in the mid-'90s, Lambert-Rivière, a French company covering France, Spain, Portugal and Italy. Pakhoed, a global leader in chemical and oil logistics, later merged with Van Ommeren to create Royal Vopak.

In 1996, Vopak purchased Univar and combined Univar's European operations with those of Lambert-Rivière to create two distinct business units—Vopak Distribution Europe and Vopak Distribution North America. Vopak acquired Roland in the Benelux and Transol in Germany in the late '90s. In 2001, Vopak acquired Ellis & Everard, combining the E&E UK and Ireland operations with Vopak Distribution Europe, and the E&E North American business with the former Univar US operations.

Following six years of Vopak ownership, in June of 2002, all chemical distribution assets were split off from Royal Vopak, due to the lack of significant synergies between the two organizations. Univar was reestablished as an independent company and a world leader in the distribution of chemicals to industry, keeping the same high level of products and services that customers had come to expect and depend on through the years. The company's leadership position is a testament to the dedication and commitment of all of its people to providing outstanding customer service.

Koninklijke Vopak N.V. (Royal Vopak)
Westerlaan 10
3016 CK Rotterdam
Postbus 863
3000 AW Rotterdam
Nederland

Telefoon: +31 10 4002911
Fax: +31 10 4139829
E-mail: info@vopak.com
Internet: www.vopak.com

## History

Royal Vopak is the result of a merger between Royal Van Ommeren and Royal Pakhoed. Both companies have a long history of providing various logistics services to the chemical and oil industry. Both businesses have their roots in Rotterdam, the largest petrochemical centre in the world.

**Key dates:**

| | |
|---|---|
| **1616** | Blauwhoed established in 1616 in Amsterdam, by a group of porters who decided to join forces to carry loads from Oost-Indische Compagnie ships to and from the city weighhouse. |
| **1818** | Pakhuismeesteren established in 1818 in Rotterdam. Specialized mainly in the loading, unloading and storage of products from the Dutch colonies, such as tea, coffee, spices. Later started to offer storage facilities for oil and oil products, initially in barrels, but as of 1888 also in bulk tanks. |
| **1839** | Van Ommeren began its activities as a shipping and forwarding agent. In the ensuing years, interests were built up in deep sea shipping, inland shipping, tank storage, stevedoring companies and distribution centres. |
| **1967** | Pakhoed created through the merger of Pakhuismeesteren and Blauwhoed. Main activities: port activities, stevedoring, shipping agencies, freight forwarding, warehousing, oil and chemical storage. |
| **1986** | Pakhoed acquired a 28% interest in US company Univar Corporation, parent company of Van Waters & Rogers, the largest chemical distributor in North America. |
| **1990** | Van Ommeren decided to concentrate on two core activities: shipping and tank storage. |
| **1999** | Royal Vopak formed through the merger of Pakhoed and Van Ommeren. |
| **2002** | Split-off Chemical Distribution activities. Vopak continues as tank storage and logistics company |

Koninklijke Vopak N.V. (Royal Vopak)
Westerlaan 10
3016 CK Rotterdam
Postbus 863
3000 AW Rotterdam
Nederland



Telefoon: +31 10 4002911
Fax: +31 10 4139829
E-mail: info@vopak.com
Internet: www.vopak.com

## Archive

## Van Waters & Rogers exchanges chlorine business for new industrial chemical volumes

26 January 1999

Van Waters & Rogers has sold its chlorine, sulfur dioxide and anhydrous ammonia repack and distribution business and related fixed assets to DX Distribution Group, Houston, Texas, in exchange for DX's industrial chemical business.

According to Paul H. Hough, president and CEO of Van Waters & Rogers, "This transaction presents significant benefits to both organizations. For Van Waters & Rogers this is an opportunity to exit the chlorine and compressed gases business, in which we have been only a regional participant, while placing our customers in excellent hands."

"Exiting this business is a prudent decision for Van Waters & Rogers," said Hough, "as our limited participation in the market does not provide the critical mass to justify the current investment in fixed assets to service our customers. DX," he said, "is a chlorine and compressed gases specialist, with the appropriate infrastructure to benefit from this additional sales volume."

Hough noted similar synergies for Van Waters & Rogers in assimilating DX's industrial chemical business.

Van Waters & Rogers is North America's leading distributor of chemicals and allied products and a wholly owned subsidiary of Royal Pakhoed, headquartered in Rotterdam, The Netherlands.

