# EXHIBIT 4

1  JENNIFER A. KUENSTER, State Bar No. 104607
   ROSS M. PETTY, State Bar No. 166366
2  THELEN REID BROWN RAYSMAN & STEINER LLP
   101 Second Street, Suite 1800
3  San Francisco, California 94105
   Telephone: (415) 371-1200
4  Facsimile: (415) 644-6519

5
   Attorneys for Non-Party
6  THELEN REID BROWN RAYSMAN & STEINER LLP

7

8                  UNITED STATES DISTRICT COURT

9            FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11  ANGELES CHEMICAL COMPANY, INC., a          Case No.: 01-10532 TJH (Ex)
    California corporation, etc., et al.,
12                                             Central District of California
              Plaintiffs,
13                                             **OBJECTIONS OF NON-PARTY**
14  v.                                         **THELEN REID BROWN RAYSMAN &**
                                               **STEINER LLP TO ANGELES**
15  MCKESSON CORPORATION, a Calfornia          **CHEMICAL COMPANY, INC.'S**
    corporation, etc., et al.                  **SUBPOENA REQUESTING**
16                                             **PRODUCTION OF DOCUMENTS**
              Defendants.                      **PURSUANT TO FRCP 45**
17
18                                             Place: 101 Second Street, Suite 1800, San
                                               Francisco, CA 94105
19                                             Date:  June 11, 2007
                                               Time:  9:30 a.m.
20

21  AND RELATED CROSS ACTION.

22

23       Pursuant to Federal Rule of Civil Procedure 45, non-party Thelen Reid Brown Raysman &

24  Steiner LLP ("Thelen") submits these responses and objections to the subpoena of plaintiff and

25  cross-defendant Angeles Chemical Company, Inc. ("Angeles") dated May 14, 2007, issued by

26  Caufield & James, LLP and served on Thelen's San Francisco office on May 14, 2007 (the

27  "Subpoena") in the above-referenced matter.

28  ///

                                      1

**GENERAL OBJECTIONS**

1.     Thelen objects to the Subpoena to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, deliberative process privilege, the joint prosecution or similar privilege, the privilege for negotiations leading to settlement, or other applicable privileges under California law or any other applicable law.

2.     Thelen objects to the Subpoena to the extent that it imposes an undue burden on Thelen by seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, seeking an unreasonably large volume of documents, or seeking documents that are equally available to the requesting party.

3.     Thelen objects to the Subpoena on the grounds that Angeles' "DEFINITIONS" and "INSTRUCTIONS," as set forth in Attachment "A" are argumentative, vague, ambiguous, and unintelligible.

4.     Thelen objects to the Subpoena on the grounds that it does not allow a reasonable time period for compliance.

5.     No incidental or implied admissions are intended by these objections. The fact that Thelen objects to any request should not be taken as an admission that Thelen accepts or admits the existence of any facts assumed by such request, or that such objection constitutes admissible evidence as to any such assumed facts.

**SPECIFIC OBJECTIONS**

Without waiving or departing from its General Objections, and specifically incorporating the General Objections into each of the specific objections below, Thelen makes the following additional objections to specific paragraphs set forth in Attachment "A" of the Subpoena:

**REQUEST FOR PRODUCTION A):**

All DOCUMENTS that REFER OR RELATE to MCKESSON CHEMICAL.

**OBJECTIONS TO REQUEST FOR PRODUCTION A):**

Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Thelen further objects to this Request to the extent that it seeks documents

1

1  containing McKesson Corporation's ("McKesson") trade secrets and proprietary information.  In

2  addition, Thelen objects to this Request on the grounds that it seeks to invade the privacy of third-

3  parties to the litigation.  Thelen also objects to this Request to the extent that it seeks documents

4  protected by the attorney-client privilege, attorney work product doctrine, and any other applicable

5  privilege.

6  **REQUEST FOR PRODUCTION B):**

7        ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of an

8  HAZARDOUS SUBSTANCE.

9  **OBJECTIONS TO REQUEST FOR PRODUCTION B):**

10        Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

11  and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

12  admissible evidence.  Thelen also objects to the phrase "HAZARDOUS SUBSTANCE" on the

13  grounds that it is vague and ambiguous.  Thelen further objects to this Request to the extent that it

14  seeks documents containing McKesson's trade secrets and proprietary information.  In addition,

15  Thelen objects to this Request on the grounds that it seeks to invade the privacy of third-parties to

16  the litigation.  Thelen also objects to this Request to the extent that it seeks documents protected

17  by the attorney-client privilege, attorney work product doctrine, and any other applicable

18  privilege.

19  **REQUEST FOR PRODUCTION C):**

20        ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of

21  any HAZARDOUS WASTE.

22  **OBJECTIONS TO REQUEST FOR PRODUCTION C):**

23        Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

24  and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

25  admissible evidence.  Thelen also objects to the phrase "HAZARDOUS WASTE" on the grounds

26  that it is vague and ambiguous.  Thelen further objects to this Request to the extent that it seeks

27  documents containing McKesson's trade secrets and proprietary information.  In addition, Thelen

28  objects to this Request on the grounds that it seeks to invade the privacy of third-parties to the

1  litigation.  Thelen also objects to this Request to the extent that it seeks documents protected by

2  the attorney-client privilege, attorney work product doctrine, and any other applicable privilege.

3  **REQUEST FOR PRODUCTION D):**

4          ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of

5  any SOLID WASTE.

6  **OBJECTIONS TO REQUEST FOR PRODUCTION D):**

7          Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

8  and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

9  admissible evidence.  Thelen also objects to the phrase "SOLID WASTE" on the grounds that it is

10  vague and ambiguous.  Thelen further objects to this Request to the extent that it seeks documents

11  containing McKesson's trade secrets and proprietary information.  In addition, Thelen objects to

12  this Request on the grounds that it seeks to invade the privacy of third-parties to the litigation.

13  Thelen also objects to this Request to the extent that it seeks documents protected by the attorney-

14  client privilege, attorney work product doctrine, and any other applicable privilege.

15  **REQUEST FOR PRODUCTION E):**

16          ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of

17  any CHLORINATED SOLVENTS.

18  **OBJECTIONS TO REQUEST FOR PRODUCTION E):**

19          Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

20  and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

21  admissible evidence.  Thelen also objects to the phrase "CHLORINATED SOLVENTS" on the

22  grounds that it is vague and ambiguous.  Thelen further objects to this Request to the extent that it

23  seeks documents containing McKesson's trade secrets and proprietary information.  In addition,

24  Thelen objects to this Request on the grounds that it seeks to invade the privacy of third-parties to

25  the litigation.  Thelen also objects to this Request to the extent that it seeks documents protected

26  by the attorney-client privilege, attorney work product doctrine, and any other applicable

27  privilege.

28  ///

1  **REQUEST FOR PRODUCTION F):**

2      ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON SITE of

3  any HAZARDOUS SUBSTANCE.

4  **OBJECTIONS TO REQUEST FOR PRODUCTION F):**

5      Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

6  and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

7  admissible evidence.  Thelen also objects to the phrase "HAZARDOUS SUBSTANCE" on the

8  grounds that it is vague and ambiguous.  Thelen further objects to this Request to the extent that it

9  seeks documents containing McKesson's trade secrets and proprietary information.  In addition,

10 Thelen objects to this Request on the grounds that it seeks to invade the privacy of third-parties to

11 the litigation.  Thelen also objects to this Request to the extent that it seeks documents protected

12 by the attorney-client privilege, attorney work product doctrine, and any other applicable

13 privilege.

14 **REQUEST FOR PRODUCTION G):**

15      ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON SITE of

16 any HAZARDOUS WASTE.

17 **OBJECTIONS TO REQUEST FOR PRODUCTION G):**

18      Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

19 and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

20 admissible evidence.  Thelen also objects to the phrase "HAZARDOUS WASTE" on the grounds

21 that it is vague and ambiguous.  Thelen further objects to this Request to the extent that it seeks

22 documents containing McKesson's trade secrets and proprietary information.  In addition, Thelen

23 objects to this Request on the grounds that it seeks to invade the privacy of third-parties to the

24 litigation.  Thelen also objects to this Request to the extent that it seeks documents protected by

25 the attorney-client privilege, attorney work product doctrine, and any other applicable privilege.

26 **REQUEST FOR PRODUCTION H):**

27      ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON SITE of

28 any SOLID WASTE.

4

1   **OBJECTIONS TO REQUEST FOR PRODUCTION H):**

2       Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

3   and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

4   admissible evidence.  Thelen also objects to the phrase "SOLID WASTE" on the grounds that it is

5   vague and ambiguous.  Thelen further objects to this Request to the extent that it seeks documents

6   containing McKesson's trade secrets and proprietary information.  In addition, Thelen objects to

7   this Request on the grounds that it seeks to invade the privacy of third-parties to the litigation.

8   Thelen also objects to this Request to the extent that it seeks documents protected by the attorney-

9   client privilege, attorney work product doctrine, and any other applicable privilege.

10  **REQUEST FOR PRODUCTION I):**

11      ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON SITE of

12  any CHLORINATED SOLVENTS.

13  **OBJECTIONS TO REQUEST FOR PRODUCTION I):**

14      Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

15  and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

16  admissible evidence.  Thelen also objects to the phrase "CHLORINATED SOLVENTS" on the

17  grounds that it is vague and ambiguous.  Thelen further objects to this Request to the extent that it

18  seeks documents containing McKesson's trade secrets and proprietary information.  In addition,

19  Thelen objects to this Request on the grounds that it seeks to invade the privacy of third-parties to

20  the litigation.  Thelen also objects to this Request to the extent that it seeks documents protected

21  by the attorney-client privilege, attorney work product doctrine, and any other applicable

22  privilege.

23  **REQUEST FOR PRODUCTION J):**

24      ALL DOCUMENTS that REFER TO RELATE to the storage, retention, destruction, or

25  transfer of DOCUMENTS of MCKESSON CHEMICAL between 1986 and 2005.

26  **OBJECTIONS TO REQUEST FOR PRODUCTION J):**

27      Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

28  and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

1    admissible evidence. Thelen further objects to this Request to the extent that it seeks documents

2    containing McKesson's trade secrets and proprietary information. In addition, Thelen objects to

3    this Request on the grounds that it seeks to invade the privacy of third-parties to the litigation.

4    Thelen also objects to this Request to the extent that it seeks documents protected by the attorney-

5    client privilege, attorney work product doctrine, and any other applicable privilege.

6    **REQUEST FOR PRODUCTION K):**

7         ALL DOCUMENTS that REFER TO RELATE to any discussion, convention, or

8    CORRESPONDENCE with any PERSON regarding the MCKESSON SITE or the above-entitled

9    action.

10   **OBJECTIONS TO REQUEST FOR PRODUCTION K):**

11        Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

12   and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

13   admissible evidence. Thelen further objects to this Request to the extent that it seeks documents

14   containing McKesson's trade secrets and proprietary information. In addition, Thelen objects to

15   this Request on the grounds that it seeks to invade the privacy of third-parties to the litigation.

16   Thelen also objects to this Request to the extent that it seeks documents protected by the attorney-

17   client privilege, attorney work product doctrine, and any other applicable privilege.

