SQUIRE, SANDERS & DEMPSEY L.L.P.
Diane L. Gibson (State Bar # 114825)
Daniel T. Balmat (State Bar # 230504)
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492
Telephone: +1.415.954.0200
Facsimile: +1.415.393.9887
Email: digibson@ssd.com

Attorneys for Non-Party, Rule 45 Subpoena
Recipient SQUIRE, SANDERS & DEMPSEY LLP

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELES CHEMICAL COMPANY, INC., a California corporation, et al., <br><br> Plaintiff, <br><br> vs. <br><br> MCKESSON CORPORATION, a California corporation, et al., <br><br> Defendant. | Northern District Miscellaneous Matter <br> Case No. C 06-80343 Misc MMC (EDL) <br> Case No. C 07-80123 Misc MMC (EDL) <br><br> Case No. 01-10532 TJH (Ex) <br> Central District of California <br><br> Hon. Elizabeth D. Laporte <br> Courtroom E, 15th Floor <br><br> **SQUIRE, SANDERS & DEMPSEY L.L.P.'S NOTICE OF COMPLIANCE WITH ORDER DATED JULY 5, 2007 AND REQUEST FOR CLARIFICATION** |

SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

SSD REQUEST FOR CLARIFICATION OF JULY 5, 2007 ORDER

Northern Dist. Misc. Matter
Case Nos. C 06-80343 Misc MMC (EDL)
and C 07-80123 Misc MMC (EDL)

1 | Non-party, Rule 45 Subpoena Recipient Squire, Sanders & Dempsey, L.L.P. ("SSD") hereby provides notice to the Court and all parties that, pursuant to the Court's Order re: Motion to Compel Compliance dated July 5, 2007 (the "Order"), SSD has produced to counsel for defendant McKesson Corporation ("McKesson") copies of certain documents identified in the Order.[1]

Specifically, on July 11, 2007 SSD produced to McKesson electronic copies of documents corresponding to SSD Privilege Log Entry Nos. 2, 3, 4, 22, 25, 29, 30, 33, 34, 36, 37, 41, 42, 43, 47, 48, 53, and 55. On July 12, 2007, SSD produced to McKesson copies of documents 21, 24, 27, 28, 32, 38, 39 and 40. SSD has not yet produced to McKesson copies of documents Nos. 16 and 17, pending the Court's clarification of issues relating to these documents, discussed further below.

Pursuant to Civil Local Rule 72-2 and Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(a), hereby requests clarification regarding the Order as follows:

1. **Regarding documents Nos. 16 and 17**

As noted in SSD's Privilege Log, document No. 17 is a handwritten draft of document No. 16. Both of these documents were prepared in 2002 by former SSD attorney Nicole Leonard. (Ms. Leonard was associated with SSD from January 18, 2001 to June 25, 2004.) As also noted in the Privilege Log, documents 16 and 17 are directions for storage of documents that Ms. Leonard had reviewed and which reflect advice to or communications with Univar, SSD's client at the time, and SSD's analysis for Univar of litigation and potential disputes or litigation.

At 2:9-10 the Order upholds SSD's assertion of privilege as to document No. 17, presumably based on the foregoing. However, at 2:11-12, the Order also states that SSD has failed to support an assertion of privilege as to this document. In addition, and despite the fact that document No. 17 is a draft of document No. 16, the Order (at 2:1-3) states that SSD has failed to support an assertion of privilege with regard to document No. 16.

Therefore, with respect to these two documents, SSD respectfully requests that the Court:

---

[1] Diane L. Gibson, lead counsel for SSD, currently is out of the country, returning July 23, 2007. The filing of this Request constitutes the first appearance in this case of undersigned counsel, Daniel T. Balmat.

SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

-1-

SSD REQUEST FOR CLARIFICATION OF JULY 5, 2007 ORDER

Northern Dist. Misc. Matter
Case Nos. C 06-80343 Misc MMC (EDL)
and C 07-80123 Misc MMC (EDL)

1  (1) clarify whether it finds that SSD has or has not supported its assertion of privilege as to
2  document No. 17; and (2) to the extent that the Court determines that document 17 is privileged,
3  clarify and amend the Order to hold that document No. 16 is likewise privileged.

4  **2.  Regarding Indices to be Created**

5  At 3:2-3 the Order states that "*McKesson* is ordered to create an index and provide
6  identification and location information for relevant boxes and/or relevant files that are related to
7  the 1986 transaction at issue." (Emphasis added.) Upon review of this order as a whole, a
8  question has arisen whether this sentence was intended to require SSD, as opposed to McKesson,
9  to create the specified index. SSD requests clarification on this point.

Respectfully submitted,

Dated: July 16, 2007

SQUIRE, SANDERS & DEMPSEY L.L.P

By: ____/s/ Daniel T. Balmat____
       Daniel T. Balmat

Attorneys for Non-Party, Rule 45 Subpoena Recipient SQUIRE, SANDERS & DEMPSEY LLP

SANFRANCISCO/226230.5
990027.00058

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

-2-

SSD REQUEST FOR CLARIFICATION RE: JULY 5, 2007 ORDER

Northern Dist. Misc. Matter
Case Nos. C 06-80343 Misc MMC (EDL)
and C 07-80123 Misc MMC (EDL)