JENNIFER A. KUENSTER, State Bar No. 104607
ROSS M. PETTY, State Bar No. 166366
THELEN REID BROWN RAYSMAN & STEINER LLP
101 Second Street, Suite 1800
San Francisco, California 94105
Telephone: (415) 371-1200
Facsimile: (415) 644-6519

Attorneys for Non-Party
THELEN REID BROWN RAYSMAN & STEINER LLP

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELES CHEMICAL COMPANY, INC., a California corporation, etc., et al., | Northern District Misc. Matter No. |
| Plaintiffs, | Case No.: C 06-80343 MISC MMC (EDL) |
| v. | Case No.: C 07-80123 MISC MMC (EDL) |
| MCKESSON CORPORATION, a California corporation, etc., et al. | Central District of California |
| | Case No.: 01-10532 TJH (Ex) |
| Defendants. | **NON-PARTY THELEN REID BROWN RAYSMAN & STEINER LLP'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL** |
| | Date: August 22, 2007<br>Time: 9:00 a.m.<br>Room: E<br>Judge: Hon. Elizabeth D. Laporte |
| AND RELATED CROSS ACTION. | |

Non-Party Thelen Reid Brown Raysman & Steiner LLP ("Thelen") submits the following opposition to Plaintiffs Greve Financial Services, Inc., Angeles Chemical Company, Inc. and John Locke's (collectively "Plaintiffs") Motion to Compel.

-1-

## I. INTRODUCTION

Plaintiffs issued document subpoenas to non-party Thelen requesting documents in Thelen's possession, custody or control concerning, among other matters, a former McKesson Chemical Company ("McKesson") site in Santa Fe Springs, California. Thelen timely objected to Plaintiffs' subpoenas, and particularly the initial document request, as, among other objections, overbroad and seeking protected work product information.

On June 25, 2007, Thelen met and conferred with Plaintiffs, and in in that discussion explained that Thelen would require additional time to respond to Plaintiffs' subpoenas because Thelen had not yet been able to confirm whether or not it possessed any responsive documents. Further, in discussing the overbreadth of certain requests during the meet and confer discussion, Plaintiffs' confirmed they did <u>not</u> seek privileged or work-product materials via their subpoenas. Rather, Plaintiffs indicated that they were interested in determining whether Thelen had possession of any original McKesson operating records, either now or in the past. Further, Plaintiffs explained they were facing a discovery motion deadline and would need to file this motion to compel, even though Thelen required additional time to conduct its investigation.

Following the meet and confer discussion with Plaintiffs, and with the understanding that Plaintiffs' requests were limited to original McKesson records, Thelen continued its search to determine whether it had any such records. Thelen recently completed that effort and confirmed that it no longer has any such records in its possession, custody or control. All of the McKesson records that Thelen had previously had in its San Francisco offices were forwarded to Univar's counsel in this action in January 2006. *See* Declaration of Jennifer A. Kuenster ("Kuenster Decl." filed herewith). Accordingly, Plaintiffs' motion to compel is essentially moot and should be denied.

## II. DISCUSSION

### A. <u>Thelen Timely and Properly Objected to Plaintiffs' Subpoenas</u>

On or about May 14, 2007, Plaintiffs served a civil subpoena to produce documents on Thelen at its San Francisco, California office. Also, on or about May 15, 2007, counsel for plaintiffs served virtually identical document subpoenas on, respectively, Thelen's offices in San

Jose and Palo Alto, California. Further, an amended subpoena was served on Thelen's San rnacisco office on or about June 4, 2007. *See* Kuenster Decl. ¶2. Thelen served written objections to Plaintiffs' subpoenas on or about May 29, 2007, and again on June 15, 2007. *See* Kuenster Decl. ¶3.

Thelen objected to the subpoenas on the grounds, *inter alia*, that the subpoenas were overbroad and, based on that overbreadth, appeared to seek privileged and attorney-work product information. These objections were asserted because Thelen currently represents McKesson and Univar USA Inc. ("Univar") in several personal injury matters that are wholly unrelated to the Santa Fe Springs site or the *Angeles Chemical Company, et al. v. McKesson Corporation, et al.* litigation.

