# EXHIBIT A

AO 88    Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

ANGELES CHEMICAL COMPANY, INC., a California corporation

v.

MCKESSON CORPORATION, a California Corporation, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 01-10532 TJH (Ex)
Central District of California

TO:    Custodian of Records
       THELEN REID BROWN RAYSMAN & STEINER, LLP
       101 Second Street, Suite 1800
       San Francisco, CA 94105

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT "A" ATTACHED HERETO AND INCORPORATED HEREIN BY REFERENCE.

| PLACE | DATE AND TIME |
|---|---|
| 101 Second Street, Suite 1800 San Francisco, CA 94105 | June 11, 2007; 9:30a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | May 14, 2007 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Jeffery L. Canfield, CAUFIELD & JAMES, 2851 Camino Del Rio South, Suite 250, San Diego, CA 92108; (619) 325-0441
Attorneys for Plaintiffs, Greve Financial Services, Inc., Angeles Chemical Company, Inc., and John Locke

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

© American LegalNet, Inc.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

American LegalNet, Inc.
www.FormsWorkflow.com

## ATTACHMENT "A"

### _Angeles Chemical Company, Inc. v. et al. v. McKesson Corporation, et al._
### U.S.D.C. Case No. 01-10532 TJH (Ex)

### DEFINITIONS

As used herein, the following definitions apply to this subpoena:

1.  "YOU" or "YOUR" means THELEN REID BROWN RAYSMAN & STEINER, and/or formerly Thelen Reid & Priest LLP, as well as anyone acting on YOUR behalf, including but not limited to employees, agents and attorneys.

2.  "PERSON" refers to any individual, corporation, partnership, firm, association, government agency or other organization recognizable at law, and its agents and employees.

3.  "MCKESSON CHEMICAL" means to the former McKesson Chemical Corporation.

4.  "MCKESSON SITE" means McKesson Chemical's Santa Fe Springs, CA facility, located at 9005 Sorensen Ave, Santa Fe Springs, CA.

5.  The term "REFER OR RELATE TO" shall have their commonly used meaning, mentioning, referring to, relating to, reflection, consisting of, concerning, discussing, analyzing, summarizing, supporting, evidencing or describing, pertaining to, dealing with, or showing.

6.  "DOCUMENT" refers to and means "all writings and recordings" as defined in Rule 1001 of the Federal Rules of Evidence and Rule 34 of the Federal Rules of Civil Procedure, and includes, but is not limited to, all original writings, drafts of writings and documents, and tape recordings of any nature whatsoever, as well as all non-identical copies in your possession, custody, or control, whether handwritten, typewritten or otherwise prepared. In particular, the term document includes, but is not limited to "letters, faxes, telegrams, memoranda, notes, reports, agreements, contracts, statements, advertisements, brochures, manuals, bulletins, circulars, pamphlets, studies, magazine and newspaper articles and reports, invoices, bills, statements, receipts, checks, check stubs, check registers, ledgers, accounting records, journals, minutes, notes, worksheets, vouchers,

diagrams, illustrations, photographs, videotape, audiotapes, statements, legal pleadings, deposition transcripts, court orders, affidavits, declarations, motions, memoranda of points and authorities, discovery requests and responses, legal briefs, consent decrees, administrative orders, promissory notes, security agreements, deeds of trust, trustee's deeds, real estate disclosure statements, real estate transfer documents, notices of default, environmental reports and studies, articles of incorporation, bylaws, partnership agreements, preliminary title reports, abstracts of title, insurance policies, notebooks, desk calendars, appointment books, computer files (whether on hard disk, floppy diskette, or any removable-media drive), e-mail or voice mail printouts, and all other papers, books, writings, computer files, and documents upon which any communication, idea, thought or information of any kind within the categories enumerated below has been reproduced or recorded.

7.     "CORRESPONDENCE" means and includes any transmission or exchange of information between two more persons, including without limitation, any discussion or information carried on or transmitted by means of letter, note, memorandum, interoffice correspondence, telegraph, telex, telecopies, cable, electronic mail, or some other electronic medium.

a.     The word "and" includes "or" and visa versa.

b.     The word "all" shall mean any and all.

b.     It is not intended that this request for documents require the disclosure of any document which you claim is protected against disclosure as "work product" or "privileged," although plaintiff reserves the right to move for disclosure.  For any document withheld on such grounds, please provide a written response with the following information:

(i) A description of the documents sufficiently particular to identify it and to enable you to identify, disclose or produce it in response to an order of the above-entitled court;

(ii.) The nature of the protection claimed;

2

(c) A list of all persons who participated in the preparation of the document;

(d) A list of all persons to whom the document was circulated, or its contents communicated.

8.    "HAZARDOUS SUBSTANCE" shall have the same definition as that contained in Section 101 (14) of CERLCA, 42 U.S.C. Section 9601(13), and includes any mixture of such hazardous substances with any other substances, including petroleum products.

9.    "HAZARDOUS WASTE" and "SOLID WASTE" shall have the same definitions as those contained in Sections 1004(5) and 1004(27) of RCRA, 42 U.S.C. Section 6903(5) and 6903(27) respectively.

10.    "CHLORINATED SOLVENTS" refers to, but not simply limited to: 1,1 Dichloroethane (1,1-DCA); 1,1 Dichloroethene (1,1-DCE); Methylene Chloride; Tetrachloroethylene (AKA Perchloroethylene [PERC]); 1,1,1-Trichloroethane (1,1,1TCA); Trichloroethylene (TCE); Carbon Tetrachloride; Methyl Chloroform; Chloroform; Ethylene Dichloride; Propylene Dichloride.

11.    "CONTRACTS" mean and include any agreement, written or oral, between YOU and MCKESSON CHEMICAL or MCKESSON SITE promising to act or not act in exchange for any other promise and shall include all agreements whether or not enforceable by law.

## INSTRUCTIONS

1.    This subpoena relates to all DOCUMENTS under YOUR custody, possession or control, including but not limited to, DOCUMENTS in the possession of YOUR employees, agents, attorneys, or other representatives.

EXHIBIT "A"
Page 4 of 5

2.      YOU are required to produce the original of each DOCUMENT described below, or, if the original is not in YOUR custody, then a copy of the same, an din any event all non-identical copies that differ from the original or from the other copies produced for any reason, including but not limited to, the existence of notes or marginalia on such copies.

3.      All DOCUMENTS shall be produced in the order they are kept in the usual course of business, and shall be produced in their original files folders, binders, covers, or containers, or facsimiles of the same, pursuant to Federal Rule of Civil Procedure 45(a)(1)(c), (d)(1).  Copy and delivery of requested documents shall be at the expense of this Noticing party.

4.      If the production of any DOCUMENT is withheld on the ground of privilege, please identify the nature of the DOCUMENT, the titles, author, and date of the DOCUMENT, the addressee of the DOCUMENT, if any, other persons designated as receiving copies, and please state the specific basis for YOUR claim of privilege.

## DOCUMENTS TO BE PRODUCED

A) All DOCUMENTS that REFER OR RELATE to MCKESSON CHEMICAL.

B) ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of any HAZARDOUS SUBSTANCE.

C) ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of any HAZARDOUS WASTE.

D) ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of any SOLID WASTE.

4

EXHIBIT "A"
Page 5 of 5

E) ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of any CHLORINATED SOLVENTS.

F) ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON SITE of any HAZARDOUS SUBSTANCE.

G) ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON SITE of any HAZARDOUS WASTE.

H) ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON SITE of any SOLID WASTE.

I) ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON SITE of any CHLORINATED SOLVENTS.

J) ALL DOCUMENTS that REFER OR RELATE to the storage, retention, destruction, or transfer of DOCUMENTS of MCKESSON CHEMICAL between 1986 and 2005.

K) All DOCUMENTS that REFER OR RELATE to any discussion, conversation, or CORRESPONDENCE with any PERSON regarding the MCKESSON SITE or the above-entitled action.

1   Jeffery L. Caufield, Esq. (SBN 166524)
    *jeff@caufieldjames.com*
2   Kenneth E. James, Esq. (SBN 173775)
    *ken@caufieldjames.com*
3   David R. Griffin, Esq. (SBN 076619)
    *dave@caufieldjames.com*
4   CAUFIELD & JAMES, LLP
    2851 Camino Del Rio South, Suite 250
5   San Diego, California 92108
    (619) 325-0441 Telephone
6   (619) 325-0231 Facsimile

7   Attorneys for Plaintiffs, Greve Financial Services,
    Inc., Angeles Chemical Company, Inc., and John
8   Locke

9

10             **UNITED STATES DISTRICT COURT**

11            **NORTHERN DISTRICT OF CALIFORNIA**

12

| 13 | ANGELES CHEMICAL COMPANY, INC., a<br>California corporation, etc., et al., | Case No: 01-10532 TJH (Ex)<br>Central District of California |
|----|----|----|
| 14 | | |
| 15 | Plaintiffs, | **NOTICE OF SUBPOENA<br>REQUESTING PRODUCTION OF** |
| 16 | v. | **DOCUMENTS PURSUANT TO FRCP<br>45 OF THELEN REID BROWN** |
| 17 | MCKESSON CORPORATION, a California<br>corporation, etc., et al, | **RAYSMAN & STEINER, LLP** |
| 18 | Defendants. | **Place:** 101 Second Street, Suite 1800<br>San Francisco, CA 94105 |
| 19 | | **Date:** June 11, 2007 |
| 20 | AND RELATED CROSS-ACTION | **Time:** 9:30 a.m. |

21   TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

22       **NOTICE IS HEREBY GIVEN** that on May 14, 2007, Plaintiff and Counter-defendant

23   Angeles Chemical Company, Inc. will serve the Custodian of Records for THELEN REID

24   BROWN RAYSMAN & STEINER, LLP, (formerly Thelen Reid & Priest, LLP), a non-party,

25   with a subpoena for the production of documents pursuant to Federal Rule of Civil Procedure 45

26   as set forth in the attached Subpoena. Said documents will be made available to copy on June 11,

27   2007, at 9:30 a.m. at the offices of THELEN REID BROWN RAYSMAN & STEINER, LLP, or

28   at the offices of Paulson Reporting & Litigation Services, 44 Montgomery, Suite 1100, San

1

1   Francisco, CA 94104, pursuant to the attached subpoena and attachments thereto. Such copy

2   expense shall be the obligation of this noticing party.

3       **PLEASE TAKE FURTHER NOTICE** that pursuant to the Subpoena served

4   concomitantly with this notice, the noticed party is obligated to produce documents at the time or

5   sooner of the inspection date, pursuant to FRCP 45 and all subchapters. The noticed party may,

6   upon its own volition, produce the requested documents earlier, and deliver said documents to the

7   offices of Caufield & James LLP, located at 2851 Camino Del Rio South, Suite 250, San Diego,

8   CA 92108.

9

10  DATED: May 14, 2007                          Caufield & James, LLP

11                                               By: _____

12                                               Jeffery L. Caufield, Esq.
                                                 Attorneys for Plaintiffs, Greve Financial
13                                               Services, Inc., Angeles Chemical
                                                 Company, Inc., and John Locke

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    2

    NOTICE OF SUBPOENA TO THELEN REID BROWN RAYSMAN & STEINER, LLP

AO 88     Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

ANGELES CHEMICAL COMPANY, INC., a California corporation

v.

MCKESSON CORPORATION, a California corporation, etc., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number: 01 10532 TJH (Ex)
Central District of California

TO:  Custodian of Records
     Thelen Reid Brown Raysman Steiner LLP
     225 West Santa Clara Street, Suite 1200
     San Jose, CA 95113

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to
    testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
    in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at
    the place, date, and time specified below (list documents or objects):
    SEE ATTACHMENT "A" ATTACHED HERETO AND INCORPORATED HEREIN BY REFERENCE.

| PLACE<br>225 West Santa Clara Street, Suite 1200<br>San Jose, CA 95113 | DATE AND TIME<br>June 11, 2007; 9:30a.m. |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or
managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on
which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE<br>05/15/2007 |
|---|---|

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Jeffery L. Canfield, CAUFIELD & JAMES, 2851 Camino Del Rio South, Suite 250, San Diego, CA  92108; (619) 325-0441
Attorneys for Plaintiffs, Greve Financial Services, Inc., Angeles Chemical Company, Inc., and John Locke

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

© American LegalNet, Inc.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME)                          MANNER OF SERVICE

SERVED BY (PRINT NAME)                          TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                    DATE                            SIGNATURE OF SERVER

                                              _____
                                                 ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

American LegalNet, Inc.
www.FormsWorkflow.com

## ATTACHMENT "A"

### _Angeles Chemical Company, Inc. v. et al. v. McKesson Corporation, et al._
### U.S.D.C. Case No. 01-10532 TJH (Ex)

### DEFINITIONS

As used herein, the following definitions apply to this subpoena:

1.    "YOU" or "YOUR" means THELEN REID BROWN RAYSMAN & STEINER, and/or formerly Thelen Reid & Priest LLP, as well as anyone acting on YOUR behalf, including but not limited to employees, agents and attorneys.

2.    "PERSON" refers to any individual, corporation, partnership, firm, association, government agency or other organization recognizable at law, and its agents and employees.

3.    "MCKESSON CHEMICAL" means to the former McKesson Chemical Corporation.

4.    "MCKESSON SITE" means McKesson Chemical's Santa Fe Springs, CA facility, located at 9005 Sorensen Ave, Santa Fe Springs, CA.

5.    The term "REFER OR RELATE TO" shall have their commonly used meaning, mentioning, referring to, relating to, reflection, consisting of, concerning, discussing, analyzing, summarizing, supporting, evidencing or describing, pertaining to, dealing with, or showing.

6.    "DOCUMENT" refers to and means "all writings and recordings" as defined in Rule 1001 of the Federal Rules of Evidence and Rule 34 of the Federal Rules of Civil Procedure, and includes, but is not limited to, all original writings, drafts of writings and documents, and tape recordings of any nature whatsoever, as well as all non-identical copies in your possession, custody, or control, whether

handwritten, typewritten or otherwise prepared.  In particular, the term document includes, but is not limited to "letters, faxes, telegrams, memoranda, notes, reports, agreements, contracts, statements, advertisements, brochures, manuals, bulletins, circulars, pamphlets, studies, magazine and newspaper articles and reports, invoices, bills, statements, receipts, checks, check stubs, check registers, ledgers, accounting records, journals, minutes, notes, worksheets, vouchers,

diagrams, illustrations, photographs, videotape, audiotapes, statements, legal pleadings, deposition transcripts, court orders, affidavits, declarations, motions, memoranda of points and authorities, discovery requests and responses, legal briefs, consent decrees, administrative orders, promissory notes, security agreements, deeds of trust, trustee's deeds, real estate disclosure statements, real estate transfer documents, notices of default, environmental reports and studies, articles of incorporation, bylaws, partnership agreements, preliminary title reports, abstracts of title, insurance policies, notebooks, desk calendars, appointment books, computer files (whether on hard disk, floppy diskette, or any removable-media drive), e-mail or voice mail printouts, and all other papers, books, writings, computer files, and documents upon which any communication, idea, thought or information of any kind within the categories enumerated below has been reproduced or recorded.

