# EXHIBIT B

1  JENNIFER A. KUENSTER, State Bar No. 104607
   ROSS M. PETTY, State Bar No. 166366
2  THELEN REID BROWN RAYSMAN & STEINER LLP
3  101 Second Street, Suite 1800
   San Francisco, California 94105
4  Telephone: (415) 371-1200
   Facsimile:  (415) 644-6519
5
   Attorneys for Non-Party
6  THELEN REID BROWN RAYSMAN & STEINER LLP

7

8              UNITED STATES DISTRICT COURT

9          FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11  ANGELES CHEMICAL COMPANY, INC., a
    California corporation, etc., et al.,          Case No.: 01-10532 TJH (Ex)
12
                                                    Central District of California
13              Plaintiffs,
                                                    **OBJECTIONS OF NON-PARTY**
14  v.                                              **THELEN REID BROWN RAYSMAN &**
                                                    **STEINER LLP TO ANGELES**
15  MCKESSON CORPORATION, a Calfornia              **CHEMICAL COMPANY, INC.'S**
    corporation, etc., et al.                      **SUBPOENA REQUESTING**
16                                                  **PRODUCTION OF DOCUMENTS**
17              Defendants.                         **PURSUANT TO FRCP 45**

18                                                  Place:  101 Second Street, Suite 1800, San
                                                    Francisco, CA 94105
19                                                  Date:   June 11, 2007
                                                    Time:  9:30 a.m.
20
21
    AND RELATED CROSS ACTION.
22

23          Pursuant to Federal Rule of Civil Procedure 45, non-party Thelen Reid Brown Raysman &

24  Steiner LLP ("Thelen") submits these responses and objections to the subpoena of plaintiff and

25  cross-defendant Angeles Chemical Company, Inc. ("Angeles") dated May 14, 2007, issued by

26  Caufield & James, LLP and served on Thelen's San Francisco office on May 14, 2007 (the

27  "Subpoena") in the above-referenced matter.

28  / / /

                                    1

1

**GENERAL OBJECTIONS**

2    1.    Thelen objects to the Subpoena to the extent it seeks documents protected by the

3    attorney-client privilege, work product doctrine, deliberative process privilege, the joint

4    prosecution or similar privilege, the privilege for negotiations leading to settlement, or other

5    applicable privileges under California law or any other applicable law.

6    2.    Thelen objects to the Subpoena to the extent that it imposes an undue burden on

7    Thelen by seeking documents that are neither relevant nor reasonably calculated to lead to the

8    discovery of admissible evidence, seeking an unreasonably large volume of documents, or seeking

9    documents that are equally available to the requesting party.

10    3.    Thelen objects to the Subpoena on the grounds that Angeles' "DEFINITIONS" and

11    "INSTRUCTIONS," as set forth in Attachment "A" are argumentative, vague, ambiguous, and

12    unintelligible.

13    4.    Thelen objects to the Subpoena on the grounds that it does not allow a reasonable

14    time period for compliance.

15    5.    No incidental or implied admissions are intended by these objections.  The fact that

16    Thelen objects to any request should not be taken as an admission that Thelen accepts or admits

17    the existence of any facts assumed by such request, or that such objection constitutes admissible

18    evidence as to any such assumed facts.

19

**SPECIFIC OBJECTIONS**

20    Without waiving or departing from its General Objections, and specifically incorporating

21    the General Objections into each of the specific objections below, Thelen makes the following

22    additional objections to specific paragraphs set forth in Attachment "A" of the Subpoena:

23    **REQUEST FOR PRODUCTION A):**

24    All DOCUMENTS that REFER OR RELATE to MCKESSON CHEMICAL.

25    **OBJECTIONS TO REQUEST FOR PRODUCTION A):**

26    Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

27    and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

28    admissible evidence.  Thelen further objects to this Request to the extent that it seeks documents

1

1    containing McKesson Corporation's ("McKesson") trade secrets and proprietary information.  In

2    addition, Thelen objects to this Request on the grounds that it seeks to invade the privacy of third-

3    parties to the litigation.  Thelen also objects to this Request to the extent that it seeks documents

4    protected by the attorney-client privilege, attorney work product doctrine, and any other applicable

5    privilege.

6    **REQUEST FOR PRODUCTION B):**

7         ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of an

8    HAZARDOUS SUBSTANCE.

9    **OBJECTIONS TO REQUEST FOR PRODUCTION B):**

10        Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

11   and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

12   admissible evidence.  Thelen also objects to the phrase "HAZARDOUS SUBSTANCE" on the

13   grounds that it is vague and ambiguous.  Thelen further objects to this Request to the extent that it

14   seeks documents containing McKesson's trade secrets and proprietary information.  In addition,

15   Thelen objects to this Request on the grounds that it seeks to invade the privacy of third-parties to

16   the litigation.  Thelen also objects to this Request to the extent that it seeks documents protected

17   by the attorney-client privilege, attorney work product doctrine, and any other applicable

18   privilege.

19   **REQUEST FOR PRODUCTION C):**

20        ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of

21   any HAZARDOUS WASTE.

22   **OBJECTIONS TO REQUEST FOR PRODUCTION C):**

23        Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

24   and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

25   admissible evidence.  Thelen also objects to the phrase "HAZARDOUS WASTE" on the grounds

26   that it is vague and ambiguous.  Thelen further objects to this Request to the extent that it seeks

27   documents containing McKesson's trade secrets and proprietary information.  In addition, Thelen

28   objects to this Request on the grounds that it seeks to invade the privacy of third-parties to the

1   litigation.  Thelen also objects to this Request to the extent that it seeks documents protected by

2   the attorney-client privilege, attorney work product doctrine, and any other applicable privilege.

3   **REQUEST FOR PRODUCTION D):**

4         ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of

5   any SOLID WASTE.

6   **OBJECTIONS TO REQUEST FOR PRODUCTION D):**

7         Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

8   and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

9   admissible evidence.  Thelen also objects to the phrase "SOLID WASTE" on the grounds that it is

10  vague and ambiguous.  Thelen further objects to this Request to the extent that it seeks documents

11  containing McKesson's trade secrets and proprietary information.  In addition, Thelen objects to

12  this Request on the grounds that it seeks to invade the privacy of third-parties to the litigation.

13  Thelen also objects to this Request to the extent that it seeks documents protected by the attorney-

14  client privilege, attorney work product doctrine, and any other applicable privilege.

15  **REQUEST FOR PRODUCTION E):**

16        ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of

17  any CHLORINATED SOLVENTS.

18  **OBJECTIONS TO REQUEST FOR PRODUCTION E):**

19        Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

20  and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

21  admissible evidence.  Thelen also objects to the phrase "CHLORINATED SOLVENTS" on the

22  grounds that it is vague and ambiguous.  Thelen further objects to this Request to the extent that it

23  seeks documents containing McKesson's trade secrets and proprietary information.  In addition,

24  Thelen objects to this Request on the grounds that it seeks to invade the privacy of third-parties to

25  the litigation.  Thelen also objects to this Request to the extent that it seeks documents protected

26  by the attorney-client privilege, attorney work product doctrine, and any other applicable

27  privilege.

28  / / /

3

1    **REQUEST FOR PRODUCTION F):**

2    ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON SITE of

3    any HAZARDOUS SUBSTANCE.

4    **OBJECTIONS TO REQUEST FOR PRODUCTION F):**

5    Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

6    and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

7    admissible evidence.  Thelen also objects to the phrase "HAZARDOUS SUBSTANCE" on the

8    grounds that it is vague and ambiguous.  Thelen further objects to this Request to the extent that it

9    seeks documents containing McKesson's trade secrets and proprietary information.  In addition,

10   Thelen objects to this Request on the grounds that it seeks to invade the privacy of third-parties to

11   the litigation.  Thelen also objects to this Request to the extent that it seeks documents protected

12   by the attorney-client privilege, attorney work product doctrine, and any other applicable

13   privilege.

14   **REQUEST FOR PRODUCTION G):**

15   ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON SITE of

16   any HAZARDOUS WASTE.

17   **OBJECTIONS TO REQUEST FOR PRODUCTION G):**

18   Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

19   and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

20   admissible evidence.  Thelen also objects to the phrase "HAZARDOUS WASTE" on the grounds

21   that it is vague and ambiguous.  Thelen further objects to this Request to the extent that it seeks

22   documents containing McKesson's trade secrets and proprietary information.  In addition, Thelen

23   objects to this Request on the grounds that it seeks to invade the privacy of third-parties to the

24   litigation.  Thelen also objects to this Request to the extent that it seeks documents protected by

25   the attorney-client privilege, attorney work product doctrine, and any other applicable privilege.

