Jeffery L. Caufield, Esq. (SBN: 166524)
jeff@caufieldjames.com
Caufield & James LLP
2851 Camino Del Rio South, Suite 250
San Diego, California 92108
Telephone: (619) 325-0441
Facsimile: (619) 325-0231

FILED
CLERK, U.S. DISTRICT COURT
AUG - 7 2007
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Attorneys for Plaintiffs, Counter-Defendants, Cross-Defendants Angeles Chemical Company, Inc., John Locke and Greve Financial Services, Inc.

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELES CHEMICAL COMPANY, INC., et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>MCKESSON CORPORATION, a California Corporation, MCKESSON CHEMICAL COMPANY, FOREMOST-MCKESSON EXPORT CORPORATION, MORELAND-MCKESSON CHEMICAL COMPANY INC., and DOES 1 through 500, Inclusive,<br><br>Defendants.<br><br>AND RELATED CROSS-CLAIMS. | Case No: 01-10532 TJH (Ex)<br><br>JOINT STIPULATION FOR LITIGATION STAY AND MOTION FOR CONTINUANCE OF ALL SCHEDULING ORDER DEADLINES FORTY-FIVE (45) DAYS<br><br>Date: TBD<br>Time: TBD<br>Judge: Hon. Terry J. Hatter Jr.<br><br>Discovery Cut-Off: June 11, 2007<br>Pre-Trial Conference: December 3, 2007<br>Trial Date: TBD |

## I. INTRODUCTION

Pursuant to Federal Rules of Civil Procedure Rule 16 (b) and Local Rule 7-19 of the United States District Court, Central District of California, *all the parties to this litigation*, including Plaintiffs/Counter-Defendants Angeles Chemical Company, Inc., John Locke, Greve Financial Services (collectively "Angeles"), Cross-Defendant, Cross-Complainant Robert Berg, Donna Berg, Pearl Rosenthal, and the Estate of Arnold Rosenthal (hereinafter "Berg Parties"), and Defendants and Counter Claimants/Counter-defendants McKesson, Harvey Sorkin, Estate of Paul Maslin, Seymour Moslin (hereinafter collectively, "McKesson") hereby submit this Joint Stipulated Application for *Ex Parte* Motion for litigation stay and continuance of *all Scheduling Order deadlines that have not already passed as of the date of this stipulation, except as specifically set forth herein, for a period of* forty-five (45) days.

## II. GOOD CAUSE EXISTS FOR LITIGATION STAY AND CONTINUANCE OF CERTAIN SCHEDULING ORDER DEADLINES FOR FORTY FIVE (45) DAYS TO ALLOW FOR SETTLEMENT NEGOTIATIONS.

In June 2003 and March 2004, the parties engaged in two mediations before the Honorable Justice Irving (ret.) in San Diego, California. Beginning in the fall of 2004 through mid-2005, the parties entered into further settlement negotiations. Recently, Angeles and McKesson have agreed to renew settlement negotiations, which have resulted in an exchange of proposals and ideas to establish a process and procedure which will allow the parties to engage in meaningful settlement discusssions. The parties have committed to conducting several face-to-face settlement meetings over the next 45 days in order to attempt to resolve their differences and effectuate a global settlement. In order to reduce the costs and expenses incurred by the parties and facilitate the settlement negotiations, the parties have agreed to a litigation standstill during this forty-five (45) day time

1

period, which would entail (1) continuing expert disclosures and all scheduling order deadlines which have not yet passed as set forth below, (2) a hold on the filing of any additional motions with either the District Judge and/or the Magistrate Judge whose deadline to file has not already passed as of the date this Order is signed by the Court, (3) continuing the hearing dates and briefing schedule for currently filed motions as set forth below, and (4) stipulating to request Magistrate Judge Eick and/or Judge Hatter to stay any ruling granting in whole or in part the currently pending discovery motion re the 8th Set of Requests for Production of Documents, set for hearing on August 17, 2007, for forty-five (45) days to allow for settlement discussions should any such Order be issued.

### III. BACKGROUND

The underlying case involves claims surrounding the contamination of soil and groundwater at and under and surrounding property located in Santa Fe Springs, California. The underlying soil and groundwater contamination was allegedly caused by the operation of two neighboring chemical distribution facilities beginning in the mid-1970s. During the course of the litigation, over 100 depositions have been taken and over 2,000,000 pages of documents produced between the parties and third parties. As discussed supra, significant prior efforts have been undertaken to resolve the issues between the parties. The parties now need time to pursue settlement discussions.

### IV. LEGAL ANALYSIS

Scheduling orders entered before the final pretrial conference may be modified upon a showing of "good cause." Hannon v. Chater, 887 F.Supp. 1303 (N.D.Cal. 1995); FRCP 16. The reason for the "good cause" requirement for modification of a court's scheduling order is that such orders and their enforcement are regarded as an essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner. Rouse v. Farmers State Bank of Jewell, Iowa, 866 F.Supp. 1191 (N.D.Iowa 1994).

