1  Jeffery L. Caufield (SBN 166524)
   jeff@caufieldjames.com
2  Kenneth E. James (SBN 173775)
   ken@caufieldjames.com
3  CAUFIELD & JAMES, LLP
   2851 Camino Del Rio South, Suite 250
4  San Diego, California 92108
   Telephone: 619-325-0441
5  Facsimile : 619-325-0231

6  Attorneys for Plaintiffs, Greve Financial
   Services, Inc., Angeles Chemical Company,
7  Inc., and John Locke

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10 ANGELES CHEMICAL COMPANY,        )   Northern District Miscellaneous Matter
                                    )   Case No. C 06-80343 Misc MMC (EDL)
11 INC., a California Corporation, GREVE )  Case No. C 07-80123 Misc MMC (EDL)
   FINANCIAL SERVICES INC., a       )
12 California Corporation, and JOHN  )   Case No: 01-10532 TJH (Ex)
                                    )   Central District of California
13 LOCKE, an individual,             )
                                    )   ANGELES' RESPONSE TO SQUIRE
14       Plaintiffs,                )   SANDERS & DEMPSEY'S NOTICE OF
                                    )   ENTRY OF STAY OF UNDERLYING
15                                  )   ACTION
         vs.                        )
16                                  )
                                    )
17 MCKESSON CORPORATION, a          )
   California Corporation, et. al.,  )
18                                  )
                                    )
19       Defendants.                 )

Angeles' Reply to SSD's Notice of Continuance              Case No. 01-10532 TJH(Ex)
                                                           Central District of California

## I. Introduction

On August 9, 2007 non-party Squire, Sanders & Dempsey, L.L.P. ("SSD") filed a Notice of Entry of Stay of the Underlying Action with the Court ("Notice"). This Notice inaccurately described the effect of the stay negotiated and signed by Angeles, McKesson, and the other parties to the litigation currently filed in the Central District. SSD's Notice also improperly implied that SSD was not required comply with this Court's outstanding discovery orders until after the stay was terminated. In order to clarify the record, Angeles Chemical Company Inc., Greve Financial Services Inc. and John Locke (collectively "Angeles") provide their response to SSD's faulty Notice.

## II. Analysis

On August 7, 2007 Angeles and the other parties to the <u>Angeles v. McKesson</u> litigation, currently before the Honorable Judge Terry J. hatter Jr. in the Central District, agreed to stay the litigation for forty-five (45) days.[1] The parties also agreed to stay all discovery and discovery motions between the parties for 45 days. However, the parties did not agree to stay all discovery between nonparties. Instead, they parties specifically noted,

> "The deadlines for fact discovery and fact discovery motions have passed and are not impacted by the within stipulation. **All remaining discovery shall be stayed as set forth herin. Plaintiffs will take no further legal action in their proceedings against SSD, and Thelen, Reid pending in the United States District Court, Northern District of California, and Univar pending in the Western District of Washington, during the stay period.** However, this agreement is without prejudice to the parties' right to seek further relief on these matters or others by ex parte motion after the termination of this agreement at the conclusion of the stay period." (Joint Stipulation for Litigation Stay at 3:6-13).

Therefore, the language of the stay proves that Angeles and the other parties to the litigation agreed that Angeles would not file any new motions against SSD or other listed nonparties until after the stay had ended. However, the parties did not authorize SSD to delay

1

Angeles' Reply to SSD's Notice of Continuance                    Case No. 01-10532 TJH(Ex)
                                                                 Central District of California

1  compliance with this Court's outstanding discovery orders.  Thus, SSD remains obligated to
2  comply with this Court's March 22, 2007, and August 2, 2007 orders.
3        Further support for this conclusion is seen by the August 9, 2007 stipulation, which
4  clarified all hearing dates and pre-trial dates included in the stay.[2]  This stipulation outlined
5  
6  the motions that were included in the stay.  (August 9, 2007 Stipulation at 3-6).  Nowhere in
7  the stipulation is it stated that SSD was absolved of its duty to comply with this Court's
8  outstanding discovery orders.  Additionally, the stipulation did not show that SSD could
9  ignore Angeles' meet and confers sent during the 45 day stay.
10        Thus, SSD's unilateral decision not to comply with the Court's March 22, 2007 order
11  or its August 2, 2007 order is unsupported by the stay currently in place with the Central
12  District.  Angeles hopes that SSD will comply with the Court's orders thus making it
13  unnecessary to seek further Court orders.  However, Angeles has provided SSD with its
14  opinions on SSD's duty to comply and notice of Angeles' intent to file a motion seeking
15  sanctions, immediately after the stay has ended, if SSD does not comply with this Court's
16  orders and does not respond to Angeles' August 1, 2007 meet and confer.[3]

**III.   Conclusion.**

      As shows above, the stay negotiated between the parties and filed with the Central District does not give SSD the right to stall compliance with this Court's discovery orders ignore Angeles' meet and confers.  If SSD does not create a separate index of the McKesson documents identified in the privileged documents or privileged portions of the documents listed in the Court's August 2, 2007 order, including information identifying the documents and the location of the documents as last knows by SSD, by 14 days of the Court's August 2,

---

[1] A true and correct copy of the August 7, 2007 stay is attached hereto as Exhibit A.
[2] A true and correct copy of the August 9, 2007 stipulation is attached hereto as Exhibit B.
[3] A true and correct copy of this letter is attached hereto as Exhibit C.

2

Angeles' Reply to SSD's Notice of Continuance       Case No. 01-10532 TJH(Ex)
      Central District of California

1  2007 order, SSD will be in contempt. Additionally, if SSD does not produce to McKesson
2  the nonprivileged documents listed in the August 2, 2007 order within 7 days of the order, it
3  will also be in contempt. Furthermore, SSD remains duty bound to participate in any meet
4  and confer initiated by Angeles during the 45 day stay.

DATED: August 10, 2007                    Caufield & James, LLP

                                          Jeffery L. Caufield, Esq.
                                          Attorneys for Plaintiff/Counter-Defendant

Angeles' Reply to SSD's Notice of Continuance         Case No. 01-10532 TJH(Ex)
                                                     Central District of California