Jeffery L. Caufield (SBN 166524)
jeff@caufieldjames.com
Kenneth E. James (SBN 173775)
ken@caufieldjames.com
CAUFIELD & JAMES, LLP
2851 Camino Del Rio South, Suite 250
San Diego, California 92108
(619) 325-0441 Telephone
(619) 325-0231 Facsimile

Attorneys for Plaintiffs, Greve Financial Services, Inc.,
Angeles Chemical Company, Inc., and John Locke

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELES CHEMICAL COMPANY, INC., a California Corporation; GREVE FINANCIAL SERVICES, INC., a California Corporation; and JOHN G. LOCKE, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>McKESSON CORPORATION, a California Corporation, et. al.,<br><br>Defendants. | Northern District Miscellaneous Matter No.<br>Case No. C 06-80343 Misc MMC (EDL)<br>Case No. C 07-80123 Misc MMC (EDL)<br><br>Case No: 01-10532 TJH (Ex)<br>Central District of California<br><br>STIPULATION AND [PROPOSED] ORDER CONTINUING THE AUGUST 28, 2007 HEARING DATE FOR ANGELES' MOTION TO COMPEL AGAINST THELEN & REID |

Angeles Chemical Company Inc. ("Angeles") and Non-Party Thelen Reid Brown Raysman & Steiner LLP ("Thelen & Reid"), by and through their undersigned counsel, stipulate to the following agreement regarding a continuance of the hearing dates for Angeles' motion to compel production of documents filed against Thelen & Reid. The parties have agreed to continue the current hearing date of August 28, 2007 to October 9, 2007.

## I.   Good Cause Exists for a Continuance of Scheduling Orders

Scheduling orders entered before the final pretrial conference may be modified upon a showing of "good cause." Hannon v. Chater, 887 F. Supp. 1303 (N.D. Cal. 1995); FRCP 16. The reason for the "good cause" requirement for modification of a court's scheduling order is that such orders and their enforcement are regarded as an essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner. Rouse v. Farmers State Bank of Jewell, Iowa, 866 F. Supp. 1191 (N.D. Iowa 1994). Good cause to continue the hearing date exists here because the parties to the litigation have stayed the litigation for forty-five (45) days and continued all hearing dates for motions currently filed with the Court to provide the parties an opportunity to conduct settlement negotiations.

## II.   The Central District Has Approved the Request for a Litigation Stay of 45 Days Filed by the Parties to this Action

On August 7, 2007, the Honorable Judge Terrance J. Hatter Jr. approved a Joint Stipulation for a Litigation Stay and Motion for Continuance of all Scheduling Orders for 45 days, beginning August 7, 2007 through September 20, 2007. That Joint Stipulation sought (1) a continuance of expert disclosures and all scheduling order deadlines which have not yet passed, (2) a hold on the filing of any additional motions with either the District Judge and/or the Magistrate Judge whose deadline to file has not already passed as of the date the Order was signed by the Court, (3) a continuance of the hearing dates and briefing schedule for currently

filed motions, and (4) stipulated to a stay of any ruling by Magistrate Judge Eick and/or Judge Hatter regarding the pending discovery motion associated with the Eighth Set of Requests for Production of Documents, set for hearing on August 17, 2007. The reason for the stay and continuance was to allow for settlement discussions between the parties.

Although the stipulation clearly sought a continuance for all hearing dates and briefing schedule for currently filed motions, it did not specifically identify Angeles' motion to compel filed against Thelen & Reid set for August 28, 2007. The parties thereby formally stipulate to continue the hearing date for the motion to compel until October 9, 2007. A continuance of the above referenced hearing date will reduce the costs incurred in briefing associated with the subject motion during the forty-five (45) day litigation stay. Additionally, the continuance supports the purpose of the August 7, 2007 Joint Stipulation that was granted by Judge Hatter, namely, to allow the parties time to conduct further negotiations and reach possible settlement of the litigation.

**The Court having read and considered the underlying facts and case law finds that good cause exists for the stipulations set forth above.**

**It is so Ordered.**

**DATED _____, 2007**

                                                         **Hon. Elizabeth D. Laporte**
                                                        **United States District Judge**

///

///

///

///

So Stipulated:

DATED: August 10, 2007                CAUFIELD & JAMES LLP

                                      By /s/ _____
                                      Jeffery L. Caufield, Esq.
                                      Attorney for Plaintiff, Counter-Defendants, Cross-
                                      Defendants Angeles Chemical Company, Inc., John
                                      Locke and Greve Financial Services, Inc.



Dated: August __, 2007                THELEN REID BROWN RAYSMAN & STEINER LLP



                                      By _____
                                      Ross M. Petty, Esq.
                                      Attorney for Non-Party
                                      Thelen Reid Brown Raysman & Steiner LLP

So Stipulated:

DATED: August 10, 2007

CAUFIELD & JAMES LLP

By: _____
Jeffery L. Caufield, Esq.
Attorney for Plaintiff, Counter-Defendants, Cross-Defendants Angeles Chemical Company, Inc., John Locke and Greve Financial Services, Inc.

Dated: August 13, 2007

THELEN REID BROWN RAYSMAN & STEINER LLP

By: _____
Ross M. Petty, Esq.
Attorney for Non-Party
Thelen Reid Brown Raysman & Steiner LLP