1  SQUIRE, SANDERS & DEMPSEY L.L.P.
   Diane L. Gibson (State Bar # 114825)
2  One Maritime Plaza, Suite 300
   San Francisco, CA  94111-3492
3  Telephone:  +1.415.954.0200
   Facsimile:   +1.415.393.9887
4  Email:         digibson@ssd.com

5  Attorneys for Non-Party, Rule 45 Subpoena
   Recipient SQUIRE, SANDERS & DEMPSEY LLP

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELES CHEMICAL COMPANY, INC., a California corporation, *et al.*, <br><br> Plaintiff, <br><br> vs. <br><br> MCKESSON CORPORATION, a California corporation, *et al.*, <br><br> Defendant. | Northern District Miscellaneous Matter <br> Case No.  C 06-80343 Misc MMC (EDL) <br> Case No. C 07-80123 Misc MMC (EDL) <br><br> Case No. 01-10532 TJH (Ex) <br> Central District of California <br><br> **REQUEST FOR ORDER CONSISTENT WITH DISTRICT COURT ORDER IN CENTRAL DISTRICT ACTION NO. 01-10532 TJH (Ex) CONFIRMING EFFECT OF STAY OF UNDERLYING ACTION AND/OR ORDER STAYING SQUIRE, SANDERS & DEMPSEY L.L.P.'S RESPONSE TO DISCOVERY ORDERS** |

SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

REQUEST FOR ORDER RE: ENTRY OF STAY IN
UNDERLYING ACTION
SANFRANCISCO/229773.4

Northern Dist. Misc. Matter
Case No. C 06-80343 Misc MMC (EDL)
Case No. C 07-80123 Misc MMC (EDL)

## I. INTRODUCTION

Non-party, Rule 45 subpoena recipient Squire, Sanders & Dempsey, L.L.P. ("SSD") hereby requests that this Court confirm that the stay of litigation in the underlying Central District of California action operates to stay SSD's response to the Court's Order dated July 5, 2007 and the Amended Order dated August 2, 2007 (together, the "Orders") or, in the alternative, that this Court stay this miscellaneous third-party discovery proceeding pursuant to its inherent powers until such time as the stay of the underlying action is terminated.

## II. THE LITIGATION STAY IN THE UNDERLYING ACTION STAYS SSD'S RESPONSES TO DISCOVERY ORDERS IN THIS MISCELLANEOUS PROCEDING

This miscellaneous proceeding exists solely for the pursuit in the Northern District of California of discovery allegedly relating to the underlying case, *Angeles Chemical Company, Inc., et al., v. McKesson Corporation, et al.,* Central District of California Action No. 01-10532 TJH (Ex) ("the Underlying Action").

On August 7, 2007, Judge Terry J. Hatter, Jr. issued an order in the Underlying Action, pursuant to the parties' stipulation "for litigation stay and continuance of all Scheduling Order deadlines that have not already passed … for a period of 45 days." ("Joint Stipulation for Litigation Stay and Continuance of Deadlines" ("Stay Order"), filed in this Court by SSD on August 9, 2007, docket No. 81 in Case No. 06-80343, at 1:11-13).[1] The parties to the Underlying Action agreed to a "litigation standstill" (Stay Order, 1:28).

The Stay Order had the effect of staying the Underlying Action from August 7, 2007 through September 20, 2007. Among other things, Plaintiffs (the subpoenaing parties in this miscellaneous proceeding) agreed that "***Plaintiffs will take no further legal action in their proceedings against SSD … pending in the United States District Court***…" Stay Order, p.3, emphasis added. The stipulation and order recites that the purpose of the stay is to "reduce the costs and expenses incurred by the parties and facilitate the settlement negotiations. Stay Order, p. 1:26-27.

---

[1] *See also*, docket No. 51 in Case No. 07-80123, at 1:11-13.

SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

REQUEST FOR ORDER RE: EFFECT OF ENTRY
OF STAY IN UNDERLYING ACTION
SANFRANCISCO/229773.4                              - 1 -

Northern Dist. Misc. Matter
Case No. C 06-80343 Misc MMC (EDL)
Case No. C 07-80123 Misc MMC (EDL)

On August 9, 2007, SSD provided notice to this Court and all parties that the underlying action had been stayed, including as to discovery as to SSD, and that SSD consequently understood that it would not be required to provide any additional compliance with respect to discovery or the discovery orders in this case unless and until the stay is terminated or upon further direction by the Court (the "Notice").

