1   Jeffery L. Caufield (SBN 166524)
    jeff@caufieldjames.com
2   Kenneth E. James (SBN 173775)
    ken@caufieldjames.com
3   CAUFIELD & JAMES, LLP
    2851 Camino Del Rio South, Suite 250
4   San Diego, California 92108
    (619) 325-0441 Telephone
5   (619) 325-0231 Facsimile

6   Attorneys for Plaintiffs, Greve Financial Services,
    Inc., Angeles Chemical Company, Inc., and John
7   Locke

8                  **UNITED STATES DISTRICT COURT**

9                **NORTHERN DISTRICT OF CALIFORNIA**

10

11  ANGELES CHEMICAL COMPANY, INC., a        Northern District Miscellaneous Matter
    California Corporation, GREVE FINANCIAL   Case No. C 06-80343 Misc MMC (EDL)
                                              Case No. C 07-80123 Misc MMC (EDL)
12  SERVICES INC., a California Corporation,
    and JOHN LOCKE, an individual,           Case No: 01-10532 TJH (Ex)
13                                           Central District of California
              Plaintiffs,
14
         vs.
15                                           NOTICE OF ERRATA REGARDING
                                             ANGELES' RESPONSE TO SQUIRE
16  MCKESSON CORPORATION, a California       SANDERS & DEMPSEY'S NOTICE OF
    Corporation, et. al.,                    ENTRY OF STAY OF UNDERLYING
17                                           ACTION
              Defendants.
18

19

20

21

22

23

24

25

26

27

28

Notice of Errata                              Case No. 01-10532 TJH(Ex)
                                              Central District of California

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 10, 2007, Angeles Chemical Company Inc., Greve Financial Services Inc., and John Locke (collectively "Angeles") filed their response to Squire, Sanders & Dempsey's ("SSD") Notice of Stay.  That response referenced certain documents as Exhibits A-C.  Unfortunately, the response inadvertently omitted Exhibits A-C. Angeles respectfully requests this Court incorporate Exhibits A-C which are attached hereto.

DATED:  August 13, 2007                                Caufield & James, LLP


                                                       Jeffery L. Caufield, Esq.
                                                       Attorney for Plaintiffs/Counter-defendants

2

# EXHIBIT A

1

2   Jeffery L. Caufield, Esq. (SBN: 166524)
    jeff@caufieldjames.com
3   Caufield & James LLP
    2851 Camino Del Rio South, Suite 250
4   San Diego, California 92108
5   Telephone: (619) 325-0441
    Facsimile: (619) 325-0231
6

7   Attorneys for Plaintiffs, Counter-Defendants, Cross-
8   Defendants Angeles Chemical Company, Inc., John
    Locke and Greve Financial Services, Inc.
9

10              UNITED STATES DISTRICT COURT
          FOR THE CENTRAL DISTRICT OF CALIFORNIA
11

12  ANGELES CHEMICAL COMPANY,       )  Case No:  01-10532 TJH (Ex)
    INC., et al.                    )
13                                  )  JOINT STIPULATION FOR
                                    )  LITIGATION STAY AND
14          Plaintiffs,             )  MOTION FOR CONTINUANCE
                                    )  OF ALL SCHEDULING ORDER
15          vs.                     )  DEADLINES FORTY-FIVE (45)
                                    )  DAYS
16  MCKESSON CORPORATION, a         )
17  California Corporation, MCKESSON )
    CHEMICAL COMPANY,               )  Date: TBD
18  FOREMOST-MCKESSON EXPORT        )  Time: TBD
19  CORPORATION, MORELAND-          )  Judge:  Hon. Terry J. Hatter Jr.
    MCKESSON CHEMICAL               )
20  COMPANY INC., and DOES 1 through)  Discovery Cut-Off: June 11, 2007
21  500, Inclusive,                 )  Pre-Trial Conference: December 3,
                                    )  2007
22          Defendants.             )  Trial Date: TBD
23  _____  )
                                    )
24  AND RELATED CROSS-CLAIMS.       )
25                                  )
                                    )
26                                  )
                                    )
27                                  )
                                    )
28  _____  )

