1  Jeffery L. Caufield (SBN 166524)
   jeff@caufieldjames.com
2  Kenneth E. James (SBN 173775)
   ken@caufieldjames.com
3  CAUFIELD & JAMES, LLP
   2851 Camino Del Rio South, Suite 250
4  San Diego, California 92108
   Telephone: 619-325-0441
5  Facsimile : 619-325-0231

6  Attorneys for Plaintiffs, Greve Financial
   Services, Inc., Angeles Chemical Company,
7  Inc., and John Locke

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 10  ANGELES CHEMICAL COMPANY, INC., a California Corporation, GREVE FINANCIAL 11  SERVICES, INC., a California Corporation, and JOHN LOCKE, an Individual, 12                        Plaintiffs, 13                    vs. 14  MCKESSON CORPORATION, a California 15  Corporation, et. al., 16                       Defendants. | Northern District Miscellaneous Matter No. Case No. C 06-80343 Misc MMC (EDL) Case No. C 07-80123 Misc MMC (EDL)  Central District of California Case No: 01-10532 TJH (Ex)  PLAINTIFF ANGELES CHEMICAL COMPANY, INC.'S REPLY TO THELEN & REID'S OPPOSITION TO ANGELES' MOTION TO COMPEL  Date:  October 9, 2007 Time:  9:00 a.m. Room: E Judge: Judge Elizabeth D. Laporte |

## I. INTRODUCTION

On December 15, 2005 the honorable Magistrate Judge James McMahon held,

"McKesson has a history of poor cooperation and candor in the discovery process in this action…The credibility of McKesson and its counsel in this action is frayed and spent…The Court cannot and **will not allow the discovery process to become a shell game in which a party and its counsel repetitively hide available evidence.**" (Emphasis added). (See the December 15, 2005 Order attached as Exhibit 1 to the Supplemental Declaration of Jeffery L. Caufield ("Supp. Caufield Decl.")).

Despite the admonition of the Court, McKesson and its various counsel have continued to make a mockery of the discovery process by intentionally shifting McKesson Chemical documents between McKesson's various attorneys to seemingly avoid turning them over to Angeles in response to Angeles' multiple discovery requests. By repeatedly shifting documents between its counsel and by failing to identify exactly who has had a hand on its records, McKesson has made it virtually impossible to track down the entire library of McKesson Chemical documents relevant to this case.

Here, once again, Angeles finds itself facing yet another counsel for McKesson who alleges they do not currently possess "original" McKesson Chemical records but apparently has "<u>copies</u>" of the originals. If history has taught Angeles anything, it is that the harder McKesson's counsel insists it doesn't possess documents or creates fictional discovery distinctions between "originals" and "copies" of documents, the more likely it is that documents exist. This Court should grant Angeles' motion to compel and require McKesson's counsel Thelen Reid Brown Raysman & Steiner LLP ("Thelen & Reid"), to confirm through hard evidence the fate of McKesson Chemical operational documents that were once in Thelen & Reid's possession and produce al responsive documents regardless of whether they are "copies" or "originals". Thelen & Reid has not shown that Angeles' subpoenas are invalid. Instead, Thelen & Reid attempts to sidestep its discovery obligations by alleging it does not have any "original" documents in its possession. This statement is not supported by any correspondence, indexes, or other documents. What is worse, the statement does not respond to Angeles' subpoenas which clearly seek "original" documents as well as any **"<u>copies</u>"** of documents, not to mention correspondence,

1

indexes, logs or other records which illustrate the number of documents Thelen & Reid possessed, the number of documents Thelen & Reid sent to Univar, and whether documents were sent elsewhere. Thelen & Reid's coy attempt to mislead this Court should fail and it should be required to immediately produce McKesson operational records, either originals or copies, and documents that confirm the number of documents Thelen & Reid once had and where they were received from, as well as the number of documents Thelen & Reid eventually sent to Univar in 2006 or to other entities.