Koninklijke Vopak N.V. (Royal Vopak)
Westerlaan 10
3016 CK Rotterdam
Postbus 863
3000 AW Rotterdam
Nederland



Telefoon: +31 10 4002911
Fax: +31 10 4139829
E-mail: info@vopak.com
Internet: www.vopak.com

## Archive

### Quarterly results Univar Corporation

Yesterday Univar Corporation issued the enclosed press release on the results of the second quarter of their fiscal year 1997 for the months June, July and August, 1996.

Board of Management Royal Pakhoed
Rotterdam, October 1, 1996

**Enclosure : 1**

Pakhoed/Univar merger completed; Univar reports second quarter earnings

(Kirkland, Wash., Sept. 30, 1996)    Univar Corporation (NYSE: UVX) announced the completion of its planned merger with Royal Pakhoed N.V., headquartered in Rotterdam, the Netherlands. Effective today, Royal Pakhoed, has purchased 100% of Univar's common stock at a net price of $ 19.45 per common share, making Univar a wholly owned subsidiary of Royal Pakhoed.

With the completion of this transaction, Univar's stock will be de listed from the New York Stock Exchange, also effective today.

Univar reported improved earnings for its second fiscal quarter ended August 31, 1996, of $ 6.7 million, or $ 0.31 per share, compared to $ 4.3 million, or $ 0.20 per share during the second quarter last year.

For the first six months of this fiscal year, Univar earned $ 15.4 million, or $ 0.71 per share, compared to $ 12.1 million or $ 0.56 per share for the first six months of last year.

Total sales for the second quarter were $ 565.5 million, an increase of 6.5% over second quarter last year. Six month's total sales this year of $ 1.1 billion, were up 5 .3% over last year's six month figure.

The strong improvement in the financial performance of the U.S. operating company that started in the first quarter of the year continued in the second quarter. The Company's foreign operations continue to perform well, with particular strength in its Canadian operating company.

As Univar is no longer a publicly held corporation, its financial results will not be reported independently in the future, but consolidated with the financial results of its parent, Royal Pakhoed N.V.

Univar also reported that the plaintiff in the shareholder litigation challenging the acquisition by Royal Pakhoed has agreed to a dismissal without prejudice and without costs.

Univar is the largest distributor of industrial chemical products and allied services in North America, and a leading chemical and plastics distributor in Europe.

Royal Pakhoed sets out to be the preferred quality partner in logistics and distribution for the oil and chemical industry worldwide. In logistics, Royal Pakhoed is the leading independent tank terminal operator in the world and operates a fleet of sophisticated inland and seagoing tankers. In addition, Royal Pakhoed offers a range of other specialized services to the oil and chemical industry. With the completed acquisition of Univar, Royal Pakhoed has become the largest distributor of chemical products in the world. The shares of Royal Pakhoed are traded on the Amsterdam Stock Exchange and SEAQ International in London.

# EXHIBIT 3

*file Univar cases*
*"G"*

McKesson Corp. Law Department
One Post Street, San Francisco CA 94104 Tel 415 983 9129
Telecopier 415 983 9369

Susan L. Paulus Associate General Counsel

**McKesson**

July 22, 1993

Regina LaRocca, Esq.
Univar Corporation
6100 Carillon Point
Kirkland, WA  98033

Dear Regina:

Enclosed are the document retention policies in effect prior to
1987 that I have been able to locate thus far.  If I can locate
any others, I will send a copy to you.

Sincerely yours,

Susan L. Paulus

SLP/pb

Enclosures

MCK0057062

**BROBECK
PHLEGER &
HARRISON**

ATTORNEYS AT LAW

TELEPHONE: (415) 442-0900
FACSIMILE: (415) 442-1010
WRITER'S DIRECT DIAL:
(415) 979-2945

SPEAR STREET TOWER
ONE MARKET
SAN FRANCISCO
CALIFORNIA 94105

February 23, 1994

Andrea Dixon
Van Waters & Rogers, Inc.
5353 Jillson Street
Los Angeles  CA  90040

    Re:    McKesson v. Continental

Dear Andrea:

        As we discussed in our telephone conversation of February 18, 1994, I am making arrangements to return 28 boxes of documents to you.

        These are documents that came into the possession of Van Waters & Rogers with the acquisition of certain McKesson operations.  I visited the Jillson Street facility in April, 1993 and with the help of Stan Barnhill, selected 28 boxes which contained documents potentially responsive to document requests in McKesson's insurance coverage litigation.  In May, 1993 a paralegal from Brobeck, Phleger & Harrison's Los Angeles office arranged for packaging and transmittal of these boxes to our San Francisco offices.

        The boxes will be returned to you by U.P.S., hopefully by the end of this week.  I would appreciate a call from you to let me know that the boxes have been returned.  Thank you very much for your cooperation.