18   Dated: May 2, 2007         THELEN REID BROWN RAYSMAN & STEINER LLP

19

20                      By: _____

21                          Jennifer A. Kuenster
                            Ross M. Petty
22                          Attorneys for Non-Party
                            THELEN REID BROWN RAYSMAN &
23                          STEINER LLP

24

25

26

27

28

6

## CERTIFICATE OF SERVICE BY FACSIMILE

CASE NO. 01-10532 TJH (Ex)

I am over the age of 18 and not a party to the within action. I am employed in the County of San Francisco, State of California by Thelen Reid Brown Raysman & Steiner LLP. My business address is 101 Second Street, Suite 1800, San Francisco, California 94105.

On May 29, 2007, at the time and from the telephone facsimile number indicated on the attached transmission report, the following entitled document:

**OBJECTIONS OF NON-PARTY THELEN REID BROWN RAYSMAN & STEINER LLP TO ANGELES CHEMICAL COMPANY, INC.'S SUBPOENA REQUESTING PRODUCTION OF DOCUMENTS PURSUANT TO FRCP 45**

was served by transmitting true and correct copies thereof via facsimile to the following:

## SEE ATTACHED SERVICE LIST

I am readily familiar with the practices of Thelen Reid Brown Raysman & Steiner LLP for sending documents via facsimile. On the above stated date, the above listed document was transmitted via facsimile and said transmission was reported complete and without error. A copy of the transmission report showing the date and time of transmission that was properly issued by the transmitting facsimile machine is attached hereto, and incorporated herein by reference.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 29, 2007, at San Francisco, California.

_____
Signature

_____
Brenda Joyce

SF #1279839 v1

OBJECTIONS OF NON-PARTY THELEN REID BROWN RAYSMAN & STEINER LLP TO ANGELES CHEMICAL COMPANY, INC.'S SUBPOENA REQUESTING PRODUCTION OF DOCUMENTS PURSUANT TO FRCP 45

**SERVICE LIST**

1

2

3   Jeffery L. Canfield, Esq.
    Kenneth E. James, Esq.
4   CAUFIELD & JAMES, LLP
5   2801 Camino Del Rio South, Suite 250
    San Diego, CA 92108
6   Tel:   (619) 325-0441
7   Fax:   (619) 325-0231
    [Attorneys for Plaintiffs GREVE FINANCIAL SERVICES,
8   INC., ANGELES CHEMICAL COMPANY, INC. and
9   JOHN LOCKE]

10
    Leslie R. Schenck, Esq.
11  GARVEY SCHUBERT BARER
12  Eighteenth Floor
    1191 Second Avenue
13  Seattle, WA 98101-2939
    Tel:   (206) 464-3939, x 1486
14  Fax:   (206) 464-0125
15  **lschenck@gsblaw.com**
16  [Attorneys for UNIVAR]

17  John D. Edgcomb, Esq.
18  Mary E. Wilke, Esq.
    115 Sansome Street, Suite 805
19  San Francisco, CA 94104
20  Tel:   (415) 399-1555
    Fax:   (415) 399-1885
21  **jedgcomb@edgcomb-law.com**
22  **mwilke@edgcomb-law.com**
    [Attorneys for McKESSON CORPORATION,
23  HARVEY SORKIN, SEYMOUR MOSLIN
24  and THE ESTATE OF PAUL MASLIN]

25

26

27

28

SF #1279839 v1

9

OBJECTIONS OF NON-PARTY THELEN REID BROWN RAYSMAN & STEINER LLP TO ANGELES CHEMICAL
COMPANY, INC.'S SUBPOENA REQUESTING PRODUCTION OF DOCUMENTS PURSUANT TO FRCP 45

1  Nancy M. Wilms, Esq.
2  Bingham McCutchen LLP
   355 South Grand Avenue, Suite 4400
3  Los Angeles, CA 90071-3106
   Tel:  (213) 680-6400
4  Fax:  (213) 680-6499
5  nancy.wilms@bingham.com
   [Attorneys for McKESSON CORPORATION,
6  HARVEY SORKIN, SEYMOUR MOSLIN
7  and THE ESTATE OF PAUL MASLIN]

8  Devon M. Lyon, Esq.
9  Law Offices of Timothy Cronin
   202 Fashion Lane, Suite 208
10 Tustin, CA 92780
11 Tel:  (714) 505-9365
   Fax:  (714) 505-3792
12 dlyon@crolaw.com
13 tcronin@crolaw.com
   [Attorneys for DONNA and ROBERT
14 BERG, PEARL ROSENTHAL and THE
15 ESTATE OF ARNOLD ROSENTHAL]

16
17
18
19
20
21
22
23
24
25
26
27
28



THELEN REID BROWN
RAYSMAN & STEINER LLP
ATTORNEYS AT LAW

NEW YORK · SAN FRANCISCO · WASHINGTON DC · LOS ANGELES
SILICON VALLEY · HARTFORD · NORTHERN NEW JERSEY · SHANGHAI

# F A X    C O V E R    P A G E

**Date:**  June 15, 2007

**Total Pages:**  15
*(including cover)*

**To:**  **SEE ATTACHED SERVICE LIST**

**Fax:**
**Phone:**

**From:**  Nevin C. Brownfield

**Fax:**  415.369.8617
**Phone:**  415.369.7784
**E-Mail:**  nbrownfield@thelen.com

## V I A   F A X   O N L Y

In case of a problem with this transmission, please call the **Fax Operator at 415.369.7159**

| JOB # | ATTORNEY # | CLIENT-MATTER | RETURN TO | ROOM # |
|-------|-----------|---------------|-----------|--------|
|       | 42133     | 801515/000323 |           |        |

**IMPORTANT:** This fax transmission is intended only for the addressee. It contains information from the law firm of **Thelen Reid Brown Raysman & Steiner LLP** which may be privileged, confidential and exempt from disclosure under applicable law. Dissemination, distribution, or copying of this by anyone other than the addressee or the addressee's agent is strictly prohibited. If this transmission is received in error, please notify Thelen Reid Brown Raysman & Steiner LLP immediately at the telephone number indicated above. We will reimburse your costs incurred in connection with this erroneous transmission and your return of these materials. THANK YOU.

# SERVICE LIST

1

2

3   Jeffery L. Canfield, Esq.
4   Kenneth E. James, Esq.
    CAUFIELD & JAMES, LLP
5   2801 Camino Del Rio South, Suite 250
6   San Diego, CA 92108
    Tel:   (619) 325-0441
7   Fax:  (619) 325-0231
8   [Attorneys for Plaintiffs GREVE FINANCIAL SERVICES,
    INC., ANGELES CHEMICAL COMPANY, INC. and
9   JOHN LOCKE]

10
    Leslie R. Schenck, Esq.
11  GARVEY SCHUBERT BARER
12  Eighteenth Floor
    1191 Second Avenue
13  Seattle, WA 98101-2939
    Tel:   (206) 464-3939, x 1486
14  Fax:  (206) 464-0125
15  lschenck@gsblaw.com
16  [Attorneys for UNIVAR]

17  John D. Edgcomb, Esq.
18  Mary E. Wilke, Esq.
    115 Sansome Street, Suite 805
19  San Francisco, CA 94104
20  Tel:   (415) 399-1555
    Fax:  (415) 399-1885
21  jedgcomb@edgcomb-law.com
22  mwilke@edgcomb-law.com
    [Attorneys for McKESSON CORPORATION,
23  HARVEY SORKIN, SEYMOUR MOSLIN
24  and THE ESTATE OF PAUL MASLIN]

25

26

27

28

CERTIFICATE OF SERVICE BY FACSIMILE

1   Nancy M. Wilms, Esq.
2   Bingham McCutchen LLP
    355 South Grand Avenue, Suite 4400
3   Los Angeles, CA 90071-3106
4   Tel:  (213) 680-6400
    Fax:  (213) 680-6499
5   nancy.wilms@bingham.com
6   [Attorneys for McKESSON CORPORATION,
    HARVEY SORKIN, SEYMOUR MOSLIN
7   and THE ESTATE OF PAUL MASLIN]
8
9   Devon M. Lyon, Esq.
    Law Offices of Timothy Cronin
10  202 Fashion Lane, Suite 208
    Tustin, CA 92780
11  Tel:  (714) 505-9365
12  Fax:  (714) 505-3792
    dlyon@crolaw.com
13  tcronin@crolaw.com
14  [Attorneys for DONNA and ROBERT
    BERG, PEARL ROSENTHAL and THE
15  ESTATE OF ARNOLD ROSENTHAL]
16
17
18
19
20
21
22
23
24
25
26
27
28

1    JENNIFER A. KUENSTER, State Bar No. 104607
     ROSS M. PETTY, State Bar No. 166366
2    THELEN REID BROWN RAYSMAN & STEINER LLP
3    101 Second Street, Suite 1800
     San Francisco, California 94105
4    Telephone: (415) 371-1200
     Facsimile: (415) 644-6519
5
     Attorneys for Non-Party
6    THELEN REID BROWN RAYSMAN & STEINER LLP

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11   ANGELES CHEMICAL COMPANY, INC., a
     California corporation, etc., et al.,              Case No.: 01-10532 TJH (Ex)
12
                                                        Central District of California
13                  Plaintiffs,
                                                        **OBJECTIONS OF NON-PARTY**
14   v.                                                 **THELEN REID BROWN RAYSMAN &**
                                                        **STEINER LLP TO ANGELES**
15   MCKESSON CORPORATION, a California                 **CHEMICAL COMPANY, INC.'S**
     corporation, etc., et al.                          **AMENDED SUBPOENA REQUESTING**
16                                                      **PRODUCTION OF DOCUMENTS**
                    Defendants.                         **PURSUANT TO FRCP 45**
17
                                                        Place:  101 Second Street, Suite 1800, San
18                                                      Francisco, California 94105
19                                                      Date:   June 15, 2007
                                                        Time:   9:30 a.m.
20

21   AND RELATED CROSS ACTION.

22

23          Pursuant to Federal Rule of Civil Procedure 45, non-party Thelen Reid Brown Raysman &

24   Steiner LLP ("Thelen") submits these objections to the amended subpoena of plaintiff and cross-

25   defendant Angeles Chemical Company, Inc. ("Angeles") dated June 1, 2007, issued by Caufield &

26   James, LLP and electronically served on Thelen's San Francisco office on June 4, 2007 (the

27   "Subpoena") in the above-referenced matter.

28   ///

                                                    1

## GENERAL OBJECTIONS

1.      Thelen objects to the Subpoena to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, deliberative process privilege, the joint prosecution or similar privilege, the privilege for negotiations leading to settlement, or other applicable privileges under California law or any other applicable law.

2.      Thelen objects to the Subpoena on the grounds that it is untimely as discovery closed in this matter on June 11, 2007.

3.      Thelen objects to the Subpoena to the extent that it imposes an undue burden on Thelen by seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, seeking an unreasonably large volume of documents, or seeking documents that are equally available to the requesting party.

4.      Thelen objects to the Subpoena on the grounds that Angeles' "DEFINITIONS" and "INSTRUCTIONS," as set forth in Attachment "A" are argumentative, vague, ambiguous, and unintelligible.

5.      Thelen objects to the Subpoena on the grounds that it does not allow a reasonable time period for compliance.

6.      No incidental or implied admissions are intended by these objections.  The fact that Thelen objects to any request should not be taken as an admission that Thelen accepts or admits the existence of any facts assumed by such request, or that such objection constitutes admissible evidence as to any such assumed facts.