### B. The Parties Agreed to Narrow the Scope of the Subpoenas

On June 25, 2007, Thelen attorneys Ross Petty and Nevin Brownfield participated in a meet and confer conference call with counsel for Plaintiffs, including Jeff Caufield and Joe Rossettie of Caufield & James, concerning the scope of the document subpoenas. In response to Thelen's concerns about the overbreadth of the requests, Plaintiffs' counsel advised that they were seeking the production of any original McKesson operational records in Thelen's possession, or alternatively, confirmation that Thelen did not currently possess any such records. Plaintiffs also confirmed that they were not seeking any attorney-client privileged or attorney work product materials.

During the meet and confer conference call, Plaintiffs' counsel expressed reluctance to file this motion to compel. However, they also stated that because the discovery motion cut-off was only a week away they would need to file this motion, even though Thelen indicated that it would need additional time to conduct its investigation. Thelen never refused to search for, or produce, any original McKesson records that might by responsive to Plaintiffs' subpoenas. Rather, Plaintiffs admitted they had run out of time due to the motion deadline, and therefore, they had no choice but to file the instant motion before Thelen could complete its search. *See* Declaration of Jeffery L. Caufield in Support of Plaintiffs Motion to Compel, at Exhibit 5.

### C. Thelen Thereafter Confirmed That It No Longer Possessed Any Original McKesson Records

Following the meet and confer efforts, Thelen continued its efforts to determine whether it had any original McKesson records in its possession. As a result of those efforts, Thelen confirmed that in connection with Thelen's representation of Univar and McKesson in various personal injury matters, and in or about April 2003, Thelen received various boxes of original McKesson records from Univar. After Thelen completed its review of the boxes, all of the boxes were placed in storage at Thelen's offices at 101 Second Street, San Francisco, California. The McKesson records received in 2003 remained in Thelen's possession continuously until January 2006, when Thelen received a request to forward all of the documents from Univar's outside counsel, Leslie Schenck of the law firm Garvey Schubert Barer, located in Seattle, Washington, and thereafter, Thelen forwarded all of the original McKesson records stored at Thelen's offices. All of the original McKesson records were shipped to Ms. Schenck in January 2006. Thelen has no original McKesson records responsive to Plaintiffs' subpoenas in its possession at any of its offices. *See* Kuenster Decl. ¶8. Thus, Thelen has directly addressed the issue of whether it possesses any original McKesson records: Thelen does not. All of those records were forwarded to Univar's counsel in January 2006. Therefore, Plaintiffs' motion to compel is effectively moot and should be denied by this Court.

### D. Thelen Has No Knowledge of McKesson Documents Allegedly Missing or Lost

Plaintiffs' motion to compel alleges there are missing McKesson records that may be relevant to this case. However, Thelen cannot comment on Plaintiffs' claim that over 3,600 boxes are unaccounted for by McKesson and Univar. *See* Declaration of Jeffery L. Caufield in Support of Plaintiffs Motion to Compel ¶¶7-10. Presumably, these are matters that Plaintiffs should or have pursued with McKesson and Univar. However, Thelen's involvement is limited to the McKesson records that Thelen received in 2003, and that were all forwarded to Univar's counsel in January 2006. *See generally* Kuenster Decl.

### III. CONCLUSION

Through the meet and confer process, Plaintiffs confirmed that they were not interested in

1  privileged or work product materials, and that the focus of their document subpoenas was to
2  determine whether Thelen possessed any original McKesson records, and if not, confirmation of
3  that fact. Thelen has provided that confirmation to Plaintiffs through a declaration: Thelen had
4  certain McKesson records from April 2003 to January 2006, but all of those records were
5  forwarded to Univar's counsel in January 2006, and Thelen has no other original McKesson
6  records in its possession today. Accordingly, Plaintiffs' motion to compel is effectively moot and
7  should be denied.

8  Dated: August 7, 2007            THELEN REID BROWN RAYSMAN & STEINER LLP

10                                  By: /s/ Ross M. Petty, by "NCB"
11                                  Ross M. Petty
                                    Attorneys for Non-Party
12                                  THELEN REID BROWN RAYSMAN & STEINER LLP