7.     "CORRESPONDENCE" means and includes any transmission or exchange of information between two more persons, including without limitation, any discussion or information carried on or transmitted by means of letter, note, memorandum, interoffice correspondence, telegraph, telex, telecopies, cable, electronic mail, or some other electronic medium.

a.     The word "and" includes "or" and visa versa.

b.     The word "all" shall mean any and all.

b.     It is not intended that this request for documents require the disclosure of any document which you claim is protected against disclosure as "work product" or "privileged," although plaintiff reserves the right to move for disclosure.  For any document withheld on such grounds, please provide a written response with the following information:

        (i) A description of the documents sufficiently particular to identify it and to enable you to identify, disclose or produce it in response to an order of the above-entitled court;

        (ii.) The nature of the protection claimed;

        (c) A list of all persons who participated in the preparation of the document;

2

EXHIBIT "A"
Page 3 of 5

     (d) A list of all persons to whom the document was circulated, or its contents communicated.

8.    "HAZARDOUS SUBSTANCE" shall have the same definition as that contained in Section 101 (14) of CERLCA, 42 U.S.C. Section 9601(13), and includes any mixture of such hazardous substances with any other substances, including petroleum products.

9.    "HAZARDOUS WASTE" and "SOLID WASTE" shall have the same definitions as those contained in Sections 1004(5) and 1004(27) of RCRA, 42 U.S.C. Section 6903(5) and 6903(27) respectively.

10.    "CHLORINATED SOLVENTS" refers to, but not simply limited to: 1,1 Dichloroethane (1,1-DCA); 1,1 Dichloroethene (1,1-DCE); Methylene Chloride; Tetrachloroethylene (AKA Perchloroethylene [PERC]); 1,1,1-Trichloroethane (1,1,1TCA); Trichloroethylene (TCE); Carbon Tetrachloride; Methyl Chloroform; Chloroform; Ethylene Dichloride; Propylene Dichloride.

11.    "UNIVAR" refers to Van Waters & Rogers, Inc. and/or Univar USA, Inc or Univar North America Corporation and/or DSW, Inc. Royal Packoed, NV. and/or Garvey Schubert Barer and/or their employees, agents and attorneys.

## INSTRUCTIONS

1.    This subpoena relates to all DOCUMENTS under YOUR custody, possession or control, including but not limited to, DOCUMENTS in the possession of YOUR employees, agents, attorneys, or other representatives.

2.    YOU are required to produce the original of each DOCUMENT described below, or, if the original is not in YOUR custody, then a copy of the same, an din any event all non-

3

EXHIBIT "A"
Page 4 of 5

identical copies that differ from the original or from the other copies produced for any reason, including but not limited to, the existence of notes or marginalia on such copies.

    3.    All DOCUMENTS shall be produced in the order they are kept in the usual course of business, and shall be produced in their original files folders, binders, covers, or containers, or facsimiles of the same, pursuant to <u>Federal Rule of Civil Procedure</u> 45(a)(1)(c), (d)(1). Copy and delivery of requested documents shall be at the expense of this Noticing party.

    4.    If the production of any DOCUMENT is withheld on the ground of privilege, please identify the nature of the DOCUMENT, the titles, author, and date of the DOCUMENT, the addressee of the DOCUMENT, if any, other persons designated as receiving copies, and please state the specific basis for YOUR claim of privilege.

## DOCUMENTS TO BE PRODUCED

A) All DOCUMENTS that REFER OR RELATE to MCKESSON CHEMICAL.

B) ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of any HAZARDOUS SUBSTANCE.

C) ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of any HAZARDOUS WASTE.

D) ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of any SOLID WASTE.

E) ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of any CHLORINATED SOLVENTS.

F) ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON SITE of any HAZARDOUS SUBSTANCE.

4

EXHIBIT "A"
Page 5 of 5

G)   ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON SITE of any HAZARDOUS WASTE.

H)  ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON SITE of any SOLID WASTE.

I)   ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON SITE of any CHLORINATED SOLVENTS.

J)   ALL DOCUMENTS that REFER OR RELATE to the storage, retention, destruction, or transfer of DOCUMENTS of MCKESSON CHEMICAL between 1986 and 2005.

K)  All DOCUMENTS that REFER OR RELATE to any discussion, conversation, or CORRESPONDENCE with any PERSON regarding the MCKESSON SITE or the above-entitled action.

L)   All DOCUMENTS that REFER OR RELATE to any discussion, conversation, or CORRESPONDENCE with UNIVAR regarding the MCKESSON SITE or the above-entitled action.

M) All DOCUMENTS that REFER OR RELATE to any discussion, conversation, or CORRESPONDENCE with UNIVAR regarding the transmittal of ALL DOCUMENTS that relate to MCKESSON CHEMICAL.

N)  All DOCUMENTS that REFER OR RELATE to any discussion, conversation, or CORRESPONDENCE with UNIVAR regarding the transmittal of ALL DOCUMENTS relate to the MCKESSON SITE.

1   Jeffery L. Caufield, Esq. (SBN 166524)
    *jeff@caufieldjames.com*
2   Kenneth E. James, Esq. (SBN 173775)
    *ken@caufieldjames.com*
3   David R. Griffin, Esq. (SBN 076619)
    *dave@caufieldjames.com*
4   CAUFIELD & JAMES, LLP
    2851 Camino Del Rio South, Suite 250
5   San Diego, California 92108
    (619) 325-0441 Telephone
6   (619) 325-0231 Facsimile

7   Attorneys for Plaintiffs, Greve Financial Services,
    Inc., Angeles Chemical Company, Inc., and John
8   Locke

9

10                  UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12

13  ANGELES CHEMICAL COMPANY, INC., a      )   Case No: 01-10532 TJH (Ex)
    California corporation, etc., et al.,  )   Central District of California
14                                         )
              Plaintiffs,                  )   NOTICE OF SUBPOENA
15                                         )   REQUESTING PRODUCTION OF
    v.                                     )   DOCUMENTS PURSUANT TO FRCP
16                                         )   45 OF THELEN REID BROWN
    MCKESSON CORPORATION, a California     )   RAYSMAN & STEINER, LLP
17  corporation, etc., et al,              )
                                           )
18            Defendants.                  )   Place:  225 West Santa Clara Street
                                           )           Suite 1200
19  ─────────────────────────────────     )           San Jose, CA 95113
    AND RELATED CROSS-ACTION               )   Date:   June 11, 2007
20                                         )   Time:   9:30 a.m.

21  TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

22         NOTICE IS HEREBY GIVEN that on May 15, 2007, Plaintiff and Counter-defendant

23  Angeles Chemical Company, Inc. will serve the Custodian of Records for THELEN REID

24  BROWN RAYSMAN & STEINER, LLP, (formerly Thelen Reid & Priest, LLP), a non-party,

25  with a subpoena for the production of documents pursuant to Federal Rule of Civil Procedure 45

26  as set forth in the attached Subpoena.  Said documents will be made available to copy on June 11,

27  2007, at 9:30 a.m. at the offices of THELEN REID BROWN RAYSMAN & STEINER, LLP, or

28  at the offices of Paulson Reporting & Litigation Services, 44 Montgomery, Suite 1100, San

                                          1
    ─────────────────────────────────────────────────────────────────
       NOTICE OF SUBPOENA TO THELEN REID BROWN RAYSMAN & STEINER, LLP

1  Francisco, CA 94104, pursuant to the attached subpoena and attachments thereto.  Such copy

2  expense shall be the obligation of this noticing party.