26   **REQUEST FOR PRODUCTION H):**

27   ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON SITE of

28   any SOLID WASTE.

4

1   **OBJECTIONS TO REQUEST FOR PRODUCTION H):**

2       Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

3   and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

4   admissible evidence. Thelen also objects to the phrase "SOLID WASTE" on the grounds that it is

5   vague and ambiguous. Thelen further objects to this Request to the extent that it seeks documents

6   containing McKesson's trade secrets and proprietary information. In addition, Thelen objects to

7   this Request on the grounds that it seeks to invade the privacy of third-parties to the litigation.

8   Thelen also objects to this Request to the extent that it seeks documents protected by the attorney-

9   client privilege, attorney work product doctrine, and any other applicable privilege.

10   **REQUEST FOR PRODUCTION I):**

11       ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON SITE of

12   any CHLORINATED SOLVENTS.

13   **OBJECTIONS TO REQUEST FOR PRODUCTION I):**

14       Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

15   and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

16   admissible evidence. Thelen also objects to the phrase "CHLORINATED SOLVENTS" on the

17   grounds that it is vague and ambiguous. Thelen further objects to this Request to the extent that it

18   seeks documents containing McKesson's trade secrets and proprietary information. In addition,

19   Thelen objects to this Request on the grounds that it seeks to invade the privacy of third-parties to

20   the litigation. Thelen also objects to this Request to the extent that it seeks documents protected

21   by the attorney-client privilege, attorney work product doctrine, and any other applicable

22   privilege.

23   **REQUEST FOR PRODUCTION J):**

24       ALL DOCUMENTS that REFER TO RELATE to the storage, retention, destruction, or

25   transfer of DOCUMENTS of MCKESSON CHEMICAL between 1986 and 2005.

26   **OBJECTIONS TO REQUEST FOR PRODUCTION J):**

27       Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

28   and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

1  admissible evidence.  Thelen further objects to this Request to the extent that it seeks documents

2  containing McKesson's trade secrets and proprietary information.  In addition, Thelen objects to

3  this Request on the grounds that it seeks to invade the privacy of third-parties to the litigation.

4  Thelen also objects to this Request to the extent that it seeks documents protected by the attorney-

5  client privilege, attorney work product doctrine, and any other applicable privilege.

6  **REQUEST FOR PRODUCTION K):**

7        ALL DOCUMENTS that REFER TO RELATE to any discussion, convention, or

8  CORRESPONDENCE with any PERSON regarding the MCKESSON SITE or the above-entitled

9  action.

10  **OBJECTIONS TO REQUEST FOR PRODUCTION K):**

11        Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

12  and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

13  admissible evidence.  Thelen further objects to this Request to the extent that it seeks documents

14  containing McKesson's trade secrets and proprietary information.  In addition, Thelen objects to

15  this Request on the grounds that it seeks to invade the privacy of third-parties to the litigation.

16  Thelen also objects to this Request to the extent that it seeks documents protected by the attorney-

17  client privilege, attorney work product doctrine, and any other applicable privilege.

18  Dated: May 29 2007          THELEN REID BROWN RAYSMAN & STEINER LLP

19

20                    By: _____

21                        Jennifer A. Kuenster
                        Ross M. Petty
22                        Attorneys for Non-Party
                        THELEN REID BROWN RAYSMAN &
23                        STEINER LLP

24

25

26

27

28

6

1

## CERTIFICATE OF SERVICE BY FACSIMILE

2

CASE NO. 01-10532 TJH (Ex)

3
4

I am over the age of 18 and not a party to the within action. I am employed in the County of San Francisco, State of California by Thelen Reid Brown Raysman & Steiner LLP. My business address is 101 Second Street, Suite 1800, San Francisco, California 94105.

5
6

On May 29, 2007, at the time and from the telephone facsimile number indicated on the attached transmission report, the following entitled document:

7
8
9

**OBJECTIONS OF NON-PARTY THELEN REID BROWN RAYSMAN & STEINER LLP TO ANGELES CHEMICAL COMPANY, INC.'S SUBPOENA REQUESTING PRODUCTION OF DOCUMENTS PURSUANT TO FRCP 45**

10

was served by transmitting true and correct copies thereof via facsimile to the following:

11

### SEE ATTACHED SERVICE LIST

12
13
14
15

I am readily familiar with the practices of Thelen Reid Brown Raysman & Steiner LLP for sending documents via facsimile. On the above stated date, the above listed document was transmitted via facsimile and said transmission was reported complete and without error. A copy of the transmission report showing the date and time of transmission that was properly issued by the transmitting facsimile machine is attached hereto, and incorporated herein by reference.

16

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

17

Executed on May 29, 2007, at San Francisco, California.

18

19

Signature

20

21

Brenda Joyce

22

23

24

25

26

27

28

SF #1279839 v1

8

1

## SERVICE LIST

2

3  Jeffery L. Canfield, Esq.
   Kenneth E. James, Esq.
4  CAUFIELD & JAMES, LLP
5  2801 Camino Del Rio South, Suite 250
   San Diego, CA 92108
6  Tel:   (619) 325-0441
7  Fax:   (619) 325-0231
   [Attorneys for Plaintiffs GREVE FINANCIAL SERVICES,
8  INC., ANGELES CHEMICAL COMPANY, INC. and
9  JOHN LOCKE]

10
   Leslie R. Schenck, Esq.
11 GARVEY SCHUBERT BARER
12 Eighteenth Floor
   1191 Second Avenue
13 Seattle, WA 98101-2939
14 Tel:   (206) 464-3939, x 1486
   Fax:   (206) 464-0125
15 **lschenck@gsblaw.com**
16 [Attorneys for UNIVAR]

17 John D. Edgcomb, Esq.
18 Mary E. Wilke, Esq.
   115 Sansome Street, Suite 805
19 San Francisco, CA 94104
20 Tel:   (415) 399-1555
   Fax:   (415) 399-1885
21 **jedgcomb@edgcomb-law.com**
22 **mwilke@edgcomb-law.com**
   [Attorneys for McKESSON CORPORATION,
23 HARVEY SORKIN, SEYMOUR MOSLIN
24 and THE ESTATE OF PAUL MASLIN]

25

26

27

28

SF #1279839 v1                          9

1  Nancy M. Wilms, Esq.
2  Bingham McCutchen LLP
   355 South Grand Avenue, Suite 4400
3  Los Angeles, CA 90071-3106
4  Tel:   (213) 680-6400
   Fax:   (213) 680-6499
5  **nancy.wilms@bingham.com**
6  [Attorneys for McKESSON CORPORATION,
   HARVEY SORKIN, SEYMOUR MOSLIN
7  and THE ESTATE OF PAUL MASLIN]

8
   Devon M. Lyon, Esq.
9  Law Offices of Timothy Cronin
   202 Fashion Lane, Suite 208
10 Tustin, CA 92780
11 Tel:   (714) 505-9365
12 Fax:   (714) 505-3792
   **dlyon@crolaw.com**
13 **tcronin@crolaw.com**
14 [Attorneys for DONNA and ROBERT
   BERG, PEARL ROSENTHAL and THE
15 ESTATE OF ARNOLD ROSENTHAL]

16

17

18

19

20

21

22

23

24

25

26

27

28

SF #1279839 v1                                10

OBJECTIONS OF NON-PARTY THELEN REID BROWN RAYSMAN & STEINER LLP TO ANGELES CHEMICAL
COMPANY, INC.'S SUBPOENA REQUESTING PRODUCTION OF DOCUMENTS PURSUANT TO FRCP 45

1  JENNIFER A. KUENSTER, State Bar No. 104607
   ROSS M. PETTY, State Bar No. 166366
2  THELEN REID BROWN RAYSMAN & STEINER LLP
3  101 Second Street, Suite 1800
   San Francisco, California 94105
4  Telephone: (415) 371-1200
   Facsimile: (415) 644-6519
5
   Attorneys for Non-Party
6  THELEN REID BROWN RAYSMAN & STEINER LLP