The terms of the stay and continuance, as stipulated among all the parties to this litigation herein, are as follows:

1. The litigation shall be stayed beginning August 7, 2007 through September 20, 2007 (the "stay period") as follows:

a.) The deadlines for fact discovery and fact discovery motions have passed and are not impacted by the within stipulation. All remaining discovery shall be stayed as set forth herein. Plaintiffs will take no further legal action in their proceedings against SSD, and Thelen, Reid pending in the United States District Court, Northern District of California, and Univar pending in the Western District of Washington, during the stay period. However, this agreement is without prejudice to the parties' right to seek further relief on these matters or others by ex parte motion after the termination of this agreement at the conclusion of the stay period.

b.) The dispositive motion deadline has passed and is not impacted by the within stipulation. The hearing date on McKesson's Motion for Summary Adjudication filed against the Berg parties on August 3, 2007, which is currently set for August 27, 2007, shall be continued to October 15, 2007 and the hearing date on Angeles' Motion for Summary Adjudication filed against McKesson on August 6, 2007, which is currently set for September 17, 2007, shall be continued to November 5, 2007. The hearing dates for the five Motions to Review currently set for hearing on August 27, 2007 shall be continued to October 15, 2007. The deadline for filing any Motion to Review remains unchanged; however, any Motion for Review filed on or after the date of this stipulation shall be set for hearing on October 29, 2007. The continuances of the above referenced hearing dates are to reduce the costs incurred in briefing associated with the subject motions during the forty-five (45) day litigation stay. The litigation stay shall also stay the filing of any other motions with the Court for pre-trial purposes inclusive of motions in limine. However, this agreement is without prejudice to the parties' right to seek further relief on these matters or others by ex parte motion or otherwise after the termination of this

agreement. In addition, during the stay period, the parties may file joint requests for decisions on pending motion as required by Local Rule 83-9.2, and joint requests for intended decisions dates on pending motions as required by Local Rule 83-9.4.

c.) In the event that Magistrate Judge Eick grants, in whole or in part, Plaintiffs' Motion to Compel further responses to Angeles' Requests for the Production of Documents, Set No. 8, set for hearing on August 17, 2007, the parties agree to stipulate to jointly seeking a stay of that Order from Magistrate Judge Eick and/or Judge Hatter for the stay period to reduce litigation costs and allow the parties to focus their efforts on settlement negotiations.

d.)   In order to facilitate negotiations, the parties shall exchange all of their FRCP Rule 26 expert reports on August 15, 2007 as documents exchanged for settlement purposes only. In the absence of a court order or validly issued subpoena, the reports disclosed on August 15, 2007 shall not otherwise be disclosed to any third-parties, with the exception that the reports may be disclosed to clients, counsel, consultants and experts. In the event that the parties cannot reach a settlement during the forty-five (45) day stay, the reports disclosed on August 15, 2007 shall remain the parties' FRCP Rule 26 expert reports, transmitted for purposes of trial on September 21, 2007 and expert discovery can commence beginning September 21, 2007.

e.) <u>The June 11, 2007 discovery cut off, and the August 6, 2007 discovery motion and dispositive motion cut offs will remain unchanged.</u>

f.)  <u>All pre-trial dates beginning with the expert discovery cut off and all pre-trial dates subsequent thereto in the current case management order shall be continued for forty-five (45) days.</u>

4
JOINT STIPULATION FOR LITIGATION STAY AND CONTINUANCE OF DEADLINES

1 | The Court having read and considered the underlying facts and case law finds
2 | that good cause exists for the stipulations set forth above.

4 | It is so Ordered.

6 | August 7, 2007

                                                **Hon. Judge Terrence Hatter Jr.**

So Stipulated:

DATED: August 7, 2007          THE LAW OFFICES OF TIMOTHY C. CRONIN, ESQ.

By _____
Chris C. Chapman, Esq.
Attorneys Counter-Defendants, Counter-Claimants, and Cross-Complainants Robert Berg, Donna Berg, Pearl Rosenthal, and the Estate of Arnold Rosenthal

DATED: August 7, 2007          CAUFIELD & JAMES LLP

By_____
Jeffery L. Caufield, Esq.
Attorneys for Plaintiff, Counter-Defendants, Cross-Defendants Angeles Chemical Company, Inc., John Locke and Greve Financial Services, Inc.

Dated: August 7, 2007                    Bingham & McCutchen

                                         By _____/s/ Nancy M. Wilms_____
                                         Nancy M. Wilms, Esq.
                                         Attorneys for Defendants and
                                         Counter-Claimants McKesson
                                         Corporation, Harvey Sorkin, Seymour
                                         Moslin and the Estate of Paul Maslin


Dated: August 7, 2007                    The Law Offices Of John Edgcomb

                                         By _____/s/ John D Edgcomb_____
                                         John Edgcomb, Esq.
                                         Attorneys for Defendants and Counter-
                                         Claimants McKesson Corporation,
                                         Harvey Sorkin, Seymour Moslin and
                                         the Estate of Paul Maslin

1  The Court having read and considered the underlying facts and case law finds
2  that good cause exists for the stipulations set forth above.
3
4  It is so Ordered.
5
6  August 7, 2007                                    **TERRY J. HATTER, JR.**
                                                     _____
7                                                    Hon. Judge Terry J. Hatter Jr.
8
9  So Stipulated:
10 DATED:  August 7, 2007            THE LAW OFFICES OF TIMOTHY
11                                   C. CRONIN, ESQ.
12
                                     By
13
14                                   _____
                                     Chris C. Chapman, Esq.
15                                   Attorneys Counter-Defendants,
16                                   Counter-Claimants, and Cross-
                                     Complainants Robert Berg, Donna
17                                   Berg, Pearl Rosenthal, and the Estate
18                                   of Arnold Rosenthal
19
20 DATED:  August 7, 2007            CAUFIELD & JAMES LLP

21
22                                   By_____
                                     Jeffery L. Caufield, Esq.
23                                   Attorneys for Plaintiff, Counter-
24                                   Defendants, Cross-Defendants
                                     Angeles Chemical Company, Inc.,
25                                   John Locke and Greve Financial
26                                   Services, Inc.
27
28