Certainly, a subpoena or court order to SSD constitutes "legal proceedings" against SSD, which Plaintiffs specifically agreed to stay. But, on August 10, 2007 Plaintiffs filed a Response to SSD's Notice (the "Response") in which they objected to SSD's Notice, asserted that the stay does not apply to SSD, and threatened to file a motion for sanctions against SSD after the stay is lifted, if SSD does not produce documents and indices per this Court's August 2 Amended Order.

SSD seeks confirmation or clarification from this Court that its Orders regarding discovery directed to SSD have no force and effect in light of the stay of litigation in the Underlying Action. The general stay of the underlying litigation, characterized by parties as a "litigation standstill," should serve to stay all discovery to third parties, such as SSD.

Indeed, one Court has already agreed with SSD's position. A motion to compel by Plaintiffs against third-party Univar has been pending in the Western District of Washington. When that court was informed of the litigation stay in the Underlying Action, it promptly stayed those miscellaneous proceedings. (A copy of that Court's Order is attached hereto as Exhibit A.) There is no reason why the stay should have any different effect in this case.

### III. EVEN IF THIS COURT DETERMINES THAT THE CENTRAL DISTRICT STAY ORDER DOES NOT AUTOMATICALLY STAY THIS PROCEDING, THIS COURT SHOULD EXERCISE ITS INHERENT POWERS TO STAY ANY FURTHER RESPONSE BY SSD TO THE SUBPOENA OR THE ORDERS

Plaintiffs seek a result that is the height of inequity. The parties in the underlying action have agreed to a stay "to reduce costs and expenses incurred by the parties" while they attempt to negotiate a settlement. Stay Order, at 1:26-27. Yet Plaintiffs insist that SSD, a ***non-party***, is duty-bound to continue to incur the costs and expenses necessary to respond to Plaintiffs' subpoena. As the Court is aware, SSD has already devoted considerable time and effort to responding to the subpoena. Plaintiffs seek to force SSD to continue to incur additional expenses

SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

REQUEST FOR ORDER RE: ENTRY OF STAY IN
UNDERLYING ACTION
SANFRANCISCO/229773.4                     - 2 -

Northern Dist. Misc. Matter
Case No. C 06-80343 Misc MMC (EDL)
Case No. C 07-80123 Misc MMC (EDL)

1  at the same time that Plaintiffs have arranged a stay in the underlying action to minimize their

2  own expenses. Not only is Plaintiffs' position inherently unfair, it also violates the general rule

3  that a party "shall take reasonable steps to avoid imposing undue burden or expense on a person

4  subject to that subpoena." Fed. R. Civ. Proc. 45(c)(1).

5      Further, given the stay of the underlying action, Plaintiffs will not be prejudiced if SSD's

6  response to the Amended Order is stayed pending the outcome of negotiations or until the

7  underlying stay is lifted. Conversely, any response by SSD will be entirely mooted – and its

8  effort and expense incurred in preparing the response will be entirely wasted – if the parties settle

9  the underlying action during the stay of litigation.

10      For the foregoing reasons, SSD hereby requests that the Court issue an Order that the stay

11  of the underlying action operates to stay SSD's responses to the Orders until such time that the

12  underlying stay is terminated, or issue its own Order staying SSD's responses to the Orders until

13  such time that the underlying stay is terminated.

Respectfully submitted,

Dated: August 13, 2007

SQUIRE, SANDERS & DEMPSEY L.L.P

By:    /s/Diane L. Gibson
       Diane L. Gibson

Attorneys for Non-Party, Rule 45 Subpoena Recipient Squire, Sanders & Dempsey L.L.P.

**SQUIRE, SANDERS & DEMPSEY L.L.P.**
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

REQUEST FOR ORDER RE: ENTRY OF STAY IN UNDERLYING ACTION
SANFRANCISCO/229773.4 - 3 -

Northern Dist. Misc. Matter
Case No. C 06-80343 Misc MMC (EDL)
Case No. C 07-80123 Misc MMC (EDL)