FILED
CLERK, U.S. DISTRICT COURT

AUG - 7 2007

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## I.    INTRODUCTION

Pursuant to Federal Rules of Civil Procedure Rule 16 (b) and Local Rule 7-19 of the United States District Court, Central District of California, **_all the parties to this litigation_**, including Plaintiffs/Counter-Defendants Angeles Chemical Company, Inc., John Locke, Greve Financial Services (collectively "Angeles"), Cross-Defendant, Cross-Complainant Robert Berg, Donna Berg, Pearl Rosenthal, and the Estate of Arnold Rosenthal (hereinafter "Berg Parties"), and Defendants and Counter Claimants/Counter-defendants McKesson, Harvey Sorkin, Estate of Paul Maslin, Seymour Moslin (hereinafter collectively, "McKesson") hereby submit this Joint Stipulated Application for _Ex Parte_ Motion for litigation stay and continuance of **_all Scheduling Order deadlines that have not already passed as of the date of this stipulation, except as specifically set forth herein, for a period of forty-five (45) days._**

## II.    GOOD CAUSE EXISTS FOR LITIGATION STAY AND CONTINUANCE OF CERTAIN SCHEDULING ORDER DEADLINES FOR FORTY FIVE (45) DAYS TO ALLOW FOR SETTLEMENT NEGOTIATIONS.

In June 2003 and March 2004, the parties engaged in two mediations before the Honorable Justice Irving (ret.) in San Diego, California. Beginning in the fall of 2004 through mid-2005, the parties entered into further settlement negotiations. Recently, Angeles and McKesson have agreed to renew settlement negotiations, which have resulted in an exchange of proposals and ideas to establish a process and procedure which will allow the parties to engage in meaningful settlement discusssions. The parties have committed to conducting several face-to-face settlement meetings over the next 45 days in order to attempt to resolve their differences and effectuate a global settlement. In order to reduce the costs and expenses incurred by the parties and facilitate the settlement negotiations, the parties have agreed to a litigation standstill during this forty-five (45) day time

1

period, which would entail (1) continuing expert disclosures and all scheduling order deadlines which have not yet passed as set forth below, (2) a hold on the filing of any additional motions with either the District Judge and/or the Magistrate Judge whose deadline to file has not already passed as of the date this Order is signed by the Court, (3) continuing the hearing dates and briefing schedule for currently filed motions as set forth below, and (4) stipulating to request Magistrate Judge Eick and/or Judge Hatter to stay any ruling granting in whole or in part the currently pending discovery motion re the 8th Set of Requests for Production of Documents, set for hearing on August 17, 2007, for forty-five (45) days to allow for settlement discussions should any such Order be issued.

## III.   BACKGROUND

The underlying case involves claims surrounding the contamination of soil and groundwater at and under and surrounding property located in Santa Fe Springs, California.   The underlying soil and groundwater contamination was allegedly caused by the operation of two neighboring chemical distribution facilities beginning in the mid-1970s.   During the course of the litigation, over 100 depositions have been taken and over 2,000,000 pages of documents produced between the parties and third parties.   As discussed supra, significant prior efforts have been undertaken to resolve the issues between the parties.   The parties now need time to pursue settlement discussions.

## IV.   LEGAL ANALYSIS

Scheduling orders entered before the final pretrial conference may be modified upon a showing of "good cause." Hannon v. Chater, 887 F.Supp. 1303 (N.D.Cal. 1995); FRCP 16.   The reason for the "good cause" requirement for modification of a court's scheduling order is that such orders and their enforcement are regarded as an essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner. Rouse v. Farmers State Bank of Jewell, Iowa, 866 F.Supp. 1191 (N.D.Iowa 1994).

2

The terms of the stay and continuance, as stipulated among all the parties to this litigation herein, are as follows:

1. The litigation shall be stayed beginning August 7, 2007 through September 20, 2007 (the "stay period") as follows:

a.)    The deadlines for fact discovery and fact discovery motions have passed and are not impacted by the within stipulation. All remaining discovery shall be stayed as set forth herein. Plaintiffs will take no further legal action in their proceedings against SSD, and Thelen, Reid pending in the United States District Court, Northern District of California, and Univar pending in the Western District of Washington, during the stay period. However, this agreement is without prejudice to the parties' right to seek further relief on these matters or others by ex parte motion after the termination of this agreement at the conclusion of the stay period.

b.)    The dispositive motion deadline has passed and is not impacted by the within stipulation. The hearing date on McKesson's Motion for Summary Adjudication filed against the Berg parties on August 3, 2007, which is currently set for August 27, 2007, shall be continued to October 15, 2007 and the hearing date on Angeles' Motion for Summary Adjudication filed against McKesson on August 6, 2007, which is currently set for September 17, 2007, shall be continued to November 5, 2007. The hearing dates for the five Motions to Review currently set for hearing on August 27, 2007 shall be continued to October 15, 2007. The deadline for filing any Motion to Review remains unchanged; however, any Motion for Review filed on or after the date of this stipulation shall be set for hearing on October 29, 2007. The continuances of the above referenced hearing dates are to reduce the costs incurred in briefing associated with the subject motions during the forty-five (45) day litigation stay. The litigation stay shall also stay the filing of any other motions with the Court for pre-trial purposes inclusive of motions in limine. However, this agreement is without prejudice to the parties' right to seek further relief on these matters or others by ex parte motion or otherwise after the termination of this