## II.   ANALYSIS

### A. Documents Held By Thelen & Reid are Responsive to Outstanding Discovery Requests and Are Vitally Important As McKesson and Univar Are Unwilling or Unable to Account for Thousands of Missing McKesson Records.

Documents in the possession of Thelen & Reid are responsive to outstanding discovery propounded on McKesson and Univar between 2003 and 2005. In 2003, Angeles subpoenaed documents from Univar. Univar responded on July 30, 2003 by asserting that,

> "Univar does not have any documents requested in items # 1 through #5 of Exhibit A to the subpoenas. **All documents related to the 9005 Sorenson Avenue Site were returned to the McKesson Corp. law department in San Francisco in the several months following the acquisition of McKesson Chemical Division by Van Waters & Rogers Inc.** (now known as Univar USA Inc.)" Emphasis added. (See the July 30, 2003 letter sent from Univar to Angeles attached as Exhibit 2 to the Supp. Caufield Decl.).

After receiving Univar's July 30, 2003 response, Angeles followed up with multiple requests for production, subpoenas and meet and confers to McKesson requesting the missing "Univar" Documents. (Supp Caufield Decl. ¶ 4). In 2004, McKesson "discovered" documents relating to its underlying insurance litigation. After Angeles analyzed the production, it became clear that Univar had been in possession of thousands of pages of documents related to the McKesson Santa Fe Springs Facility after 1987. Within that production, a letter from McKesson's counsel dated February 23, 1994 disclosed that Univar received 28 boxes of documents back from McKesson. McKesson again asserted that it has produced all responsive documents relating to McKesson Chemical within its possession and had no duty or legal obligation to pursue records from Univar. (See the February 23, 1994 letter attached as Exhibit 3 to the Suppl. Caufield Decl.).

2

Motion to Compel Documents                                Northern District Misc. Matter
                                                          Case No. C 07-80123 Misc MMC (EDL)

1   On June 22, 2005 Angeles served Univar with a "Consolidated Amended Notice of
2   Request for Production of Documents And Taking of Depositions of Persons Most
3   Knowledgeable to FRCP 45 of Univar, USA, Inc." McKesson objected to the subpoena and once
4   again, Univar asserted that McKesson had all of the documents. (Suppl. Caufield Decl. ¶ 6).
5   Angeles went back to McKesson demanding the aforementioned documents, which McKesson
6   refused to look for until early December 2005, over 4 years after the initiation of this litigation.
7   (Suppl. Caufield Dec. ¶ 7). On or about January 16, 2006 McKesson finally informed Angeles
8   that approximately 348 boxes of McKesson Chemical Company Records were being stored at
9   Univar. (See the January 16, 2006 letter attached as Exhibit 4 to the Suppl. Caufield Decl.).

10  During the month of December 2005 and January 2006 Angeles repeatedly demanded that
11  McKesson produce all documents stored at Univar and sent McKesson another Local Rule 27
12  meet and confer on January 18, 2006 indicating that Angeles would be moving forward with a
13  motion to compel against McKesson for failing to produce all 348 boxes. (See the December 1,
14  2005 email and the January 18 2006 letter attached as Exhibits 5 and 6 to the Suppl. Caufield
15  Decl.). In response, McKesson agreed to contact Univar and determine whether Univar had any
16  documents responsive to the outstanding discovery requests. (Suppl. Caufield Decl. ¶ 11).
17  Eventually McKesson informed Angeles that there were documents stored at Univar that were
18  responsive to outstanding discovery requests. (See the December 12, 2005 letter attached as
19  Exhibit 7 to the Suppl. Caufield Decl.).