                            Very truly yours,

                            John Blais
                            Legal Assistant

BPHSF1\JB5\0074350.WP

SAN FRANCISCO  LOS ANGELES  SAN DIEGO  PALO ALTO  ORANGE COUNTY  NEW YORK*  LONDON

*Brobeck Hale and Dorr International Offices

MCK0046329

One Post Street, San Francisco CA 94104-5296 Tel 415 983 7506

Dinah L. Szander Assistant General Counsel

**M·Kesson**

November 22, 1995

Mr. Joel Summer
Univar Corporation
6100 Carillon Point
Kirkland, WA 98033

Re: Retention of Books and Records

Dear Joel:

We are disappointed that Univar will not extend the contractual retention period for files, books and records of McKesson Chemical Company relating to environmental matters ("environmental records"). Instead, Univar intends to destroy them in November 1996 unless McKesson wishes to take them. That is McKesson's intention and at the appropriate time, I will call you to make arrangements to pick up the environmental records.

Very truly yours,

Dinah L. Szander

DLS/dl

cc:   Susan Paulus
      Carole Ungvarsky
      Ivan Meyerson

File C-30
      C-30-A

\\CSILA\R\WPDATA\DLS\COR\SUMMER.SAM

MCK0057061

**Univar**
CORPORATION

DEC 1 1995

Corporate
Law Department

P.O. BOX 34325
SEATTLE, WA 98124-1325

6100 CARILLON POINT
KIRKLAND, WASHINGTON 98033
PHONE: (206) 889-3400
FAX: (206) 889-4100

Writer's Direct Dial
(206) 889-3415
Direct Fax Number
(206) 889-4136

November 28, 1995

Dinah L. Szander, Esq.
McKesson Corp.
Law Department
One Post Street
San Francisco, CA 94104-5296

**Re:    Retention of Books and Records**

Dear Dinah:

I noticed in your November 22, 1995, letter you advise that at the appropriate time you will pick up "the environmental records". To my knowledge neither Univar nor Van Waters & Rogers have any files segregated as "McKesson environmental records".

We have never taken on the Herculean task of reviewing the mass of records received from McKesson Corporation when we acquired the assets of your chemicals division in 1986. For the past nine years the records have remained in essentially the same condition as received from McKesson.

We assume that when you pick up "environmental records" you will be picking up the entire universe of McKesson records that have been gathering dust at our Jillson Street location in Los Angeles and other locations.

Very truly yours,

UNIVAR CORPORATION

Joel S. Summer
Director, Legal Services

cc:    Paula Harris
Bill Butler
Allan Bakalian

Value Growth

MCK0059820

P.O. BOX 34325
SEATTLE, WA 98124-1325

# Van Waters & Rogers Inc.
subsidiary of **Univar**

6100 CARILLON POINT
KIRKLAND, WASHINGTON 98033
PHONE: (206) 889-3400
FAX: (206) 889-4100

July 23, 1996

Ms. Dinah Szander
McKesson Corporation
One Post Street
Law Dept., 24th Floor
San Francisco, CA 94104

Re: **McKesson Records**

Dear Ms. Szander:

This letter is a follow-up on our previous conversations regarding the McKesson records Van Waters & Rogers Inc. is retaining as part of the October 31, 1986 acquisition agreement. Pursuant to that agreement, VW&R agreed to retain McKesson records as of the date of the acquisition for ten years. On November 1, 1996, this agreement will terminate. On that date, all locations holding these records will be directed to destroy them. If McKesson would like to obtain possession of the records, please let me know so that appropriate action can be taken.

If you have any questions, please let me know.

Sincerely,

Paula Harris

Paula Harris
Records & Information Manager

cc: William Butler, Sr. Vice President
Joel Summer, Director of Litigation
Alan Bakalian, Corporate Counsel
Ted Leech, Controller

records\mckesson.doc

*We are the first choice.*
*We anticipate and provide the best in customer-valued distribution services.*

MCK0057059

# Van Waters & Rogers Inc.
### subsidiary of Univar

P.O. BOX 34325
SEATTLE, WA 98124-1325

6100 CARILLON POINT
KIRKLAND, WASHINGTON 98033
PHONE: (206) 889-3400
FAX: (206) 889-4100

**RECEIVED**

SEP 1 6 1996

Vice President
General Counsel

September 9, 1996

Ivan Meyerson, General Counsel
McKesson Corporation
Law Department
One Post Street, 34th Floor
San Francisco, CA  94104

Re:    **Destruction of McKesson Records**

Dear Mr. Meyerson:

As you are probably aware, the acquisition agreement between Univar/Van Waters & Rogers and McKesson indicated that we would retain McKesson records for ten years from the date of the acquisition or November 1, 1996.   Dinah Szander was our previous contact on this issue and enclosed is my latest correspondence with her.