## SPECIFIC OBJECTIONS

Without waiving or departing from its General Objections, and specifically incorporating the General Objections into each of the specific objections below, Thelen makes the following additional objections to specific paragraphs set forth in Attachment "A" of the Subpoena:

**REQUEST FOR PRODUCTION A):**

All DOCUMENTS that REFER OR RELATE to MCKESSON CHEMICAL.

**OBJECTIONS TO REQUEST FOR PRODUCTION A):**

Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

1

1  and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

2  admissible evidence.  Thelen further objects to this Request to the extent that it seeks documents

3  containing McKesson Corporation's ("McKesson") trade secrets and proprietary information.  In

4  addition, Thelen objects to this Request on the grounds that it seeks to invade the privacy of third-

5  parties to the litigation.  Thelen also objects to this Request to the extent that it seeks documents

6  protected by the attorney-client privilege, attorney work product doctrine, and any other applicable

7  privilege.

8  **REQUEST FOR PRODUCTION B):**

9       ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of

10  any HAZARDOUS SUBSTANCE.

11  **OBJECTIONS TO REQUEST FOR PRODUCTION B):**

12       Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

13  and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

14  admissible evidence.  Thelen also objects to the phrase "HAZARDOUS SUBSTANCE" on the

15  grounds that it is vague and ambiguous.  Thelen further objects to this Request to the extent that it

16  seeks documents containing McKesson's trade secrets and proprietary information.  In addition,

17  Thelen objects to this Request on the grounds that it seeks to invade the privacy of third-parties to

18  the litigation.  Thelen also objects to this Request to the extent that it seeks documents protected

19  by the attorney-client privilege, attorney work product doctrine, and any other applicable

20  privilege.

21  **REQUEST FOR PRODUCTION C):**

22       ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of

23  any HAZARDOUS WASTE.

24  **OBJECTIONS TO REQUEST FOR PRODUCTION C):**

25       Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

26  and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

27  admissible evidence.  Thelen also objects to the phrase "HAZARDOUS WASTE" on the grounds

28  that it is vague and ambiguous.  Thelen further objects to this Request to the extent that it seeks

1   documents containing McKesson's trade secrets and proprietary information.  In addition, Thelen

2   objects to this Request on the grounds that it seeks to invade the privacy of third-parties to the

3   litigation.  Thelen also objects to this Request to the extent that it seeks documents protected by

4   the attorney-client privilege, attorney work product doctrine, and any other applicable privilege.

5   **REQUEST FOR PRODUCTION D):**

6        ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of

7   any SOLID WASTE.

8   **OBJECTIONS TO REQUEST FOR PRODUCTION D):**

9        Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

10  and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

11  admissible evidence.  Thelen also objects to the phrase "SOLID WASTE" on the grounds that it is

12  vague and ambiguous.  Thelen further objects to this Request to the extent that it seeks documents

13  containing McKesson's trade secrets and proprietary information.  In addition, Thelen objects to

14  this Request on the grounds that it seeks to invade the privacy of third-parties to the litigation.

15  Thelen also objects to this Request to the extent that it seeks documents protected by the attorney-

16  client privilege, attorney work product doctrine, and any other applicable privilege.

17  **REQUEST FOR PRODUCTION E):**

18       ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of

19  any CHLORINATED SOLVENTS.

20  **OBJECTIONS TO REQUEST FOR PRODUCTION E):**

21       Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

22  and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

23  admissible evidence.  Thelen also objects to the phrase "CHLORINATED SOLVENTS" on the

24  grounds that it is vague and ambiguous.  Thelen further objects to this Request to the extent that it

25  seeks documents containing McKesson's trade secrets and proprietary information.  In addition,

26  Thelen objects to this Request on the grounds that it seeks to invade the privacy of third-parties to

27  the litigation.  Thelen also objects to this Request to the extent that it seeks documents protected

28  by the attorney-client privilege, attorney work product doctrine, and any other applicable

3

1   privilege.

2   **REQUEST FOR PRODUCTION F):**

3       ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON SITE of

4   any HAZARDOUS SUBSTANCE.

5   **OBJECTIONS TO REQUEST FOR PRODUCTION F):**

6       Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

7   and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

8   admissible evidence. Thelen also objects to the phrase "HAZARDOUS SUBSTANCE" on the

9   grounds that it is vague and ambiguous. Thelen further objects to this Request to the extent that it

10  seeks documents containing McKesson's trade secrets and proprietary information. In addition,

11  Thelen objects to this Request on the grounds that it seeks to invade the privacy of third-parties to

12  the litigation. Thelen also objects to this Request to the extent that it seeks documents protected

13  by the attorney-client privilege, attorney work product doctrine, and any other applicable

14  privilege.

15  **REQUEST FOR PRODUCTION G):**

16      ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON SITE of

17  any HAZARDOUS WASTE.

18  **OBJECTIONS TO REQUEST FOR PRODUCTION G):**

19      Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

20  and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

21  admissible evidence. Thelen also objects to the phrase "HAZARDOUS WASTE" on the grounds

22  that it is vague and ambiguous. Thelen further objects to this Request to the extent that it seeks

23  documents containing McKesson's trade secrets and proprietary information. In addition, Thelen

24  objects to this Request on the grounds that it seeks to invade the privacy of third-parties to the

25  litigation. Thelen also objects to this Request to the extent that it seeks documents protected by

26  the attorney-client privilege, attorney work product doctrine, and any other applicable privilege.

27  / / /

28  / / /

4

1    **REQUEST FOR PRODUCTION H):**

2         ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON SITE of

3    any SOLID WASTE.

4    **OBJECTIONS TO REQUEST FOR PRODUCTION H):**

5         Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

6    and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

7    admissible evidence.  Thelen also objects to the phrase "SOLID WASTE" on the grounds that it is

8    vague and ambiguous.  Thelen further objects to this Request to the extent that it seeks documents

9    containing McKesson's trade secrets and proprietary information.  In addition, Thelen objects to

10   this Request on the grounds that it seeks to invade the privacy of third-parties to the litigation.

11   Thelen also objects to this Request to the extent that it seeks documents protected by the attorney-

12   client privilege, attorney work product doctrine, and any other applicable privilege.

13   **REQUEST FOR PRODUCTION I):**

14        ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON SITE of

15   any CHLORINATED SOLVENTS.

16   **OBJECTIONS TO REQUEST FOR PRODUCTION I):**

17        Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

18   and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

19   admissible evidence.  Thelen also objects to the phrase "CHLORINATED SOLVENTS" on the

20   grounds that it is vague and ambiguous.  Thelen further objects to this Request to the extent that it

21   seeks documents containing McKesson's trade secrets and proprietary information.  In addition,

22   Thelen objects to this Request on the grounds that it seeks to invade the privacy of third-parties to

23   the litigation.  Thelen also objects to this Request to the extent that it seeks documents protected

24   by the attorney-client privilege, attorney work product doctrine, and any other applicable

25   privilege.

26   / / /

27   / / /

28   / / /

5

1  **REQUEST FOR PRODUCTION J):**

2      ALL DOCUMENTS that REFER TO RELATE to the storage, retention, destruction, or

3  transfer of DOCUMENTS of MCKESSON CHEMICAL between 1986 and 2005.

4  **OBJECTIONS TO REQUEST FOR PRODUCTION J):**

5      Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

6  and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

7  admissible evidence. Thelen further objects to this Request to the extent that it seeks documents

8  containing McKesson's trade secrets and proprietary information. In addition, Thelen objects to

9  this Request on the grounds that it seeks to invade the privacy of third-parties to the litigation.

10  Thelen also objects to this Request to the extent that it seeks documents protected by the attorney-

11  client privilege, attorney work product doctrine, and any other applicable privilege.

12  **REQUEST FOR PRODUCTION K):**

13      ALL DOCUMENTS that REFER TO RELATE to any discussion, convention, or

14  CORRESPONDENCE with any PERSON regarding the MCKESSON SITE or the above-entitled

15  action.

16  **OBJECTIONS TO REQUEST FOR PRODUCTION K):**

17      Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

18  and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

19  admissible evidence. Thelen further objects to this Request to the extent that it seeks documents

20  containing McKesson's trade secrets and proprietary information. In addition, Thelen objects to

21  this Request on the grounds that it seeks to invade the privacy of third-parties to the litigation.

22  Thelen also objects to this Request to the extent that it seeks documents protected by the attorney-

23  client privilege, attorney work product doctrine, and any other applicable privilege.

24  **REQUEST FOR PRODUCTION L):**

25      ALL DOCUMENTS that REFER TO RELATE to any discussion, conversation, or

26  CORRESPONDENCE with UNIVAR regarding the MCKESSON SITE or the above-entitled

27  action.

28  ///

1   **OBJECTIONS TO REQUEST FOR PRODUCTION L):**

2       Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

3   and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

4   admissible evidence. Thelen further objects to this Request to the extent that it seeks documents

5   containing McKesson's trade secrets and proprietary information. In addition, Thelen objects to

6   this Request on the grounds that it seeks to invade the privacy of third-parties to the litigation.

7   Thelen also objects to this Request to the extent that it seeks documents protected by the attorney-

8   client privilege, attorney work product doctrine, and any other applicable privilege.

9   **REQUEST FOR PRODUCTION M):**

10      ALL DOCUMENTS that REFER TO RELATE to any discussion, conversation, or

11  CORRESPONDENCE with UNIVAR regarding the transmittal of ALL DOCUMENTS that relate

12  to MCKESSON CHEMICAL.

13  **OBJECTIONS TO REQUEST FOR PRODUCTION M):**

14      Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

15  and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

16  admissible evidence. Thelen further objects to this Request to the extent that it seeks documents

17  containing McKesson's trade secrets and proprietary information. In addition, Thelen objects to

18  this Request on the grounds that it seeks to invade the privacy of third-parties to the litigation.

19  Thelen also objects to this Request to the extent that it seeks documents protected by the attorney-

20  client privilege, attorney work product doctrine, and any other applicable privilege.

21  **REQUEST FOR PRODUCTION N):**

22      ALL DOCUMENTS that REFER TO RELATE to any discussion, conversation, or

23  CORRESPONDENCE with UNIVAR regarding the transmittal of ALL DOCUMENTS relate to

24  the MCKESSON SITE.

25  **OBJECTIONS TO REQUEST FOR PRODUCTION N):**

26      Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

27  and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

28  admissible evidence. Thelen further objects to this Request to the extent that it seeks documents

7

1  containing McKesson's trade secrets and proprietary information. In addition, Thelen objects to

2  this Request on the grounds that it seeks to invade the privacy of third-parties to the litigation.

3  Thelen also objects to this Request to the extent that it seeks documents protected by the attorney-

4  client privilege, attorney work product doctrine, and any other applicable privilege.

5  Dated: 6/15, 2007          THELEN REID BROWN RAYSMAN & STEINER LLP

6

7                                      By: _____

8                                          Jennifer A. Kuenster
                                            Ross M. Petty
9                                          Attorneys for Non-Party
                                            THELEN REID BROWN RAYSMAN &
10                                          STEINER LLP

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE BY FACSIMILE

2

CASE NO. 01-10532 TJH (Ex)

3

4

I am over the age of 18 and not a party to the within action. I am employed in the County of San Francisco, State of California by Thelen Reid Brown Raysman & Steiner LLP. My business address is 101 Second Street, Suite 1800, San Francisco, California 94105.