3      **PLEASE TAKE FURTHER NOTICE** that pursuant to the Subpoena served

4  concomitantly with this notice, the noticed party is obligated to produce documents at the time or

5  sooner of the inspection date, pursuant to FRCP 45 and all subchapters.  The noticed party may,

6  upon its own volition, produce the requested documents earlier, and deliver said documents to the

7  offices of Caufield & James LLP, located at 2851 Camino Del Rio South, Suite 250, San Diego,

8  CA 92108.

9

10  DATED:  May 15, 2007                      Caufield & James, LLP

11                                            By: _____

12                                            Jeffery L. Caufield, Esq.
                                              Attorneys for Plaintiffs, Greve Financial
13                                            Services, Inc., Angeles Chemical
                                              Company, Inc., and John Locke

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    2
NOTICE OF SUBPOENA TO THELEN REID BROWN RAYSMAN & STEINER, LLP

| **UNITED STATES DISTRICT COURT** **CENTRAL DISTRICT OF CALIFORNIA** | | *FOR COURT USE ONLY* |
|---|---|---|
| *Angeles Chemical, et al. v. McKesson Corporation, et al.* | | |
| Jeffery L. Caufield (SBN 166524) Kenneth E. James (SBN 173775) CAUFIELD & JAMES, LLP 2851 Camino Del Rio South, Suite 250 San Diego, CA 92108 | Tel: (619) 325-0441 Fax: (619) 325-0231 | |
| Attorney(s) for: Plaintiffs, Greve Financial Services, Inc., Angeles Chemical Company, Inc., and John Locke | Date: Time: Dept.: | Case Number: 01-10532 TJH (Ex) |

## PROOF OF SERVICE

I, the undersigned, declare: I am employed in the County of San Diego, State of California. I am over the age of 18 years and not a party to this action. My business address is 2851 Camino Del Rio South, Suite 250, San Diego, California 92108. I served a copy of the following document(s):

## NOTICE OF SUBPOENA, SUBPOENA, ATTACHMENT "A," REQUESTING DOCUMENTS FROM CUSTODIAN OF RECORDS OF THELEN, REID BROWN RAYSMAN & STEINER, LLP

☐ (BY MAIL) I caused each such envelope to be sealed and placed for collection and mailing from my business address. I am readily familiar with Caufield & James' practice for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business mail is deposited with the postage thereon fully prepaid in the United States Postal Service the same day as it is placed for collection. I am aware that upon motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ (BY PERSONAL SERVICE) I caused each such envelope to be sealed and given to a courier for delivery on the same date. A proof of service signed by the authorized courier will be filed forthwith.

☐ (BY OVERNIGHT MAIL) I am readily familiar with the practice of Caufield & James for the collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained for overnight delivery.

☐ (BY FACSIMILE) This document was transmitted by facsimile transmission from (619) 325-0231 and the transmission was reported as complete and without error. I then caused the transmitting facsimile machine to properly issue a transmission report confirming the transmission.

☒ (BY ELECTRONIC TRANSMISSION) This document was transmitted by electronic transmission from amv@caufieldjames.com and the transmission was reported as complete and without error. I then caused the transmitting e-mail account to properly issue a report confirming the electronic transmission.

### SEE ATTACHED SERVICE LIST

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on May 15, 2007 at San Diego, California.

Amy C. Dolkas

*Angeles Chemical, et al. v. McKesson Corporation, et al.*
01-10532 TJH (Ex)

## SERVICE LIST

*Counsel for Univar*

Leslie R. Schenck, Esq.                              lschenck@gsblaw.com
GARVEY SCHUBERT BARER
Eighteenth Floor
1191 Second Avenue
Seattle, Washington 98101-2939
TEL 206 464 3939 X 1486  FAX 206 464 0125

*Counsel for McKesson Corporation, Harvey Sorkin,*
*Seymour Moslin and the Estate of Paul Maslin:*
                                                      jedgcomb@edgcomb-law.com
                                                      mwilke@edgcomb-law.com
John D. Edgcomb, Esq.                                 clcboeuf@edgcomb-law.com
Mary E. Wilke, Esq.                                   nuribe@edgcomb-law.com
115 Sansome Street, Suite 805
San Francisco, CA 94104
Tel: (415) 399-1555; Fax: (415) 399-1885             nancy.wilms@bingham.com

Nancy M. Wilms, Esq.
Bingham McCutchen LLP
355 South Grand Avenue, Suite 4400
Los Angeles, CA 90071-3106
Tel: 213-680-6400; Fax: 213-680-6499

*Counsel for Donna and Robert Berg, Pearl Rosenthal*
*and the Estate of Arnold Rosenthal:*
                                                      dlyon@crolaw.com
Devon M. Lyon, Esq.                                   tcronin@crolaw.com
Law Offices of Timothy Cronin
202 Fashion Lane, Suite 208
Tustin, CA  92780
Tel:  (714) 505-9365; Fax: (714) 505-3792

AO 88    Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

ANGELES CHEMICAL COMPANY, INC., a California corporation

V.

MCKESSON CORPORATION, a California corporation, etc., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  01 10532 TJH (Ex)
Central District of California

TO:   Custodian of Records
      Thelen Reid Brown Raysman Steiner LLP
      2225 E. Bayshore Road, Suite 210
      Palo Alto, CA 94303

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to
    testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
    in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at
    the place, date, and time specified below (list documents or objects):
    SEE ATTACHMENT "A" ATTACHED HERETO AND INCORPORATED HEREIN BY REFERENCE.

| PLACE<br>2225 E. Bayshore Road, Suite 210<br>Palo Alto, CA 94303 | DATE AND TIME<br>June 11, 2007; 9:30a.m. |
|---|---|

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE<br>05/15/2007 |
|---|---|

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Jeffery L. Caufield, CAUFIELD & JAMES, 2851 Camino Del Rio South, Suite 250, San Diego, CA  92108; (619) 325-0441
Attorneys for Plaintiffs, Greve Financial Services, Inc., Angeles Chemical Company, Inc., and John Locke

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

| DATE | SIGNATURE OF SERVER |
|---|---|

| | ADDRESS OF SERVER |
|---|---|

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(D) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

American LegalNet, Inc.
www.FormsWorkflow.com

## ATTACHMENT "A"

### *Angeles Chemical Company, Inc. v. et al. v. McKesson Corporation, et al.*
### U.S.D.C. Case No. 01-10532 TJH (Ex)

### DEFINITIONS

As used herein, the following definitions apply to this subpoena:

1. "YOU" or "YOUR" means THELEN REID BROWN RAYSMAN & STEINER, and/or formerly Thelen Reid & Priest LLP, as well as anyone acting on YOUR behalf, including but not limited to employees, agents and attorneys.

2. "PERSON" refers to any individual, corporation, partnership, firm, association, government agency or other organization recognizable at law, and its agents and employees.

3. "MCKESSON CHEMICAL" means to the former McKesson Chemical Corporation.

4. "MCKESSON SITE" means McKesson Chemical's Santa Fe Springs, CA facility, located at 9005 Sorensen Ave, Santa Fe Springs, CA.