7

8                UNITED STATES DISTRICT COURT

9           FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11 ANGELES CHEMICAL COMPANY, INC., a
   California corporation, etc., et al.,              Case No.: 01-10532 TJH (Ex)
12
                                                      Central District of California
13              Plaintiffs,
                                                      **OBJECTIONS OF NON-PARTY**
14 v.                                                 **THELEN REID BROWN RAYSMAN &**
                                                      **STEINER LLP TO ANGELES**
15 MCKESSON CORPORATION, a California                 **CHEMICAL COMPANY, INC.'S**
   corporation, etc., et al.                          **SUBPOENA REQUESTING**
16                                                    **PRODUCTION OF DOCUMENTS**
                                                      **PURSUANT TO FRCP 45**
17              Defendants.
                                                      Place: 225 West Santa Clara Street, Suite
18                                                    1200, San Jose, CA 95113
19                                                    Date:  June 11, 2007
                                                      Time:  9:30 a.m.
20
21
   AND RELATED CROSS ACTION.
22
23        Pursuant to Federal Rule of Civil Procedure 45, non-party Thelen Reid Brown Raysman &

24 Steiner LLP ("Thelen") submits these objections to the subpoena of plaintiff and cross-defendant

25 Angeles Chemical Company, Inc. ("Angeles") dated May 15, 2007, issued by Caufield & James,

26 LLP and served on Thelen's San Jose office on May 15, 2007 (the "Subpoena") in the above-

27 referenced matter.

28 / / /

                                    1

**GENERAL OBJECTIONS**

1.     Thelen objects to the Subpoena to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, deliberative process privilege, the joint prosecution or similar privilege, the privilege for negotiations leading to settlement, or other applicable privileges under California law or any other applicable law.

2.     Thelen objects to the Subpoena to the extent that it imposes an undue burden on Thelen by seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, seeking an unreasonably large volume of documents, or seeking documents that are equally available to the requesting party.

3.     Thelen objects to the Subpoena on the grounds that Angeles' "DEFINITIONS" and "INSTRUCTIONS," as set forth in Attachment "A" are argumentative, vague, ambiguous, and unintelligible.

4.     Thelen objects to the Subpoena on the grounds that it does not allow a reasonable time period for compliance.

5.     No incidental or implied admissions are intended by these objections. The fact that Thelen objects to any request should not be taken as an admission that Thelen accepts or admits the existence of any facts assumed by such request, or that such objection constitutes admissible evidence as to any such assumed facts.

**SPECIFIC OBJECTIONS**

Without waiving or departing from its General Objections, and specifically incorporating the General Objections into each of the specific objections below, Thelen makes the following additional objections to specific paragraphs set forth in Attachment "A" of the Subpoena:

**REQUEST FOR PRODUCTION A):**

All DOCUMENTS that REFER OR RELATE to MCKESSON CHEMICAL.

**OBJECTIONS TO REQUEST FOR PRODUCTION A):**

Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Thelen further objects to this Request to the extent that it seeks documents

1

1  containing McKesson Corporation's ("McKesson") trade secrets and proprietary information.  In

2  addition, Thelen objects to this Request on the grounds that it seeks to invade the privacy of third-

3  parties to the litigation.  Thelen also objects to this Request to the extent that it seeks documents

4  protected by the attorney-client privilege, attorney work product doctrine, and any other applicable

5  privilege.

6  **REQUEST FOR PRODUCTION B):**

7      ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of an

8  HAZARDOUS SUBSTANCE.

9  **OBJECTIONS TO REQUEST FOR PRODUCTION B):**

10      Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

11  and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

12  admissible evidence.  Thelen also objects to the phrase "HAZARDOUS SUBSTANCE" on the

13  grounds that it is vague and ambiguous.  Thelen further objects to this Request to the extent that it

14  seeks documents containing McKesson's trade secrets and proprietary information.  In addition,

15  Thelen objects to this Request on the grounds that it seeks to invade the privacy of third-parties to

16  the litigation.  Thelen also objects to this Request to the extent that it seeks documents protected

17  by the attorney-client privilege, attorney work product doctrine, and any other applicable

18  privilege.

19  **REQUEST FOR PRODUCTION C):**

20      ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of

21  any HAZARDOUS WASTE.

22  **OBJECTIONS TO REQUEST FOR PRODUCTION C):**

23      Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

24  and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

25  admissible evidence.  Thelen also objects to the phrase "HAZARDOUS WASTE" on the grounds

26  that it is vague and ambiguous.  Thelen further objects to this Request to the extent that it seeks

27  documents containing McKesson's trade secrets and proprietary information.  In addition, Thelen

28  objects to this Request on the grounds that it seeks to invade the privacy of third-parties to the

1  litigation.  Thelen also objects to this Request to the extent that it seeks documents protected by

2  the attorney-client privilege, attorney work product doctrine, and any other applicable privilege.

3  **REQUEST FOR PRODUCTION D):**

4      ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of

5  any SOLID WASTE.

6  **OBJECTIONS TO REQUEST FOR PRODUCTION D):**

7      Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

8  and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

9  admissible evidence.  Thelen also objects to the phrase "SOLID WASTE" on the grounds that it is

10  vague and ambiguous.  Thelen further objects to this Request to the extent that it seeks documents

11  containing McKesson's trade secrets and proprietary information.  In addition, Thelen objects to

12  this Request on the grounds that it seeks to invade the privacy of third-parties to the litigation.

13  Thelen also objects to this Request to the extent that it seeks documents protected by the attorney-

14  client privilege, attorney work product doctrine, and any other applicable privilege.

15  **REQUEST FOR PRODUCTION E):**

16      ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of

17  any CHLORINATED SOLVENTS.

18  **OBJECTIONS TO REQUEST FOR PRODUCTION E):**

19      Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

20  and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

21  admissible evidence.  Thelen also objects to the phrase "CHLORINATED SOLVENTS" on the

22  grounds that it is vague and ambiguous.  Thelen further objects to this Request to the extent that it

23  seeks documents containing McKesson's trade secrets and proprietary information.  In addition,

24  Thelen objects to this Request on the grounds that it seeks to invade the privacy of third-parties to

25  the litigation.  Thelen also objects to this Request to the extent that it seeks documents protected

26  by the attorney-client privilege, attorney work product doctrine, and any other applicable

27  privilege.

28  / / /

1  **REQUEST FOR PRODUCTION F):**

2        ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON SITE of

3  any HAZARDOUS SUBSTANCE.

4  **OBJECTIONS TO REQUEST FOR PRODUCTION F):**

5        Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

6  and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

7  admissible evidence.  Thelen also objects to the phrase "HAZARDOUS SUBSTANCE" on the

8  grounds that it is vague and ambiguous.  Thelen further objects to this Request to the extent that it

9  seeks documents containing McKesson's trade secrets and proprietary information.  In addition,

10  Thelen objects to this Request on the grounds that it seeks to invade the privacy of third-parties to

11  the litigation.  Thelen also objects to this Request to the extent that it seeks documents protected

12  by the attorney-client privilege, attorney work product doctrine, and any other applicable

13  privilege.

14  **REQUEST FOR PRODUCTION G):**

15        ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON SITE of

16  any HAZARDOUS WASTE.

17  **OBJECTIONS TO REQUEST FOR PRODUCTION G):**

18        Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

19  and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

20  admissible evidence.  Thelen also objects to the phrase "HAZARDOUS WASTE" on the grounds

21  that it is vague and ambiguous.  Thelen further objects to this Request to the extent that it seeks

22  documents containing McKesson's trade secrets and proprietary information.  In addition, Thelen

23  objects to this Request on the grounds that it seeks to invade the privacy of third-parties to the

24  litigation.  Thelen also objects to this Request to the extent that it seeks documents protected by

25  the attorney-client privilege, attorney work product doctrine, and any other applicable privilege.

26  / / /

27  / / /

28  / / /

4

1  **REQUEST FOR PRODUCTION H):**

2      ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON SITE of

3  any SOLID WASTE.

4  **OBJECTIONS TO REQUEST FOR PRODUCTION H):**

5      Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

6  and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

7  admissible evidence.  Thelen also objects to the phrase "SOLID WASTE" on the grounds that it is

8  vague and ambiguous.  Thelen further objects to this Request to the extent that it seeks documents

9  containing McKesson's trade secrets and proprietary information.  In addition, Thelen objects to

10  this Request on the grounds that it seeks to invade the privacy of third-parties to the litigation.