3

1   agreement.  In addition, during the stay period, the parties may file joint requests

2   for decisions on pending motion as required by Local Rule 83-9.2, and joint

3   requests for intended decisions dates on pending motions as required by Local Rule

4   83-9.4.

5   c.)  In the event that Magistrate Judge Eick grants, in whole or in part, Plaintiffs'

6   Motion to Compel further responses to Angeles' Requests for the Production of

7   Documents, Set No. 8, set for hearing on August 17, 2007, the parties agree to

8   stipulate to jointly seeking a stay of that Order from Magistrate Judge Eick and/or

9   Judge Hatter for the stay period to reduce litigation costs and allow the parties to

10   focus their efforts on settlement negotiations.

11   d.)     In order to facilitate negotiations, the parties shall exchange all of their FRCP

12   Rule 26 expert reports on August 15, 2007 as documents exchanged for settlement

13   purposes only.  In the absence of a court order or validly issued subpoena, the

14   reports disclosed on August 15, 2007 shall not otherwise be disclosed to any third-

15   parties, with the exception that the reports may be disclosed to clients, counsel,

16   consultants and experts.  In the event that the parties cannot reach a settlement

17   during the forty-five (45) day stay, the reports disclosed on August 15, 2007 shall

18   remain the parties' FRCP Rule 26 expert reports, transmitted for purposes of trial

19   on September 21, 2007 and expert discovery can commence beginning September

20   21, 2007.

21   e.)  The June 11, 2007 discovery cut off, and the August 6, 2007 discovery motion

22   and dispositive motion cut offs will remain unchanged.

23

24   f.)   All pre-trial dates beginning with the expert discovery cut off and all pre-trial

25   dates subsequent thereto in the current case management order shall be continued

26   for forty-five (45) days.

27

28

JOINT STIPULATION FOR LITIGATION STAY AND CONTINUANCE OF DEADLINES

The Court having read and considered the underlying facts and case law finds that good cause exists for the stipulations set forth above.

It is so Ordered.

August 7, 2007

_____

Hon. Judge Terrence Hatter Jr.

So Stipulated:

DATED:  August 7, 2007                THE LAW OFFICES OF TIMOTHY
                                      C. CRONIN, ESQ.

                                      By
                                      _____
                                      Chris C. Chapman, Esq.
                                      Attorneys Counter-Defendants,
                                      Counter-Claimants, and Cross-
                                      Complainants Robert Berg, Donna
                                      Berg, Pearl Rosenthal, and the Estate
                                      of Arnold Rosenthal

DATED:  August 7, 2007                CAUFIELD & JAMES LLP


                                      By_____
                                      Jeffery L. Caufield, Esq.
                                      Attorneys for Plaintiff, Counter-
                                      Defendants, Cross-Defendants
                                      Angeles Chemical Company, Inc.,
                                      John Locke and Greve Financial
                                      Services, Inc.

JOINT STIPULATION FOR LITIGATION STAY AND CONTINUANCE OF DEADLINES

1    Dated:  August 7, 2007                    Bingham & McCutchen

2

3                                             By _____
                                              Nancy M. Wilms, Esq.
4
                                              Attorneys for Defendants and
5                                             Counter-Claimants McKesson
                                              Corporation, Harvey Sorkin, Seymour
6                                             Moslin and the Estate of Paul Maslin

7

8
     Dated:  August 7, 2007                    The Law Offices Of John Edgcomb
9

10

11                                            By _____
                                              John Edgcomb, Esq.
12                                            Attorneys for Defendants and Counter-
                                              Claimants McKesson Corporation,
13                                            Harvey Sorkin, Seymour Moslin and
                                              the Estate of Paul Maslin
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        6

1   The Court having read and considered the underlying facts and case law finds

2   that good cause exists for the stipulations set forth above.