20  Angeles now knows that Univar retained possession of at least 1358 boxes of McKesson
21  Chemical documents. (See the Declaration of Jeffery L. Caufield ("Caufield. Decl.") filed on
22  June 29, 2007 in support of Angeles' Motion to Compel at ¶ 9). Univar has only produced 348 of
23  those boxes and cannot account for the others. (Caufield Decl. ¶ 11). Even worse, Angeles only
24  recently learned that 175 of those 348 boxes were actually held by Thelen & Reid, another
25  counsel for McKesson and Univar, prior to the time Univar produced them to Angeles.
26  Mysteriously, the fact that Thelen & Reid had housed 175 boxes of McKesson records was not
27  revealed between 2003 and 2007. Instead, during the time Angeles sought documents through
28

3

Motion to Compel Documents                                    Northern District Misc. Matter
                                                              Case No. C 07-80123 Misc MMC (EDL)

1  requests for production to McKesson and subpoenas to Univar, McKesson and Univar were
2  hiding responsive documents with their counsel, Thelen & Reid. Later, the same documents were
3  then passed off as documents held by Univar when Univar belatedly produced the 348 boxes of
4  documents in April of 2006. (Caufield Decl. ¶ 8). It wasn't until early this year that Univar's
5  counsel finally admitted that 175 of the 348 boxes produced by Univar were received from
6  Thelen & Reid. (Caufield Decl. ¶ 12). Therefore, it is apparent that Thelen & Reid maintained a
7  substantial number of McKesson records but has flown under the discovery radar for years. This
8  is especially troubling as neither McKesson nor Univar can account for roughly 3,600 boxes of
9  missing McKesson documents. (Caufield Dec. ¶ 11). Therefore, Thelen & Reid remains an
10 important piece of the puzzle to understanding what happened to McKesson's operational records
11 and should be compelled to comply with Angeles' subpoenas.

12       By requiring Thelen & Reid to comply with Angeles' subpoenas, Angeles gets one step
13 closer to unraveling the web of deceit created by McKesson and its representatives. In the past,
14 McKesson's counsel has insisted McKesson did not possess McKesson documents only to find,
15 after Angeles' persistence, that they in fact had McKesson documents. The recent saga with
16 Univar and Squire Sanders & Dempsey ("SSD") is illustrative of this pattern.[1] Without any
17 records such as correspondence, logs, indexes or the like to confirm that all documents sent to
18 Thelen & Reid in 2003 were sent back to Univar, a cloud of doubt hangs over Thelen & Reid.
19 Moreover, whether Thelen & Reid possesses "originals" or "copies" is <u>immaterial</u> for purposes of
20 their discovery obligations under federal rules. Angeles is left to guess whether documents are
21 secretly being kept by yet another of McKesson's current attorneys. It doesn't help that Thelen &
22 Reid's counsel alleged it could not locate records regarding the sale of asbestos yet privilege logs
23 produced by SSD show that those records do exist and could be easily obtained by Thelen &

---

[1] Angeles subpoenaed another one of McKesson's and Univar's counsel, Squire Sanders & Dempsey ("SSD"), wherein Angeles learned that SSD had over 100 boxes of potentially relevant McKesson Chemical documents. To date, over 15,000 pages of responsive documents have been belatedly produced. However, the issues connected to that subpoena are on-going.

4

Motion to Compel Documents                                 Northern District Misc. Matter
                                                           Case No. C 07-80123 Misc MMC (EDL)

1    Reid.[2] (See Item 19 to SSD's Revised Privilege log attached as Exhibit 8 to the Supp. Caufield

2    Decl.). Nor does it help Thelen & Reid's credibility that it admits it represented McKesson in

3    2003 on various environmental matters, the exact same time that Angeles first sought the

4    documents in Thelen & Reid's possession, and conspicuously the exact same time Univar

5    transferred an unknown quantity of McKesson documents to Thelen & Reid. Thus, because

6    Thelen & Reid possessed McKesson chemical documents between 2003 and 2006, and because

7    Thelen & Reid is McKesson's current council in various matters, McKesson should have

8    obtained those documents and produced them to Angeles in response to Angeles' discovery

9    requests.[3]

10        As discussed below, Thelen & Reid cannot show that Angeles' subpoenas were improper

11    and therefore it is required to produce documents responsive to the subpoenas. Additionally, the