We are going to direct our branches to destroy McKesson records on November 1 unless you indicate that you want to retake possession of the records. If you want the records, please contact me immediately so that appropriate measures can be taken. My phone number is (206) 889-3446.

Sincerely,

*Paula R. Harris*

Paula R. Harris
Records & Information Manager

Enclosure

cc:    Bill Butler
       Joel Summer

users\pjshare\records\mckmey1.doc

We are the first choice.
We anticipate and provide the best in customer-valued distribution services.

MCK0057058

-27-86 14:63 FROM:LANDELS RIPLEY & DIAMOND     ID:4165128750                    PAGE    1/2

**LANDELS RIPLEY & DIAMOND**
ATTORNEYS LLP

Hills Plaza
350 The Embarcadero
San Francisco, CA
94105-1250
Tel 415 512 8700
Fax 415 512 8750

Time submitted:              3:00 p.m.

To:                          Paula Harris
Fax number:                  206-889-4136
Office number:

To:                          Carole Ungvarsky
Fax number:                  415-983-9369
Office number:

From:                        Dinah L. Szander, Esq.

Client Number:               2815-0067                    SEP 27 Px2:59

Date:                        September 27, 1996

Number of pages to follow:   1

Re:

Please call 415 512 8700, X6166 if there is a problem with this transmission.  Thank you.

**CONFIDENTIALITY NOTICE**

The documents accompanying this facsimile transmission contain confidential information belonging to the sender which is legally privileged. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this facsimile information is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone to arrange for the return of the original documents to us.

1 SIDED _____
2 SIDED _____
# OF PAGES _____
SENT BY _____
QC BY _____

MCK0057055

SEP 27-96 14:53 FROM LANDELS RIPLEY & DIAMOND    ID:4156128750                    PAGE    2/2

## PRIVILEGED JOINT DEFENSE COMMUNICATION

To: Paula Harris (via facsimile 206-889-4136)
From: Dinah Szander
Re: Environmental records of MCC
Date: 9/27/96

What your message to the field should be is:

Do you have these types of records (see below)?

If not, where have they gone?

If yes, how many do you have?

If yes, are they mixed in with other records?

If yes, they are mixed in, how long would it take to separate them out?

The types of records I am talking about relate to off-site waste disposal or treatment (whether by recycling, incineration, landfill, etc.) of hazardous wastes or substances generated by McKesson Chemical Company ("MCC") facilities, or the sending off-site of drums for reconditioning, including records of the transportation itself or the payment for the disposal, treatment or reconditioning. However, to relate to MCC it must have occurred before November 1, 1986. Examples are waste manifests, contracts for disposal, reports of waste transactions, waste survey forms, or drum reconditioning invoices.

It will be interesting to hear the answer so as to figure out how to take custody of these environmental records. Thanks very much, Paula.

cc: Carole Ungvarsky (via facsimile 983-9369)

MCK0057056

RECEIVED

OCT 1 4 1996

**Univar**
CORPORATION

P.O. BOX 34325
SEATTLE, WA 98124-1325

8100 CARILLON POINT
KIRKLAND, WASHINGTON 98033
PHONE: (206) 889-3400
FAX: (206) 889-4100

Dinah L. Szander
Landels Ripley & Diamond
350 The Embarcadero, 6th Floor
San Francisco, CA 94105-1250

October 9, 1996

Re: McKesson Chemical Records

Dear Ms. Szander:

Attached is listing of the information we have received back from our branches so far regarding the McKesson Chemical records. We wanted to provide you this information as soon as we had a good sampling so that you will be able to make your decision as to how you wish to proceed.

As mentioned in previous conversations, Van Waters & Rogers made no attempt to inventory these records so they are in essentially the same condition as received from McKesson Corporation ten years ago. As far as our personnel can tell the transactional records are commingled with other McKesson paper and the organization of the records may vary from location to location. Also, during the past 10 years, certain records may have been moved in bulk from one location to another depending on space considerations.

Van Waters & Rogers will be retaining certain McKesson Chemical records currently involved in litigation and you may review those records at any time. Those records currently are housed in Tampa, Phoenix and in Kent, Washington, just south of Seattle. In addition, arrangements can be made for you to visit Oakbrook, Illinois and Los Angeles (Jillson) to review McKesson records found there. The remaining records can be shipped to a location of your choosing, at your expense. We will require McKesson Corporation to sign a release regarding any records it re-acquires including a provision that McKesson Corporation will be entirely responsible for responding to any discovery requests or subpoenas directed toward the records you re-acquire.