5

6

On June 15, 2007, at the time and from the telephone facsimile number indicated on the attached transmission report, the following entitled document:

7

8

**OBJECTIONS OF NON-PARTY THELEN REID BROWN RAYSMAN & STEINER LLP TO ANGELES CHEMICAL COMPANY, INC.'S AMENDED SUBPOENA REQUESTING PRODUCTION OF DOCUMENTS PURSUANT TO FRCP 45**

9

was served by transmitting true and correct copies thereof via facsimile to the following:

10

## SEE ATTACHED SERVICE LIST

11

12

13

14

I am readily familiar with the practices of Thelen Reid Brown Raysman & Steiner LLP for sending documents via facsimile. On the above stated date, the above listed document was transmitted via facsimile and said transmission was reported complete and without error. A copy of the transmission report showing the date and time of transmission that was properly issued by the transmitting facsimile machine is attached hereto, and incorporated herein by reference.

15

16

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

17

Executed on June 15, 2007, at San Francisco, California.

18

19

_____
Signature

20

_____

21

22

23

24

25

26

27

28

**SERVICE LIST**

1

2

3    Jeffery L. Canfield, Esq.
4    Kenneth E. James, Esq.
     CAUFIELD & JAMES, LLP
5    2801 Camino Del Rio South, Suite 250
6    San Diego, CA 92108
     Tel:   (619) 325-0441
7    Fax:   (619) 325-0231
8    [Attorneys for Plaintiffs GREVE FINANCIAL SERVICES,
     INC., ANGELES CHEMICAL COMPANY, INC. and
9    JOHN LOCKE]

10
     Leslie R. Schenck, Esq.
11   GARVEY SCHUBERT BARER
12   Eighteenth Floor
     1191 Second Avenue
13   Seattle, WA 98101-2939
14   Tel:   (206) 464-3939, x 1486
     Fax:   (206) 464-0125
15   lschenck@gsblaw.com
16   [Attorneys for UNIVAR]

17   John D. Edgcomb, Esq.
18   Mary E. Wilke, Esq.
     115 Sansome Street, Suite 805
19   San Francisco, CA 94104
20   Tel:   (415) 399-1555
     Fax:   (415) 399-1885
21   jedgcomb@edgcomb-law.com
22   mwilke@edgcomb-law.com
     [Attorneys for McKESSON CORPORATION,
23   HARVEY SORKIN, SEYMOUR MOSLIN
24   and THE ESTATE OF PAUL MASLIN]

25

26

27

28

1   Nancy M. Wilms, Esq.
2   Bingham McCutchen LLP
    355 South Grand Avenue, Suite 4400
3   Los Angeles, CA 90071-3106
4   Tel:   (213) 680-6400
    Fax:   (213) 680-6499
5   nancy.wilms@bingham.com
6   [Attorneys for McKESSON CORPORATION,
    HARVEY SORKIN, SEYMOUR MOSLIN
7   and THE ESTATE OF PAUL MASLIN]

8
    Devon M. Lyon, Esq.
9   Law Offices of Timothy Cronin
    202 Fashion Lane, Suite 208
10  Tustin, CA 92780
11  Tel:   (714) 505-9365
12  Fax:   (714) 505-3792
    dlyon@crolaw.com
13  tcronin@crolaw.com
14  [Attorneys for DONNA and ROBERT
    BERG, PEARL ROSENTHAL and THE
15  ESTATE OF ARNOLD ROSENTHAL]

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE BY FACSIMILE

1 | JENNIFER A. KUENSTER, State Bar No. 104607
ROSS M. PETTY, State Bar No. 166366
2 | THELEN REID BROWN RAYSMAN & STEINER LLP
101 Second Street, Suite 1800
3 | San Francisco, California 94105
Telephone: (415) 371-1200
4 | Facsimile: (415) 644-6519
5
Attorneys for Non-Party
6 | THELEN REID BROWN RAYSMAN & STEINER LLP
7
8 |                    UNITED STATES DISTRICT COURT
9 |              FOR THE CENTRAL DISTRICT OF CALIFORNIA
10
11 | ANGELES CHEMICAL COMPANY, INC., a
California corporation, etc., et al.,
12 |                                           Case No.: 01-10532 TJH (Ex)
13 |             Plaintiffs,                    Central District of California
14 | v.                                        **OBJECTIONS OF NON-PARTY
THELEN REID BROWN RAYSMAN &
15 | MCKESSON CORPORATION, a California          STEINER LLP TO ANGELES
corporation, etc., et al.                    CHEMICAL COMPANY, INC.'S
16 |                                           SUBPOENA REQUESTING
PRODUCTION OF DOCUMENTS
17 |             Defendants.                    PURSUANT TO FRCP 45**
18 |                                           Place:  225 West Santa Clara Street, Suite
1200, San Jose, CA 95113
19 |                                           Date:   June 11, 2007
Time:   9:30 a.m.
20
21 | AND RELATED CROSS ACTION.
22
23 |         Pursuant to Federal Rule of Civil Procedure 45, non-party Thelen Reid Brown Raysman &
24 | Steiner LLP ("Thelen") submits these objections to the subpoena of plaintiff and cross-defendant
25 | Angeles Chemical Company, Inc. ("Angeles") dated May 15, 2007, issued by Caufield & James,
26 | LLP and served on Thelen's San Jose office on May 15, 2007 (the "Subpoena") in the above-
27 | referenced matter.
28 | ///

                                         1

## GENERAL OBJECTIONS

1.      Thelen objects to the Subpoena to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, deliberative process privilege, the joint prosecution or similar privilege, the privilege for negotiations leading to settlement, or other applicable privileges under California law or any other applicable law.

2.      Thelen objects to the Subpoena to the extent that it imposes an undue burden on Thelen by seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, seeking an unreasonably large volume of documents, or seeking documents that are equally available to the requesting party.

3.      Thelen objects to the Subpoena on the grounds that Angeles' "DEFINITIONS" and "INSTRUCTIONS," as set forth in Attachment "A" are argumentative, vague, ambiguous, and unintelligible.

4.      Thelen objects to the Subpoena on the grounds that it does not allow a reasonable time period for compliance.

5.      No incidental or implied admissions are intended by these objections.  The fact that Thelen objects to any request should not be taken as an admission that Thelen accepts or admits the existence of any facts assumed by such request, or that such objection constitutes admissible evidence as to any such assumed facts.

## SPECIFIC OBJECTIONS

Without waiving or departing from its General Objections, and specifically incorporating the General Objections into each of the specific objections below, Thelen makes the following additional objections to specific paragraphs set forth in Attachment "A" of the Subpoena:

**REQUEST FOR PRODUCTION A):**

All DOCUMENTS that REFER OR RELATE to MCKESSON CHEMICAL.

**OBJECTIONS TO REQUEST FOR PRODUCTION A):**

Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Thelen further objects to this Request to the extent that it seeks documents

1

1  containing McKesson Corporation's ("McKesson") trade secrets and proprietary information.  In
2  addition, Thelen objects to this Request on the grounds that it seeks to invade the privacy of third-
3  parties to the litigation.  Thelen also objects to this Request to the extent that it seeks documents
4  protected by the attorney-client privilege, attorney work product doctrine, and any other applicable
5  privilege.
6  **REQUEST FOR PRODUCTION B):**
7       ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of an
8  HAZARDOUS SUBSTANCE.
9  **OBJECTIONS TO REQUEST FOR PRODUCTION B):**
10       Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,
11  and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of
12  admissible evidence.  Thelen also objects to the phrase "HAZARDOUS SUBSTANCE" on the
13  grounds that it is vague and ambiguous.  Thelen further objects to this Request to the extent that it
14  seeks documents containing McKesson's trade secrets and proprietary information.  In addition,
15  Thelen objects to this Request on the grounds that it seeks to invade the privacy of third-parties to
16  the litigation.  Thelen also objects to this Request to the extent that it seeks documents protected
17  by the attorney-client privilege, attorney work product doctrine, and any other applicable
18  privilege.
19  **REQUEST FOR PRODUCTION C):**
20       ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of
21  any HAZARDOUS WASTE.
22  **OBJECTIONS TO REQUEST FOR PRODUCTION C):**
23       Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,
24  and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of
25  admissible evidence.  Thelen also objects to the phrase "HAZARDOUS WASTE" on the grounds
26  that it is vague and ambiguous.  Thelen further objects to this Request to the extent that it seeks
27  documents containing McKesson's trade secrets and proprietary information.  In addition, Thelen
28  objects to this Request on the grounds that it seeks to invade the privacy of third-parties to the

1  litigation. Thelen also objects to this Request to the extent that it seeks documents protected by

2  the attorney-client privilege, attorney work product doctrine, and any other applicable privilege.

3  **REQUEST FOR PRODUCTION D):**

4        ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of

5  any SOLID WASTE.

6  **OBJECTIONS TO REQUEST FOR PRODUCTION D):**

7        Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

8  and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

9  admissible evidence. Thelen also objects to the phrase "SOLID WASTE" on the grounds that it is

10  vague and ambiguous. Thelen further objects to this Request to the extent that it seeks documents

11  containing McKesson's trade secrets and proprietary information. In addition, Thelen objects to

12  this Request on the grounds that it seeks to invade the privacy of third-parties to the litigation.

13  Thelen also objects to this Request to the extent that it seeks documents protected by the attorney-

14  client privilege, attorney work product doctrine, and any other applicable privilege.

15  **REQUEST FOR PRODUCTION E):**

16        ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of

17  any CHLORINATED SOLVENTS.

18  **OBJECTIONS TO REQUEST FOR PRODUCTION E):**

19        Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

20  and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

21  admissible evidence. Thelen also objects to the phrase "CHLORINATED SOLVENTS" on the

22  grounds that it is vague and ambiguous. Thelen further objects to this Request to the extent that it

23  seeks documents containing McKesson's trade secrets and proprietary information. In addition,

24  Thelen objects to this Request on the grounds that it seeks to invade the privacy of third-parties to

25  the litigation. Thelen also objects to this Request to the extent that it seeks documents protected

26  by the attorney-client privilege, attorney work product doctrine, and any other applicable

27  privilege.

28  / / /

1  **REQUEST FOR PRODUCTION F):**

2      ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON SITE of

3  any HAZARDOUS SUBSTANCE.

4  **OBJECTIONS TO REQUEST FOR PRODUCTION F):**

5      Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

6  and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

7  admissible evidence. Thelen also objects to the phrase "HAZARDOUS SUBSTANCE" on the

8  grounds that it is vague and ambiguous. Thelen further objects to this Request to the extent that it

9  seeks documents containing McKesson's trade secrets and proprietary information. In addition,

10 Thelen objects to this Request on the grounds that it seeks to invade the privacy of third-parties to

11 the litigation. Thelen also objects to this Request to the extent that it seeks documents protected

12 by the attorney-client privilege, attorney work product doctrine, and any other applicable

13 privilege.

14 **REQUEST FOR PRODUCTION G):**

15     ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON SITE of

16 any HAZARDOUS WASTE.