5. The term "REFER OR RELATE TO" shall have their commonly used meaning, mentioning, referring to, relating to, reflection, consisting of, concerning, discussing, analyzing, summarizing, supporting, evidencing or describing, pertaining to, dealing with, or showing.

6. "DOCUMENT" refers to and means "all writings and recordings" as defined in Rule 1001 of the Federal Rules of Evidence and Rule 34 of the Federal Rules of Civil Procedure, and includes, but is not limited to, all original writings, drafts of writings and documents, and tape recordings of any nature whatsoever, as well as all non-identical copies in your possession, custody, or control, whether handwritten, typewritten or otherwise prepared. In particular, the term document includes, but is not limited to "letters, faxes, telegrams, memoranda, notes, reports, agreements, contracts, statements, advertisements, brochures, manuals, bulletins, circulars, pamphlets, studies, magazine and newspaper articles and reports, invoices, bills, statements, receipts, checks, check stubs, check registers, ledgers, accounting records, journals, minutes, notes, worksheets, vouchers,

EXHIBIT "A"
Page 2 of 5

diagrams, illustrations, photographs, videotape, audiotapes, statements, legal pleadings, deposition transcripts, court orders, affidavits, declarations, motions, memoranda of points and authorities, discovery requests and responses, legal briefs, consent decrees, administrative orders, promissory notes, security agreements, deeds of trust, trustee's deeds, real estate disclosure statements, real estate transfer documents, notices of default, environmental reports and studies, articles of incorporation, bylaws, partnership agreements, preliminary title reports, abstracts of title, insurance policies, notebooks, desk calendars, appointment books, computer files (whether on hard disk, floppy diskette, or any removable-media drive), e-mail or voice mail printouts, and all other papers, books, writings, computer files, and documents upon which any communication, idea, thought or information of any kind within the categories enumerated below has been reproduced or recorded.

7.    "CORRESPONDENCE" means and includes any transmission or exchange of information between two more persons, including without limitation, any discussion or information carried on or transmitted by means of letter, note, memorandum, interoffice correspondence, telegraph, telex, telecopies, cable, electronic mail, or some other electronic medium.

a.    The word "and" includes "or" and visa versa.

b.    The word "all" shall mean any and all.

b.    It is not intended that this request for documents require the disclosure of any document which you claim is protected against disclosure as "work product" or "privileged," although plaintiff reserves the right to move for disclosure. For any document withheld on such grounds, please provide a written response with the following information:

(i) A description of the documents sufficiently particular to identify it and to enable you to identify, disclose or produce it in response to an order of the above-entitled court;

(ii.) The nature of the protection claimed;

(c) A list of all persons who participated in the preparation of the document;

2

EXHIBIT "A"
Page 3 of 5

(d) A list of all persons to whom the document was circulated, or its contents communicated.

8.    "HAZARDOUS SUBSTANCE" shall have the same definition as that contained in Section 101 (14) of CERLCA, 42 U.S.C. Section 9601(13), and includes any mixture of such hazardous substances with any other substances, including petroleum products.

9.    "HAZARDOUS WASTE" and "SOLID WASTE" shall have the same definitions as those contained in Sections 1004(5) and 1004(27) of RCRA, 42 U.S.C. Section 6903(5) and 6903(27) respectively.

10.    "CHLORINATED SOLVENTS" refers to, but not simply limited to: 1,1 Dichloroethane (1,1-DCA); 1,1 Dichloroethene (1,1-DCE); Methylene Chloride; Tetrachloroethylene (AKA Perchloroethylene [PERC]); 1,1,1-Trichloroethane (1,1,1TCA); Trichloroethylene (TCE); Carbon Tetrachloride;  Methyl Chloroform; Chloroform;  Ethylene Dichloride;  Propylene Dichloride.

11.    "UNIVAR" refers to Van Waters & Rogers, Inc. and/or Univar USA, Inc or Univar North America Corporation and/or DSW, Inc. Royal Packoed, NV. and/or Garvey Schubert Barer and/or their employees, agents and attorneys.

## INSTRUCTIONS

1.    This subpoena relates to all DOCUMENTS under YOUR custody, possession or control, including but not limited to, DOCUMENTS in the possession of YOUR employees, agents, attorneys, or other representatives.

2.    YOU are required to produce the original of each DOCUMENT described below, or, if the original is not in YOUR custody, then a copy of the same, an din any event all non-

3

EXHIBIT "A"
Page 4 of 5

identical copies that differ from the original or from the other copies produced for any reason, including but not limited to, the existence of notes or marginalia on such copies.

3.    All DOCUMENTS shall be produced in the order they are kept in the usual course of business, and shall be produced in their original files folders, binders, covers, or containers, or facsimiles of the same, pursuant to Federal Rule of Civil Procedure 45(a)(1)(c), (d)(1). Copy and delivery of requested documents shall be at the expense of this Noticing party.

4.    If the production of any DOCUMENT is withheld on the ground of privilege, please identify the nature of the DOCUMENT, the titles, author, and date of the DOCUMENT, the addressee of the DOCUMENT, if any, other persons designated as receiving copies, and please state the specific basis for YOUR claim of privilege.

## DOCUMENTS TO BE PRODUCED

A) All DOCUMENTS that REFER OR RELATE to MCKESSON CHEMICAL.

B) ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of any HAZARDOUS SUBSTANCE.

C) ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of any HAZARDOUS WASTE.

D) ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of any SOLID WASTE.

E) ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of any CHLORINATED SOLVENTS.

F) ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON SITE of any HAZARDOUS SUBSTANCE.

4

EXHIBIT "A"
Page 5 of 5

G)   ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON
SITE of any HAZARDOUS WASTE.

H)  ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON
SITE of any SOLID WASTE.

I)   ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON
SITE of any CHLORINATED SOLVENTS.

J)   ALL DOCUMENTS that REFER OR RELATE to the storage, retention, destruction,
or transfer of DOCUMENTS of MCKESSON CHEMICAL between 1986 and 2005.

K)  All DOCUMENTS that REFER OR RELATE to any discussion, conversation, or
CORRESPONDENCE with any PERSON regarding the MCKESSON SITE or the
above-entitled action.

L)  All DOCUMENTS that REFER OR RELATE to any discussion, conversation, or
CORRESPONDENCE with UNIVAR regarding the MCKESSON SITE or the
above-entitled action.

M)  All DOCUMENTS that REFER OR RELATE to any discussion, conversation, or
CORRESPONDENCE with UNIVAR regarding the transmittal of ALL
DOCUMENTS that relate to MCKESSON CHEMICAL.

N)  All DOCUMENTS that REFER OR RELATE to any discussion, conversation, or
CORRESPONDENCE with UNIVAR regarding the transmittal of ALL
DOCUMENTS relate to the MCKESSON SITE.