11  Thelen also objects to this Request to the extent that it seeks documents protected by the attorney-

12  client privilege, attorney work product doctrine, and any other applicable privilege.

13  **REQUEST FOR PRODUCTION I):**

14      ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON SITE of

15  any CHLORINATED SOLVENTS.

16  **OBJECTIONS TO REQUEST FOR PRODUCTION I):**

17      Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

18  and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

19  admissible evidence.  Thelen also objects to the phrase "CHLORINATED SOLVENTS" on the

20  grounds that it is vague and ambiguous.  Thelen further objects to this Request to the extent that it

21  seeks documents containing McKesson's trade secrets and proprietary information.  In addition,

22  Thelen objects to this Request on the grounds that it seeks to invade the privacy of third-parties to

23  the litigation.  Thelen also objects to this Request to the extent that it seeks documents protected

24  by the attorney-client privilege, attorney work product doctrine, and any other applicable

25  privilege.

26  / / /

27  / / /

28  / / /

5

1    **REQUEST FOR PRODUCTION J):**

2         ALL DOCUMENTS that REFER TO RELATE to the storage, retention, destruction, or

3    transfer of DOCUMENTS of MCKESSON CHEMICAL between 1986 and 2005.

4    **OBJECTIONS TO REQUEST FOR PRODUCTION J):**

5         Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

6    and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

7    admissible evidence.  Thelen further objects to this Request to the extent that it seeks documents

8    containing McKesson's trade secrets and proprietary information.  In addition, Thelen objects to

9    this Request on the grounds that it seeks to invade the privacy of third-parties to the litigation.

10    Thelen also objects to this Request to the extent that it seeks documents protected by the attorney-

11    client privilege, attorney work product doctrine, and any other applicable privilege.

12    **REQUEST FOR PRODUCTION K):**

13         ALL DOCUMENTS that REFER TO RELATE to any discussion, convention, or

14    CORRESPONDENCE with any PERSON regarding the MCKESSON SITE or the above-entitled

15    action.

16    **OBJECTIONS TO REQUEST FOR PRODUCTION K):**

17         Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

18    and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

19    admissible evidence.  Thelen further objects to this Request to the extent that it seeks documents

20    containing McKesson's trade secrets and proprietary information.  In addition, Thelen objects to

21    this Request on the grounds that it seeks to invade the privacy of third-parties to the litigation.

22    Thelen also objects to this Request to the extent that it seeks documents protected by the attorney-

23    client privilege, attorney work product doctrine, and any other applicable privilege.

24    **REQUEST FOR PRODUCTION L):**

25         ALL DOCUMENTS that REFER TO RELATE to any discussion, conversation, or

26    CORRESPONDENCE with UNIVAR regarding the MCKESSON SITE or the above-entitled

27    action.

28    / / /

1  **OBJECTIONS TO REQUEST FOR PRODUCTION L):**

2        Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

3  and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

4  admissible evidence.  Thelen further objects to this Request to the extent that it seeks documents

5  containing McKesson's trade secrets and proprietary information.  In addition, Thelen objects to

6  this Request on the grounds that it seeks to invade the privacy of third-parties to the litigation.

7  Thelen also objects to this Request to the extent that it seeks documents protected by the attorney-

8  client privilege, attorney work product doctrine, and any other applicable privilege.

9  **REQUEST FOR PRODUCTION M):**

10        ALL DOCUMENTS that REFER TO RELATE to any discussion, conversation, or

11  CORRESPONDENCE with UNIVAR regarding the transmittal of ALL DOCUMENTS that relate

12  to MCKESSON CHEMICAL.

13  **OBJECTIONS TO REQUEST FOR PRODUCTION M):**

14        Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

15  and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

16  admissible evidence.  Thelen further objects to this Request to the extent that it seeks documents

17  containing McKesson's trade secrets and proprietary information.  In addition, Thelen objects to

18  this Request on the grounds that it seeks to invade the privacy of third-parties to the litigation.

19  Thelen also objects to this Request to the extent that it seeks documents protected by the attorney-

20  client privilege, attorney work product doctrine, and any other applicable privilege.

21  **REQUEST FOR PRODUCTION N):**

22        ALL DOCUMENTS that REFER TO RELATE to any discussion, conversation, or

23  CORRESPONDENCE with UNIVAR regarding the transmittal of ALL DOCUMENTS relate to

24  the MCKESSON SITE.

25  **OBJECTIONS TO REQUEST FOR PRODUCTION N):**

26        Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

27  and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

28  admissible evidence.  Thelen further objects to this Request to the extent that it seeks documents

1  containing McKesson's trade secrets and proprietary information.  In addition, Thelen objects to

2  this Request on the grounds that it seeks to invade the privacy of third-parties to the litigation.

3  Thelen also objects to this Request to the extent that it seeks documents protected by the attorney-

4  client privilege, attorney work product doctrine, and any other applicable privilege.

5  Dated: May 29 2007          THELEN REID BROWN RAYSMAN & STEINER LLP

6

7                                        By: _____

8                                             Jennifer A. Kuenster
                                             Ross M. Petty
9                                            Attorneys for Non-Party
                                             THELEN REID BROWN RAYSMAN &
10                                           STEINER LLP

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE BY FACSIMILE

CASE NO. 01-10532 TJH (Ex)

I am over the age of 18 and not a party to the within action. I am employed in the County of San Francisco, State of California by Thelen Reid Brown Raysman & Steiner LLP. My business address is 101 Second Street, Suite 1800, San Francisco, California 94105.

On May 29, 2007, at the time and from the telephone facsimile number indicated on the attached transmission report, the following entitled document:

**OBJECTIONS OF NON-PARTY THELEN REID BROWN
RAYSMAN & STEINER LLP TO ANGELES CHEMICAL
COMPANY, INC.'S SUBPOENA REQUESTING
PRODUCTION OF DOCUMENTS PURSUANT TO FRCP 45**

was served by transmitting true and correct copies thereof via facsimile to the following:

**SEE ATTACHED SERVICE LIST**

I am readily familiar with the practices of Thelen Reid Brown Raysman & Steiner LLP for sending documents via facsimile. On the above stated date, the above listed document was transmitted via facsimile and said transmission was reported complete and without error. A copy of the transmission report showing the date and time of transmission that was properly issued by the transmitting facsimile machine is attached hereto, and incorporated herein by reference.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 29, 2007, at San Francisco, California.

_____
Signature

_____
Brenda Joyce

SF #1279838 v1

10

OBJECTIONS OF NON-PARTY THELEN REID BROWN RAYSMAN & STEINER LLP TO ANGELES CHEMICAL
COMPANY, INC.'S SUBPOENA REQUESTING PRODUCTION OF DOCUMENTS PURSUANT TO FRCP 45

1           **SERVICE LIST**

2

3   Jeffery L. Canfield, Esq.
    Kenneth E. James, Esq.
4   CAUFIELD & JAMES, LLP
5   2801 Camino Del Rio South, Suite 250
    San Diego, CA 92108
6   Tel:   (619) 325-0441
7   Fax:   (619) 325-0231
    [Attorneys for Plaintiffs GREVE FINANCIAL SERVICES,
8   INC., ANGELES CHEMICAL COMPANY, INC. and
9   JOHN LOCKE]

10
    Leslie R. Schenck, Esq.
11  GARVEY SCHUBERT BARER
12  Eighteenth Floor
    1191 Second Avenue
13  Seattle, WA 98101-2939
14  Tel:   (206) 464-3939, x 1486
    Fax:   (206) 464-0125
15  **lschenck@gsblaw.com**
16  [Attorneys for UNIVAR]

17  John D. Edgcomb, Esq.
18  Mary E. Wilke, Esq.
    115 Sansome Street, Suite 805
19  San Francisco, CA 94104
20  Tel:   (415) 399-1555
    Fax:   (415) 399-1885
21  **jedgcomb@edgcomb-law.com**
22  **mwilke@edgcomb-law.com**
    [Attorneys for McKESSON CORPORATION,
23  HARVEY SORKIN, SEYMOUR MOSLIN
24  and THE ESTATE OF PAUL MASLIN]