3

4   It is so Ordered.

5

6   August 7, 2007                              **TERRY J. HATTER, JR.**

7                                               Hon. Judge Terry ~~W~~ Hatter Jr.

8

9   So Stipulated:

10  DATED:  August 7, 2007                      THE LAW OFFICES OF TIMOTHY

11                                              C. CRONIN, ESQ.

12                                              By

13                                              _____

14

15                                              Chris C. Chapman, Esq.

16                                              Attorneys Counter-Defendants,
                                                Counter-Claimants, and Cross-

17                                              Complainants Robert Berg, Donna
                                                Berg, Pearl Rosenthal, and the Estate

18                                              of Arnold Rosenthal

19

20  DATED:  August 7, 2007                      CAUFIELD & JAMES LLP

21

22                                              By_____

23                                              Jeffery L. Caufield, Esq.
                                                Attorneys for Plaintiff, Counter-

24                                              Defendants, Cross-Defendants
                                                Angeles Chemical Company, Inc.,

25                                              John Locke and Greve Financial

26                                              Services, Inc.

27

28

JOINT STIPULATION FOR LITIGATION STAY AND CONTINUANCE OF DEADLINES

# EXHIBIT B

1   Jeffery L. Caufield (SBN 166524)
    jeff@caufieldjames.com
2   Kenneth E. James (SBN 173775)
    ken@caufieldjames.com
3   David R. Griffin (SBN 076619)
    dave@caufieldjames.com
4   CAUFIELD & JAMES, LLP
    2851 Camino Del Rio South, Suite 250
5   San Diego, California 92108
    (619) 325-0441 Telephone
6   (619) 325-0231 Facsimile

7   Attorneys for Plaintiffs, Greve Financial Services,
    Inc., Angeles Chemical Company, Inc., and John
8   Locke

9

            UNITED STATES DISTRICT COURT

10

           CENTRAL DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12  ANGELES CHEMICAL COMPANY, INC., a California Corporation; GREVE FINANCIAL SERVICES, INC., a California Corporation; and JOHN G. LOCKE, an individual, | No. 01-10532 TJH (Ex) |
| 13 | STIPULATION AND [PROPOSED] ORDER CLARIFYING ALL HEARING DATES AND PRE-TRIAL DATES PURSUANT TO THE AUGUST 7, 2007 JOINT STIPULATION AND ORDER FOR 45-DAY LITIGATION STAY AND CONTINUANCE OF DEADLINES |
| 14 | |
| 15        Plaintiffs, | |
| 16        v. | |
| 17  McKESSON CORPORATION, a California Corporation; HARVEY SORKIN, an individual; SEYMOUR MOSLIN, an individual; JOSEPH SORKIN, an individual; and THE ESTATE OF PAUL MASLIN, Deceased, | |
| 18 | |
| 19 | Judge: Hon. Terry J. Hatter, Jr. Discovery Cut-Off: June 11, 2007 Pre-Trial Conference: Jan. 21, 2008 Trial Date: TBD |
| 20 | |
| 21        Defendants. | |
| 22 | |
| 23  McKESSON CORPORATION, a Delaware Corporation, | |
| 24        Counter-Plaintiff, | |
| 25 | |
| 26        v. | |
| 27  ANGELES CHEMICAL COMPANY, INC., a California Corporation; GREVE FINANCIAL SERVICES, INC., a California Corporation; JOHN LOCKE, | |
| 28 | |

A/72151855.1/0335440-0000317287

an individual; JANYCE LOCKE, an
individual; PEARL ROSENTHAL and the
Estate of ARNOLD ROSENTHAL, as
individuals and as Trustees of the
Rosenthal Family Trust; DONNA BERG,
an individual; ROBERT BERG, an
individual; and NORMAN M. SPIELER,
as Trustee of the Cynthia Pacheco 1993
BETA Trust and the Robert O. Berg, Jr.
1993 BETA Trust,

    Counter-Defendants.

AND RELATED CROSS-CLAIMS

The parties to this matter, by and through their undersigned counsel, stipulate to the following agreement regarding a continuance of the hearing dates and establishment of pre-trial dates identified below pursuant to the Court's approval of a litigation stay for forty-five (45) days, beginning August 7, 2007 through September 20, 2007.

## I.  Good Cause Exists for a Continuance of Scheduling Orders

Scheduling orders entered before the final pretrial conference may be modified upon a showing of "good cause." Hannon v. Chater, 887 F.Supp. 1303 (N.D.Cal. 1995); FRCP 16.  The reason for the "good cause" requirement for modification of a court's scheduling order is that such orders and their enforcement are regarded as an essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner. Rouse v. Farmers State Bank of Jewell, Iowa, 866 F.Supp. 1191 (N.D.Iowa 1994). Good cause to continue the hearing dates and establish the pre-trial dates pursuant to the Court's August 7, 2007 Order exists here.