12    declaration of Jennifer Kuenster does not respond to Angeles' subpoenas, thus the Court should

13    grant Angeles' motion and require Thelen & Reid to produce any copies of McKesson documents

14    currently in their possession and/or any correspondence, indexes, logs, or other records that show

15    the number of documents sent to Thelen & Reid in 2003 and the number of documents sent to

16    Univar by Thelen & Reid in 2006.[4]

---

[2] While documents referencing the sale of asbestos are not necessarily sought by Angeles' subpoenas, Thelen & Reid's statements regarding their inability to locate documents is illustrative of Thelen & Reid's lack of credibility in regards to documents sought by Angeles' subpoenas.

[3] "Possession, custody or control" for purposes of Rule 34 exists if the party has actual possession, custody or control, or has the legal right to obtain the documents on demand from the possession of another, including their current or former attorney. FRCP 34; Soto v. City of Concord, 162 F.R.D. 603, 619-620 (ND Cal 1995), Resolution Trust Corp. v. Deloitte & Touche, 145 F.R.D. 108, 110 (D. Colo. 1992), Johnson v. Askin, 202 F.R.D. 112, 114 (SDNY 2001) (quoting, MTB Bank,1998 WL 43125, at 4), Variable-Parameter Fixture Dev. Corp. v. Morpheus Lights, Inc., 1994 WL 419830, *6 (S.D.N.Y. 1994) (finding that party had right of access to documents in possession of former counsel), Martini v. A. Finkl & Sons Co., 955 F. Supp. 905, 907 (N.D.Ill. 1997), Wardrip v. Hart, 934 F. Supp. 1282, 1286 (D.Kan. 1996), Florentia Contracting Corp. v. Resolution Trust Co., 1993 WL 127187, * 3 (S.D.N.Y. 1993).

[4] According to Thelen & Reid, it has already completed a review for documents. Thus, it would be a simple task to provide some form of correspondence, logs, indexes or similar documents that prove Thelen & Reid no longer possesses any McKesson operational documents.

5

Motion to Compel Documents             Northern District Misc. Matter
Case No. C 07-80123 Misc MMC (EDL)

### B. Thelen & Reid Fails to Meet its Burden of Proof in Opposition to Angeles' Motion to Compel.

#### a. Thelen & Reid Admits that Angeles' Subpoenas Are Not Overbroad, and that they Do Not Seek Privileged Material.

The "scope of discovery through a subpoena is the same as that applicable to rule 34 and other discovery rules." Gonzales v. Google, Inc., 234 FRD 674, 679 (ND Cal. 2006) (quoting Rule 45 Adv. Comm. note (1970)). Rule 34 adopts the scope of discovery set forth in the Federal Rules of Civil Procedure 26(b). Id. Under FRCP 26(b), "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party…[and that] appears reasonably calculated to lead to the discovery of admissible evidence." FRCP 26(b)(1). Additionally, the law requires more than the mere assertion that a subpoena is overbroad and unduly burdensome. Long Beach Federal Sav. and Loan Ass'n v. Federal Home Loan Bank Bd., 189 F.Supp. 589, 604-605 (S.D.Cal.1960), reversed on other grounds 295 F.2d 403. Instead, a party must show the manner and extent of the burden and the injurious consequences of compliance. Id. Furthermore, blanket objections regarding alleged privileges or trade secrets are insufficient to defeat a motion to compel. (Deford v. Schmid Prods. Co., 120 FRD 648, 654 (D. Md. 1987).

Thelen & Reid does not provide any evidence showing how Angeles' requests are unduly burdensome or overbroad, or that Angeles' requests seek privileged information. In fact, Thelen & Reid admits that Angeles clearly identified what documents were sought. Therefore, Thelen & Reid has failed to meet its burden of proof in opposition to Angeles' motion to compel and the Court should grant Angeles' motion.