Arrangements for either the review or transfer of these records should be made very soon as we plan to begin disposing of those records on November 1.

Value Growth

MCK0057052

Very truly yours,

Paula R. Harris
Records & Information Manger

cc: Carole Ungvarsky

MCK0057053

MCKESSON RECORD SURVEY
FOR MCKESSON CHEMICAL

| Branch | Volume[1] | Comments |
|---|---|---|
| Altoona | 21 | |
| Anchorage | 3 file drawers | |
| Atlanta | 18 | May have multiple locations. |
| Augusta | 10 | |
| Buffalo | 49 | |
| Chicago Heights | 70-80 | |
| Denver | 30 | |
| Ft. Wayne | 2-4 pallets | |
| Harrisburg PA | 110 | 1 file folder containing information requested. |
| Houston | 50 | Boxes from multiple locations. |
| Jillson | 1500-2000 | Multiple locations. |
| Kent | approx. 258 | Most of these boxes part of litigation involving several states. |
| Layfayette | 12-15 | |
| Oak Brook, Illinois | 1000 | |
| Philadelphia, PA | 148 | |
| Phoenix | approx. 100 | Boxes are part of ongoing litigation. |
| Portland,OR | 12 | Three boxes may have information requested. |
| Spartanburg | 20-25 | |
| St. Louis | 60 | |
| Tampa | 21 | Records requested could be with the BOL/Invoices, may have been filed that way in the past. |

1. Volume in boxes unless otherwise stated.

MCK0057054

**LANDELS RIPLEY & DIAMOND**
ATTORNEYS
LLP

1 SIDED_____
2 SIDED_____
# OF PAGES_____
SENT BY_____
QC BY_____

OCT 14 PM 1:54

Hills Plaza
350 The Embarcadero
San Francisco, CA
94105-1250
Tel 415 512 8700
Fax 415 512 8750

400 Capital Mall
Suite 2140
Sacramento, CA
95814-4407
Tel 916 448 8300
Fax 916 448 4293

Time submitted:

To:                Carol Ungvarsky, Esq.

Fax number:        (415) 983-9369

Office number:     (415) 983-8300

From:              Dinah L. Szander, Esq.

Client Number:     2815.0067

Date:              October 14, 1996

Number of pages to follow:       1

Re:    Post-Closing Sale of Chemical Company

Please call 415 512 8700, X6166 if there is a problem with this transmission.
Thank you.

**CONFIDENTIALITY NOTICE**

The documents accompanying this facsimile transmission contain confidential information belonging to the sender which is legally privileged. The information is intended only for the user of the individual or entity name above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in the reliance on the contents of this facsimile information is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone to arrange for the return of the original documents to us.

MCK0057050

LANDELS
RIPLEY &
DIAMOND
ATTORNEYS
LLP

Hills Plaza
350 The Embarcadero
San Francisco, CA
94105-1250
Tel 415 512 8700
Fax 415 512 8750

October 14, 1996

VIA FACSIMILE

Paula R. Harris
Univar Corporation
P.O. Box 34325
Seattle, WA  98124-1325

    Re:  McKesson Chemical Records

Dear Ms. Harris:

    We are concerned about your letter of October 9, 1996.  My conversations and correspondence with Univar have been clear:  McKesson Chemical's environmental records are not to be disposed of before McKesson Corporation can take custody of them.  Step one was to find out where they are and in what quantities.  Step two is to agree on a process for taking custody.  First, though, let me know what you mean by McKesson being "entirely responsible for responding to any discovery requests or subpoenas directed toward the records you reacquire."

    Please give me a call.

                        Sincerely,

                        Dinah L. Szander

DLS:sjm
cc:  Carole Ungvarsky, Esq. (via facsimile)

Our File: 2815.0067

                                                89308.1

MCK0057051

**Univar**
CORPORATION

RECEIVED

OCT 2 2 1996

P.O. BOX 34325
SEATTLE, WA 98124-1325

6100 CARILLON POINT
KIRKLAND, WASHINGTON 98033
PHONE: (206) 889-3400
FAX: (206) 889-4100

October 18, 1996

Carole Ungvarsky, Esq.
McKesson Corporation
Law Department
One Post Street
San Francisco, Ca 94104-5296

Dear Ms. Ungvarsky:

Pursuant to our telephone conversation of October 17, 1996 I have attached a listing of the locations that have McKesson records that you want shipped to your Union City location. There may be some changes to this list if we hear back from more of our branches. If there are any modifications, I will contact you as soon as possible.