17 **OBJECTIONS TO REQUEST FOR PRODUCTION G):**

18     Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

19 and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

20 admissible evidence. Thelen also objects to the phrase "HAZARDOUS WASTE" on the grounds

21 that it is vague and ambiguous. Thelen further objects to this Request to the extent that it seeks

22 documents containing McKesson's trade secrets and proprietary information. In addition, Thelen

23 objects to this Request on the grounds that it seeks to invade the privacy of third-parties to the

24 litigation. Thelen also objects to this Request to the extent that it seeks documents protected by

25 the attorney-client privilege, attorney work product doctrine, and any other applicable privilege.

26 / / /

27 / / /

28 / / /

4

1  **REQUEST FOR PRODUCTION H):**

2      ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON SITE of

3  any SOLID WASTE.

4  **OBJECTIONS TO REQUEST FOR PRODUCTION H):**

5      Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

6  and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

7  admissible evidence.  Thelen also objects to the phrase "SOLID WASTE" on the grounds that it is

8  vague and ambiguous.  Thelen further objects to this Request to the extent that it seeks documents

9  containing McKesson's trade secrets and proprietary information.  In addition, Thelen objects to

10  this Request on the grounds that it seeks to invade the privacy of third-parties to the litigation.

11  Thelen also objects to this Request to the extent that it seeks documents protected by the attorney-

12  client privilege, attorney work product doctrine, and any other applicable privilege.

13  **REQUEST FOR PRODUCTION I):**

14      ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON SITE of

15  any CHLORINATED SOLVENTS.

16  **OBJECTIONS TO REQUEST FOR PRODUCTION I):**

17      Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

18  and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

19  admissible evidence.  Thelen also objects to the phrase "CHLORINATED SOLVENTS" on the

20  grounds that it is vague and ambiguous.  Thelen further objects to this Request to the extent that it

21  seeks documents containing McKesson's trade secrets and proprietary information.  In addition,

22  Thelen objects to this Request on the grounds that it seeks to invade the privacy of third-parties to

23  the litigation.  Thelen also objects to this Request to the extent that it seeks documents protected

24  by the attorney-client privilege, attorney work product doctrine, and any other applicable

25  privilege.

26  / / /

27  / / /

28  / / /

5

1    **REQUEST FOR PRODUCTION J):**

2         ALL DOCUMENTS that REFER TO RELATE to the storage, retention, destruction, or

3    transfer of DOCUMENTS of MCKESSON CHEMICAL between 1986 and 2005.

4    **OBJECTIONS TO REQUEST FOR PRODUCTION J):**

5         Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

6    and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

7    admissible evidence. Thelen further objects to this Request to the extent that it seeks documents

8    containing McKesson's trade secrets and proprietary information. In addition, Thelen objects to

9    this Request on the grounds that it seeks to invade the privacy of third-parties to the litigation.

10   Thelen also objects to this Request to the extent that it seeks documents protected by the attorney-

11   client privilege, attorney work product doctrine, and any other applicable privilege.

12   **REQUEST FOR PRODUCTION K):**

13        ALL DOCUMENTS that REFER TO RELATE to any discussion, convention, or

14   CORRESPONDENCE with any PERSON regarding the MCKESSON SITE or the above-entitled

15   action.

16   **OBJECTIONS TO REQUEST FOR PRODUCTION K):**

17        Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

18   and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

19   admissible evidence. Thelen further objects to this Request to the extent that it seeks documents

20   containing McKesson's trade secrets and proprietary information. In addition, Thelen objects to

21   this Request on the grounds that it seeks to invade the privacy of third-parties to the litigation.

22   Thelen also objects to this Request to the extent that it seeks documents protected by the attorney-

23   client privilege, attorney work product doctrine, and any other applicable privilege.

24   **REQUEST FOR PRODUCTION L):**

25        ALL DOCUMENTS that REFER TO RELATE to any discussion, conversation, or

26   CORRESPONDENCE with UNIVAR regarding the MCKESSON SITE or the above-entitled

27   action.

28   / / /

6

1    **OBJECTIONS TO REQUEST FOR PRODUCTION L):**

2    Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

3    and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

4    admissible evidence. Thelen further objects to this Request to the extent that it seeks documents

5    containing McKesson's trade secrets and proprietary information. In addition, Thelen objects to

6    this Request on the grounds that it seeks to invade the privacy of third-parties to the litigation.

7    Thelen also objects to this Request to the extent that it seeks documents protected by the attorney-

8    client privilege, attorney work product doctrine, and any other applicable privilege.

9    **REQUEST FOR PRODUCTION M):**

10    ALL DOCUMENTS that REFER TO RELATE to any discussion, conversation, or

11    CORRESPONDENCE with UNIVAR regarding the transmittal of ALL DOCUMENTS that relate

12    to MCKESSON CHEMICAL.

13    **OBJECTIONS TO REQUEST FOR PRODUCTION M):**

14    Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

15    and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

16    admissible evidence. Thelen further objects to this Request to the extent that it seeks documents

17    containing McKesson's trade secrets and proprietary information. In addition, Thelen objects to

18    this Request on the grounds that it seeks to invade the privacy of third-parties to the litigation.

19    Thelen also objects to this Request to the extent that it seeks documents protected by the attorney-

20    client privilege, attorney work product doctrine, and any other applicable privilege.

21    **REQUEST FOR PRODUCTION N):**

22    ALL DOCUMENTS that REFER TO RELATE to any discussion, conversation, or

23    CORRESPONDENCE with UNIVAR regarding the transmittal of ALL DOCUMENTS relate to

24    the MCKESSON SITE.

25    **OBJECTIONS TO REQUEST FOR PRODUCTION N):**

26    Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

27    and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

28    admissible evidence. Thelen further objects to this Request to the extent that it seeks documents

1   containing McKesson's trade secrets and proprietary information. In addition, Thelen objects to

2   this Request on the grounds that it seeks to invade the privacy of third-parties to the litigation.

3   Thelen also objects to this Request to the extent that it seeks documents protected by the attorney-

4   client privilege, attorney work product doctrine, and any other applicable privilege.

5   Dated: May 28 2007                    THELEN REID BROWN RAYSMAN & STEINER LLP

6

7                                          By: _____

8                                              Jennifer A. Kuenster
                                               Ross M. Petty
9                                              Attorneys for Non-Party
                                               THELEN REID BROWN RAYSMAN &
10                                             STEINER LLP

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OBJECTIONS OF NON-PARTY THELEN REID BROWN RAYSMAN & STEINER LLP TO ANGELES CHEMICAL
COMPANY, INC.'S SUBPOENA REQUESTING PRODUCTION OF DOCUMENTS PURSUANT TO FRCP 45

## CERTIFICATE OF SERVICE BY FACSIMILE

CASE NO. 01-10532 TJH (Ex)

I am over the age of 18 and not a party to the within action. I am employed in the County of San Francisco, State of California by Thelen Reid Brown Raysman & Steiner LLP. My business address is 101 Second Street, Suite 1800, San Francisco, California 94105.

On May 29, 2007, at the time and from the telephone facsimile number indicated on the attached transmission report, the following entitled document:

**OBJECTIONS OF NON-PARTY THELEN REID BROWN RAYSMAN & STEINER LLP TO ANGELES CHEMICAL COMPANY, INC.'S SUBPOENA REQUESTING PRODUCTION OF DOCUMENTS PURSUANT TO FRCP 45**

was served by transmitting true and correct copies thereof via facsimile to the following:

## SEE ATTACHED SERVICE LIST

I am readily familiar with the practices of Thelen Reid Brown Raysman & Steiner LLP for sending documents via facsimile. On the above stated date, the above listed document was transmitted via facsimile and said transmission was reported complete and without error. A copy of the transmission report showing the date and time of transmission that was properly issued by the transmitting facsimile machine is attached hereto, and incorporated herein by reference.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 29, 2007, at San Francisco, California.

_____
Signature

_____
Brenda Joyce

OBJECTIONS OF NON-PARTY THELEN REID BROWN RAYSMAN & STEINER LLP TO ANGELES CHEMICAL COMPANY, INC.'S SUBPOENA REQUESTING PRODUCTION OF DOCUMENTS PURSUANT TO FRCP 45

**SERVICE LIST**

Jeffery L. Canfield, Esq.
Kenneth E. James, Esq.
CAUFIELD & JAMES, LLP
2801 Camino Del Rio South, Suite 250
San Diego, CA 92108
Tel:   (619) 325-0441
Fax:   (619) 325-0231
[Attorneys for Plaintiffs GREVE FINANCIAL SERVICES,
INC., ANGELES CHEMICAL COMPANY, INC. and
JOHN LOCKE]

Leslie R. Schenck, Esq.
GARVEY SCHUBERT BARER
Eighteenth Floor
1191 Second Avenue
Seattle, WA 98101-2939
Tel:   (206) 464-3939, x 1486
Fax:   (206) 464-0125
lschenck@gsblaw.com
[Attorneys for UNIVAR]

John D. Edgcomb, Esq.
Mary E. Wilke, Esq.
115 Sansome Street, Suite 805
San Francisco, CA 94104
Tel:   (415) 399-1555
Fax:   (415) 399-1885
jedgcomb@edgcomb-law.com
mwilke@edgcomb-law.com
[Attorneys for McKESSON CORPORATION,
HARVEY SORKIN, SEYMOUR MOSLIN
and THE ESTATE OF PAUL MASLIN]

SF #1279838 v1

1  Nancy M. Wilms, Esq.
   Bingham McCutchen LLP
2  355 South Grand Avenue, Suite 4400
3  Los Angeles, CA 90071-3106
   Tel:   (213) 680-6400
4  Fax:   (213) 680-6499
5  nancy.wilms@bingham.com
   [Attorneys for McKESSON CORPORATION,
6  HARVEY SORKIN, SEYMOUR MOSLIN
7  and THE ESTATE OF PAUL MASLIN]

8
   Devon M. Lyon, Esq.
9  Law Offices of Timothy Cronin
   202 Fashion Lane, Suite 208
10 Tustin, CA 92780
11 Tel:   (714) 505-9365
   Fax:   (714) 505-3792
12 dlyon@crolaw.com
13 tcronin@crolaw.com
   [Attorneys for DONNA and ROBERT
14 BERG, PEARL ROSENTHAL and THE
15 ESTATE OF ARNOLD ROSENTHAL]

16

17

18

19

20

21

22

23

24

25

26

27

28

OBJECTIONS OF NON-PARTY THELEN REID BROWN RAYSMAN & STEINER LLP TO ANGELES CHEMICAL
COMPANY, INC.'S SUBPOENA REQUESTING PRODUCTION OF DOCUMENTS PURSUANT TO FRCP 45

1  JENNIFER A. KUENSTER, State Bar No. 104607
   ROSS M. PETTY, State Bar No. 166366
2  THELEN REID BROWN RAYSMAN & STEINER LLP
   101 Second Street, Suite 1800
3  San Francisco, California 94105
   Telephone: (415) 371-1200
4  Facsimile:  (415) 644-6519
5
   Attorneys for Non-Party
6  THELEN REID BROWN RAYSMAN & STEINER LLP
7
8              UNITED STATES DISTRICT COURT
9          FOR THE CENTRAL DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11 ANGELES CHEMICAL COMPANY, INC., a California corporation, etc., et al., | Case No.: 01-10532 TJH (Ex) |
| 12 | Central District of California |
| 13           Plaintiffs, | **OBJECTIONS OF NON-PARTY** |
| 14 v. | **THELEN REID BROWN RAYSMAN & STEINER LLP TO ANGELES** |
| 15 MCKESSON CORPORATION, a California | **CHEMICAL COMPANY, INC.'S** |
| 16 corporation, etc., et al. | **SUBPOENA REQUESTING PRODUCTION OF DOCUMENTS** |
| 17           Defendants. | **PURSUANT TO FRCP 45** |
| 18 | Place:  2225 E. Bayshore Road, Suite 210, Palo Alto, CA 94303 |
| 19 | Date:   June 11, 2007 |
| 20 | Time:   9:30 a.m. |
| 21 AND RELATED CROSS ACTION. | |
| 22 | |

23         Pursuant to Federal Rule of Civil Procedure 45, non-party Thelen Reid Brown Raysman &

24 Steiner LLP ("Thelen") submits these objections to the subpoena of plaintiff and cross-defendant

25 Angeles Chemical Company, Inc. ("Angeles") dated May 15, 2007, issued by Caufield & James,

26 LLP and served on Thelen's Palo Alto office on May 15, 2007 (the "Subpoena") in the above-

27 referenced matter.