1   Jeffery L. Caufield, Esq. (SBN 166524)
    *jeff@caufieldjames.com*
2   Kenneth E. James, Esq. (SBN 173775)
    *ken@caufieldjames.com*
3   David R. Griffin, Esq. (SBN 076619)
    *dave@caufieldjames.com*
4   CAUFIELD & JAMES, LLP
    2851 Camino Del Rio South, Suite 250
5   San Diego, California 92108
    (619) 325-0441 Telephone
6   (619) 325-0231 Facsimile

7   Attorneys for Plaintiffs, Greve Financial Services,
    Inc., Angeles Chemical Company, Inc., and John
8   Locke

9

10                 UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12

13  ANGELES CHEMICAL COMPANY, INC., a  )   Case No: 01-10532 TJH (Ex)
    California corporation, etc., et al.,      )   Central District of California
14                                             )
                 Plaintiffs,                   )   NOTICE OF SUBPOENA
15                                             )   REQUESTING PRODUCTION OF
    v.                                         )   DOCUMENTS PURSUANT TO FRCP
16                                             )   45 OF THELEN REID BROWN
    MCKESSON CORPORATION, a California         )   RAYSMAN & STEINER, LLP
17  corporation, etc., et al,                  )
                                               )
18               Defendants.                   )   Place:  2225 E. Bayshore Road
                                               )           Suite 210
19  ─────────────────────────────────         )           Palo Alto, CA 94303
    AND RELATED CROSS-ACTION                   )   Date:   June 11, 2007
20  ─────────────────────────────────         )   Time:   9:30 a.m.

21  TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

22      **NOTICE IS HEREBY GIVEN** that on May 15, 2007, Plaintiff and Counter-defendant

23  Angeles Chemical Company, Inc. will serve the Custodian of Records for THELEN REID

24  BROWN RAYSMAN & STEINER, LLP, (formerly Thelen Reid & Priest, LLP), a non-party,

25  with a subpoena for the production of documents pursuant to Federal Rule of Civil Procedure 45

26  as set forth in the attached Subpoena. Said documents will be made available to copy on June 11,

27  2007, at 9:30 a.m. at the offices of THELEN REID BROWN RAYSMAN & STEINER, LLP, or

28  at the offices of Paulson Reporting & Litigation Services, 44 Montgomery, Suite 1100, San

                                      1

1   Francisco, CA 94104, pursuant to the attached subpoena and attachments thereto.  Such copy

2   expense shall be the obligation of this noticing party.

3        **PLEASE TAKE FURTHER NOTICE** that pursuant to the Subpoena served

4   concomitantly with this notice, the noticed party is obligated to produce documents at the time or

5   sooner of the inspection date, pursuant to FRCP 45 and all subchapters.  The noticed party may,

6   upon its own volition, produce the requested documents earlier, and deliver said documents to the

7   offices of Caufield & James LLP, located at 2851 Camino Del Rio South, Suite 250, San Diego,

8   CA 92108.

9

DATED: May 15, 2007                              Caufield & James, LLP

10

11                                              By:_____

12                                              Jeffery L. Caufield, Esq.
                                                Attorneys for Plaintiffs, Greve Financial
13                                              Services, Inc., Angeles Chemical
                                                Company, Inc., and John Locke

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | | *FOR COURT USE ONLY* |
|---|---|---|
| *Angeles Chemical, et al. v. McKesson Corporation, et al.* | | |
| Jeffery L. Caufield (SBN 166524)<br>Kenneth E. James (SBN 173775)<br>CAUFIELD & JAMES, LLP<br>2851 Camino Del Rio South, Suite 250<br>San Diego, CA 92108 | Tel: (619) 325-0441<br>Fax: (619) 325-0231 | |
| Attorney(s) for:  Plaintiffs, Greve Financial<br>Services, Inc., Angeles Chemical Company,<br>Inc., and John Locke | Date:<br>Time:<br>Dept.: | Case Number:<br>01-10532 TJH (Ex) |

## PROOF OF SERVICE

I, the undersigned, declare:  I am employed in the County of San Diego, State of California.  I am over the age of 18 years and not a party to this action.  My business address is 2851 Camino Del Rio South, Suite 250, San Diego, California 92108.  I served a copy of the following document(s):

## NOTICE OF SUBPOENA, SUBPOENA, ATTACHMENT "A," REQUESTING DOCUMENTS FROM CUSTODIAN OF RECORDS OF THELEN, REID BROWN RAYSMAN & STEINER, LLP

☐ (BY MAIL) I caused each such envelope to be sealed and placed for collection and mailing from my business address. I am readily familiar with Caufield & James' practice for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business mail is deposited with the postage thereon fully prepaid in the United States Postal Service the same day as it is placed for collection. I am aware that upon motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ (BY PERSONAL SERVICE) I caused each such envelope to be sealed and given to a courier for delivery on the same date. A proof of service signed by the authorized courier will be filed forthwith.

☐ (BY OVERNIGHT MAIL) I am readily familiar with the practice of Caufield & James for the collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained for overnight delivery.

☐ (BY FACSIMILE) This document was transmitted by facsimile transmission from (619) 325-0231 and the transmission was reported as complete and without error. I then caused the transmitting facsimile machine to properly issue a transmission report confirming the transmission.

☒ (BY ELECTRONIC TRANSMISSION) This document was transmitted by electronic transmission from amy@caufieldjames.com and the transmission was reported as complete and without error. I then caused the transmitting e-mail account to properly issue a report confirming the electronic transmission.

### SEE ATTACHED SERVICE LIST

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on May 15, 2007 at San Diego, California.

Amy C. Doikas

*Angeles Chemical, et al. v. McKesson Corporation, et al.*
01-10532 TJH (Ex)

## SERVICE LIST

*Counsel for Univar*

Leslic R. Schenck, Esq.                               lschenck@gsblaw.com
GARVEY SCHUBERT BARER
Eighteenth Floor
1191 Second Avenue
Seattle, Washington 98101-2939
TEL 206 464 3939 X 1486  FAX 206 464 0125


*Counsel for McKesson Corporation, Harvey Sorkin,*
*Seymour Moslin and the Estate of Paul Maslin:*
                                                      jedgcomb@edgcomb-law.com
John D. Edgcomb, Esq.                                 mwilke@edgcomb-law.com
Mary E. Wilke, Esq.                                   clebocuf@edgcomb-law.com
115 Sansome Street, Suite 805                         nuribe@edgcomb-law.com
San Francisco, CA  94104
Tel: (415) 399-1555; Fax: (415) 399-1885
                                                      nancy.wilms@bingham.com
Nancy M. Wilms, Esq.
Bingham McCutchen LLP
355 South Grand Avenue, Suite 4400
Los Angeles, CA 90071-3106
Tel: 213-680-6400; Fax: 213-680-6499


*Counsel for Donna and Robert Berg, Pearl Rosenthal*
*and the Estate of Arnold Rosenthal:*

Devon M. Lyon, Esq.                                   dlyon@crolaw.com
Law Offices of Timothy Cronin                         tcronin@crolaw.com
202 Fashion Lane, Suite 208
Tustin, CA  92780
Tel:  (714) 505-9365; Fax: (714) 505-3792


PROOF OF SERVICE

1  Jeffery L. Caufield, Esq. (SBN 166524)
   *jeff@caufieldjames.com*
2  Kenneth E. James, Esq. (SBN 173775)
   *ken@caufieldjames.com*
3  David R. Griffin, Esq. (SBN 076619)
   *dave@caufieldjames.com*
4  CAUFIELD & JAMES, LLP
   2851 Camino Del Rio South, Suite 250
5  San Diego, California 92108
   (619) 325-0441 Telephone
6  (619) 325-0231 Facsimile