25

26

27

28

SF #1279838 v1                         11

1   Nancy M. Wilms, Esq.
    Bingham McCutchen LLP
2   355 South Grand Avenue, Suite 4400
3   Los Angeles, CA 90071-3106
    Tel:    (213) 680-6400
4   Fax:   (213) 680-6499
5   **nancy.wilms@bingham.com**
    [Attorneys for McKESSON CORPORATION,
6   HARVEY SORKIN, SEYMOUR MOSLIN
7   and THE ESTATE OF PAUL MASLIN]

8
    Devon M. Lyon, Esq.
9   Law Offices of Timothy Cronin
    202 Fashion Lane, Suite 208
10  Tustin, CA 92780
11  Tel:    (714) 505-9365
    Fax:   (714) 505-3792
12  **dlyon@crolaw.com**
13  **tcronin@crolaw.com**
    [Attorneys for DONNA and ROBERT
14  BERG, PEARL ROSENTHAL and THE
15  ESTATE OF ARNOLD ROSENTHAL]

16

17

18

19

20

21

22

23

24

25

26

27

28

SF #1279838 v1

12

1   JENNIFER A. KUENSTER, State Bar No. 104607
ROSS M. PETTY, State Bar No. 166366
2   THELEN REID BROWN RAYSMAN & STEINER LLP
101 Second Street, Suite 1800
3   San Francisco, California 94105
Telephone: (415) 371-1200
4   Facsimile:  (415) 644-6519

5

Attorneys for Non-Party
6   THELEN REID BROWN RAYSMAN & STEINER LLP

7

8              UNITED STATES DISTRICT COURT

9          FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  ANGELES CHEMICAL COMPANY, INC., a California corporation, etc., et al., | Case No.: 01-10532 TJH (Ex) |
| 13        Plaintiffs, | Central District of California |
| 14  v. | **OBJECTIONS OF NON-PARTY THELEN REID BROWN RAYSMAN & STEINER LLP TO ANGELES CHEMICAL COMPANY, INC.'S SUBPOENA REQUESTING PRODUCTION OF DOCUMENTS PURSUANT TO FRCP 45** |
| 15  MCKESSON CORPORATION, a California corporation, etc., et al. | |
| 17       Defendants. | |
| 18 | Place:  2225 E. Bayshore Road, Suite 210, Palo Alto, CA 94303 |
| 19 | Date:   June 11, 2007 |
| 20 | Time:  9:30 a.m. |
| 21  AND RELATED CROSS ACTION. | |
| 22 | |

23       Pursuant to Federal Rule of Civil Procedure 45, non-party Thelen Reid Brown Raysman &

24  Steiner LLP ("Thelen") submits these objections to the subpoena of plaintiff and cross-defendant

25  Angeles Chemical Company, Inc. ("Angeles") dated May 15, 2007, issued by Caufield & James,

26  LLP and served on Thelen's Palo Alto office on May 15, 2007 (the "Subpoena") in the above-

27  referenced matter.

28  / / /

1

OBJECTIONS OF NON-PARTY THELEN REID BROWN RAYSMAN & STEINER LLP TO ANGELES CHEMICAL COMPANY, INC.'S SUBPOENA REQUESTING PRODUCTION OF DOCUMENTS PURSUANT TO FRCP 45

**GENERAL OBJECTIONS**

1.     Thelen objects to the Subpoena to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, deliberative process privilege, the joint prosecution or similar privilege, the privilege for negotiations leading to settlement, or other applicable privileges under California law or any other applicable law.

2.     Thelen objects to the Subpoena to the extent that it imposes an undue burden on Thelen by seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, seeking an unreasonably large volume of documents, or seeking documents that are equally available to the requesting party.

3.     Thelen objects to the Subpoena on the grounds that Angeles' "DEFINITIONS" and "INSTRUCTIONS," as set forth in Attachment "A" are argumentative, vague, ambiguous, and unintelligible.

4.     Thelen objects to the Subpoena on the grounds that it does not allow a reasonable time period for compliance.

5.     No incidental or implied admissions are intended by these objections.  The fact that Thelen objects to any request should not be taken as an admission that Thelen accepts or admits the existence of any facts assumed by such request, or that such objection constitutes admissible evidence as to any such assumed facts.

**SPECIFIC OBJECTIONS**

Without waiving or departing from its General Objections, and specifically incorporating the General Objections into each of the specific objections below, Thelen makes the following additional objections to specific paragraphs set forth in Attachment "A" of the Subpoena:

**REQUEST FOR PRODUCTION A):**

All DOCUMENTS that REFER OR RELATE to MCKESSON CHEMICAL.

**OBJECTIONS TO REQUEST FOR PRODUCTION A):**

Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Thelen further objects to this Request to the extent that it seeks documents

1

1    containing McKesson Corporation's ("McKesson") trade secrets and proprietary information. In

2    addition, Thelen objects to this Request on the grounds that it seeks to invade the privacy of third-

3    parties to the litigation. Thelen also objects to this Request to the extent that it seeks documents

4    protected by the attorney-client privilege, attorney work product doctrine, and any other applicable

5    privilege.

6    **REQUEST FOR PRODUCTION B):**

7         ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of an

8    HAZARDOUS SUBSTANCE.

9    **OBJECTIONS TO REQUEST FOR PRODUCTION B):**

10        Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

11   and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

12   admissible evidence. Thelen also objects to the phrase "HAZARDOUS SUBSTANCE" on the

13   grounds that it is vague and ambiguous. Thelen further objects to this Request to the extent that it

14   seeks documents containing McKesson's trade secrets and proprietary information. In addition,

15   Thelen objects to this Request on the grounds that it seeks to invade the privacy of third-parties to

16   the litigation. Thelen also objects to this Request to the extent that it seeks documents protected

17   by the attorney-client privilege, attorney work product doctrine, and any other applicable

18   privilege.

19   **REQUEST FOR PRODUCTION C):**

20        ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of

21   any HAZARDOUS WASTE.

22   **OBJECTIONS TO REQUEST FOR PRODUCTION C):**

23        Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

24   and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

25   admissible evidence. Thelen also objects to the phrase "HAZARDOUS WASTE" on the grounds

26   that it is vague and ambiguous. Thelen further objects to this Request to the extent that it seeks

27   documents containing McKesson's trade secrets and proprietary information. In addition, Thelen

28   objects to this Request on the grounds that it seeks to invade the privacy of third-parties to the

1   litigation.  Thelen also objects to this Request to the extent that it seeks documents protected by

2   the attorney-client privilege, attorney work product doctrine, and any other applicable privilege.

3   **REQUEST FOR PRODUCTION D):**

4          ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of

5   any SOLID WASTE.

6   **OBJECTIONS TO REQUEST FOR PRODUCTION D):**

7          Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

8   and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

9   admissible evidence.  Thelen also objects to the phrase "SOLID WASTE" on the grounds that it is

10  vague and ambiguous.  Thelen further objects to this Request to the extent that it seeks documents

11  containing McKesson's trade secrets and proprietary information.  In addition, Thelen objects to

12  this Request on the grounds that it seeks to invade the privacy of third-parties to the litigation.

13  Thelen also objects to this Request to the extent that it seeks documents protected by the attorney-

14  client privilege, attorney work product doctrine, and any other applicable privilege.

15  **REQUEST FOR PRODUCTION E):**

16         ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of

17  any CHLORINATED SOLVENTS.

18  **OBJECTIONS TO REQUEST FOR PRODUCTION E):**

19         Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

20  and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

21  admissible evidence.  Thelen also objects to the phrase "CHLORINATED SOLVENTS" on the

22  grounds that it is vague and ambiguous.  Thelen further objects to this Request to the extent that it

23  seeks documents containing McKesson's trade secrets and proprietary information.  In addition,

24  Thelen objects to this Request on the grounds that it seeks to invade the privacy of third-parties to

25  the litigation.  Thelen also objects to this Request to the extent that it seeks documents protected

26  by the attorney-client privilege, attorney work product doctrine, and any other applicable

27  privilege.

28  / / /

---

3

1    **REQUEST FOR PRODUCTION F):**

2         ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON SITE of

3    any HAZARDOUS SUBSTANCE.

4    **OBJECTIONS TO REQUEST FOR PRODUCTION F):**

5         Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

6    and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

7    admissible evidence.  Thelen also objects to the phrase "HAZARDOUS SUBSTANCE" on the

8    grounds that it is vague and ambiguous.  Thelen further objects to this Request to the extent that it

9    seeks documents containing McKesson's trade secrets and proprietary information.  In addition,

10   Thelen objects to this Request on the grounds that it seeks to invade the privacy of third-parties to

11   the litigation.  Thelen also objects to this Request to the extent that it seeks documents protected

12   by the attorney-client privilege, attorney work product doctrine, and any other applicable

13   privilege.