## II.  This Court Has Approved All Parties' Request for a Litigation Stay of 45 Days

### A.  Continued Hearing Dates

On August 7, 2007, this Court approved all parties' Joint Stipulation for a Litigation Stay and Motion for Continuance of all Scheduling Orders for forty-

STIPULATION AND [PROPOSED] ORDER RE HEARING DATES

2

1   five (45) days, beginning August 7, 2007 through September 20, 2007. That Joint

2   Stipulation did not specifically identify five (5) pending Motions for Review with

3   hearing dates of August 27, 2007, and omitted Angeles' Motion for Review of

4   Magistrate Eick's July 23, 2007 Order re "Retake" Depositions and Angeles'

5   Motion for Review of Magistrate Eick's July 23, 2007 Order re "Additional"

6   Depositions, both filed on August 6, 2007. A continuance of the referenced

7   hearing dates will reduce the costs incurred in briefing associated with the subject

8   motions during the forty-five (45) day litigation stay, and is in keeping with this

9   Court's approval of the August 7, 2007 Joint Stipulation continuing all additional

10  hearing dates.  Below is a complete list stipulated to by the parties of all Motions

11  for which briefing needs to be completed and their respective hearing dates, as

12  outlined in the parties' August 7, 2007 Joint Stipulation, as well as the hearing

13  dates for the Motions that were inadvertently omitted from that Joint Stipulation.

| Motion on Calendar | Old Hearing Date | New Hearing Date |
|---|---|---|
| McKesson's Motion to Dismiss the Bergs and Rosenthals' Requests for Injunctive Relief Based on CERCLA section 113(h) | August 27, 2007 | October 15, 2007 |
| Angeles' Motion for Review of Magistrate's Order re: Privileged Documents | August 27, 2007 | October 15, 2007 |
| Angeles' Motion for Review of Magistrate's Order re: Reconsideration of the Court's March 6, 2006 Order denying Angeles' Motion to Compel | August 27, 2007 | October 15, 2007 |

| Documents Withheld as Privileged by McKesson | | |
|---|---|---|
| Angeles' Motion for Review of Court's Order re Reconsideration of Production of Lab Testing Data | August 27, 2007 | October 15, 2007 |
| McKesson's Motion for Review of Court's July 11, 2007 Order Denying McKesson's Motion to Compel Certain Depositions and the Production of Documents by Plaintiffs re Rail Spur Excavation | August 27, 2007 | October 15, 2007 |
| McKesson's Motion to Review of Court's July 17, 2007 Order Denying McKesson's Motion to Compel Production of Missing Documents by Kennedy Entities and Motion for Reconsideration of the Court's 12/15/06 Order | August 27, 2007 | October 15, 2007 |
| Bergs and Rosenthals' MSA for Indemnification by Angeles | September 10, 2007 | October 22, 2007 |
| Bergs and Rosenthals' MSA Against Greve's Claims | September 10, 2007 | October 22, 2007 |
| Angeles' Motion for Review of Court's Order re Reconsideration of "Re-take" Depositions | September 10, 2007 | October 29, 2007 |
| Angeles' Motion for Review of Court's Order re Reconsideration of | September 10, 2007 | October 29, 2007 |

A/72151855.1/0335440- 0000317287

| "Additional" Depositions | | |
|---|---|---|
| Angeles' Motion for Review of Court's Order re Instructions not to Answer During the Deposition of Dinah Szander | September 10, 2007 | October 29, 2007 |
| Angeles' Motion for Review of Court's Order re Instructions not to Answer During the Deposition of Ivan Meyerson | September 10, 2007 | October 29, 2007 |
| Angeles and John Locke's MSA of CERCLA section 107 claims against McKesson and the Sorkin Parties | September 17, 2007 | November 5, 2007 |