#### b. Thelen & Reid Misrepresents Angeles' Subpoenas and the Discussion of Counsel Held on June 2007.

While Thelen & Reid's opposition abandons the objections originally filed against Angeles' subpoenas and admits that Angeles clearly identified what document were sought, Thelen & Reid still refuses to comply with Angeles' subpoenas. To justify its non-compliance Thelen & Reid misconstrues the scope of Angeles' subpoenas. Thelen and Reid alleges that Angeles' "requests were limited to original McKesson records" and therefore implies that as long

6

Motion to Compel Documents

Northern District Misc. Matter
Case No. C 07-80123 Misc MMC (EDL)

1  as Thelen & Reid did not retain the actual boxes containing McKesson's operational records, it
2  did not have to respond to the subpoenas. (See Thelen & Reid's opposition at 3:11-4:18). This
3  limited reading of the term "original" ignores Angeles' intent. The term "original" signifies that
4  Angeles seeks documents that were sourced or created by McKesson Chemical prior to the sale of
5  McKesson Chemical to Univar.[5] It does not signify that Angeles only seeks originals rather than
6  copies of McKesson documents. Thus, any copies of McKesson Chemical documents in the
7  possession of Thelen & Reid fall within the scope of Angeles' subpoenas.

8       Thelen & Reid's narrow interpretation of the term "original" is also misplaced because it
9  ignores Angeles' request for any records which identify what documents were sent to Thelen &
10 Reid, what Thelen & Reid did with those documents, what documents were sent out, and where
11 those documents were sent. During the June 2007 conference of counsel Angels informed Thelen
12 & Reid that it sought,

> "original McKesson Chemical operational records **and** any correspondence, logs, or indexes showing what McKesson Chemical operational records were received by Thelen & Reid **and/or** correspondence, logs, indexes showing where Thelen & Reid sent the Documents. (Emphasis added). (See the June 25, 2007 email attached as Exhibit 5 to the Declaration of Jeffery L. Caufield ("Caufield Decl.") filed in support of Angeles' motion to compel).

17 Thus, Angeles' subpoenas sought not only McKesson's operational records, but also any
18 correspondence, logs, or other documents that showed what records were received by Thelen &
19 Reid, how many records were received, how many records were sent back in early 2006 and
20 where those documents were sent. Angeles also sought confirmation from Thelen & Reid that it
21 no longer possessed **any** McKesson Chemical operational records either through declaration or
22 through the production of correspondence, indexes, or logs. (Exhibit 5 to Caufield Decl.).[6] Thus,
23 Angeles clearly did not exclude from its subpoenas "copies" of McKesson's operational
24 documents, or correspondence, logs, indexes, or other evidence related to those documents.

---

[5] Angeles also seeks any documents created after the sale that reference where documents created prior to the sale were sent, who they were sent to, and the ultimate fate of these documents.
[6] These requests were clearly memorialized in the June 25, 2007 email and not refuted or corrected by Thelen & Reid, thus showing that Thelen & Reid understood what documents Angeles sought.

7

Motion to Compel Documents                                    Northern District Misc. Matter
                                                              Case No. C 07-80123 Misc MMC (EDL)

### c. Relying on its Limited Reading of the Subpoenas and its Selective Understanding of the Telephonic Conversation with Angeles, Thelen & Reid Failed to Produce Any Documents or Declarations Responsive to Angeles' Requests.

Thelen & Reid has continuously failed to comply with Angeles' subpoenas despite the fact that Angeles provided Thelen & Reid additional time in which to determine whether it still possessed McKesson's operational records or correspondence, indexes, logs or other documents that illustrated the fate of McKesson documents once held by Thelen & Reid. Thelen & Reid's opposition and the declaration of Jennifer Kuenster do not fulfill its obligations under federal rules and do not prove that Angeles' motion is "moot". Instead, they are nothing more than conclusory statements that blatantly ignore the clear language of Angeles' subpoenas as well as the scope of such subpoenas as explained in Angeles' June 2007 email.