Finally, I wanted to confirm that OakBrook is available for your inspection of records on either November 4, 5, or 6. Please let me know as soon as possible which of these days the inspection will take place so that we can make preparations.

If you have any questions, please let me know. My direct phone number is (206) 889-3446.

Very truly yours

Paula Harris

Paula Harris
Records & Information Manager
Van Waters & Rogers Inc.

attachment

Value Growth

MCK0057044

ATTACHMENT

Albuquerque
3301 Edmunds SE
Albuquerque, NM 87105

Altoona
Old 6th Ave. RD & Burns Crossing
Duncansville, PA 16635

Anchorage
590 E. 100th
Anchorage, AK 99511

Atlanta
2145 Skyland Court
Norcross, GA 30071

Augusta
1455 Columbia Nitrogen Dr.
Augusta, GA 30901

Buffalo
803 Walden Ave
Buffalo, NY 14211

Chicago Heights
455 Joe Orr RD
Chicago Heights, ILL 60411

Cincinnati
3025 Exon Ave
Cincinnati, OH 45241

Denver
4300 Holly St.
Denver, CO 80216

Ft. Wayne
7603 Nelson Rd.
Fort Wayne, IN 46803

MCK0057045

Glendale
4909 W. Pasadena
Glendale, AZ 85301

Harrisburg
N. Railroad St.
Hummelstown, PA 17036

Houston
777 Brisbane St.
Houston, TX 77061

Jacksonville
2783 W 5th St.
Jacksonville, FL 32205

Kent
8201 S. 212th
Kent, WA 98032

Lafayette
220 Hector Connoly RD.
Carencro, LA 70502

Philadelphia
8335 Enterprise Ave.
Philadelphia, PA 19153

Portland
3950 NW Yeon Ave.
Portland, OR 97210

Spartanburg
2750 Southport Rd.
Spartanburg, SC 29302

St. Louis
8925 Seeger Industrial Dr.
Berkeley, MO 63134

Tampa
6049 Old Highway 41A Hwy.
Tampa, FL 33619

MCK0057046

C 7-31-96 09:09 FROM LANDELS RIPLEY & DIAMOND    ID:4155128750

# Van Waters & Rogers Inc.

### subsidiary of Univar

P.O. BOX 34325
SEATTLE, WA 98124-1325

6100 CARILLON POINT
KIRKLAND, WASHINGTON 98033
PHONE (206) 889-3400
FAX (206) 889-4100

October 29, 1996

**VIA FACSIMILE:** (415) 512-8750

Ms. Dinah L. Szander
Landels, Ripley & Diamond
Hills Plaza
350 The Embarcadero
San Francisco, CA 94105

      Re:    **Visit to Oakbrook / McKesson Records**
              **November 6, 1996**

Dear Ms. Szander:

Enclosed are the directions to the Oakbrook location. The records are located both at Oakbrook and at an offsite storage area. Jay Gomez, the Regional Administrative Manager, will direct you to the records. Please let me know when you plan to arrive so that Jay can expect you.

If you have any questions please let me know.

Very truly yours,

*Paula Harris*

Paula R. Harris
Records & Information Manager

Encl.

MCK0057043

NOV-86-96 15:13 FROM:LANDELS RIPLEY & DIAMOND    ID:4155128760    PAGE    1/2

## LANDELS RIPLEY & DIAMOND
### ATTORNEYS LLP

NOV 5 PM3:19

Hills Plaza
350 The Embarcadero
San Francisco, CA
94105-1250
Tel 415 512 8700
Fax 415 512 8750

400 Capital Mall
Suite 2140
Sacramento, CA
95814-4407
Tel 916 448 8300
Fax 916 448 4293

Time submitted:

To:                          Carol Ungvarsky, Esq.

Fax number:                  (415) 983-9369

Office number:               (415) 983-8300

From:                        Dinah L. Szander, Esq.

Client Number:               2815.0067

Date:                        November 5, 1996

Number of pages to follow:       2

Re:    Post-Closing Sale of Chemical Company

Please call 415 512 8700, X6166 if there is a problem with this transmission.
Thank you.

**CONFIDENTIALITY NOTICE**

The documents accompanying this facsimile transmission contain confidential information belonging to the sender which is legally privileged. The information is intended only for the use of the individual or entity name above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in the reliance on the contents of this facsimile information is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone to arrange for the return of the original documents to us.