28 / / /

1

## GENERAL OBJECTIONS

1.      Thelen objects to the Subpoena to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, deliberative process privilege, the joint prosecution or similar privilege, the privilege for negotiations leading to settlement, or other applicable privileges under California law or any other applicable law.

2.      Thelen objects to the Subpoena to the extent that it imposes an undue burden on Thelen by seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, seeking an unreasonably large volume of documents, or seeking documents that are equally available to the requesting party.

3.      Thelen objects to the Subpoena on the grounds that Angeles' "DEFINITIONS" and "INSTRUCTIONS," as set forth in Attachment "A" are argumentative, vague, ambiguous, and unintelligible.

4.      Thelen objects to the Subpoena on the grounds that it does not allow a reasonable time period for compliance.

5.      No incidental or implied admissions are intended by these objections.  The fact that Thelen objects to any request should not be taken as an admission that Thelen accepts or admits the existence of any facts assumed by such request, or that such objection constitutes admissible evidence as to any such assumed facts.

## SPECIFIC OBJECTIONS

Without waiving or departing from its General Objections, and specifically incorporating the General Objections into each of the specific objections below, Thelen makes the following additional objections to specific paragraphs set forth in Attachment "A" of the Subpoena:

**REQUEST FOR PRODUCTION A):**

All DOCUMENTS that REFER OR RELATE to MCKESSON CHEMICAL.

**OBJECTIONS TO REQUEST FOR PRODUCTION A):**

Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Thelen further objects to this Request to the extent that it seeks documents

1

1    containing McKesson Corporation's ("McKesson") trade secrets and proprietary information. In

2    addition, Thelen objects to this Request on the grounds that it seeks to invade the privacy of third-

3    parties to the litigation. Thelen also objects to this Request to the extent that it seeks documents

4    protected by the attorney-client privilege, attorney work product doctrine, and any other applicable

5    privilege.

6    **REQUEST FOR PRODUCTION B):**

7        ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of an

8    HAZARDOUS SUBSTANCE.

9    **OBJECTIONS TO REQUEST FOR PRODUCTION B):**

10        Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

11    and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

12    admissible evidence. Thelen also objects to the phrase "HAZARDOUS SUBSTANCE" on the

13    grounds that it is vague and ambiguous. Thelen further objects to this Request to the extent that it

14    seeks documents containing McKesson's trade secrets and proprietary information. In addition,

15    Thelen objects to this Request on the grounds that it seeks to invade the privacy of third-parties to

16    the litigation. Thelen also objects to this Request to the extent that it seeks documents protected

17    by the attorney-client privilege, attorney work product doctrine, and any other applicable

18    privilege.

19    **REQUEST FOR PRODUCTION C):**

20        ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of

21    any HAZARDOUS WASTE.

22    **OBJECTIONS TO REQUEST FOR PRODUCTION C):**

23        Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

24    and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

25    admissible evidence. Thelen also objects to the phrase "HAZARDOUS WASTE" on the grounds

26    that it is vague and ambiguous. Thelen further objects to this Request to the extent that it seeks

27    documents containing McKesson's trade secrets and proprietary information. In addition, Thelen

28    objects to this Request on the grounds that it seeks to invade the privacy of third-parties to the

1  litigation. Thelen also objects to this Request to the extent that it seeks documents protected by

2  the attorney-client privilege, attorney work product doctrine, and any other applicable privilege.

3  **REQUEST FOR PRODUCTION D):**

4      ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of

5  any SOLID WASTE.

6  **OBJECTIONS TO REQUEST FOR PRODUCTION D):**

7      Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

8  and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

9  admissible evidence. Thelen also objects to the phrase "SOLID WASTE" on the grounds that it is

10  vague and ambiguous. Thelen further objects to this Request to the extent that it seeks documents

11  containing McKesson's trade secrets and proprietary information. In addition, Thelen objects to

12  this Request on the grounds that it seeks to invade the privacy of third-parties to the litigation.

13  Thelen also objects to this Request to the extent that it seeks documents protected by the attorney-

14  client privilege, attorney work product doctrine, and any other applicable privilege.

15  **REQUEST FOR PRODUCTION E):**

16      ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of

17  any CHLORINATED SOLVENTS.

18  **OBJECTIONS TO REQUEST FOR PRODUCTION E):**

19      Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

20  and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

21  admissible evidence. Thelen also objects to the phrase "CHLORINATED SOLVENTS" on the

22  grounds that it is vague and ambiguous. Thelen further objects to this Request to the extent that it

23  seeks documents containing McKesson's trade secrets and proprietary information. In addition,

24  Thelen objects to this Request on the grounds that it seeks to invade the privacy of third-parties to

25  the litigation. Thelen also objects to this Request to the extent that it seeks documents protected

26  by the attorney-client privilege, attorney work product doctrine, and any other applicable

27  privilege.

28  / / /

1   **REQUEST FOR PRODUCTION F):**

2       ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON SITE of

3   any HAZARDOUS SUBSTANCE.

4   **OBJECTIONS TO REQUEST FOR PRODUCTION F):**

5       Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

6   and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

7   admissible evidence. Thelen also objects to the phrase "HAZARDOUS SUBSTANCE" on the

8   grounds that it is vague and ambiguous. Thelen further objects to this Request to the extent that it

9   seeks documents containing McKesson's trade secrets and proprietary information. In addition,

10   Thelen objects to this Request on the grounds that it seeks to invade the privacy of third-parties to

11   the litigation. Thelen also objects to this Request to the extent that it seeks documents protected

12   by the attorney-client privilege, attorney work product doctrine, and any other applicable

13   privilege.

14   **REQUEST FOR PRODUCTION G):**

15       ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON SITE of

16   any HAZARDOUS WASTE.

17   **OBJECTIONS TO REQUEST FOR PRODUCTION G):**

18       Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

19   and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

20   admissible evidence. Thelen also objects to the phrase "HAZARDOUS WASTE" on the grounds

21   that it is vague and ambiguous. Thelen further objects to this Request to the extent that it seeks

22   documents containing McKesson's trade secrets and proprietary information. In addition, Thelen

23   objects to this Request on the grounds that it seeks to invade the privacy of third-parties to the

24   litigation. Thelen also objects to this Request to the extent that it seeks documents protected by

25   the attorney-client privilege, attorney work product doctrine, and any other applicable privilege.

26   / / /

27   / / /

28   / / /

4

1    **REQUEST FOR PRODUCTION H):**

2         ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON SITE of

3    any SOLID WASTE.

4    **OBJECTIONS TO REQUEST FOR PRODUCTION H):**

5         Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

6    and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

7    admissible evidence. Thelen also objects to the phrase "SOLID WASTE" on the grounds that it is

8    vague and ambiguous. Thelen further objects to this Request to the extent that it seeks documents

9    containing McKesson's trade secrets and proprietary information. In addition, Thelen objects to

10   this Request on the grounds that it seeks to invade the privacy of third-parties to the litigation.

11   Thelen also objects to this Request to the extent that it seeks documents protected by the attorney-

12   client privilege, attorney work product doctrine, and any other applicable privilege.

13   **REQUEST FOR PRODUCTION I):**

14        ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON SITE of

15   any CHLORINATED SOLVENTS.

16   **OBJECTIONS TO REQUEST FOR PRODUCTION I):**

17        Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

18   and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

19   admissible evidence. Thelen also objects to the phrase "CHLORINATED SOLVENTS" on the

20   grounds that it is vague and ambiguous. Thelen further objects to this Request to the extent that it

21   seeks documents containing McKesson's trade secrets and proprietary information. In addition,

22   Thelen objects to this Request on the grounds that it seeks to invade the privacy of third-parties to

23   the litigation. Thelen also objects to this Request to the extent that it seeks documents protected

24   by the attorney-client privilege, attorney work product doctrine, and any other applicable

25   privilege.

26   / / /

27   / / /

28   / / /

5

1    **REQUEST FOR PRODUCTION J):**

2       ALL DOCUMENTS that REFER TO RELATE to the storage, retention, destruction, or

3 transfer of DOCUMENTS of MCKESSON CHEMICAL between 1986 and 2005.

4    **OBJECTIONS TO REQUEST FOR PRODUCTION J):**

5       Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

6 and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

7 admissible evidence.  Thelen further objects to this Request to the extent that it seeks documents

8 containing McKesson's trade secrets and proprietary information.  In addition, Thelen objects to

9 this Request on the grounds that it seeks to invade the privacy of third-parties to the litigation.

10 Thelen also objects to this Request to the extent that it seeks documents protected by the attorney-

11 client privilege, attorney work product doctrine, and any other applicable privilege.

12    **REQUEST FOR PRODUCTION K):**

13       ALL DOCUMENTS that REFER TO RELATE to any discussion, convention, or

14 CORRESPONDENCE with any PERSON regarding the MCKESSON SITE or the above-entitled

15 action.

16    **OBJECTIONS TO REQUEST FOR PRODUCTION K):**

17       Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

18 and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

19 admissible evidence.  Thelen further objects to this Request to the extent that it seeks documents

20 containing McKesson's trade secrets and proprietary information.  In addition, Thelen objects to

21 this Request on the grounds that it seeks to invade the privacy of third-parties to the litigation.

22 Thelen also objects to this Request to the extent that it seeks documents protected by the attorney-

23 client privilege, attorney work product doctrine, and any other applicable privilege.

24    **REQUEST FOR PRODUCTION L):**

25       ALL DOCUMENTS that REFER TO RELATE to any discussion, conversation, or

26 CORRESPONDENCE with UNIVAR regarding the MCKESSON SITE or the above-entitled

27 action.

28 ///

1  **OBJECTIONS TO REQUEST FOR PRODUCTION L):**

2       Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

3  and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

4  admissible evidence.  Thelen further objects to this Request to the extent that it seeks documents

5  containing McKesson's trade secrets and proprietary information.  In addition, Thelen objects to

6  this Request on the grounds that it seeks to invade the privacy of third-parties to the litigation.

7  Thelen also objects to this Request to the extent that it seeks documents protected by the attorney-

8  client privilege, attorney work product doctrine, and any other applicable privilege.