7  Attorneys for Plaintiffs, Greve Financial Services,
   Inc., Angeles Chemical Company, Inc., and John
8  Locke

9

10                 UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12

13  ANGELES CHEMICAL COMPANY, INC., a  )   Case No: 01-10532 TJH (Ex)
    California corporation, etc., et al.,       )   Central District of California
14                                              )
                 Plaintiffs,                    )   AMENDED NOTICE OF SUBPOENA
15                                              )   REQUESTING PRODUCTION OF
       v.                                       )   DOCUMENTS PURSUANT TO FRCP
16                                              )   45 OF THELEN REID BROWN
    MCKESSON CORPORATION, a California         )   RAYSMAN & STEINER, LLP
17  corporation, etc., et al,                   )
                                                )
18               Defendants.                    )   Place:  101 Second Street, Suite 1800
                                                )           San Francisco, CA 94105
19  ─────────────────────────────────          )   Date:   June 15, 2007
    AND RELATED CROSS-ACTION                    )   Time:   9:30 a.m.
20                                              )

21  TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

22       NOTICE IS HEREBY GIVEN that on June 1, 2007, Plaintiff and Counter-defendant

23  Angeles Chemical Company, Inc. will serve the Custodian of Records for THELEN REID

24  BROWN RAYSMAN & STEINER, LLP, (formerly Thelen Reid & Priest, LLP), a non-party,

25  with a subpoena for the production of documents pursuant to Federal Rule of Civil Procedure 45

26  as set forth in the attached Subpoena.  Said documents will be made available to copy on June 15,

27  2007, at 9:30 a.m. at the offices of THELEN REID BROWN RAYSMAN & STEINER, LLP, or

28  at the offices of Paulson Reporting & Litigation Services, 44 Montgomery, Suite 1100, San

                                     1

1 | Francisco, CA 94104, pursuant to the attached subpoena and attachments thereto.  Such copy

2 | expense shall be the obligation of this noticing party.

3 |     **PLEASE TAKE FURTHER NOTICE** that pursuant to the Subpoena served

4 | concomitantly with this notice, the noticed party is obligated to produce documents at the time or

5 | sooner of the inspection date, pursuant to FRCP 45 and all subchapters.  The noticed party may,

6 | upon its own volition, produce the requested documents earlier, and deliver said documents to the

7 | offices of Caufield & James LLP, located at 2851 Camino Del Rio South, Suite 250, San Diego,

8 | CA 92108.

9 |

10 | DATED:  June 1, 2007               Very truly yours,

11 |

12 |                               Jeffery L. Caufield
                             For Caufield & James, LLP

2

AMENDED NOTICE OF SUBPOENA TO THELEN REID BROWN RAYSMAN & STEINER, LLP

Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

ANGELES CHEMICAL COMPANY, INC., a California corporation

v.

MCKESSON CORPORATION, a California Corporation, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 01-10532 TJH (Ex)
Central District of California

TO:   Custodian of Records
THELEN REID BROWN RAYSMAN & STEINER, LLP
101 Second Street, Suite 1800
San Francisco, CA 94105

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT "A" ATTACHED HERETO AND INCORPORATED HEREIN BY REFERENCE.

| PLACE | DATE AND TIME |
|---|---|
| 101 Second Street, Suite 1800 | June 15, 2007; 9:30a.m. |
| San Francisco, CA 94105 | |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | June 1, 2007 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER

Jeffery L. Caufield, CAUFIELD & JAMES, 2851 Camino Del Rio South, Suite 250, San Diego, CA 92108; (619) 325-0441
Attorneys for Plaintiffs, Greve Financial Services, Inc., Angeles Chemical Company, Inc., and John Locke

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.

ADRB (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE                                    SIGNATURE OF SERVER

                                                            ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

American LegalNet, Inc.
www.FormsWorkflow.com

## ATTACHMENT "A"

*Angeles Chemical Company, Inc. v. et al. v. McKesson Corporation, et al.*
U.S.D.C. Case No. 01-10532 TJH (Ex)

### DEFINITIONS

As used herein, the following definitions apply to this subpoena:

1.    "YOU" or "YOUR" means THELEN REID BROWN RAYSMAN & STEINER, and/or formerly Thelen Reid & Priest LLP, as well as anyone acting on YOUR behalf, including but not limited to employees, agents and attorneys.

2.    "PERSON" refers to any individual, corporation, partnership, firm, association, government agency or other organization recognizable at law, and its agents and employees.

3.    "MCKESSON CHEMICAL" means to the former McKesson Chemical Corporation.

4.    "MCKESSON SITE" means McKesson Chemical's Santa Fe Springs, CA facility, located at 9005 Sorensen Ave, Santa Fe Springs, CA.

5.    The term "REFER OR RELATE TO" shall have their commonly used meaning, mentioning, referring to, relating to, reflection, consisting of, concerning, discussing, analyzing, summarizing, supporting, evidencing or describing, pertaining to, dealing with, or showing.

6.    "DOCUMENT" refers to and means "all writings and recordings" as defined in Rule 1001 of the Federal Rules of Evidence and Rule 34 of the Federal Rules of Civil Procedure, and includes, but is not limited to, all original writings, drafts of writings and documents, and tape recordings of any nature whatsoever, as well as all non-identical copies in your possession, custody, or control, whether handwritten, typewritten or otherwise prepared. In particular, the term document includes, but is not limited to "letters, faxes, telegrams, memoranda, notes, reports, agreements, contracts, statements, advertisements, brochures, manuals, bulletins, circulars, pamphlets, studies, magazine and newspaper articles and reports, invoices, bills, statements, receipts, checks, check stubs, check registers, ledgers, accounting records, journals, minutes, notes, worksheets, vouchers,

EXHIBIT "A"
Page 2 of 5

diagrams, illustrations, photographs, videotape, audiotapes, statements, legal pleadings, deposition transcripts, court orders, affidavits, declarations, motions, memoranda of points and authorities, discovery requests and responses, legal briefs, consent decrees, administrative orders, promissory notes, security agreements, deeds of trust, trustee's deeds, real estate disclosure statements, real estate transfer documents, notices of default, environmental reports and studies, articles of incorporation, bylaws, partnership agreements, preliminary title reports, abstracts of title, insurance policies, notebooks, desk calendars, appointment books, computer files (whether on hard disk, floppy diskette, or any removable-media drive), e-mail or voice mail printouts, and all other papers, books, writings, computer files, and documents upon which any communication, idea, thought or information of any kind within the categories enumerated below has been reproduced or recorded.

7.     "CORRESPONDENCE" means and includes any transmission or exchange of information between two more persons, including without limitation, any discussion or information carried on or transmitted by means of letter, note, memorandum, interoffice correspondence, telegraph, telex, telecopies, cable, electronic mail, or some other electronic medium.

a.     The word "and" includes "or" and visa versa.

b.     The word "all" shall mean any and all.

b.     It is not intended that this request for documents require the disclosure of any document which you claim is protected against disclosure as "work product" or "privileged," although plaintiff reserves the right to move for disclosure. For any document withheld on such grounds, please provide a written response with the following information:

(i) A description of the documents sufficiently particular to identify it and to enable you to identify, disclose or produce it in response to an order of the above-entitled court;

(ii.) The nature of the protection claimed;

(c) A list of all persons who participated in the preparation of the document;

(d) A list of all persons to whom the document was circulated, or its contents communicated.

8.    "HAZARDOUS SUBSTANCE" shall have the same definition as that contained in Section 101 (14) of CERLCA, 42 U.S.C. Section 9601(13), and includes any mixture of such hazardous substances with any other substances, including petroleum products.

9.    "HAZARDOUS WASTE" and "SOLID WASTE" shall have the same definitions as those contained in Sections 1004(5) and 1004(27) of RCRA, 42 U.S.C. Section 6903(5) and 6903(27) respectively.