14   **REQUEST FOR PRODUCTION G):**

15        ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON SITE of

16   any HAZARDOUS WASTE.

17   **OBJECTIONS TO REQUEST FOR PRODUCTION G):**

18        Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

19   and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

20   admissible evidence.  Thelen also objects to the phrase "HAZARDOUS WASTE" on the grounds

21   that it is vague and ambiguous.  Thelen further objects to this Request to the extent that it seeks

22   documents containing McKesson's trade secrets and proprietary information.  In addition, Thelen

23   objects to this Request on the grounds that it seeks to invade the privacy of third-parties to the

24   litigation.  Thelen also objects to this Request to the extent that it seeks documents protected by

25   the attorney-client privilege, attorney work product doctrine, and any other applicable privilege.

26   / / /

27   / / /

28   / / /

1  **REQUEST FOR PRODUCTION H):**

2      ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON SITE of

3  any SOLID WASTE.

4  **OBJECTIONS TO REQUEST FOR PRODUCTION H):**

5      Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

6  and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

7  admissible evidence.  Thelen also objects to the phrase "SOLID WASTE" on the grounds that it is

8  vague and ambiguous.  Thelen further objects to this Request to the extent that it seeks documents

9  containing McKesson's trade secrets and proprietary information.  In addition, Thelen objects to

10 this Request on the grounds that it seeks to invade the privacy of third-parties to the litigation.

11 Thelen also objects to this Request to the extent that it seeks documents protected by the attorney-

12 client privilege, attorney work product doctrine, and any other applicable privilege.

13 **REQUEST FOR PRODUCTION I):**

14     ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON SITE of

15 any CHLORINATED SOLVENTS.

16 **OBJECTIONS TO REQUEST FOR PRODUCTION I):**

17     Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

18 and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

19 admissible evidence.  Thelen also objects to the phrase "CHLORINATED SOLVENTS" on the

20 grounds that it is vague and ambiguous.  Thelen further objects to this Request to the extent that it

21 seeks documents containing McKesson's trade secrets and proprietary information.  In addition,

22 Thelen objects to this Request on the grounds that it seeks to invade the privacy of third-parties to

23 the litigation.  Thelen also objects to this Request to the extent that it seeks documents protected

24 by the attorney-client privilege, attorney work product doctrine, and any other applicable

25 privilege.

26 / / /

27 / / /

28 / / /

5

1   **REQUEST FOR PRODUCTION J):**

2       ALL DOCUMENTS that REFER TO RELATE to the storage, retention, destruction, or

3   transfer of DOCUMENTS of MCKESSON CHEMICAL between 1986 and 2005.

4   **OBJECTIONS TO REQUEST FOR PRODUCTION J):**

5       Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

6   and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

7   admissible evidence.  Thelen further objects to this Request to the extent that it seeks documents

8   containing McKesson's trade secrets and proprietary information.  In addition, Thelen objects to

9   this Request on the grounds that it seeks to invade the privacy of third-parties to the litigation.

10  Thelen also objects to this Request to the extent that it seeks documents protected by the attorney-

11  client privilege, attorney work product doctrine, and any other applicable privilege.

12  **REQUEST FOR PRODUCTION K):**

13      ALL DOCUMENTS that REFER TO RELATE to any discussion, convention, or

14  CORRESPONDENCE with any PERSON regarding the MCKESSON SITE or the above-entitled

15  action.

16  **OBJECTIONS TO REQUEST FOR PRODUCTION K):**

17      Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

18  and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

19  admissible evidence.  Thelen further objects to this Request to the extent that it seeks documents

20  containing McKesson's trade secrets and proprietary information.  In addition, Thelen objects to

21  this Request on the grounds that it seeks to invade the privacy of third-parties to the litigation.

22  Thelen also objects to this Request to the extent that it seeks documents protected by the attorney-

23  client privilege, attorney work product doctrine, and any other applicable privilege.

24  **REQUEST FOR PRODUCTION L):**

25      ALL DOCUMENTS that REFER TO RELATE to any discussion, conversation, or

26  CORRESPONDENCE with UNIVAR regarding the MCKESSON SITE or the above-entitled

27  action.

28  / / /

1  **OBJECTIONS TO REQUEST FOR PRODUCTION L):**

2       Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

3  and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

4  admissible evidence.  Thelen further objects to this Request to the extent that it seeks documents

5  containing McKesson's trade secrets and proprietary information.  In addition, Thelen objects to

6  this Request on the grounds that it seeks to invade the privacy of third-parties to the litigation.

7  Thelen also objects to this Request to the extent that it seeks documents protected by the attorney-

8  client privilege, attorney work product doctrine, and any other applicable privilege.

9  **REQUEST FOR PRODUCTION M):**

10       ALL DOCUMENTS that REFER TO RELATE to any discussion, conversation, or

11  CORRESPONDENCE with UNIVAR regarding the transmittal of ALL DOCUMENTS that relate

12  to MCKESSON CHEMICAL.

13  **OBJECTIONS TO REQUEST FOR PRODUCTION M):**

14       Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

15  and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

16  admissible evidence.  Thelen further objects to this Request to the extent that it seeks documents

17  containing McKesson's trade secrets and proprietary information.  In addition, Thelen objects to

18  this Request on the grounds that it seeks to invade the privacy of third-parties to the litigation.

19  Thelen also objects to this Request to the extent that it seeks documents protected by the attorney-

20  client privilege, attorney work product doctrine, and any other applicable privilege.

21  **REQUEST FOR PRODUCTION N):**

22       ALL DOCUMENTS that REFER TO RELATE to any discussion, conversation, or

23  CORRESPONDENCE with UNIVAR regarding the transmittal of ALL DOCUMENTS relate to

24  the MCKESSON SITE.

25  **OBJECTIONS TO REQUEST FOR PRODUCTION N):**

26       Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

27  and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

28  admissible evidence.  Thelen further objects to this Request to the extent that it seeks documents

1  containing McKesson's trade secrets and proprietary information.  In addition, Thelen objects to

2  this Request on the grounds that it seeks to invade the privacy of third-parties to the litigation.

3  Thelen also objects to this Request to the extent that it seeks documents protected by the attorney-

4  client privilege, attorney work product doctrine, and any other applicable privilege.

5  Dated: May 29 2007            THELEN REID BROWN RAYSMAN & STEINER LLP

6

7                                      By: _____

8                                          Jennifer A. Kuenster
                                           Ross M. Petty
9                                          Attorneys for Non-Party
                                           THELEN REID BROWN RAYSMAN &
10                                         STEINER LLP

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

1   JENNIFER A. KUENSTER, State Bar No. 104607
    ROSS M. PETTY, State Bar No. 166366
2   THELEN REID BROWN RAYSMAN & STEINER LLP
3   101 Second Street, Suite 1800
    San Francisco, California 94105
4   Telephone: (415) 371-1200
    Facsimile: (415) 644-6519
5
    Attorneys for Non-Party
6   THELEN REID BROWN RAYSMAN & STEINER LLP

7

8                      UNITED STATES DISTRICT COURT

9              FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11  ANGELES CHEMICAL COMPANY, INC., a
    California corporation, etc., et al.,          Case No.: 01-10532 TJH (Ex)
12
                                                   Central District of California
13             Plaintiffs,
                                                   **OBJECTIONS OF NON-PARTY**
14  v.                                             **THELEN REID BROWN RAYSMAN &**
                                                   **STEINER LLP TO ANGELES**
15  MCKESSON CORPORATION, a California             **CHEMICAL COMPANY, INC.'S**
    corporation, etc., et al.                      **AMENDED SUBPOENA REQUESTING**
16                                                 **PRODUCTION OF DOCUMENTS**
                                                   **PURSUANT TO FRCP 45**
17             Defendants.

18                                                 Place: 101 Second Street, Suite 1800, San
                                                   Francisco, California 94105
19                                                 Date:  June 15, 2007
                                                   Time:  9:30 a.m.
20

21  AND RELATED CROSS ACTION.
22
23          Pursuant to Federal Rule of Civil Procedure 45, non-party Thelen Reid Brown Raysman &

24  Steiner LLP ("Thelen") submits these objections to the amended subpoena of plaintiff and cross-

25  defendant Angeles Chemical Company, Inc. ("Angeles") dated June 1, 2007, issued by Caufield &

26  James, LLP and electronically served on Thelen's San Francisco office on June 4, 2007 (the

27  "Subpoena") in the above-referenced matter.