### B.    Establishment Of Pre-Trial Schedule After Litigation Stay.

As specified dates were not included in the Court's August 7, 2007 Order, pursuant thereto the parties stipulate to the following pre-trial schedule at the termination of the litigation stay:

| DEADLINE/EVENT | OLD DATE | NEW DATE |
|---|---|---|
| Expert Witness Discovery | September 10, 2007 (initial expert reports) | October 25, 2007 (initial expert reports) |
| Expert Rebuttal Reports | October 1, 2007 | November 14, 2007 |
| Expert Witness Discovery | October 29, 2007 (rebuttal reports) | December 14, 2007 (rebuttal reports) |
| Meeting of Counsel (Local Rule 16-2) | November 5, 2007 | December 21, 2007 |
| Memorandum of Contentions of Fact and Law: Witness List and Exhibit List | November 19, 2007 | January 4, 2008 |

| Final Pre-Trial Conference Order | November 19, 2007 | January 4, 2008 |
|---|---|---|
| Final Pre-Trial Conference | December 3, 2007 at 10:00 a.m. | January 21, 2008 at 10:00 a.m. |
| Trial Brief, incl. In limine motions, jury instructions and verdict forms and disputes re: same | 21 days before trial | 21 days before trial |
| Oppositions to in limine motions | 14 days before trial | 14 days before trial |
| Hearing on in limine motions, disputed jury instructions and verdict forms; lodge proposed voir dire questions | 7 days before trial | 7 days before trial |
| Trial Date | To be determined by the Court at the Final Pre-Trial Conference | To be determined by the Court at the Final Pre-Trial Conference |

Respectfully submitted,

DATED:  August 9, 2007

Caufield & James, LLP


By _____
Jeffery L. Caufield, Esq.
Attorneys for Plaintiff, Counter-Defendants, Cross-Defendants Angeles Chemical Company, Inc., John Locke and Greve Financial Services, Inc.


Dated:  August 9, 2007

Law Offices of Timothy C. Cronin


By _____
Timothy Cronin, Esq.
Attorneys for Donna Berg, Robert Berg, Pearl Rosenthal and the Estate of
Arnold Rosenthal

A/72151855.1/0335440- 0000317287

| Final Pre-Trial Conference Order | November 19, 2007 | January 4, 2008 |
|---|---|---|
| Final Pre-Trial Conference | December 3, 2007 at 10:00 a.m. | January 21, 2008 at 10:00 a.m. |
| Trial Brief, incl. In limine motions, jury instructions and verdict forms and disputes re: same | 21 days before trial | 21 days before trial |
| Oppositions to in limine motions | 14 days before trial | 14 days before trial |
| Hearing on in limine motions, disputed jury instructions and verdict forms; lodge proposed voir dire questions | 7 days before trial | 7 days before trial |
| Trial Date | To be determined by the Court at the Final Pre-Trial Conference | To be determined by the Court at the Final Pre-Trial Conference |

Respectfully submitted,

DATED: August 9, 2007

Caufield & James, LLP

By _____
Jeffery L. Caufield, Esq.
Attorneys for Plaintiff, Counter-Defendants, Cross-Defendants Angeles Chemical Company, Inc., John Locke and Greve Financial Services, Inc.

Dated: August 9, 2007

Law Offices of Timothy C. Cronin

By _____
Timothy Cronin, Esq.
Attorneys for Donna Berg, Robert Berg, Pearl Rosenthal and the Estate of Arnold Rosenthal

---

STIPULATION AND [PROPOSED] ORDER RE HEARING DATES

A/72151855 1/0335440- 0000317287

1   Dated:  August 9, 2007                    Bingham & McCutchen

2

3                                             By _____

4                                             Nancy M. Wilms, Esq.
                                              Attorneys for Defendants and  Counter-
5                                             Claimants McKesson Corporation,
                                              Harvey Sorkin, Seymour Moslin and
6                                             the Estate of Paul Maslin

7

8   Dated:  August 9, 2007                    The Law Offices Of John Edgcomb

9

10                                            By _____

11                                            John Edgcomb, Esq.
                                              Attorneys for Defendants and Counter-
12                                            Claimants McKesson Corporation,
                                              Harvey Sorkin, Seymour Moslin and
13                                            the Estate of Paul Maslin

14

15

16  **The Court having read and considered the underlying facts and case law finds**

17  **that good cause exists for the stipulations regarding the continuation of hearing**

18  **dates and the establishment of a post-litigation stay pre-trial schedule as set**

19  **forth above.**

20

21  **It is so Ordered.**

22

23  **August __, 2007**                       _____

24                                            **Hon. Judge Terry Hatter, Jr.**

25

26

27

28

---

STIPULATION AND [PROPOSED] ORDER RE HEARING DATES

7

| UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA | | *FOR COURT USE ONLY* |
|---|---|---|
| *Angeles Chemical, et al. v. McKesson Corporation, et al.* | | |
| Jeffery L. Caufield (SBN 166524) Kenneth E. James (SBN 173775) CAUFIELD & JAMES, LLP 2851 Camino Del Rio South, Suite 250 San Diego, CA 92108 | Tel: (619) 325-0441 Fax: (619) 325-0231 | |
| **Attorney(s) for:** Plaintiffs, Greve Financial Services, Inc., Angeles Chemical Company, Inc., and John Locke | **Date:** **Time:** **Dept.:** | **Case Number:** CV01-10532 TJH (Ex) |