Ms. Kuenster's declaration only addresses "original McKesson Chemical Company records". That Declaration states in pertinent part,

> "7. In connection with Thelen's representation of Univar and McKesson in various personal injury matters, in about April 2003, Thelen received various boxes of **original** McKesson Chemical Company records from Univar. After Thelen completed its review of the boxes, all of the boxes were placed in storage at Thelen's offices at 101 Second Street, San Francisco, California.
> 8. The McKesson Chemical Company records that Thelen received in 2003 remained in Thelen's possession continuously until January 2006, when Thelen received a request from Univar's outside counsel, Leslie Schenck of the law firm of Garvey Schubert Barer in Seattle, Washington, that Thelen forward all of the **original** McKesson Chemical Company records stored at Thelen's offices. Under my direction, all of the boxes of **original** McKesson Chemical Company records were shipped to Ms. Schenck in January 2006. I am not aware of any other **original** McKesson Chemical Company records that were ever sent to Thelen, and, Based on a further search of Thelen's files following the receipt of the document subpoenas in this action, to my knowledge Thelen no longer has possession of any **original** McKesson Chemical Company records in any of its offices." (Emphasis added). (See the Declaration of Jennifer A Kuenster ¶¶ 7-8).

Contrary to Thelen & Reid's argument, these paragraphs do not respond to Angeles' subpoenas. Instead they continue the "shell game" tactics utilized by McKesson and its representatives throughout this litigation. First, the declaration does not identify what documents were received, how many documents were received, whether Thelen & Reid made copies of the McKesson documents, how many documents were sent back to Univar in 2006, and whether

8

1  Thelen & Reid still possesses copies of McKesson documents. Second, the declaration does not
2  identify whether correspondence, indexes, spreadsheets, or other documents exist which show
3  how many McKesson records were received by Thelen & Reid, where those records were stored,
4  and how many records Thelen & Reid shipped back to Univar in early 2006. The declaration also
5  does not rule out that copies of McKesson's documents were sent from other sources besides
6  Univar and does not provide any evidence of the types of "personal injury matters" Thelen &
7  Reid allegedly was representing McKesson on in 2003. Thus, Thelen & Reid has not
8  "corroborated" its statements regarding why it received McKesson documents or that it no longer
9  has McKesson documents.
10      This declaration is wholly inadequate and does not respond to Angeles' subpoenas. As
11  Thelen & Reid has failed to show that Angeles' subpoenas are improper, and as Thelen & Reid
12  has not complied with those subpoenas, the Court should grant Angeles' motion and require
13  Thelen & Reid to produce documents that show, at the least, the number of documents received
14  from McKesson, whether those documents were copied, and how many documents were sent
15  back to Univar in 2006.
16  / / /
17      / / /
18      / / /
19      / / /
20      / / /
21      / / /
22      / / /
23      / / /
24      / / /
25      / / /
26      / / /
27      / /
28

9

Motion to Compel Documents      Northern District Misc. Matter
Case No. C 07-80123 Misc MMC (EDL)

## VI. Conclusion

The scope of Angeles' subpoenas is clear. Angeles seeks McKesson Chemical operational records and any correspondence, logs, indexes and the like showing what records were received by Thelen & Reid, how many records were received, where they were stored, and where they were sent by Thelen & Reid. Angeles also seeks confirmation from Thelen & Reid via declaration or production of documents that Thelen & Reid no longer possesses any McKesson Chemical records. Thelen & Reid did not produce such documents and its declaration of counsel does not address whether copies of McKesson chemical records are still in the possession of Thelen & Reid or whether other documents exist which show what records were received, how many records were received, etc. Therefore, because Thelen & Reid admits that Angeles' subpoenas are proper, yet fails to respond to such subpoenas, the Court should grant Angeles' motion to compel.

DATED: September 25, 2007                    Caufield & James, LLP

_____
Jeffery L. Caufield, Esq.
Attorney for Plaintiff/Counter-Defendant

10

Motion to Compel Documents                    Northern District Misc. Matter
                                              Case No. C 07-80123 Misc MMC (EDL)