MCK0057040

**LANDELS**
**RIPLEY &**
**DIAMOND**
ATTORNEYS
LLP

Hills Plaza
350 The Embarcadero
San Francisco, CA
94105-1250
Tel 415 512 8700
Fax 415 512 8750

Dinah L. Szander
415 512 4741
dls@landels.com

November 5, 1996

<u>VIA FACSIMILE; ORIGINAL BY MAIL</u>

Paula R. Harris
Joel R. Summer, Esq.
Univar Corporation
P.O. Box 34325
Seattle, WA 98124-1325

  Re:  <u>McKesson Chemical Company ("MCC") Records</u>

Dear Paula and Joel:

  Since receiving Paula's letter of October 9, 1996, Carole Ungvarsky and I have conferred with you to work out a plan for transferring to McKesson Corporation the records of MCC relating to environmental matters.  By way of background, Univar Corporation was required by contract to retain such records until November 1, 1996.  McKesson requested that Univar extend this contractual time period.  Univar declined and said the environmental records were commingled with the totality of MCC records.  Carole and I conferred with Paula, and decided that step one was to determine the location and quantity of the "environmental" (as defined by me) records which Univar had retained.  Paula surveyed the field locations, then prepared the summary which was attached to her letter of October 9, 1996.

  Step two was to develop a plan of records transfer based on the survey.  I believe the plan which is reflected in this letter is mutually acceptable.  Let me know if you have comments or suggestions.

  With the exception of the records currently at Jillson, Univar Corporation will retain the MCC records until the following is accomplished:

    a.  McKesson representatives visit the Oakbrook branch and mark the environmental records to be transferred to McKesson.

91479.1

MCK0057041



LANDELS
RIPLEY &
DIAMOND
ATTORNEYS
LLP

Paula R. Harris
Joel R. Summer, Esq.
November 5, 1996
Page 2

b.  The MCC records in the following branches are shipped
to McKesson:

Altoona, Anchorage, Atlanta, Augusta, Buffalo, Chicago
Heights, Denver, Ft. Wayne, Harrisburg, Houston,
Lafayette, Philadelphia, Portland, Spartanburg, St.
Louis.

c.  In the case of the Kent, Phoenix and Tampa branches,
Univar's regular document retention policies are in
abeyance due to litigation, and before any destruction
occurs, McKesson will be given reasonable notice and
opportunity to review and take custody of the
environmental records in these locations.

It is the mutual intention of the parties to accomplish this transfer of records in an
orderly and reasonably expeditious fashion without unnecessary disruption. Once it is
accomplished, McKesson will respond as it deems fit to discovery requests or subpoenas
directed to the records.

Very truly yours,

*Dinah L. Szander / sjm*

DINAH L. SZANDER

DLS:sjm
cc:  Carole Ungvarsky, Esq. (via facsimile)

Our File: 2113.0057

91479.1

**MCK0057042**

RECEIVED

DEC 2 7 1996

P.O. BOX 34325
SEATTLE, WA 98124-1325

6100 CARILLON POINT
KIRKLAND, WASHINGTON 98033
PHONE: (206) 889-3400
FAX: (206) 889-4100

# Van Waters & Rogers Inc.
### subsidiary of Univar

December 17, 1996

Carole Ungvarsky, Esq.
McKesson Chemical Corporation
Law Department
One Post Street, 34th Floor
San Francisco, CA 94104

Re:    Van Waters & Rogers Inc./ McKesson Records

Dear Ms. Ungvarsky:

Enclosed is an updated list of Van Waters & Rogers locations and contacts for retrieval of the McKesson records.

Please let me know if you have any questions.

Very truly yours,

Paula R. Harris
Records & Information Manager

Encl.

cc:    Joel Summer
       Dinah Szander

We are the first choice.
We anticipate and provide the best in customer-valued distribution services.