9  **REQUEST FOR PRODUCTION M):**

10      ALL DOCUMENTS that REFER TO RELATE to any discussion, conversation, or

11 CORRESPONDENCE with UNIVAR regarding the transmittal of ALL DOCUMENTS that relate

12 to MCKESSON CHEMICAL.

13 **OBJECTIONS TO REQUEST FOR PRODUCTION M):**

14      Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

15 and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

16 admissible evidence.  Thelen further objects to this Request to the extent that it seeks documents

17 containing McKesson's trade secrets and proprietary information.  In addition, Thelen objects to

18 this Request on the grounds that it seeks to invade the privacy of third-parties to the litigation.

19 Thelen also objects to this Request to the extent that it seeks documents protected by the attorney-

20 client privilege, attorney work product doctrine, and any other applicable privilege.

21 **REQUEST FOR PRODUCTION N):**

22      ALL DOCUMENTS that REFER TO RELATE to any discussion, conversation, or

23 CORRESPONDENCE with UNIVAR regarding the transmittal of ALL DOCUMENTS relate to

24 the MCKESSON SITE.

25 **OBJECTIONS TO REQUEST FOR PRODUCTION N):**

26      Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

27 and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

28 admissible evidence.  Thelen further objects to this Request to the extent that it seeks documents

1  containing McKesson's trade secrets and proprietary information.  In addition, Thelen objects to

2  this Request on the grounds that it seeks to invade the privacy of third-parties to the litigation.

3  Thelen also objects to this Request to the extent that it seeks documents protected by the attorney-

4  client privilege, attorney work product doctrine, and any other applicable privilege.

5  Dated: May 29 2007                THELEN REID BROWN RAYSMAN & STEINER LLP

6

7                                          By: _____

8                                          Jennifer A. Kuenster
                                           Ross M. Petty
9                                          Attorneys for Non-Party
                                           THELEN REID BROWN RAYSMAN &
10                                         STEINER LLP

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OBJECTIONS OF NON-PARTY THELEN REID BROWN RAYSMAN & STEINER LLP TO ANGELES CHEMICAL
COMPANY, INC.'S SUBPOENA REQUESTING PRODUCTION OF DOCUMENTS PURSUANT TO FRCP 45

# EXHIBIT 5

# CAUFIELD
# & JAMES LLP

A T T O R N E Y S   A T   L A W

Writer's Direct:
(619) 325-0441 (phone)
(619) 325-0231 (fax)
jeff@caufieldjames.com

June 20, 2007

**Via Email and Facsimile (415) 371-1211**

Nevin C. Brownfield
nbrownfield@thelen.com
Thelen Reid Brown Raysman & Steiner, LLP
101 Second Street, Suite 1800
San Francisco, CA 94105

Re:   Angeles Chemical Co., v. McKesson Corp. et al.,

Dear Mr. Brownfield:

We are in receipt of Thelen Reid's objections to the subpoena served by the Plaintiffs, in the above referenced litigation, on your San Francisco office, located at the address above, on June 4, 2007.

However, you have not responded to nor produced or permitted inspection of any of the documents requested in the additional subpoenas served by Plaintiffs.
- On May 17, 2007, Plaintiffs served on the Custodian of Records of Thelen Reid at your office located at 225 West Santa Clara Street, San Jose, CA 95113, Lupe Barron, at or around 4:45 p.m. See attachment "1."
- On May 1, 2007, Plaintiffs served on the Custodian of Records of Thelen Reid at your office located at 2225 E. Bayshore Road, Palo Alto, CA 94303, Marion Dick, at or around 2:50 p.m. See attachment "2" (hereinafter "the Subpoenas").

You are required to respond to these subpoenas. Federal Rules of Civil Procedure Rule 45(d) requires duty to respond to a subpoena. Specifically, Rule 45(d)(1) holds:
"A person responding to a subpoena to produce document shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand."

Rule 45(e) further holds:
"Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued."

While Thelen Reid is entitled to object to the subpoena under FRCP Rule 45(c)(2)(B) It has now been 27 days since the service of the Subpoenas and we have not received any response from your offices. As such, because you have failed to serve timely objections or produce any documents to the Subpoenas, you have waived all grounds for objection, *including privilege.* In re DG Acquisition Corp., 151 F.3d, 75,

Re: Plaintiffs' Subpoenas to Thelen Reid
June 20, 2007
Page 2 of 2

81 (2nd Cir. 1998).  Failure to comply with a subpoena without adequate excuse is a contempt of court. FRCP Rule 45(e), see Daval Steel Prods. V. M/V Fakredine, 951 F.2d 1357, 1364 (2d. Cir. 1991).  If you do not produce all the documents within your custody and control as described in the Subpoenas, Plaintiffs will be forced to file a motion to compel.

However, in lieu of the motion discussed above, Angeles proposes that Thelen Reid voluntarily produce all documents identified in the aforementioned subpoenas without the need of court intervention. As such, in a good faith effort to meet and confer, and resolve this outside of the court, we are available Friday, June 22, 2007 for a telephone conference to discuss these issues and any other issue not previously raised, in accordance with Northern District Local Rule 37-1.  Please let our office know if you are interested in participating in such a teleconference.

I look forward to hearing from you.

Very truly yours,

Amy C. Dolkas
Caufield James, LLP

Enclosures
cc: see attached service list

# ATT: 1

TORNEY OR PARTY WITHOUT ATTORNEY (Name and Address):
Caufield & James LLP                                      (619) 325-0441
2851 Camino Del Rio South, #250
San Diego, CA  92108

| | Ref. No. or File No. |
|---|---|

TORNEY FOR (Name):    Plaintiff

sert name of court, judicial district or branch court, if any:

UNITED STATES DISTRICT COURT
450 GOLDEN GATE #1111
SAN FRANCISCO, CA  94102

AINTIFF:

Angeles Chemical Company, Inc., a California corporation

EFENDANT:

McKesson Corporation, Inc., a California corporation, etc., et al.

| PROOF OF SERVICE | DATE: 06/11/2007 | TIME: 09:30 am | DEPT/DIV: | CASE NUMBER: 01 10532 TJH (Ex) |
|---|---|---|---|---|

## UNITED STATES DISTRICT COURT
## DECLARATION OF SERVICE

I, THE UNDERSIGNED, DECLARE UNDER PENALTY OF PERJURY THAT I WAS ON THE DATE HEREIN REFERRED TO OVER THE AGE OF 18 YEARS AND NOT A PARTY TO THE WITHIN ENTITLED ACTION.  I SERVED THE:

Subpoena in a Civil Case; Attachment "A"; Notice of Subpoena Requesting Production of Documents

ON: Custodian of Records Thelen Reid Brown Raysman Steiner LLP

AT 225 West Santa Clara Street
   San Jose, CA 95113

IN THE ABOVE MENTIONED ACTION BY DELIVERING TO AND LEAVING WITH:

Lupe Barron - Authorized to Accept

ON: 05/17/2007
AT: 04:35 pm

**Manner of service**  in compliance with Federal Code of Civil Procedure.

Fee for Service: **77.50**
   County:  **Santa Clara**
   Registration No.:  **617**
   E.S.Q. Services, Inc.
   4015 Park Blvd, #218
   San Diego, CA 92103
   (619) 296-0120

I declare under penalty of perjury under the laws of the State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on **June 13, 2007.**

Signature: _Mike Weeker_

                    **Mike Weeker**

## PROOF OF SERVICE

Order#: A39480A/GProof39

# ATT: 2

TORNEY OR PARTY WITHOUT ATTORNEY (Name and Address):
Caufield & James LLP                                    (619) 325-0441
2851 Camino Del Rio South, #250
San Diego, CA  92108

| | Ref. No. or File No. |
|---|---|
| TORNEY FOR (Name):    Plaintiff | |

sert name of court, judicial district or branch court, if any:

UNITED STATES DISTRICT COURT
450 GOLDEN GATE #1111
SAN FRANCISCO, CA  94102

LAINTIFF:

Angeles Chemical Company, Inc., a California corporation

EFENDANT:

McKesson Corporation, Inc., a California corporation, etc., et al.

| **PROOF OF SERVICE** | DATE:<br>06/11/2007 | TIME:<br>09:30 am | DEPT/DIV: | CASE NUMBER:<br>01 10532 TJH (Ex) |
|---|---|---|---|---|

## UNITED STATES DISTRICT COURT
## DECLARATION OF SERVICE

I, THE UNDERSIGNED, DECLARE UNDER PENALTY OF PERJURY THAT I WAS ON THE DATE HEREIN REFERRED TO OVER THE AGE OF 18 YEARS AND NOT A PARTY TO THE WITHIN ENTITLED ACTION.  I SERVED THE:

Subpoena in a Civil Case; Attachment "A"; Notice of Subpoena Requesting Production of Documents

ON: Custodian of Records Thelen Reid Brown Raysman Steiner LLP

AT 2225 E. Bayshore Road
   Palo Alto, CA 94303

IN THE ABOVE MENTIONED ACTION BY DELIVERING TO AND LEAVING WITH:
Marion Dick - Authorized to Accept

ON: 05/17/2007
AT: 02:50 pm

**Manner of service**  in compliance with Federal Code of Civil Procedure.

Fee for Service: 77.50
        County:  Santa Clara
        Registration No.:  617
  E.S.Q. Services, Inc.
  4015 Park Blvd, #218
  San Diego, CA 92103
  (619) 296-0120

I declare under penalty of perjury under the laws of the State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on **June 13, 2007.**

Signature: _____
                    Mike Weeker

## PROOF OF SERVICE

Order#: A39480/GProof39



THELEN REID BROWN
RAYSMAN & STEINER LLP
ATTORNEYS AT LAW

Nevin C. Brownfield
415.369.7784 Direct Dial
415.369.8617 Direct Fax
nbrownfield@thelen.com

NEW YORK · SAN FRANCISCO · WASHINGTON, DC · LOS ANGELES
SILICON VALLEY · HARTFORD · NORTHERN NEW JERSEY · SHANGHAI

June 22, 2007

**VIA EMAIL & U.S. MAIL**

Amy C. Dolkas
Caufield James LLP
2851 Camino Del Rio South, Suite 250
San Diego, California 92108

     Re:   *Angeles Chemical Company, Inc., et al. v. McKesson Corporation, et al.*
           **USDC Case No.: 01-10532 TJH (Ex)**

Dear Ms. Dolkas:

     Responding to your June 20, 2007 letter, you are mistaken that Thelen Reid Brown
Raysman & Steiner ("Thelen") failed to respond to any of the subpoenas served by Angeles
Chemical Company, Inc. or waived any objections. Thelen timely served objections to each of
the subpoenas served on Thelen's San Francisco, Palo Alto, and San Jose offices. Enclosed for
your convenience are additional copies of the objections and proofs of service.

     Although we could not participate in a conference call today on such short notice, we are
available to discuss the subpoenas and objections on Monday, June 25, 2007 after 2:00 p.m.
Please let us know if that will work with your schedule.