10.    "CHLORINATED SOLVENTS" refers to, but not simply limited to:
1,1 Dichloroethane (1,1-DCA); 1,1 Dichloroethene (1,1-DCE); Methylene Chloride; Tetrachloroethylene (AKA Perchloroethylene [PERC]): 1,1,1-Trichloroethane (1,1,1TCA); Trichloroethylene (TCE); Carbon Tetrachloride; Methyl Chloroform; Chloroform; Ethylene Dichloride; Propylene Dichloride.

11.    "UNIVAR" refers to Van Waters & Rogers, Inc. and/or Univar USA, Inc or Univar North America Corporation and/or DSW, Inc. Royal Packoed, NV. and/or Garvey Schubert Barer and/or their employees, agents and attorneys.

## INSTRUCTIONS

1.    This subpoena relates to all DOCUMENTS under YOUR custody, possession or control, including but not limited to, DOCUMENTS in the possession of YOUR employees, agents, attorneys, or other representatives.

2.    YOU are required to produce the original of each DOCUMENT described below, or, if the original is not in YOUR custody, then a copy of the same, an din any event all non-

EXHIBIT "A"
Page 4 of 5

identical copies that differ from the original or from the other copies produced for any reason, including but not limited to, the existence of notes or marginalia on such copies.

3.      All DOCUMENTS shall be produced in the order they are kept in the usual course of business, and shall be produced in their original files folders, binders, covers, or containers, or facsimiles of the same, pursuant to Federal Rule of Civil Procedure 45(a)(1)(c), (d)(1). Copy and delivery of requested documents shall be at the expense of this Noticing party.

4.      If the production of any DOCUMENT is withheld on the ground of privilege, please identify the nature of the DOCUMENT, the titles, author, and date of the DOCUMENT, the addressee of the DOCUMENT, if any, other persons designated as receiving copies, and please state the specific basis for YOUR claim of privilege.

## DOCUMENTS TO BE PRODUCED

A) All DOCUMENTS that REFER OR RELATE to MCKESSON CHEMICAL.

B) ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of any HAZARDOUS SUBSTANCE.

C) ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of any HAZARDOUS WASTE.

D) ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of any SOLID WASTE.

E) ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of any CHLORINATED SOLVENTS.

F) ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON SITE of any HAZARDOUS SUBSTANCE.

4

EXHIBIT "A"
Page 5 of 5

G)   ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON
SITE of any HAZARDOUS WASTE.

H)  ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON
SITE of any SOLID WASTE.

I)   ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON
SITE of any CHLORINATED SOLVENTS.

J)   ALL DOCUMENTS that REFER OR RELATE to the storage, retention, destruction,
or transfer of DOCUMENTS of MCKESSON CHEMICAL between 1986 and 2005.

K)  All DOCUMENTS that REFER OR RELATE to any discussion, conversation, or
CORRESPONDENCE with any PERSON regarding the MCKESSON SITE or the
above-entitled action.

L)  All DOCUMENTS that REFER OR RELATE to any discussion, conversation, or
CORRESPONDENCE with UNIVAR regarding the MCKESSON SITE or the
above-entitled action.

M) All DOCUMENTS that REFER OR RELATE to any discussion, conversation, or
CORRESPONDENCE with UNIVAR regarding the transmittal of ALL
DOCUMENTS that relate to MCKESSON CHEMICAL.

N)  All DOCUMENTS that REFER OR RELATE to any discussion, conversation, or
CORRESPONDENCE with UNIVAR regarding the transmittal of ALL
DOCUMENTS relate to the MCKESSON SITE.

<table>
<tr><td colspan="2"><strong>UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA</strong></td><td><em>FOR COURT USE ONLY</em></td></tr>
</table>

| | | |
|---|---|---|
| *Angeles Chemical, et al. v. McKesson Corporation, et al.* | | |

| | | |
|---|---|---|
| Jeffery L. Caufield (SBN 166324)<br>Kenneth E. James (SBN 173775)<br>CAUFIELD & JAMES, LLP<br>2851 Camino Del Rio South, Suite 250<br>San Diego, CA 92108 | Tel: (619) 325-0441<br>Fax: (619) 325-0231 | |
| Attorney(s) for: Plaintiffs, Greve Financial<br>Services, Inc., Angeles Chemical Company,<br>Inc., and John Locke | Date:<br>Time:<br>Dept.: | Case Number:<br>01-10532 TJH (Ex) |

## PROOF OF SERVICE

I, the undersigned, declare: I am employed in the County of San Diego, State of California. I am over the age of 18 years and not a party to this action. My business address is 2851 Camino Del Rio South, Suite 250, San Diego, California 92108. I served a copy of the following document(s):

### AMENDED NOTICE OF SUBPOENA and SUBOPENA TO
### CUSTODIAN OF RECORDS OF THELEN, REID BROWN RAYSMAN & STEINER, LLP

☐ (BY MAIL) I caused each such envelope to be sealed and placed for collection and mailing from my business address. I am readily familiar with Caufield & James' practice for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business mail is deposited with the postage thereon fully prepaid in the United States Postal Service the same day as it is placed for collection. I am aware that upon motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ (BY PERSONAL SERVICE) I caused each such envelope to be sealed and given to a courier for delivery on the same date. A proof of service signed by the authorized courier will be filed forthwith.

☐ (BY OVERNIGHT MAIL) I am readily familiar with the practice of Caufield & James for the collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained for overnight delivery.

☐ (BY FACSIMILE) This document was transmitted by facsimile transmission from (619) 325-0231 and the transmission was reported as complete and without error. I then caused the transmitting facsimile machine to properly issue a transmission report confirming the transmission.

☒ (BY ELECTRONIC TRANSMISSION) This document was transmitted by electronic transmission from amy@caufieldjames.com and the transmission was reported as complete and without error. I then caused the transmitting e-mail account to properly issue a report confirming the electronic transmission.

### SEE ATTACHED SERVICE LIST

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on June 1, 2007 at San Diego, California.

Amy C. Dolkas

*Angeles Chemical, et al. v. McKesson Corporation, et al.*
01-10532 TJH (Ex)

## SERVICE LIST

*Counsel for Univar*

Leslie R. Schenck, Esq.                                        lschenck@gsblaw.com
GARVEY SCHUBERT BARER
Eighteenth Floor
1191 Second Avenue
Seattle, Washington 98101-2939
TEL 206 464 3939 X 1486  FAX 206 464 0125

*Counsel for McKesson Corporation, Harvey Sorkin,*
*Seymour Moslin and the Estate of Paul Maslin:*

                                                              jedgcomb@edgcomb-law.com
John D. Edgcomb, Esq.                                         mwilke@edgcomb-law.com
Mary E. Wilke, Esq.                                           dlhccnf@edgcomb-law.com
115 Sansome Street, Suite 805                                 nuribe@edgcomb-law.com
San Francisco, CA 94104
Tel: (415) 399-1555; Fax: (415) 399-1885

                                                              nancy.wilms@bingham.com
Nancy M. Wilms, Esq.
Bingham McCutchen LLP
355 South Grand Avenue, Suite 4400
Los Angeles, CA 90071-3106
Tel: 213-680-6400; Fax: 213-680-6499

*Counsel for Donna and Robert Berg, Pearl Rosenthal*
*and the Estate of Arnold Rosenthal:*

Devon M. Lyon, Esq.                                           dlyon@crolaw.com
Law Offices of Timothy Cronin                                 tcronin@crolaw.com
202 Fashion Lane, Suite 208
Tustin, CA 92780
Tel: (714) 505-9365; Fax: (714) 505-3792