28  ///

                                            1

1       **GENERAL OBJECTIONS**

2       1.      Thelen objects to the Subpoena to the extent it seeks documents protected by the

3    attorney-client privilege, work product doctrine, deliberative process privilege, the joint

4    prosecution or similar privilege, the privilege for negotiations leading to settlement, or other

5    applicable privileges under California law or any other applicable law.

6       2.      Thelen objects to the Subpoena on the grounds that it is untimely as discovery

7    closed in this matter on June 11, 2007.

8       3.      Thelen objects to the Subpoena to the extent that it imposes an undue burden on

9    Thelen by seeking documents that are neither relevant nor reasonably calculated to lead to the

10   discovery of admissible evidence, seeking an unreasonably large volume of documents, or seeking

11   documents that are equally available to the requesting party.

12      4.      Thelen objects to the Subpoena on the grounds that Angeles' "DEFINITIONS" and

13   "INSTRUCTIONS," as set forth in Attachment "A" are argumentative, vague, ambiguous, and

14   unintelligible.

15      5.      Thelen objects to the Subpoena on the grounds that it does not allow a reasonable

16   time period for compliance.

17      6.      No incidental or implied admissions are intended by these objections.  The fact that

18   Thelen objects to any request should not be taken as an admission that Thelen accepts or admits

19   the existence of any facts assumed by such request, or that such objection constitutes admissible

20   evidence as to any such assumed facts.

21      **SPECIFIC OBJECTIONS**

22      Without waiving or departing from its General Objections, and specifically incorporating

23   the General Objections into each of the specific objections below, Thelen makes the following

24   additional objections to specific paragraphs set forth in Attachment "A" of the Subpoena:

25   **REQUEST FOR PRODUCTION A):**

26      All DOCUMENTS that REFER OR RELATE to MCKESSON CHEMICAL.

27   **OBJECTIONS TO REQUEST FOR PRODUCTION A):**

28      Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

1

1  and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

2  admissible evidence.  Thelen further objects to this Request to the extent that it seeks documents

3  containing McKesson Corporation's ("McKesson") trade secrets and proprietary information.  In

4  addition, Thelen objects to this Request on the grounds that it seeks to invade the privacy of third-

5  parties to the litigation.  Thelen also objects to this Request to the extent that it seeks documents

6  protected by the attorney-client privilege, attorney work product doctrine, and any other applicable

7  privilege.

8  **REQUEST FOR PRODUCTION B):**

9        ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of

10  any HAZARDOUS SUBSTANCE.

11  **OBJECTIONS TO REQUEST FOR PRODUCTION B):**

12        Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

13  and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

14  admissible evidence.  Thelen also objects to the phrase "HAZARDOUS SUBSTANCE" on the

15  grounds that it is vague and ambiguous.  Thelen further objects to this Request to the extent that it

16  seeks documents containing McKesson's trade secrets and proprietary information.  In addition,

17  Thelen objects to this Request on the grounds that it seeks to invade the privacy of third-parties to

18  the litigation.  Thelen also objects to this Request to the extent that it seeks documents protected

19  by the attorney-client privilege, attorney work product doctrine, and any other applicable

20  privilege.

21  **REQUEST FOR PRODUCTION C):**

22        ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of

23  any HAZARDOUS WASTE.

24  **OBJECTIONS TO REQUEST FOR PRODUCTION C):**

25        Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

26  and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

27  admissible evidence.  Thelen also objects to the phrase "HAZARDOUS WASTE" on the grounds

28  that it is vague and ambiguous.  Thelen further objects to this Request to the extent that it seeks

1  documents containing McKesson's trade secrets and proprietary information.  In addition, Thelen

2  objects to this Request on the grounds that it seeks to invade the privacy of third-parties to the

3  litigation.  Thelen also objects to this Request to the extent that it seeks documents protected by

4  the attorney-client privilege, attorney work product doctrine, and any other applicable privilege.

5  **REQUEST FOR PRODUCTION D):**

6      ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of

7  any SOLID WASTE.

8  **OBJECTIONS TO REQUEST FOR PRODUCTION D):**

9      Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

10  and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

11  admissible evidence.  Thelen also objects to the phrase "SOLID WASTE" on the grounds that it is

12  vague and ambiguous.  Thelen further objects to this Request to the extent that it seeks documents

13  containing McKesson's trade secrets and proprietary information.  In addition, Thelen objects to

14  this Request on the grounds that it seeks to invade the privacy of third-parties to the litigation.

15  Thelen also objects to this Request to the extent that it seeks documents protected by the attorney-

16  client privilege, attorney work product doctrine, and any other applicable privilege.

17  **REQUEST FOR PRODUCTION E):**

18      ALL DOCUMENTS that REFER OR RELATE to the transfer to MCKESSON SITE of

19  any CHLORINATED SOLVENTS.

20  **OBJECTIONS TO REQUEST FOR PRODUCTION E):**

21      Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

22  and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

23  admissible evidence.  Thelen also objects to the phrase "CHLORINATED SOLVENTS" on the

24  grounds that it is vague and ambiguous.  Thelen further objects to this Request to the extent that it

25  seeks documents containing McKesson's trade secrets and proprietary information.  In addition,

26  Thelen objects to this Request on the grounds that it seeks to invade the privacy of third-parties to

27  the litigation.  Thelen also objects to this Request to the extent that it seeks documents protected

28  by the attorney-client privilege, attorney work product doctrine, and any other applicable

1    privilege.

2    **REQUEST FOR PRODUCTION F):**

3         ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON SITE of

4    any HAZARDOUS SUBSTANCE.

5    **OBJECTIONS TO REQUEST FOR PRODUCTION F):**

6         Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

7    and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

8    admissible evidence. Thelen also objects to the phrase "HAZARDOUS SUBSTANCE" on the

9    grounds that it is vague and ambiguous. Thelen further objects to this Request to the extent that it

10   seeks documents containing McKesson's trade secrets and proprietary information. In addition,

11   Thelen objects to this Request on the grounds that it seeks to invade the privacy of third-parties to

12   the litigation. Thelen also objects to this Request to the extent that it seeks documents protected

13   by the attorney-client privilege, attorney work product doctrine, and any other applicable

14   privilege.

15   **REQUEST FOR PRODUCTION G):**

16        ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON SITE of

17   any HAZARDOUS WASTE.

18   **OBJECTIONS TO REQUEST FOR PRODUCTION G):**

19        Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

20   and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

21   admissible evidence. Thelen also objects to the phrase "HAZARDOUS WASTE" on the grounds

22   that it is vague and ambiguous. Thelen further objects to this Request to the extent that it seeks

23   documents containing McKesson's trade secrets and proprietary information. In addition, Thelen

24   objects to this Request on the grounds that it seeks to invade the privacy of third-parties to the

25   litigation. Thelen also objects to this Request to the extent that it seeks documents protected by

26   the attorney-client privilege, attorney work product doctrine, and any other applicable privilege.

27   / / /

28   / / /

1  **REQUEST FOR PRODUCTION H):**

2      ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON SITE of

3  any SOLID WASTE.

4  **OBJECTIONS TO REQUEST FOR PRODUCTION H):**

5      Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

6  and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

7  admissible evidence.  Thelen also objects to the phrase "SOLID WASTE" on the grounds that it is

8  vague and ambiguous.  Thelen further objects to this Request to the extent that it seeks documents

9  containing McKesson's trade secrets and proprietary information.  In addition, Thelen objects to

10  this Request on the grounds that it seeks to invade the privacy of third-parties to the litigation.

11  Thelen also objects to this Request to the extent that it seeks documents protected by the attorney-

12  client privilege, attorney work product doctrine, and any other applicable privilege.

13  **REQUEST FOR PRODUCTION I):**

14      ALL DOCUMENTS that REFER OR RELATE to the transfer from MCKESSON SITE of

15  any CHLORINATED SOLVENTS.