## PROOF OF SERVICE

I, the undersigned, declare: I am employed in the County of San Diego, State of California. I am over the age of 18 years and not a party to this action. My business address is 2851 Camino Del Rio South, Suite 250, San Diego, California 92108. I served a copy of the following document(s):

### STIPULATION AND [PROPOSED] ORDER CLARIFYING ALL HEARING DATES AND PRE-TRIAL DATES PURSUANT TO THE AUGUST 7, 2007 JOINT STIPULATION AND ORDER FOR 45-DAY LITIGATION STAY AND CONTINUANCE OF DEADLINES

☐ (BY MAIL) I caused each such envelope to be sealed and placed for collection and mailing from my business address. I am readily familiar with Caufield & James' practice for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business mail is deposited with the postage thereon fully prepaid in the United States Postal Service the same day as it is placed for collection. I am aware that upon motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ (BY OVERNIGHT MAIL) I am readily familiar with the practice of Caufield & James for the collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained for overnight delivery.

☒ (BY FACSIMILE) This document was transmitted by facsimile transmission from (619) 325-0231 and the transmission was reported as complete and without error. I then caused the transmitting facsimile machine to properly issue a transmission report confirming the transmission.

☒ (BY ELECTRONIC TRANSMISSION) This document was transmitted by electronic transmission from amber@caufieldjames.com and the transmission was reported as complete and without error. I then caused the transmitting e-mail account to properly issue a report confirming the electronic transmission.

SEE ATTACHED SERVICE LIST

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on August 9, 2007, at San Diego, California.

Amber Hinojosa

*Angeles Chemical, et al. v. McKesson Corporation, et al.*
CV 01-10532 TJH (Ex)

### SERVICE LIST

*Counsel for McKesson Corporation, Harvey Sorkin,*
*Seymour Moslin and the Estate of Paul Maslin:*

John D. Edgcomb, Esq.                    jedgcomb@edgcomb-law.com
Mary E. Wilke, Esq.                      mwilke@edgcomb-law.com
115 Sansome Street, Suite 805            cleboeuf@edgcomb-law.com
San Francisco, CA  94104                 nuribe@edgcomb-law.com
Tel: (415) 399-1555; Fax: (415) 399-1885

Nancy M. Wilms, Esq.                     nancy.wilms@bingham.com
Jill Cooper Teraoka, Esq.                jill.teraoka@bingham.com
Bingham McCutchen LLP
355 South Grand Avenue, Suite 4400
Los Angeles, CA 90071-3106
Tel: 213-680-6400; Fax: 213-680-6499

*Counsel for Donna and Robert Berg, Pearl Rosenthal*
*and the Estate of Arnold Rosenthal:*

Devon M. Lyon, Esq.                      dlyon@crolaw.com
Law Offices of Timothy Cronin           tcronin@crolaw.com
202 Fashion Lane, Suite 208
Tustin, CA  92780
Tel:  (714) 505-9365; Fax: (714) 505-3792

hp LaserJet *3380*

HP LASERJET FAX

Aug-9-2007      13:00



## Fax Call Report

| Job | Date | Time | Type | Identification | Duration | Pages | Result |
|-----|------|------|------|----------------|----------|-------|--------|
| 886 | 8/ 9/2007 | 12:46:43 | Send | 12136806499 | 1:55 | 7 | OK |
| 887 | 8/ 9/2007 | 12:48:43 | Send | 14153991885 | 3:20 | 7 | OK |
| 888 | 8/ 9/2007 | 12:52:08 | Send | 17145053792 | 8:35 | 7 | OK |

CAUFIELD
& JAMES LLP
ATTORNEYS AT LAW

FACSIMILE COVER SHEET

| DATE: | August 9, 2007 |
|-------|----------------|
| FROM: | Jeffery Caufield |
| TO: | Jill Teraoka<br>Nancy Wilms          (213) 680-6499<br>John D. Edgcomb      (415) 399-1885<br>Timothy Cronin       (714) 505-3792 |
| CC: | |
| REGARDING: | Angeles v. McKesson |
| # OF PAGES (including cover): | |

Note: The information contained in this fax message is intended for the personal and confidential use of the designated recipient(s) named above. If the reader of this message is not the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited. Please notify us immediately by telephone so that we may arrange for it to be returned.