MCK0057036

### Van Waters & Rogers Inc.
### Office Locations

| STATE | VW&R LOCATION | OFFICE ADDRESS | CONTACT & PHONE |
|---|---|---|---|
| AK | Anchorage | 590 E. 100th<br>Anchorage, AK 99515 | Jerry Delcamp/Jim Ryan<br>(907) 344-7444 |
| AR | Little Rock | 1925 Redmond Road<br>Jacksonville, AR 7276-0826 | Faye Turner WAYDE PECK<br>(501) 982-4402 |
| AR | Memphis | 1925 Redmond Road<br>Jacksonville, AR 7276-0826 | Faye Turner WAYDE PECK<br>(501) 982-4402 |
| FL | Jacksonville | 2783 W. 5th Street<br>Jacksonville, FL 32205 | Robin Hazel<br>(904) 781-1634 |
| FL | Tampa | 6049 Old 41A Highway<br>Tampa, FL 33619 | Denise Fetterhoff<br>(813) 677-8414 |
| GA | Atlanta | 2145 Skyland Court<br>Norcross, GA 30071 | Steve Neill<br>(770) 246-7700 |
| GA | Augusta | 1455 Columbia Nitrogen Drive<br>Augusta, GA 30901 | Roger Wexler<br>(706) 722-3751 |
| GA | Chattanooga | 2145 Skyland Court<br>Norcross, GA 30071 | Steve Neill<br>(770) 246-7700 |
| IL | Chicago Heights | 455 Joe Orr Road<br>Chicago Heights, IL 60411 | Marc Linos<br>(708) 757-7450 |
| IL | Oakbrook | 600 Hunter Drive, Suite 300<br>Oakbrook, IL 60521 | Jay Gomez<br>(708) 573-4356 |
| IN | Fort Wayne | 7603 Nelson Road<br>Fort Wayne, IN 46803 | John Davis<br>(219) 493-1546 |
| IN | Columbus | 7603 Nelson Road<br>Fort Wayne, IN 46803 | John Davis<br>(219) 493-1546 |
| IN | Louisville | 7603 Nelson Road<br>Fort Wayne, IN 46803 | John Davis<br>(219) 493-1546 |
| LA | Lafayette | 220 Hector Connoly Road<br>Carencro, LA 70520 | Alan Morgan<br>(318) 896-1004 |
| MO | St. Louis | 8925 Seeger Industrial Drive<br>Berkeley, MO 63134 | Paul Winkelmann<br>(314) 522-6400 |
| NC | Greensboro | 3600 W. Wendover Avenue<br>Greensboro, NC 27407 | Lisa Moore<br>(910) 292-0624 |
| NY | Buffalo | 803 Walden Avenue<br>Buffalo, NY 14211 | Cliff Moll/Bob Douglass<br>(contact at Pittsburgh)<br>(412) 923-1100 |
| PA | Altoona | Old 6th Avenue Road & Burns Crossing<br>Duncansville, PA 16635 | Anne Jaronieski<br>(814) 695-7534 |
| PA | Harrisburg | N. Railroad Street<br>Hummelstown, PA 17036 | Judy Struzzi<br>(717) 566-7381 |
| PA | Philadelphia | 8335 Enterprise Avenue<br>Philadelphia, PA 19153 | Dave Larkin<br>(215) 385-7205 |
| PA | Pittsburgh | 6000 Casteel Drive<br>Coraopolis, PA 15108 | Cliff Moll/Bob Douglass<br>(412) 923-1100 |
| WA | Kent | 8201 S. 212th<br>Kent, WA 98032 | Rich Newman<br>(206) 872-5000 |

usecalop\share\mckasson\locket2.doc

MCK0057037

RECEIVED

MAR 0 6 1997

 **Van Waters & Rogers Inc.**

A ROYAL PAKHOED COMPANY

P.O. Box 34325
Seattle, WA 98124-1325
(206) 889-3446
(206)889-4136

March 3, 1997

Carol Ungvarsky
McKesson Corporation
Law Department
One Post Street, 34th Floor
San Francisco, CA 94104-5296

Re: McKesson Records at Van Waters & Rogers

Dear Ms.Ungvarsky:

I have tried unsuccessfully to reach you by telephone over the past several weeks regarding the retrieval of McKesson records from Van Waters & Rogers Inc. facilities. Some of the branches have inquired as to when their records will be picked up. Please let me know the status of this effort and if you require any more assistance from me.

Thank you for your cooperation.

Sincerely,

Paula R. Harris, CRM
Records & Information Manager
Van Waters & Rogers Inc.

cc: Joel Summer

MCK0057035

** TOTAL PAGE.02 **

 **Van Waters & Rogers Inc.**

A ROYAL PAKHOED COMPANY

P.O. Box 34325
Seattle, WA 96124-1325
(425) 889-3446
(425) 889-4136 (FAX)

**Records & Information Department**

August 22, 1997

**VIA FACSIMILE:  (415) 512-8750**

Ms. Dinah L. Szander
Landels, Ripley & Diamond
Hills Plaza
350 The Embarcadero
San Francisco, CA  94105

Re:   McKesson Records at Kansas City and Nashville

Dear Ms. Szander:

We have recently located two additional locations with McKesson records:

Nashville
912 Dashiel St.
Murfreesboro, TN 37129
(615) 893-1449
Contact: Sandra Tener

Kansas City
2200 Guinotte Ave.
Kansas City, MO 64120-1537
Contact: Judy Jensen

The Nashville location has approximately 33 boxes and I am not sure about the actual number in Kansas City.  Please feel free to contact the individuals listed above to make arrangements for the transfer of records to McKesson.

Thank you for your cooperation.

Sincerely,

Paula R. Harris, CRM
Records & Information Manager

MCK0057034