                    Very truly yours,

                    Nevin C. Brownfield

Enclosures

NCB:mp
SF #1292779 v1

## Matt McMillan

| | |
|---|---|
| **From:** | Joe Rossettie |
| **Sent:** | Thursday, June 28, 2007 1:32 PM |
| **To:** | Matt McMillan |
| **Subject:** | FW: Angeles v. McKesson |

**From:** Joe Rossettie
**Sent:** Friday, June 22, 2007 5:10 PM
**To:** 'nbrownfield@thelen.com'
**Cc:** Amber Hinojosa; Amy Dolkas; Jeff Caufield
**Subject:** Angeles v. McKesson

Mr. Brownfield—

I am responding to your June 22 letter. We would like to participate in a conference call on Monday June, 25. Please let me know what time works best for you, as well as the best phone number in which to reach you. We look forward to finding a reasonable solution in response to our subpoenas seeking McKesson Chemical documents. If you have any questions beforehand, please feel free to contact me.

Thank you.

## Joseph Rossettie, Esq.
*Caufield & James, LLP*
2851 Camino Del Rio South, Suite 250
San Diego, CA 92108
Office 619-325-0441
Fax 619-325-0231

*This email communication may contain CONFIDENTIAL INFORMATION, WHICH ALSO MAY BE LEGALLY PRIVILEGED, and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy copies.*

## Matt McMillan

**From:**    Joe Rossettie
**Sent:**    Thursday, June 28, 2007 1:32 PM
**To:**      Matt McMillan
**Subject:** FW: Teleconfernce 6/25/2007

**From:** Joe Rossettie
**Sent:** Monday, June 25, 2007 5:33 PM
**To:** 'Brownfield, Nevin'; Petty, Ross
**Cc:** Amber Hinojosa; Jeff Caufield
**Subject:** Teleconfernce 6/25/2007

Ross/Nevin-

Thank you for participating in the teleconference today.

The following is meant to memorialize our teleconference today on June 25, 2007. The parties scheduled a conference, pursuant to LR 37-1a, regarding certain set of subpoenas sent to Thelen & Reid. Jeff Caufield, Joe Rossettie, Nevin Brownfield, and Ross Petty all participated in the call. At the conclusion of the call, the parties came to the mutual understanding as to the following:

1.   Angeles seeks original McKesson Chemical operational records and any correspondence, logs, indexes showing what McKesson Chemical operational records were received by Thelen & Reid and/or any correspondence, logs, indexes showing where Thelen & Reid sent the documents.
2.   Thelen & Reid currently represents McKesson and Univar on an unrelated matter involving the allegation that McKesson and Univar at one time sold asbestos.
3.   Angeles does not seek the boxes that Thelen and Reid sent to back to Univar as part of the Kent, Washington review in early 2006.
4.   Angeles would like Thelen & Reid to confirm, either by declaration or by producing correspondence, indexes, or logs that Thelen & Reid no longer possesses any McKesson Chemical operational records.
5.   To the extent McKesson Chemical operational records at one time existed at Thelen & Reid but were sent to additional parties (not including the boxes sent to Univar in or around the early 2006), Angeles requested that the documents and/or number of boxes, along with the recipient be identified.
6.   Angeles does not seek any privileged information including any in-house memorandum or legal analysis performed by Thelen & Reid. However, Angeles does seek correspondence, logs, and/or indexes evidencing the fact of what McKesson Chemical records were received and where those records were sent.
7.   Thelen & Reid was unable to confirm that the boxes transmitted back to Univar in early 2006 represented the entire universe of McKesson Chemical records received by Thelen & Reid.
8.   Thelen & Reid agreed to determine if the transmittal was the entire universe. However, the time needed to confirm this fact could not be determined.

9.   Angeles explained that under the current CMO deadlines, Angeles would need to file a motion to compel to preserve Angeles due diligence in seeking these records by July 2, 2007.  However, Angeles would extend the time for Thelen and Reid to oppose the motion to give extra time to confirm whether the boxes sent back to Univar in early 2006 represented the entire universe of McKesson Chemical records received by Thelen & Reid.

10.  Angeles agreed to pull any motion to compel if the boxes sent back to Univar in early 2006 represented the entire universe of McKesson Chemical records received by Thelen & Reid in accordance with item #4 or to the extent Thelen & Reid has any documents as discussed in item #1 in their possession, custody, and control agrees to produce such documents.

11.  If the CMO deadlines are extended before Friday June 29, 2007 or if Thelen & Reid does confirm, as requested in item #4, that the boxes sent back to Univar in early 2006 represented the entire universe of McKesson Chemical records received by Thelen & Reid before Friday June 29, 2007, Angeles agrees not to file a motion to compel.

If you have any questions, please feel free to contact me.


Very Truly Yours,


**Joseph Rossettie, Esq.**
*Caufield & James, LLP*
2851 Camino Del Rio South, Suite 250
San Diego, CA 92108
Office 619-325-0441
Fax 619-325-0231

*This email communication may contain CONFIDENTIAL INFORMATION, WHICH ALSO MAY BE LEGALLY PRIVILEGED, and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy copies.*

6/28/2007

# EXHIBIT 6

McKesson Corp. Law Department
One Post Street, San Francisco CA 94104 Tel 415 983 8319

Ivan D. Meyerson Associate General Counsel

**McKesson**

September 9, 1986

HAND DELIVERED

# CONFIDENTIAL

CONFIDENTIAL

Nicholas C. Unkovic, Esq.
Graham & James
One Maritime Plaza
Third Floor
San Francisco, CA 9411

Re: Further Due Diligence Response

Dear Mr. Unkovic:

In connection with certain inquiries contained in Mr. Thompson's letter of September 2, 1986, and various miscellaneous requests of Mr. Hooper, we enclose (or have today forwarded under separate cover) the following documents:

 1.   Permits.  We have had delivered to your offices this morning three (3) boxes containing permits for the MCC locations.  The boxes are divided by location as follows:  (i) Albuquerque to Louisville; (ii) Los Angeles to Riverside; and (iii) San Antonio to Woodbridge.  I hope the contents of the boxes are sufficient to answer the questions contained in Item I (pages 1-3) of Mr. Thompson's September 2. letter.  In addition, I believe we have previously sent to you information concerning the Dallas landlord matter to which Mr. Thompson referred.  Let me know if you have any further questions on that matter.

 2.   Underground Storage Tanks.

  (a)  My records indicate that material sent to you earlier reflected risk ratings for tanks at Dallas/Fort Worth and Harlingen at 55 and 69, respectively.  I will inquire as to ratings, if any, for any tanks which may have been located at either Buffalo or Charlotte.

MCK0065260

Nicholas C. Unkovic, Esq.
September 9, 1986
Page Two

     (b)  Our August 30, 1986 response provided information
with respect to alleged leaks at the Corpus Christi, Grand
Junction, Houston, Jacksonville, and Mobile locations.  I assume
those, and the other locations specified in Mr. Thompson's
letter, were the subject of questions during Mr. Hooper's
interviews of the regional personnel.  I have no knowledge of any
contamination, analyses or reports to government agencies.

    3.   Contamination Issues.

     (a)  Spartanburg - (see below).

     (b)  Pittsburg - except as appears below or is
specified in the following sentence, information has already been
provided with respect to this matter to the extent it is
available.  One privileged, brief memorandum was not produced;
however, the facts contained in the memorandum were summarized
and produced in abstract form.  I assume this matter was also
discussed in Mr. Hooper's interviews.  We are not aware of any
regulatory correspondence relating to this matter.

    4.   Above-Ground Customer Site Tanks.  See below.

    5.   Site Age and Prior Ownership.  We refer you to the 1985
environmental questionnaires for details as to when McKesson
first occupied the eight sites listed in Mr. Thompson's letter.
Details as to prior use may also be contained in those question-
naires.  In addition, I have asked our Corporate Real Estate
Department to see what other information, if any, may be readily
available.  We will attempt to provide some further response on
this issue.

    6.   We enclose a copy of an October 8, 1985 letter from the
Connecticut Department of Environmental Protection to Don Black
relating to the closure of the storage facility at the North
Haven location.

    7.   I am advised that the Vernal, Utah site is not an
active site.

    8.   Miscellaneous Requests.

     (a)  Copies of pertinent correspondence (including a
September 5, 1986 memo from Bickman to Meyerson) and contracts
relating to the Ray-O-Vac matter.  In that regard, we learned
yesterday that Ray-O-Vac now plans to remove all of the McKesson
underground tanks next week.

MCK0065261

Nicholas C. Unkovic, Esq.
September 9, 1986
Page Three

     (b)  Copies of government inspection reports for the
Jacksonville, Wichita and St. Louis Service Centers.

     (c)  Copies of letters to McKesson dated August 27 and
29, from Kin Properties, Inc. (the Sandelman entity).

     (d)  Eastern Region:  (i) copy of December 18, 1985
3-page report from Air Quality Services, Inc. to Robert Douglas
at McKesson relating to analysis of a sample taken from the
Pittsburg facility; (ii) copies of the following relating to the
Spartanburg matter:  (x) January and August, 1986 draft
administrative consent orders; (y) May 29, 1986 letter, together
with June/July analyses from Enwright Associates/Laboratories,
and June 24 letter from Geraghty & Miller, Inc.; (iii) August 20,
1986 letter from Black to Rhodes; and (iv) February 1986
inventory listing of McKesson owned above-ground tanks located at
customer facilities.

     (e)  Central Region:  39-page package prepared by
regional personnel for use during last week's interview with Mr.
Hooper.  This material addresses the following items contained in
Mr. Hooper's list of questions:  2, 3, 4, 5, 6, 7, 8, 9 and 11.
It also contains a list of above-ground tanks at customer
facilities (Item 4A, dated August 27, 1986), and facility layouts
for each location.

     (f)  Western Region:  42-page package prepared by
regional personnel for use during last week's interview with Mr.
Hooper.  This material addresses the following items contained in
Mr. Hooper's list of questions:  disposal activities - pits;
major spills - leaks; off-site disposal; RCRA status; repack
activities; tank farms; other major permits; underground storage
tanks; evidence of contamination; previous uses of the site;
water wells; visible pollution impacts; planned environmental
upgrades; and future improvements to be evaluated.  It also
contains information (previously supplied, I believe) relating to
the May, 1986 spill at Albuquerque, and a list of above ground
tanks at customer facilities.

     (g)  Copy of the 1981 contract between Rand
Informationi Systems, Inc. and Foremost-McKesson Chemical Group.
We direct your attention to pages 15 (paragraph L) and 16
(paragraph N).

MCK0065262

Nicholas C. Unkovic, Esq.
September 9, 1986
Page Four


We consider the enclosed (or previously forwarded) documents to
contain sensitive, confidential information that is subject to
the confidentiality agreement signed by Pakhoed.  You are asked
not to make or permit the making of any copies of these
documents, and otherwise to handle them in complete accordance
with the confidentiality agreement dated February 27, 1986,
between McKesson and Pakhoed by which you are bound as an agent
or representative of Pakhoed.  Please indicate your agreement to
the foregoing, as well as your receipt of the enclosed and
forwarded material, by signing and returning the enclosed copy of
this letter.

Finally, we still have yet to receive an executed copy of our
lengthy August 30, 1986 letter to Mr. Hooper.  I would appreciate
it if you would again ask him to sign and immediately return that
copy to us.


Thank you very much for your cooperation.  Do not hesitate to
contact me if you have any further questions concerning any of
the enclosed matters.


Very truly yours,


Ivan D. Meyerson

IDM/smc

Encl.

cc:  Eric Lindquist (no enclosure)


Agreed to and Accepted:


GRAHAM & JAMES


By_____

MCK0065263