16  **OBJECTIONS TO REQUEST FOR PRODUCTION I):**

17      Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

18  and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

19  admissible evidence.  Thelen also objects to the phrase "CHLORINATED SOLVENTS" on the

20  grounds that it is vague and ambiguous.  Thelen further objects to this Request to the extent that it

21  seeks documents containing McKesson's trade secrets and proprietary information.  In addition,

22  Thelen objects to this Request on the grounds that it seeks to invade the privacy of third-parties to

23  the litigation.  Thelen also objects to this Request to the extent that it seeks documents protected

24  by the attorney-client privilege, attorney work product doctrine, and any other applicable

25  privilege.

26  / / /

27  / / /

28  / / /

5

1    **REQUEST FOR PRODUCTION J):**

2         ALL DOCUMENTS that REFER TO RELATE to the storage, retention, destruction, or

3    transfer of DOCUMENTS of MCKESSON CHEMICAL between 1986 and 2005.

4    **OBJECTIONS TO REQUEST FOR PRODUCTION J):**

5         Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

6    and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

7    admissible evidence.  Thelen further objects to this Request to the extent that it seeks documents

8    containing McKesson's trade secrets and proprietary information.  In addition, Thelen objects to

9    this Request on the grounds that it seeks to invade the privacy of third-parties to the litigation.

10   Thelen also objects to this Request to the extent that it seeks documents protected by the attorney-

11   client privilege, attorney work product doctrine, and any other applicable privilege.

12   **REQUEST FOR PRODUCTION K):**

13        ALL DOCUMENTS that REFER TO RELATE to any discussion, convention, or

14   CORRESPONDENCE with any PERSON regarding the MCKESSON SITE or the above-entitled

15   action.

16   **OBJECTIONS TO REQUEST FOR PRODUCTION K):**

17        Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

18   and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

19   admissible evidence.  Thelen further objects to this Request to the extent that it seeks documents

20   containing McKesson's trade secrets and proprietary information.  In addition, Thelen objects to

21   this Request on the grounds that it seeks to invade the privacy of third-parties to the litigation.

22   Thelen also objects to this Request to the extent that it seeks documents protected by the attorney-

23   client privilege, attorney work product doctrine, and any other applicable privilege.

24   **REQUEST FOR PRODUCTION L):**

25        ALL DOCUMENTS that REFER TO RELATE to any discussion, conversation, or

26   CORRESPONDENCE with UNIVAR regarding the MCKESSON SITE or the above-entitled

27   action.

28   / / /

1  **OBJECTIONS TO REQUEST FOR PRODUCTION L):**

2       Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

3  and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

4  admissible evidence.  Thelen further objects to this Request to the extent that it seeks documents

5  containing McKesson's trade secrets and proprietary information.  In addition, Thelen objects to

6  this Request on the grounds that it seeks to invade the privacy of third-parties to the litigation.

7  Thelen also objects to this Request to the extent that it seeks documents protected by the attorney-

8  client privilege, attorney work product doctrine, and any other applicable privilege.

9  **REQUEST FOR PRODUCTION M):**

10      ALL DOCUMENTS that REFER TO RELATE to any discussion, conversation, or

11  CORRESPONDENCE with UNIVAR regarding the transmittal of ALL DOCUMENTS that relate

12  to MCKESSON CHEMICAL.

13  **OBJECTIONS TO REQUEST FOR PRODUCTION M):**

14      Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

15  and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

16  admissible evidence.  Thelen further objects to this Request to the extent that it seeks documents

17  containing McKesson's trade secrets and proprietary information.  In addition, Thelen objects to

18  this Request on the grounds that it seeks to invade the privacy of third-parties to the litigation.

19  Thelen also objects to this Request to the extent that it seeks documents protected by the attorney-

20  client privilege, attorney work product doctrine, and any other applicable privilege.

21  **REQUEST FOR PRODUCTION N):**

22      ALL DOCUMENTS that REFER TO RELATE to any discussion, conversation, or

23  CORRESPONDENCE with UNIVAR regarding the transmittal of ALL DOCUMENTS relate to

24  the MCKESSON SITE.

25  **OBJECTIONS TO REQUEST FOR PRODUCTION N):**

26      Thelen objects to this Request on the grounds that it is overbroad and unduly burdensome,

27  and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

28  admissible evidence.  Thelen further objects to this Request to the extent that it seeks documents

7

1  containing McKesson's trade secrets and proprietary information.  In addition, Thelen objects to

2  this Request on the grounds that it seeks to invade the privacy of third-parties to the litigation.

3  Thelen also objects to this Request to the extent that it seeks documents protected by the attorney-

4  client privilege, attorney work product doctrine, and any other applicable privilege.

5  Dated: 6/15, 2007                THELEN REID BROWN RAYSMAN & STEINER LLP

6

7                                            By: _____

8                                                Jennifer A. Kuenster
                                                 Ross M. Petty
9                                                Attorneys for Non-Party
                                                 THELEN REID BROWN RAYSMAN &
10                                               STEINER LLP

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

# CERTIFICATE OF SERVICE BY FACSIMILE

CASE NO. 01-10532 TJH (Ex)

I am over the age of 18 and not a party to the within action. I am employed in the County of San Francisco, State of California by Thelen Reid Brown Raysman & Steiner LLP. My business address is 101 Second Street, Suite 1800, San Francisco, California 94105.

On June 15, 2007, at the time and from the telephone facsimile number indicated on the attached transmission report, the following entitled document:

**OBJECTIONS OF NON-PARTY THELEN REID BROWN
RAYSMAN & STEINER LLP TO ANGELES CHEMICAL
COMPANY, INC.'S AMENDED SUBPOENA REQUESTING
PRODUCTION OF DOCUMENTS PURSUANT TO FRCP 45**

was served by transmitting true and correct copies thereof via facsimile to the following:

## SEE ATTACHED SERVICE LIST

I am readily familiar with the practices of Thelen Reid Brown Raysman & Steiner LLP for sending documents via facsimile. On the above stated date, the above listed document was transmitted via facsimile and said transmission was reported complete and without error. A copy of the transmission report showing the date and time of transmission that was properly issued by the transmitting facsimile machine is attached hereto, and incorporated herein by reference.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 15, 2007, at San Francisco, California.

_____
Signature

_____

# SERVICE LIST

Jeffery L. Canfield, Esq.
Kenneth E. James, Esq.
CAUFIELD & JAMES, LLP
2801 Camino Del Rio South, Suite 250
San Diego, CA 92108
Tel:    (619) 325-0441
Fax:   (619) 325-0231
[Attorneys for Plaintiffs GREVE FINANCIAL SERVICES,
INC., ANGELES CHEMICAL COMPANY, INC. and
JOHN LOCKE]

Leslie R. Schenck, Esq.
GARVEY SCHUBERT BARER
Eighteenth Floor
1191 Second Avenue
Seattle, WA 98101-2939
Tel:    (206) 464-3939, x 1486
Fax:   (206) 464-0125
**lschenck@gsblaw.com**
[Attorneys for UNIVAR]

John D. Edgcomb, Esq.
Mary E. Wilke, Esq.
115 Sansome Street, Suite 805
San Francisco, CA 94104
Tel:    (415) 399-1555
Fax:   (415) 399-1885
**jedgcomb@edgcomb-law.com**
**mwilke@edgcomb-law.com**
[Attorneys for McKESSON CORPORATION,
HARVEY SORKIN, SEYMOUR MOSLIN
and THE ESTATE OF PAUL MASLIN]

CERTIFICATE OF SERVICE BY FACSIMILE

1  Nancy M. Wilms, Esq.
2  Bingham McCutchen LLP
   355 South Grand Avenue, Suite 4400
3  Los Angeles, CA 90071-3106
4  Tel:   (213) 680-6400
   Fax:  (213) 680-6499
5  **nancy.wilms@bingham.com**
6  [Attorneys for McKESSON CORPORATION,
   HARVEY SORKIN, SEYMOUR MOSLIN
7  and THE ESTATE OF PAUL MASLIN]

8
   Devon M. Lyon, Esq.
9  Law Offices of Timothy Cronin
10 202 Fashion Lane, Suite 208
   Tustin, CA 92780
11 Tel:   (714) 505-9365
12 Fax:  (714) 505-3792
   **dlyon@crolaw.com**
13 **tcronin@crolaw.com**
14 [Attorneys for DONNA and ROBERT
   BERG, PEARL ROSENTHAL and THE
15 ESTATE OF ARNOLD ROSENTHAL]

16
17
18
19
20
21
22
23
24
25
26
27
28