2851 Camino Del Rio South, Suite 250 San Diego, CA 92108 Phone: (619) 325-0441 Fax: (619) 325-0231 www.caufieldjames.com

# EXHIBIT C

# CAUFIELD

## & JAMES LLP

A T T O R N E Y S   A T   L A W

Writer's Direct:
(619) 325-0441 (phone)
(619) 325-0231 (fax)
jeff@caufieldjames.com

August 10, 2007

**Via Facsimile & Email**

Diane L. Gibson
Squire, Sanders & Dempsey LLP
One Maritime Plaza, Suite 300
San Francisco, California 94111-3492

Re:    SSD's Noncompliance with Judge Laporte's Outstanding Orders and
       SSD's Improper Decision Not to Supplement its Production

Dear Ms. Gibson:

We are in receipt of your letter sent August 9, 2007. SSD's unilateral decision not to comply with Judge Laporte's March 22, 2007 Order is not supported by the Stay and Continuance filed with the Central District. Accordingly, we request that you immediately comply with Judge Laporte's Orders. By failing to comply, you are in contempt of court. Angeles is thus prepared to file a motion seeking compliance with Judge Laporte's Orders and sanctions immediately after the stay has passed.

First, the Stipulation for Litigation Stay filed by the parties to this action is clear on its face and by its terms does not allow SSD to stall compliance with Judge Laporte's Orders. The pertinent section that SSD relies on for its unjustified decision not to comply with the Court's Orders states,

"The deadlines for fact discovery and fact discovery motions have passed and are not impacted by the within stipulation. **All remaining discovery shall be stayed as set forth herin. Plaintiffs will take no further legal action in their proceedings against SSD, and Thelen, Reid pending in the United States District Court, Northern District of California, and Univar pending in the Western District of Washington, during the stay period.** However, this agreement is without prejudice to the parties' right to seek further relief on these matters or others by ex parte motion after the termination of this agreement at the conclusion of the stay period." (Joint Stipulation for Litigation Stay at 3:6-13).

Thus, while Angeles has agreed not to take any further legal action against SSD during the stay, the Joint Stipulation does not contain any language that would support SSD's intentional noncompliance with Judge Laporte's outstanding orders, or refusal to respond to Angeles' August 1, 2007 meet and confer. It only precludes Angeles from filing any new motions against SSD during the forty-five day period.

Re: SSD's Noncompliance with Judge Laporte's Outstanding Orders
August 10, 2007
Page 2 of 2

      Second, the Stipulation Clarifying All Hearing Dates signed by the parties lists all of the motions contemplated by the parties. Nowhere in that stipulation does it say that SSD does not have to comply with Judge Laporte's outstanding orders or that SSD can delay its responses to Angeles' meet and confer until after the forty-five day period. Therefore, contrary to the opinions asserted in your August 9, 2007 letter and in your notice filed with Judge Laporte, SSD **is required** to supplement its production and comply with the Northern District Court's Orders, including those discussed in SSD's July 26, 2007 letter and as requested in Angeles's August 1, 2007 letter.

      SSD was required to produce to McKesson nonprivileged documents listed in Judge Laporte's August 2, 2007 Order within seven (7) days of the Court's order. SSD also was required to create a separate index of the McKesson documents within fourteen (14) days of the August 2, 2007 Order. Thus, if SSD does not comply with Judge Laporte's Orders and does not properly respond to Angeles' August 1, 2007 letter, Angeles will seek sanctions and request that the Court hold SSD in contempt immediately after the stay has ended. To ensure that Judge Laporte has the whole story regarding the effect of the Stay agreed to by the parties, Angeles will be filing a brief response to SSD's Notice of Entry of Stay.

                  Very truly yours,

                  Caufield James, LLP

       By_____
             Jeffery L. Caufield, Esq.

**Bryce Besser**

| | |
|---|---|
| **From:** | Amber Hinojosa |
| **Sent:** | Friday, August 10, 2007 2:57 PM |
| **To:** | digibson@ssd.com |
| **Cc:** | John Golembesky; Jeff  Caufield; Ken James; Bryce Besser |
| **Subject:** | Angeles v McKesson |



Scan070810135
736.pdf (83 KB)

Counsel,

Please see attached correspondence. This was also faxed to you earlier this morning. Thank you.

Amber Hinojosa
Caufield & James, LLP
2851 Camino Del Rio South
Suite 250
San Diego, CA 92108
619.325.0441; 619.325.0231